APPEAL,CAP

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:21–cr–00175–TJK–2</u>

Case title: USA v. NORDEAN et al
Magistrate judge case number:  1:21–mj–00126–RMM

Date Filed: 03/03/2021

Assigned to: Judge Timothy J. Kelly

**<u>Defendant (2)</u>**

| | | |
|---|---|---|
| **JOSEPH RANDALL BIGGS** | represented by | **John Daniel Hull , IV** |
| | | HULL MCGUIRE PC |
| | | 1420 N Street, NW |
| | | Washington, DC 20005 |
| | | 202–429–6520 |
| | | Fax: 412–261–2627 |
| | | Email: <u>jdhull@hullmcguire.com</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

**<u>Pending Counts</u>**                                    **<u>Disposition</u>**

18:371; CONSPIRACY TO
DEFRAUD THE UNITED
STATES; Conspiracy
(1)

18:1512(c)(2), 2; TAMPERING
WITH A WITNESS, VICTIM OR
INFORMANT; Obstruction of an
Official Proceeding and Aiding
and Abetting
(2)

18:231(A)(3), 2; CIVIL
DISORDER; Obstruction of Law
Enforcement During Civil
Disorder and Aiding and Abetting
(3)

18;1361, 2; GOVERNMENT
PROPERTY OR CONTRACTS >;
Destruction of Government
Property and Aiding and Abetting
(4)

1

18:1752(a)(1); TEMPORARY
RESIDENCE OF THE
PRESIDENT; Entering and
Remaining in a Restricted
Building or Grounds
(5)

18:1752(a)(2); TEMPORARY
RESIDENCE OF THE
PRESIDENT; Disorderly Conduct
in a Restricted Building or
Grounds
(6)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| COMPLAINT in Violation of 18:1512(c), 18:1752(a) and 40:5104(e)(2)(D) and (F) | |

---

**Plaintiff**

| **USA** | represented by | **James B. Nelson** |
|---|---|---|
| | | U.S. ATTORNEY'S OFFICE FOR DISTRICT OF COLUMBIA |
| | | 555 4th Street NW |
| | | Room 4112 |
| | | Washington, DC 20001 |
| | | (202) 252−6986 |
| | | Email: james.nelson@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant U.S. Attorney* |
| | | |
| | | **Jason Bradley Adam McCullough** |
| | | U.S. ATTORNEY'S OFFICE |
| | | 555 4th Street NW |
| | | Washington, DC 20530 |
| | | (202) 252−7233 |

Email: jason.mccullough2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Luke Matthew Jones**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252−7066
Fax: (202) 616−8470
Email: luke.jones@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/19/2021 | 1 | | SEALED COMPLAINT as to JOSEPH RANDALL BIGGS (1). (Attachments: # 1 Affidavit in Support) (zstd) [1:21−mj−00126−RMM] (Entered: 01/20/2021) |
| 01/19/2021 | 3 | | MOTION to Seal Case by USA as to JOSEPH RANDALL BIGGS. (Attachments: # 1 Text of Proposed Order)(zstd) [1:21−mj−00126−RMM] (Entered: 01/20/2021) |
| 01/19/2021 | 4 | | ORDER granting 3 Motion to Seal Case as to JOSEPH RANDALL BIGGS (1). Signed by Magistrate Judge Robin M. Meriweather on 1/19/2021. (zstd) [1:21−mj−00126−RMM] (Entered: 01/20/2021) |
| 01/20/2021 | | | Case unsealed as to JOSEPH RANDALL BIGGS (bb) [1:21−mj−00126−RMM] (Entered: 02/09/2021) |
| 01/20/2021 | 5 | | Rule 5(c)(3) Documents Received as to JOSEPH RANDALL BIGGS from US District Court Middle District of Florida Orlando Division Case Number 6:21−mj−1047−EJK (bb) [1:21−mj−00126−RMM] (Entered: 02/09/2021) |
| 01/20/2021 | | | Arrest of JOSEPH RANDALL BIGGS in US District Court Middle District of Florida Orlando Division. (bb) [1:21−mj−00126−RMM] (Entered: 02/09/2021) |
| 01/20/2021 | 38 | | Arrest Warrant Returned Executed on 1/20/2021 as to JOSEPH RANDALL BIGGS. (ztl) (Entered: 03/28/2021) |
| 02/09/2021 | 6 | | Joint MOTION to Toll Speedy Trial by USA as to JOSEPH RANDALL BIGGS. (Attachments: # 1 Text of Proposed Order)(bb) [1:21−mj−00126−RMM] (Entered: 02/09/2021) |
| 02/18/2021 | 7 | | ORDER Granting 6 Joint MOTION to Toll Speedy Trial by USA as to JOSEPH RANDALL BIGGS (1). Time between 2/9/2021 and 3/9/2021 (28 Days) shall be excluded from calculation under the Speedy Trial Act in the interest of justice X−T. Signed by Magistrate Judge Robin M. Meriweather on 2/19/2021. (zpt) (zpt). [1:21−mj−00126−RMM] (Entered: 02/19/2021) |
| 03/05/2021 | 8 | | NOTICE OF ATTORNEY APPEARANCE: John Daniel Hull, IV appearing for JOSEPH RANDALL BIGGS (Hull, John) [1:21−mj−00126−RMM] (Entered: |

