UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 1:21-cr-175 |
| | ) |
| ETHAN NORDEAN, et al., | ) **Judge Timothy J. Kelly** |
| | ) |
| Defendants. | ) **Oral argument requested** |

**DEFENDANT NORDEAN'S REPLY IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF EVIDENCE AND FOR A BILL OF PARTICULARS**

The government's response to Nordean's motion to compel the production of evidence and for a bill of particulars opposes his requested relief on these grounds:

(1) Nordean "[does] not consent" to a protective order governing discovery, so the government cannot produce materials it says are responsive to his motion;

(2) the government should not be required to produce evidence supporting its claims and representations made to judges of multiple courts that on January 6 Nordean destroyed federal property causing over $1,000 in damage and interfered with law enforcement, because the government has produced other categories of evidence;

(3) it should not be required to produce evidence that the Secret Service set the "restricted area" the government alleges Nordean entered on January 6 because 18 U.S.C. § 1752 does not require such proof, under the government's understanding of that statute; and,

(4) it should not be required to file a bill of particulars because Nordean can file a motion to dismiss.  ECF No. 93.

The government cites no legal authority supporting these objections because there is none.  For the following reasons, Nordean's motion should be granted.

1

### A. Nordean has never objected to the protective order

The government says it cannot produce evidence responsive to Nordean's motion to compel production because Nordean "[does] not consent" to a protective order governing discovery. ECF No. 93, p. 3. That is not true. As Nordean has explained to the government in several communications, the defendant must have access to discovery in his own case. However, the protective order provides that Nordean may not see materials the government chooses to designate as "highly sensitive" unless counsel is present during their review or provides the materials to the defendant through a secure "cloud-based delivery system that permits Defendant to view the materials but does not permit Defendant the ability to download." Protective Order, ¶ 6(a). Before the previous status conference on June 3, Nordean advised the government that he had inquired with his detention facility about the availability of a cloud-based discovery system and that he had not been given a response. Nordean explained that long wait times for responses to such inquiries in the federal prison system are a predictable result of the incarceration the government has pursued here. To date, Nordean has not heard back from the legal department at his detention facility about the availability of a secure cloud-based delivery system in the jail.

Either way, this basis for the government's opposition to Nordean's request for evidence supporting the indictment fails because in the last hearing Nordean's counsel advised that the government should in the meantime produce evidence to counsel, which would not be shared with the defendant until such time as the cloud-based discovery system option can be figured out. Following that colloquy, the government neither produced the evidence it said it had withheld nor followed up on counsel's commitment to follow the protective order.

**B.      The government's objections to Nordean's motion to compel the production of evidence are nonresponsive**

**Destruction of federal property over $1,000.**  The government has detained Nordean on the basis of its representation to the Court that it possesses evidence establishing probable cause that on January 6 he destroyed federal property causing damage over $1,000, and that he aided and abetted that offense.  To date, it has produced in discovery no evidence supporting that claim.

Its opposition says that the government has no obligation to produce such evidence because the superseding indictment alleges that "Proud Boys member Dominic Pezzola used a riot shield to break a window of the U.S. Capitol Building" and "the government has identified Pezzola as a co-conspirator of the defendant's in this case, and defendant Nordean is vicariously liable for Pezzola's destruction of the Capitol window. . ." ECF No. 93, p. 5.  Moreover, it says, the evidence showing the value of the property Pezzola destroyed cannot be produced to Nordean, or his counsel, as that is highly sensitive material that cannot be provided to or reviewed by Nordean if he either: (1) signs the protective order, since his jail has not confirmed it has the cloud-based review technology the government insists on during the incarceration the government elected to pursue, Protective Order, ¶ 6(a), or (2) does not sign the protective order because the jail has not responded to his inquiries about the availability of cloud-based delivery required by the protective order and so cannot give his consent to the order at the present time.

The government's objection fails for several reasons.  First, the fact that the government has "identified" Pezzola as a "co-conspirator" of Nordean's is not the same as charging that "fact." The superseding indictment does not make that allegation.  FSI, ¶ 62.  Nor is destruction of property one of the objects of the charged conspiracy.  *Id.* at ¶ 27.  Second, the government's "identification" of Pezzola as a co-conspirator of Nordean's regarding the destruction of property

3

does not relieve it of its obligation to produce evidence supporting that claim, upon which Nordean's pretrial detention rests. Third, even if it were appropriate to withhold from Nordean damage estimates regarding Pezzola's property destruction, that does not mean the government has no present obligation to produce the evidence supporting its representation that Pezzola is a co-conspirator of Nordean, i.e., evidence of an agreement between Pezzola and Nordean to destroy property on January 6. The government has never produced such evidence. It must do so.

Finally, the government adds, "To be sure, there is [] evidence [besides Pezzola] that the government believes is relevant to the destruction of property charge." ECF No. 93, p. 6. However, the government does not (1) say what this evidence is, (2) explain why it should not have to be produced, and (3) provide any commitment to produce such evidence on any timeline, much less the reasonable one required by Rule 16. *United States v. Safavian*, 223 F.R.D. 12, 15 (D.D.C. 2005).

**Interference with law enforcement**. The FSI alleges that Nordean conspired to, did, and attempted to, obstruct law enforcement during a civil disorder, § 231(a)(3). FSI, ¶ 71. However, none of the FSI's allegations concerning law enforcement pleads how, where, or when Nordean interfered with, obstructed, or impeded law enforcement on January 6. FSI, ¶¶ 18, 21, 22, 26, 27, 28, 30, 39, 57, 60, 61, 64 (every reference to law enforcement).

