UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case Number 21-cr-175-1 (TJK) |
| ETHAN NORDEAN, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT NORDEAN'S MOTION TO REMOVE SENSITIVITY DESIGNATION FOR U.S. CAPITOL VIDEO**

The United States hereby opposes Defendant Ethan Nordean's Motion to Remove Sensitivity Designation from Certain Capitol Videos. ECF 129. The videos at issue were provided to Defendant in discovery, and the government provided them to the Court under seal on July 29, 2021. *See* ECF 131.

**DISCUSSION**

The relevant videos depict the interior of the U.S. Capitol building from two cameras near an entrance at the Upper West Terrace. One of the two cameras is focused on an exterior door, and the videos from that camera show a large number of individuals entering and exiting the building on January 6, 2021. The other camera is in the same vicinity but is pointed toward the inside of the building as opposed to the exterior door. Consistent with the government's position regarding U.S. Capitol closed circuit video ("CCV") in cases related to the events of January 6, 2021, the government designated the videos "Highly Sensitive" pursuant to the protective order entered in this case (ECF 103).

In seeking a protective order in this and other cases, the government submitted the Declaration of the General Counsel of the U.S. Capitol Police. *See* ECF 92-1 (Declaration of Thomas DiBiase). That declaration describes strict limitations on the disclosure of CCV and the

"significant concerns" of the U.S. Capitol Police that "unfettered access" to CCV presents a security risk. *Id.* at 6. Those security concerns weigh in favor of restricting the disclosure of CCV generally, including the videos at issue here. Indeed, the videos here are particularly sensitive because they depict the interior—as opposed to the exterior—of the U.S. Capitol and thus reveal information less likely to be obtained through other means.

The Defendant asserts (at 6) that "the layout of the Capitol is no state secret," and, according to the Defendant, that is "why the government has no objection to highly detailed verbal descriptions of the video." The security concerns outlined in the DiBiase Declaration, however, go beyond the general "layout" of the U.S. Capitol and are instead focused on the aggregation of non-public information revealing "entry and exit points, office locations, and the relation of the crucial chambers and offices (such as the Speaker's Office or Majority Leader's Office) to other areas of the Capitol." ECF 92-1 at 7. The point here, in other words, is that even if the disclosure of one video would not present a significant security threat, the U.S. Capitol Police have a legitimate interest in restricting the disclosure of individual videos in an effort to avoid "unfettered access" to CCV that may indeed give rise to a significant threat. *See id.* Furthermore, in the context of the concerns raised in the DiBiase declaration, there is a significant difference between descriptions of CCV and the video itself. In these matters, the government has sought to strike the right balance, ensuring that restrictions on disclosure are sufficient to address the legitimate security concerns with the least restrictive means.

Defendant argues (at 5-6) that the sensitivity designation on the relevant videos should be removed because other CCV has been made public in requests for public assistance in identifying suspects involved in the January 6 attack and in President Trump's impeachment trial. And, indeed, the government has not objected to the disclosure of certain CCV that was played in open

court in detention or other court hearings, or where, in the context of a particular case, the government has determined that the interests served by disclosure outweigh the security risks, even considering the overarching risk presented by the potential aggregation of publicly available CCV. By Defendant's logic, however, once any CCV is disclosed publicly—regardless of the nature of that particular CCV or the circumstances in which it was disclosed—the government's interest in protecting all other CCV vanishes. That is simply not the case; the security concerns outlined in the DiBiase Declaration remain as to CCV generally and particularly so for CCV showing the interior of the U.S. Capitol. Here, in light of the nature of the videos and the current posture of this case, the government submits that it has met its burden under the protective order to maintain the sensitivity designation.[1]

Defendant alleges (at 1-4, 7-8) that the government is seeking to restrict disclosure of the video because it is exculpatory. According to the Defendant, the government has sought to "manag[e]" "negative publicity" by making inculpatory videos public while restricting the disclosure of exculpatory videos. That is simply untrue, and Defendant's claim that this purported effort by the government violates the Defendant's Sixth Amendment right to a fair trial is without merit. Indeed, the government has previously disputed Defendant's characterization of the videos

---

[1] Defendant attempts (at 6) to contrast the government's position here with its lack of objection to the release of video showing the Defendant's destruction of a fence outside the U.S. Capitol. Unlike the videos at issue here, the fence video was not CCV and was already publicly available. Other examples cited by Defendant are also distinguishable. For example, the videos at issue in *United States v. Morss*, 21-cr-40, and *United States v. Tanios*, 21-cr-222, primarily depicted areas outside the U.S. Capitol. And, although the Court ordered the removal of the sensitivity designation in *United States v. Anderson*, 21-cr-215, that was over the government's objection. In any event, for the reasons stated above, the government has not taken an inconsistent approach to the protection of CCV—rather, the government has sought to strike an appropriate balance in addressing legitimate security concerns. That has led to different outcomes with respect to different videos in different circumstances, but it does not follow that the government has yielded any claim to the sensitivity of other CCV, including the videos at issue here.

as exculpatory, which Defendant repeats in the instant motion (at 1-4, 7), and the government maintains that Defendant's characterization of the videos is not accurate. *See* ECF 130 at 1 n.1; ECF 131. Furthermore, the government has provided the videos to the Court for its consideration of defendant's allegations and the legal issues in this case. The government asserts that there is no truth in Defendant's allegation that the government is seeking to restrict disclosure of the videos for any reason other than the security concerns presented in the DiBiase Declaration. ECF 131.

Lastly, Defendant (at 6-7) repeats concerns presented elsewhere regarding his ability to review discovery and confer with counsel, and he asserts these concerns support removal of the sensitivity designation. *See* ECF 126, 127. While it is undoubtedly critical that defendant is permitted to review discovery—including discovery designated as "Highly Sensitive"—his detention is not a legitimate basis to remove the sensitivity designation as to the videos here. Courts in this district have imposed consistent restrictions regarding "Highly Sensitive" discovery in cases where defendants are detained. This case should not be treated differently.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Remove Sensitivity Designation should be denied.

                Respectfully submitted,

                CHANNING D. PHILLIPS
                Acting United States Attorney
                DC Bar No. 415793

By:    */s/ Luke M. Jones*
        LUKE M. JONES, VA Bar No. 7505
        JASON B.A. MCCULLOUGH
        D.C. Bar No. 998006; NY Bar No. 4544953
        Assistant United States Attorneys
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-7066
        Luke.Jones@usdoj.gov