## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

                          Complainant,

    v.

ZACHARY REHL

*(Styled as <u>USA v. NORDEAN</u> incorporating cases against four Defendants collectively)*

                          Accused

Criminal Case No.

1:21-cr-00175-TJK-3

## ERRATA TO ZACHARY REHL'S
## SUPPLEMENTAL BRIEF  IN SUPPORT OF ETHAN NORDEAN'S
## MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

Comes now the Accused ZACHARY REHL, by counsel, and hereby files this Errata to his Supplemental Brief in support of Ethan Nordean's Motion To Dismiss First Superseding Indictment ECF Dkt #94 ("Nordean MTD"),  and for his reasons states as follows, by counsel:

Counsel inadvertently typed "the First Amendment to the U.S. Supreme Court" when he obviously should have typed "**the First Amendment to the U.S. Constitution.**"

The passage on pages 13 and 14 should have read:


Excluding statements by Zachary Rehl, subject to the First Amendment and the U.S. Supreme Court's analysis of incitement, requiring high standards that cannot be met here, Zachary Rehl is alleged by the Indictment to have committed the following conduct:

a)  Rehl travelled to D.C. to participate in expressive demonstrations protected by the First Amendment to the U.S. Constitution.

b)  Rehl encouraged others to travel to  D.C. to participate in expressive demonstrations protected by the First Amendment to the U.S. Constitution.

c)  Note that the Grand Jury neglected to offer a definition of what the "Stop the Steal protest" was that Rehl supposedly promoted.

d)  Rehl _followed_ some other identified group of people who "breached" (whatever that means) the "barriers" (bike racks) at the pedestrian entrance, separated in time by some  unidentified period of time.  Paragraph 16 clearly describes two different groups, one group that opened up the bike rack barriers and a second group that allegedly contained Rehl that walked up the long steps from the street.

e)  Rehl was in a crowd, estimated by the U.S. Capitol Police in press statements to be in excess of 10,000 people.

f)  Crowd members – not Rehl -- eventually forced their way through, and over additional Capitol Police barricades and advanced to the building's exterior facade. Par. 19.

g)  Other people – not Rehl – broke windows and rammed open doors.  Par. 20.

h)  "Other crowd members encouraged and otherwise assisted the forced entry, affording NORDEAN, BIGGS, and REHL the ability to enter the Capitol building.  Par. 20. However, there is nothing alleged that Rehl were anywhere near these events or knew that anyone or anything was "affording" them the "ability" to enter the Capitol.

i)  The vagueness, passive voice, and non-specific language is stunning.

j)  Congress recessed at 2:20 PM.  Par. 21.  (The Congressional Record says 2:18 PM).

k)  After the Congress had recessed, at 2:53 PM, Rehl is alleged to have peacefully entered the U.S. Capitol Building.  Again, see bail hearing Transcript above. Par. 67.

l) Engaging in meetings and encrypted communications in Washington, D.C..  Par. 28.

   The Grand Jury makes no findings and provides no content of any such meetings or

   communications.

m) Rehl wore normal street clothes.

n) Rehl is also alleged to have said things, which are Free Speech under the First

   Amendment, and which do not qualify as incitement under *Brandenberg v. Ohio.*

Dated:  December 1, 2021                RESPECTFULLY SUBMITTED

                                        /s/ Jonathon Alden Moseley
                                        Jonathon Alden Moseley, Esq.
                                        DC Bar No. VA005
                                        Virginia State Bar No. 41058
                                        5765-F Burke Centre Parkway, PMB #337
                                        Burke, Virginia 22015
                                        Telephone:  (703) 656-1230
                                        Contact@JonMoseley.com
                                        Moseley391@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s).  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Mr. Luke Matthew Jones, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-7066
(202) 616-8470 (fax)
ahmed.baset@usdoj.gov

**Mr. Jason Bradley Adam McCullough, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001

(202) 252-7233
jason.mccullough2@usdoj.gov

**Mr. James B. Nelson, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street NW, Room 4112
Washington, DC 20530
(202) 252-6986
james.nelson@usdoj.gov

Jonathon Moseley, Esq.

1.      The building is 751 feet long. [1]


MR. JONES: Yes, very briefly, Your Honor. Mr.
11 Rehl's service to the country is admirable. He is not before
12 the Court because of his opinions, he is before the Court
13 because of his actions and the actions of those that he led.
14 He indicated himself that his conduct was motivated by
15 patriotism. That patriotism is, obviously, misguided to the
16 extent that it animated his criminal conduct.
17 Mr. Johnson noted that the defendant was a
18 participant on January 6th. He was not merely a participant,
19 he was a leader and he led a large number of men to the
    20 Capitol.

---

[1]      Architect of the Capitol, https://www.aoc.gov/explore-capitol-campus/buildings-grounds/capitol-building