| | | | |
|---|---|---|---|
| | | | 03/05/2021) |
| 03/09/2021 | | | ORAL MOTION for Speedy Trial by USA as to JOSEPH RANDALL BIGGS. (ztl) (Entered: 03/28/2021) |
| 03/09/2021 | | | Minute Entry for proceedings held before Magistrate Judge Zia M. Faruqui: Initial Appearance as to JOSEPH RANDALL BIGGS held on 3/9/2021. Defendant present by video. Due Process Order given to the Government. Defendant placed on Standard Conditions of Release. Oral Motion by the Government for Speedy Trial as to as to JOSEPH RANDALL BIGGS (2); heard and granted. Defense concur. Speedy Trial Excluded from 3/9/2021 to 3/30/2021 in the Interest of Justice (XT). Preliminary Hearing set for 3/31/2021 at 1:00 PM by Telephonic/VTC before Magistrate Judge Zia M. Faruqui. Bond Status of Defendant: Defendant Remain on Personal Recognizance; Court Reporter: FTR−Gold; FTR Time Frame: Ctrm 4: [1:56:36−2:12:20];Defense Attorney: John Hull; US Attorney: Jason McCullough; Pretrial Officer: Da'Shanta Valentine−Lewis. (ztl) (Entered: 03/28/2021) |
| 03/09/2021 | [39](#) | | ORDER Setting Conditions of Release as to JOSEPH RANDALL BIGGS (2) Personal Recognizance. Signed by Magistrate Judge Zia M. Faruqui on 3/9/2021. (ztl) (Entered: 03/28/2021) |
| 03/10/2021 | | | Counts added: ETHAN NORDEAN (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, JOSEPH RANDALL BIGGS (2) count(s) 1, 2, 3, 4, 5, 6, ZACHARY REHL (3) count(s) 1, 2, 3, 4, 5, 6, CHARLES DONOHOE (4) count(s) 1, 2, 3, 4, 5, 6 (zltp) (Entered: 03/19/2021) |
| 03/17/2021 | [10](#) | | Receipt for Surrender of Passport as to JOSEPH RANDALL BIGGS. Passport Number 536415609 (zhsj) [1:21−mj−00126−RMM] (Entered: 03/19/2021) |
| 03/20/2021 | [31](#) | | MOTION to Revoke *Pretrial Release* by USA as to JOSEPH RANDALL BIGGS. (Nelson, James) (Entered: 03/20/2021) |
| 03/22/2021 | | | NOTICE OF HEARING as to JOSEPH RANDALL BIGGS (2). VTC Arraignment set for 3/23/2021 at 2:00 PM before Judge Timothy J. Kelly. (zkh) (Entered: 03/22/2021) |
| 03/23/2021 | | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Arraignment as to ETHAN NORDEAN (1) as to Counts 1s, 2s, 3s, 4s, 5s, and 6s and JOSEPH RANDALL BIGGS (2) as to Counts 1, 2, 3, 4, 5, and 6 held on 3/23/2021. BOTH defendants appeared by video. Plea of NOT GUILTY entered by ETHAN NORDEAN (1) as to Counts 1s, 2s, 3s, 4s, 5s, and 6s and JOSEPH RANDALL BIGGS (2) as to Counts 1, 2, 3, 4, 5, and 6. Speedy Trial Excludable (XT) started 3/23/2021 through 4/1/2021, in the interest of justice, as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). Response to [31](#) MOTION to Revoke *Pretrial Release* by Defendant JOSEPH RANDALL BIGGS (2) due by 3/29/2021. VTC Motion Hearing/Status Conference set for 4/1/2021 at 2:00 PM before Judge Timothy J. Kelly. Bond Status of Defendants: 1−Remains on Personal Recognizance/HISP, 2−Remains on Personal Recognizance/HISP; Court Reporter: Timothy Miller; Defense Attorneys: 1−David Benjamin Smith and Nicholas D. Smith, 2−John Daniel Hull, IV; US Attorneys: James B. Nelson, Jason Bradley Adam McCullough, and Luke Matthew Jones. (zkh) (Entered: 03/23/2021) |
| 03/28/2021 | | | |