The government says it should not be compelled to produce evidence supporting its claim because "the government has provided and will continue to provide evidence that demonstrates the defendant's and his co-conspirators' conduct during the civil disorder on January 6, 2021." ECF No. 93, p. 6. Notice that the government's objection is non-responsive. The government does not say it has produced evidence that demonstrates Nordean's interference with law

enforcement under § 231(a)(3). That is because it has produced no such evidence. Producing evidence regarding Nordean's "conduct" on January 6 is not the same as producing evidence supporting the felony § 231(a)(3) charge it has brought against Nordean based on its representations to a grand jury and a court that it possesses evidence showing he interfered with or obstructed law enforcement that day. It claims it possess such evidence and it must be produced because it is "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i).

Accordingly, the Court should order the government to produce the evidence it says supports its claims that Nordean destroyed federal property on January 6 causing over $1,000 in damage to the Capitol Building and interfered with or obstructed law enforcement on the same day.

    **C.**    **The government is not permitted to withhold discovery based on a contested interpretation of a criminal statute at issue**

Fifty years of case law and legislative history show the government is misusing a Secret Service law as a general federal trespass statue because, among other reasons, it does not want to try cases in D.C. Superior Court under § 22-3302 of the Code of the District of Columbia, i.e., it is forum shopping. But § 1752 does not authorize any government entity to federally criminalize a person's movements, as the government's claim alleges. It authorizes the Secret Service to do so under certain conditions set forth in § 1752(c).

The government says it should not be required to produce evidence showing whether the Secret Service set the "restricted area" it alleges Nordean entered because it has a different understanding of § 1752. ECF No. 93, p. 7. But it is beyond peradventure that the government is not permitted to withhold discovery on the basis that its theory of the case is different from a defendant's. *Safavian*, 223 F.R.D. at 15 ("The government cannot take a narrow reading of the term 'material' in making its decisions on what to disclose under Rule 16. Nor may it put itself

5

in the shoes of defense counsel in attempting to predict the nature of what the defense may be or what may be material to its preparation."). Accordingly, even if the government asserts that it firmly believes that its interpretation of § 1752 is correct notwithstanding no support in the text, case law, legislative history, or common sense, it is not authorized to withhold discovery relevant to whether the Secret Service set the "restricted area" alleged in the superseding indictment.

### D. The availability of the motion to dismiss rule does not relieve the government of its obligation to produce material evidence and to provide a bill of particulars

Finally, the government contends that it should not have to produce the above categories of evidence and should not be required to file a bill of particulars because Nordean can file (and now has filed) a motion to dismiss. ECF No. 93, pp. 4, 6.

The government cites no authority in support of the contention that the availability of a motion to dismiss relieves the government of its obligation to produce evidence. There is none. Nor does Nordean's motion to dismiss mean that a bill of particulars cannot or should not be ordered even where it is appropriate. Nordean cited a large body of precedent supporting his contention that a bill of particulars is appropriate here because the superseding indictment fails to allege, among other things, what federal property Nordean damaged on January 6 and in what amount and the acts constituting his alleged violation of, attempt to violate, and aiding and abetting the violation of the civil disorder charge under § 231(a)(3). Mot. to Compel, pp. 5-7. It is utterly conventional in this Circuit to order the government to file a bill of particulars in these circumstances. *See*, *e.g.*, *United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011) (government ordered to identify specific overt acts of defendants); *United States v. Ramirez*, 54 F Supp. 2d 25, 90 (D.D.C. 1999) (government required to provide particulars as to all overt acts in which any defendant participated so that each defendant may understand the government's view

6

of his alleged role in the conspiracy); *United States v. Brown*, 2007 U.S. Dist. LEXIS 49169, *45 (D.D.C. July 9, 2007) (ordering government to identify in bill of particulars "specific alleged actions and specifically worded false statements on which the government shall rely in proving its case"); *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) ("A defendant faced with false statement charges should not have to waste precious pre-trial preparation time guessing which statements he has to defend against . . . when the government knows precisely the statements on which it intends to rely and can easily provide the information); *United States v. Espy*, 989 F. Supp. 17, 34 (D.D.C. 1997) (granting in part a motion for a bill of particulars "as it relates to the defendant's request for the basis of the government's allegations that the defendant solicited and received things of value for and because of official acts performed and to be performed by defendant"); *United States v. Baker*, 262 F. Supp. 657, 674 (D.D.C. 1966) (granting the tax defendant's motion for a bill of particulars "specify[ing] the statements and/or acts by which defendant is claimed to have aided, assisted in, counseled, procured, or advised the preparation and presentation" of the false tax return).

None of this case law holds that a bill of particulars should not be granted because of the mere availability of the motion to dismiss rule. The government does not cite any precedent supporting its position regarding a bill of particulars, nor does it distinguish the cases cited by Nordean. Because the superseding indictment provides no notice to Nordean of what sort of property destruction or law enforcement "interference" he is defending himself against, it is not only appropriate but critical to the fairness of the proceeding for the government to identify these acts in a bill of particulars.

Dated: June 10, 2021                                                            Respectfully submitted,


/s/ David B. Smith

David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
David B. Smith, PLLC
7 East 20th Street, Suite 4R
New York, NY 10003
(917) 722-1096
nds@davidbsmithpllc.com

*Counsel to Ethan Nordean*

### Certificate of Service

I hereby certify that on the 10th day of June, 2021, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

Jim Nelson
Assistant United States Attorney
555 4th Street, N.W., Room 4408
Washington, D.C. 20530
(202) 252-6986

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com