| | | | |
|---|---|---|---|
| | | | Terminate Deadlines and Hearings as to JOSEPH RANDALL BIGGS: Preliminary Hearing set for 3/31/2021 at 1:00 PM by Telephonic/VTC before Magistrate Judge Zia M. Faruqui is VACATED. (ztl) (Entered: 03/28/2021) |
| 03/29/2021 | 42 | | Memorandum in Opposition by JOSEPH RANDALL BIGGS re 31 MOTION to Revoke *Pretrial Release* (Attachments: # 1 Exhibit Letter–email dated 03222020)(Hull, John) (Entered: 03/29/2021) |
| 03/31/2021 | 46 | | REPLY TO OPPOSITION to Motion by USA as to JOSEPH RANDALL BIGGS re 31 MOTION to Revoke *Pretrial Release* (McCullough, Jason) (Entered: 03/31/2021) |
| 04/01/2021 | 47 | | Memorandum in Opposition by JOSEPH RANDALL BIGGS re 31 MOTION to Revoke *Pretrial Release Amended/Corrected* (Attachments: # 1 Exhibit Sweatt Email to Hull 03222021)(Hull, John) (Entered: 04/01/2021) |
| 04/01/2021 | | | NOTICE OF HEARING as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). The VTC Motion Hearing set for 4/1/2021 is **RESCHEDULED** for 4/6/2021 at 11:30 AM before Judge Timothy J. Kelly. (zkh) (Entered: 04/01/2021) |
| 04/06/2021 | | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Motion Hearing as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2) held on 4/6/2021. Both defendants appeared by video. Oral argument on 30 MOTION to Revoke *Pretrial Release* and 31 MOTION to Revoke *Pretrial Release*, heard and taken under advisement. Speedy Trial Excludable (XT) started nunc pro tunc 4/1/2021 through 4/9/2021, in the interest of justice, as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). Any supplemental memoranda due by 4/6/2021. VTC Oral Ruling set for 4/9/2021 at 2:00 PM before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Remains on Personal Recognizance/HISP, 2–Remains on Personal Recognizance/HISP; Court Reporter: Timothy Miller; Defense Attorneys: 1–David Benjamin Smith and Nicholas D. Smith, 2–John Daniel Hull, IV; US Attorneys: James B. Nelson, Jason Bradley Adam McCullough, and Luke Matthew Jones; Pretrial Officer: John Copes. (zkh) (Entered: 04/06/2021) |
| 04/06/2021 | 51 | | NOTICE *of Delivery of Video Evidence* by USA as to ETHAN NORDEAN, JOSEPH RANDALL BIGGS re Motion Hearing,,,, Speedy Trial – Excludable Start,,,, Set Deadlines/Hearings,,, 46 Reply to Motion, 45 Reply to opposition to Motion (McCullough, Jason) (Entered: 04/06/2021) |
| 04/06/2021 | 53 | | SUPPLEMENT by JOSEPH RANDALL BIGGS *to Opposition to Motion to Revoke* (Hull, John) (Entered: 04/06/2021) |
| 04/09/2021 | | | MINUTE ORDER as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). The Oral Ruling currently set for April 9, 2021, is hereby **VACATED**. Signed by Judge Timothy J. Kelly on 4/9/2021. (zkh) (Entered: 04/09/2021) |
| 04/14/2021 | 59 | | TRANSCRIPT OF MOTION HEARING in case as to JOSEPH RANDALL BIGGS before Judge Timothy J. Kelly held on 4–6–21; Page Numbers: 1–69; Date of Issuance: 4–14–21; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court rep orter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 5/5/2021. Redacted Transcript Deadline set for 5/15/2021. Release of Transcript Restriction set for 7/13/2021.(Miller, Timothy) (Entered: 04/14/2021) |
| 04/15/2021 | | NOTICE OF HEARING as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). VTC Oral Ruling set for 4/16/2021 at 12:00 PM before Judge Timothy J. Kelly. (zkh) (Entered: 04/15/2021) |
| 04/16/2021 | | NOTICE OF HEARING as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). The VTC Oral Ruling currently set for 4/16/2021 is **RESCHEDULED** for 4/19/2021 at 12:00 PM before Judge Timothy J. Kelly. (zkh) (Entered: 04/16/2021) |
| 04/19/2021 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Oral Ruling as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2) held on 4/19/2021. BOTH defendants appeared by video. For the reasons stated on the record, Government's 30 and 31 MOTION to Revoke *Pretrial Release*, GRANTED. Conditions of release REVOKED for ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). Order to be entered by the court. Oral Motion by defendants ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2) for a temporary stay of detention order, heard and DENIED. Speedy Trial Excludable (XT) started nunc pro tunc 4/9/2021 through 5/4/2021, in the interest of justice, as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). VTC Status Conference set for 5/4/2021 at 11:30 AM before Judge Timothy J. Kelly. Bond Status of Defendants: 1−Conditions of Release REVOKED/Order Pending to Report, 2−Conditions of Release REVOKED/Order Pending to Report; Court Reporter: Timothy Miller; Defense Attorneys: 1−David Benjamin Smith and Nicholas D. Smith, 2−John Daniel Hull, IV; US Attorneys: Jason Bradley Adam McCullough and Luke Matthew Jones; Pretrial Officer: Christine Schuck. (zkh) (Entered: 04/19/2021) |
| 04/19/2021 | 64 | NOTICE *in Compliance with Court Order Issued during Oral Ruling on April 19, 2021,* by USA as to ETHAN NORDEAN, JOSEPH RANDALL BIGGS, ZACHARY REHL, CHARLES DONOHOE (Attachments: # 1 Filing in U.S. v. Pezzola, 1:21−cr−175, containing photograph)(Jones, Luke) (Entered: 04/19/2021) |
| 04/20/2021 | 66 | DETENTION ORDER as to JOSEPH RANDALL BIGGS (2). See Order for details. Signed by Judge Timothy J. Kelly on 4/20/2021. (lctjk1) (Entered: 04/20/2021) |

| 04/21/2021 | <u>67</u> | | NOTICE OF APPEAL – Final Judgment by JOSEPH RANDALL BIGGS re <u>66</u> Order of Detention Pending Trial– Defendant HWOB. Filing fee $ 505, receipt number ADCDC−8389908. Fee Status: Fee Paid. Parties have been notified. (Hull, John) (Entered: 04/21/2021) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

    v.                                     **Case No.  21-CR-175-2 (TJK)**

**JOSEPH RANDALL BIGGS,**

        **Defendant.**

## NOTICE OF APPEAL

Joseph Randall Biggs, by undersigned counsel, pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3145, hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the Order of Detention Pending Trial entered April 20, 2021 (Docket Item 66), Oral Ruling on April 19, 2021 and other filings relating to the District Court's denial of pretrial detention.

                    Respectfully submitted,

                    JOHN DANIEL HULL
                    COUNSEL FOR APPELLANT JOSEPH R. BIGGS

                    By: */s/ John Daniel Hull*
                    JOHN DANIEL HULL
                    DC Bar No. 323006; California Bar No. 222862
                    Hull McGuire PC
                    1420 N Street, N.W.
                    Washington, D.C.  20005
                    619-895-8336
                    jdhull@hullmcguire.com

                    Date: April 21, 2021

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| JOSEPH RANDALL BIGGS | ) | Case No.    21-cr-175 (TJK) |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

❑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❑ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

   ❑ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

   ❑ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ❑ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ❑ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

   ❑ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

   ❑ **(e)** any felony that is not otherwise a crime of violence but involves:
   **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

   ❑ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

   ❑ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

   ❑ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☑ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☑ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

    ❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❏ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ☑ Subject to lengthy period of incarceration if convicted
    ❏ Prior criminal history
    ❏ Participation in criminal activity while on probation, parole, or supervision
    ❏ History of violence or use of weapons
    ❏ History of alcohol or substance abuse
    ❏ Lack of stable employment
    ❏ Lack of stable residence
    ❏ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ☑ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

For the Court's complete reasoning, please see the transcript of the Court's oral ruling on April 19, 2021.  In summary:

The Court finds that the nature and circumstances of the offense weigh in favor of detention.  Biggs is charged with multiple felony offenses, including one Congress has characterized under these circumstances as a federal crime of terrorism, and another that exposes him to a 20-year sentence.  In addition, the charges against him are by their very nature gravely serious.  The Grand Jury has charged that he conspired with his co-Defendants and others (1) to stop, delay, or hinder Congress's certification of the Electoral College vote on January 6, and (2) to obstruct or interfere with law enforcement officers engaged in their official duties to protect the Capitol and its occupants while that was happening.  The allegations, set forth in detail on the record, also include his extensive involvement in prior planning for January 6, coordination with other participants before and during the riot, including his use of an encrypted messaging application and another communication device on January 6; and evidence that he had a leadership role in these events.  And although Biggs did not carry or use a weapon that day, he said and did things that day that are highly troubling, as explained in detail on the record.  He also celebrated what happened that day, and has not expressed regret or remorse for what he did or what happened.

The Court finds that the weight of the evidence is strong and weighs in favor of detention, even after considering the evidence and arguments advanced by Biggs, as explained in detail on the record.

The Court finds that Biggs's history and characteristics weigh in favor of release, but not overwhelmingly so.  Biggs has no criminal record, has not violated any condition of release in this case, and had a distinguished military career.  All that is enough to rebut the presumption of detention.  But Biggs has received cautionary phone calls from the FBI about his statements on social media prior to January 6, which is concerning.  And he is alleged to have lied to the FBI about whether he entered the Capitol building when he was first confronted.

Finally, the Court finds that the nature and seriousness of the danger to any person or the community that would be posed by Biggs's release weighs in favor of detention.  As explained in detail on the record, given the allegations of political violence against him for the events of January 6, his role as a leader and organizer in a network that frequently creates events with large numbers of people, his planning experience and skills, his history of concealing his communications and activities from law enforcement including his alleged lie to the FBI, and his lack of regret or remorse for the events of January 6, the Court finds that he poses an identified and articulable threat to public safety that is both concrete and prospective, and that cannot be mitigated any conditions of release short of detention.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant is directed to report for confinement promptly, and in no event later than two days from the entry of this order, as directed by the Pretrial Services Office in the Middle District of Florida.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

| 04/20/2021 | /s/ Timothy J. Kelly |
|---|---|
| Date: | United States District Judge |

```
MIME-Version:1.0
From:DCD_ECFNotice@dcd.uscourts.gov
To:DCD_ECFNotice@localhost.localdomain
Bcc:
--Case Participants: Jason Bradley Adam McCullough (caseview.ecf@usdoj.gov,
jason.mccullough2@usdoj.gov, jmccullough1@usa.doj.gov, kim.e.hall@usdoj.gov,
usadc.ecfnarcotics@usdoj.gov), David Benjamin Smith (dbs@davidbsmithpllc.com), Lisa S.
Costner (lisa@lisacostnerlaw.com), Luke Matthew Jones (luke.jones@usdoj.gov,
matthew.ruggiero@usdoj.gov), John Daniel Hull, IV (jdhull@hullmcguire.com), James B.
Nelson (james.nelson@usdoj.gov), Nicholas D. Smith (nds@davidbsmithpllc.com), Judge
Timothy J. Kelly (ed_stein@dcd.uscourts.gov, janine_balekdjian@dcd.uscourts.gov,
joseph_egozi@dcd.uscourts.gov, katrina_harris@dcd.uscourts.gov,
roberto_borgert@dcd.uscourts.gov, samantha_zuba@dcd.uscourts.gov,
tjk_dcdecf@dcd.uscourts.gov, tracy_nelson@dcd.uscourts.gov)
--Non Case Participants: Del Q. Wilber (del.wilber@latimes.com), Jacqueline E. Thomsen
(jathomsen@alm.com), KATELYN POLANTZ (katelyn.polantz@cnn.com), Michael A. Scarcella
(mscarcella@alm.com), Kyle Cheney (kcheney@politico.com), Zoe M. Tillman
(zoe.tillman@buzzfeed.com), Marcy Wheeler (emptywheel@gmail.com), David Yaffe-Bellany
(davidyb@bloomberg.net), Patricia A. McKinney (lisa.rubin@nbcuni.com), Louis A. Williams
(daniel.barnes@nbcuni.com, pete.williams@nbc.com), Joshua A. Gerstein
(jagalerts@yahoo.com), Spencer S. Hsu (spencer.hsu@washpost.com), Harper K. Neidig
(hneidig@thehill.com), Aruna Viswanatha (aruna.viswanatha@wsj.com), Lawrence J. Hurley
(sarah.n.lynch@thomsonreuters.com), AUSA Document Clerk (adavis@usa.doj.gov,
carolyn.carter-mckinley@usdoj.gov, usadc.criminaldocket@usdoj.gov,
usadc.ecfhov@usdoj.gov), AUSA Hearings Clerk (usadc.ecfprobhov@usdoj.gov), Pretrial
Notification (psadistrictcourtgroup@psa.gov), Probation Court Notices
(dcpdb_probation_court_notices@dcp.uscourts.gov)
--No Notice Sent:

Message-Id:7084265@dcd.uscourts.gov
Subject:Activity in Case 1:21-cr-00175-TJK USA v. NORDEAN et al Status Conference
Content-Type: text/html
```

## U.S. District Court

## District of Columbia

**Notice of Electronic Filing**

The following transaction was entered on 4/19/2021 at 3:23 PM and filed on 4/19/2021

| | |
|---|---|
| **Case Name:** | USA v. NORDEAN et al |
| **Case Number:** | 1:21–cr–00175–TJK |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Status Conference as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2) held on 4/19/2021. BOTH defendants appeared by video. For the reasons stated on the record, Government's [30] and [31] MOTIONS to Revoke _Pretrial Release_, GRANTED. Conditions of release REVOKED for ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). Order to be entered by the court. Oral Motion by defendants ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2) for a temporary stay of detention order, heard and DENIED. Speedy Trial Excludable (XT) started nunc pro tunc 4/9/2021 through 5/4/2021, in the interest of justice, as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). VTC Status Conference set for 5/4/2021 at 11:30 AM before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Conditions of Release**

**REVOKED/Order Pending to Report, 2−Conditions of Release REVOKED/Order Pending to Report; Court Reporter: Timothy Miller; Defense Attorneys: 1−David Benjamin Smith and Nicholas D. Smith, 2−John Daniel Hull, IV; US Attorneys: Jason Bradley Adam McCullough and Luke Matthew Jones; Pretrial Officer: Christine Schuck. (zkh)**

**1:21−cr−00175−TJK−1 Notice has been electronically mailed to:**

John Daniel Hull, IV     jdhull@hullmcguire.com

David Benjamin Smith     dbs@davidbsmithpllc.com

James B. Nelson     james.nelson@usdoj.gov

Luke Matthew Jones     luke.jones@usdoj.gov, matthew.ruggiero@usdoj.gov

Nicholas D. Smith     nds@davidbsmithpllc.com

Jason Bradley Adam McCullough     jason.mccullough2@usdoj.gov, CaseView.ECF@usdoj.gov, Kim.E.Hall@usdoj.gov, jmccullough1@usa.doj.gov, usadc.ecfnarcotics@usdoj.gov

Lisa S. Costner     lisa@lisacostnerlaw.com

**1:21−cr−00175−TJK−1 Notice will be delivered by other means to::**

**1:21−cr−00175−TJK−2 Notice has been electronically mailed to:**

John Daniel Hull, IV     jdhull@hullmcguire.com

David Benjamin Smith     dbs@davidbsmithpllc.com

James B. Nelson     james.nelson@usdoj.gov

Luke Matthew Jones     luke.jones@usdoj.gov, matthew.ruggiero@usdoj.gov

Nicholas D. Smith     nds@davidbsmithpllc.com

Jason Bradley Adam McCullough     jason.mccullough2@usdoj.gov, CaseView.ECF@usdoj.gov, Kim.E.Hall@usdoj.gov, jmccullough1@usa.doj.gov, usadc.ecfnarcotics@usdoj.gov

Lisa S. Costner     lisa@lisacostnerlaw.com

**1:21−cr−00175−TJK−2 Notice will be delivered by other means to::**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 21-CR-175-2** |
| | : | |
| **JOSEPH BIGGS,** | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MOTION TO REVOKE PRETRIAL RELEASE**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully files this Motion to Revoke Defendant's Pretrial Release.  The bases for this Motion follow.

**FACTS AND PROCEDURAL POSTURE**

On January 19, 2021, Defendant Joseph Biggs was charged by criminal complaint with obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), as well as misdemeanor offenses stemming from the January 6, 2021, attack at the U.S. Capitol. United States v. Biggs, 21-MJ-126 (Docket Entry 1). Defendant was arrested in his home state of Florida on January 20, 2021. Id. (Docket Entry 5).  The United States did not move the Court to detain Defendant pending trial because the complaint, which was based on information available to the United States less than two weeks after the attack on the Capitol, did not support such a motion at that time.

Now before the Court is a superseding indictment, which charges the Defendant and three others with conspiracy as well as several serious felonies stemming from the January 6 attack. In addition, the new evidence set forth in the indictment highlights the grave danger that the Defendant poses to others and the community. That new evidence includes:

- Encrypted Telegram messages among members of the Proud Boys related to the events of January 6 make clear that Defendant held a leadership position in the planning for January 6. For example:

  - On January 5, between 9:30 – 9:32am Defendant stated "What are the teams. I keep hearing team [sic] are picked already." A few minutes later, Defendant stated "Who are we going to be with. I have guys with me in other chats saying teams are being put together."

  - On January 5, between 5:22 – 5:25pm, Defendant stated "Woth [sic] [co-conspirator Ethan Nordean] trying to get numbers so we can make a plan." Defendant then stated "Just trying to get our numbers. So we can plan accordingly for tonight and go over tomorrow's plan."

  - On January 5, at 5:52pm, Defendant stated "We are trying to avoid getting into any shit tonight.  Tomorrow's the day" and "I'm here with [co-conspirator Nordean] and a good group[.]"

  - On January 5, between 9:17 and 9:20pm, Defendant stated "We just had a meeting woth [sic] a lot of guys. Info should be coming out" and then "I was able to rally everyone here together who came where I said" and then, "We have a plan.  I'm with [co-conspirator Nordean]."

  - On January 5, at 9:34pm Defendant told co-conspirator Charles Donohoe to communicate to Proud Boys members a message stating that the group in Washington, D.C. would meet at the Washington Monument at 10am on January 6.

2

- Defendant marched the group to a pedestrian entrance to the Capitol shortly before 12:53pm. Within four minutes of arrival, the crowd, including the Defendant and his co-Defendants, the men under their leadership, and others in the crowd, stormed the Capitol grounds.

- As the Defendant and his co-conspirators led others onto the Capitol grounds, doors and windows and other government property were damaged or destroyed in order to gain entry into the Capitol building.

- After the initial breach, Defendant personally engaged in the destruction of government property by joining forces with Nordean and others to shake and then knock down a metal barrier on the Capitol grounds. Defendant and Nordean then defiantly led the crowd, including those men under Defendant's control, into the West plaza outside the U.S. Capitol.

- As these events unfolded, messages were posted to the encrypted messaging group that encouraged participants in the messaging group to storm the Capitol. One post directed the participants in the group to "get there."

As a leader of the Proud Boys members who stormed the Capitol on January 6, the Defendant presents a danger not only based on his own potential violence, but violence by others who undoubtedly still support him. In light of the new charges and additional evidence of the Defendant's dangerousness, he should be held pending trial.

## **ARGUMENT**

## 1.   **The United States' Bases for Detention**

The United States moves for detention pursuant to 18 U.S.C. § 3142(e)(3)(C), which provides a rebuttable presumption in favor of detention for an enumerated list of crimes, including

Destruction of Property in violation of 18 U.S.C. § 1361.  The United States also seeks detention

pursuant to 18 U.S.C. § 3142(f)(1)(A), because Destruction of Property, in violation of 18 U.S.C.

§ 1361, is a crime of violence.  Moreover, when Destruction of Property is "calculated to influence

or affect the conduct of government by intimidation or coercion," it also qualifies as a federal

crime of terrorism.  See 18 U.S.C. § 2332b(g)(5)(B).

Defendant is subject to the rebuttable presumption in favor of detention pursuant to 18

U.S.C. § 3142(e)(3)(C), which states that it "shall be presumed that no condition or combination

of conditions will reasonably assure the appearance of the person as required and the safety of the

community if the judicial officer finds that there is probable cause to believe that the person

committed… an offense listed in Section 2332b(g)(5)(B) of Title 18, United States Code, for which

a maximum term of imprisonment of 10 years or more is prescribed." Id.  Felony Destruction of

Government Property under 18 U.S.C. § 1361, with which the Defendant is charged in Count Four

of the Indictment, is among the offenses listed in 18 U.S.C. § 2332b(g)(5)(B).  It is therefore

subject to the rebuttable presumption under the Bail Reform Act. See United States v. Powell,

Case No. 21-mj-197 (C.J. Howell, February 11, 2021); see also United States v. Watkins, Case

No. 21-cr-28-3 (J. Mehta February 26, 2021); United States v. Bisgnano, Case No.  21-CR-36 (J.

Nichols, February 26, 2021).  As Chief Judge Howell explained in Powell:

> Once the presumption is triggered it imposes on the defendant, at a minimum, a
> burden of production to offer some credible evidence that rebuts it.  Importantly,
> the burden of persuasion remains with the Government throughout.  In assessing
> whether a defendant has successfully rebutted the presumption, the Court must take
> into account the available information concerning the four factors set out in 18
> U.S.C. Section 3142(g).

(Tr. at 43, 16-19).[1]

---

[1] Though the Court need not go further than the rebuttable presumption in order to find a
statutory basis for detention, it is worth noting that detention is also appropriate pursuant to 18
U.S.C. § 3142(f)(1)(A), because Destruction of Property is a crime of violence.  See United

2.      **The Bail Reform Act Factors Weigh In Favor of Detention**

As the Court is aware, there are four factors under Section 3142(g) that the Court must analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. As noted below, each of these factors weighs in favor of pretrial detention in this case.

A.      **The Nature and Circumstances of the Offense**

The nature and circumstances of the offense are extremely serious. Defendant's posts on social media in November and December, 2020, and into January, 2021, show a discernable trend: declaring the election results to be fraudulent; encouraging others to "fight" to overcome the alleged fraud; and encouraging his followers to assist him in fighting the alleged fraud, including by donating funds and equipment to their effort.

For example, on November 4, 2020, Defendant posted: "The left doesn't realize they are radicalizing people by stealing this election. They are gonna create their own worst enemy from this." On November 5, 2020, Defendant posted: "It's time for fucking War if they steal this shit" On November 10, 2020, Defendant posted a link to an article entitled, "The Second Civil War is More Realistic Than You Think." On November 24, 2020, Defendant posted another person's social media post calling for unity after the election, with the caption "No bitch.  This is war." On December 14, 2020, Defendant posted that the Proud Boys would be coming back to Washington,

---

States v. Nordean, 21-MJ-195, March 2, 2021 Hr'g Tr. 74.

5

D.C., and they would be "bigger and stronger than ever." On December 16, 2020, Defendant posted "This is a war on Americanism. This is only the beginning."

On December 29, 2020, Defendant posted a video message in which he stated that the Proud Boys would be coming to Washington, D.C. on January 6, and that they would be dressing "incognito." Among other things, Defendant stated, "We will not be attending DC in colors. We will be blending in as one of you. You won't see us. You'll even think we are you . . . We are going to smell like you, move like you, and look like you. The only thing we'll do that's us is think like us! Jan 6th is gonna be epic."

On January 1, 2021, Defendant posted, "2021 is the year we take back America." That same day, he posted: "Trump exposed the swamp. Now we need to cast out every Backstabbing republican. Rip them from their high horse and put in good men and women who are God fearing, conservative, Christian warriors."  That same day, Defendant posted: "Mike pence will betray President Trump. This is my prediction. I will be in DC to witness this historic Judas moment when he turns on the right thing to do for mere coin."

On January 2, 2021, Defendant posted that people who "carry thin blue line flags," which indicate support for law enforcement officers, "are totally unaware of what's really going on[,]" and that "Most law enforcement departments in metropolitan areas are no on the side 'of the people'" and that they exist to "enforce tyranny."  That same day, Defendant posted: "The government should fear the people.  Not the other way around.  You work for us.  You don't have ruling power over me.  We only allow you to have that privilege. FAFO."[2]

On January 3, 2021, an interview with Biggs was posted on YouTube, in which Biggs discussed his role in planning Proud Boys events. During that interview, Defendant stated "When

---

[2] "FAFO" is an acronym for F*** Around and Find Out, a euphemism commonly used by Proud Boys.

we set out to do an event, we go alright, what is or main objective? And that's the first thing we discuss. We take three months to plan an event. And we go, what's our main objective? And then we plan around that, to achieve that main objective, that goal that we want."

On January 6, 2021, the Defendant took action, leading a march along with co-conspirators Nordean and Zach Real from the Washington Monument to the U.S. Capitol. As he had previewed, Defendant was prepared to use force to stop the Electoral College certification. Defendant's leadership role in the surge forward and the group's coordinated actions to dismantle metal barriers reflects the results of the plan that he and the co-conspirators drew up. The photos and videos of these critical moments show a series of intentional actions made without hesitation or regret, including the Defendant's own actions to break down a metal barrier that separated the crowd from Capitol Police officers and the Capitol itself, and his subsequent exclamation that "This is Awesome!" after entering the Capitol through a door that had been broken open by rioters.





7

The Defendant's own destructive conduct does not adequately capture his danger to the public. The true nature of Defendant's dangerousness stems from his role as a leader, and his ability to encourage and coordinate the actions of others in breaching the Capitol at a precise place and time. Indeed, Defendant and his co-conspirators are criminally responsible for the actions taken by those who joined in the plot. Here, that includes the destruction of property committed by Dominic Pezzola, a Proud Boys member who is charged in a related case.

It is difficult to overstate the seriousness of not only the Defendant's offenses but those committed by those under his leadership.  And there is no reason to believe the Defendant and those who followed him would not act similarly in the future. Accordingly, this factor weighs heavily in favor of detention.

**B.      The Weight of the Evidence Against the Defendant**

As noted above, the weight of the evidence against Defendant is strong, and it weighs in favor of pretrial detention.  This evidence comes in multiple forms, including the photographs and videos of the Defendant and co-conspirators at the Capitol on January 6, 2021, posts and direct messages on social media, and the messages sent and received through Telegram. This includes Defendant's admission that the members of the Proud Boys with whom he operated do not randomly arrive at a location and spontaneously march around.  Rather, they take "months to plan an event", and their planning involves them asking "what's our main objective? And then we plan around that, to achieve that main objective[.]"

**C.      The Defendant's History and Characteristics**

Defendant has no known criminal history and also has strong ties to the area in which he resides.  Nevertheless, this factor weighs in favor of pretrial detention.  As the court noted with regard to defendant William Chrestman,

[H]is more recent behavior surrounding the events January 6 gives rise to significant concerns about the danger he may present to the community. As explained above, the extent of his involvement in the mob clearly poses a danger. In addition, in the nearly two months that have passed since January 6, defendant has not exhibited any remorse for what occurred at the Capitol. Nothing in the record suggests that he has any remorse about the events of January 6 or disclaimed the beliefs and gang membership animating his actions on that day, and thus there is no evidentiary basis to assume that defendant will refrain from similar activities, if instructed, in the future.

United States v. Chrestman, 21-mj-218 (Docket Entry 23, at 27-28).

This is all equally true with regard to the Defendant, except that Defendant's position with the Proud Boys is that of giving instructions, not receiving them. Everything about Defendant's actions on behalf of the Proud Boys since November 4, 2020, all of his actions in Washington, D.C., on January 6, 2021, and all of his actions and statements since then show that Defendant is completely unrepentant. This weighs in favor of detention.

### D.    Risk of Danger to the Community

Defendant's public statements leading up to January 6, and his actions on January 6, make plain that Defendant traveled from Florida to Washington, D.C. with every intent to march at the front of the Proud Boys and attack the capitol. By his own admission, Defendant "spent months" helping to plan for January 6 because he refused to accept the result of the Presidential election. Moreover, his statements after January 6 show that he has no remorse. For example, on January 6, Defendant posted "What a day" on his Parler page. On January 7, 2021, Defendant posted "R.I.P. America 1776-2021."

Allowing Defendant to stay on pretrial release, even in home confinement, would leave a man who has the wherewithal to help plan and lead a large group of men in a violent attack to take similar actions in the future in furtherance of his goals. And there is every reason to believe he, like his co-defendants, poses the same risk of danger to others and the community that he posed

leading up to and on January 6.  This risk underscores Defendant's dangerousness and the need to detain him without bond pending trial.

## <u>CONCLUSION</u>

Since the Defendant's arrest on January 19, 2021, the Government's investigation has uncovered evidence of his leadership role in an organized and violent attack upon this county's democracy and its Capitol. The Grand Jury has since indicted him on substantially more serious charges.  This new evidence makes clear that there is no condition or combination of conditions, including home confinement, that could reasonably assure the appearance of the Defendant as required and, more importantly, the safety of the community. A presumption in favor of detention exists in this case which Defendant cannot rebut.  Even if he could, all four of the Bail Reform Act factors weigh heavily in favor of detention.

WHEREFORE the United States respectfully requests that this Court revoke Defendant's pretrial release and order that Defendant be detained without bond pending trial in this matter.

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:     */s/  James B. Nelson*
JAMES B. NELSON
D.C. Bar No. 1613700
JASON B.A. MCCULLOUGH
D.C. Bar No. 998006; NY Bar No. 4544953
LUKE M. JONES
VA Bar No. 75053
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6986
james.nelson@usdoj.gov

10

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel via the Electronic Case Filing (ECF) system, on March 20, 2021.

By:    */s/ James B. Nelson*
JAMES B. NELSON
D.C. Bar No. 1613700
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6986
james.nelson@usdoj.gov

11