## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Complainant, | Criminal Case No. |
| v. | |
| | 1:21-cr-00175-TJK-3 |
| ZACHARY REHL | |
| Accused | |
| | Assigned to the Honorable |
| *(Styled as <u>USA v. NORDEAN</u> incorporating cases against four Defendants collectively)* | Timothy J. Kelly |

## <u>NOTICE OF ATTORNEY STATUS</u>

*Sunshine is the best disinfectant whereas skullduggery prefers the gloom of darkness.*

Comes now the attorney for ZACHARY REHL, Jonathon Moseley, and hereby provides this notice of his status and the continuing campaign of the U.S. Attorney's Office for the District of Columbia to cheat and convict hundreds of people who are innocent of the charges brought against them.

The Eastern District of Virginia has **<u>STAYED</u>** its unprecedented order on appeal, on the posting of a $15,000 *supersedeas* bond.

Notice that the EDVA includes in its *supersedeas* stay order the explanation

"**1  The Amended Judgment was entered as part of the Court's Contempt Order against him.** *See* **[Doc. No. 88].**"

Thus the stay on appeal clearly stays all aspects of all of the matters in the EDVA. However, counsel is also filing an emergency motion to stay with the Fourth Circuit and a

request for clarification with the EDVA to make this even more unmistakably clear.

Thus, before the time limit for counsel to provide any notice or for any response, the matter will be unmistakably stayed on appeal with the acceptance of a bond.  Accordingly, there will be nothing to report and nothing to act upon. [1]

Again, the matter has already been stayed with the acceptance of a *supersedeas* bond but Moseley will be asking for the $15,000 bond to be reduced and for the language to be made stronger and clearer.

Note that in every case, Moseley fully and completely responded to every hearing but did so in writing, waiving oral argument, because the requirements of the Chief Judge of the Eastern District of Virginia's General Order 2021-13 *prohibited* Moseley from physically entering the courthouse because he was not *fully* vaccinated and could not have obtained ***full*** vaccination status within the time period until the hearings scheduled.

Indeed, although falsely stating that Moseley "failed to appear," Judge Trenga than quotes extensively in his Contempt Order from the written response that Moseley filed.

Moseley provided notice that he was required to forego physical attendance under pain of General Order 2021-13, responded fully in writing, and suggested that he could appear by remote connection if the EDVA desired, but otherwise he would stand on his written submissions and waive oral argument.

Whereas Federal Rules of Civil Procedure Rule 62 automatically provides for a 30 day stay on execution of a judgment, Judge Trenga's judgment tracking the same 30 days earlier than which the judgment is automatically stayed, was then hoodwinked into abuse the contempt power to collect on a civil debt owed to a private party.

---

[1]     Here, Moseley has focused his time on obtaining a stay before responding to the prosecution's attacks.

Setting a due date on a civil debt tracking FRCP Rule 62 of a 30 day delay before execution on a judgment may begin cannot be mangled and construed as a date by which contempt would issue.  Without a due date, a debt could never be collected.  The addition of a date does not transform a simple civil debt to a private party into a matter for contempt.

Therefore, issuing a judgment with a date when it becomes payable, which tracks Rule 62, does not create grounds for a contempt proceeding.

Indeed, Judge Trenga in the EDVA actually reduced the debt to a judgment, thus further proving that the debt is merely an ordinary judgment subject to collection by the standard debt collection methods provided by the Congress and the General Assembly of Virtinia.

But in violation and disregard of the Federal courts' **Rules of Attorney Disciplinary Enforcement** The Honorable Anthony Trenga of the U.S. District Court for the Eastern District of Virginia unlawfully and spontaneously popped off an order suspending Jonathon Moseley from practice before the U.S. District Court for the Eastern District of Virginia because a civil debt owed to private parties was not paid as quickly as the abusive attorney had wished.

Any use of contempt power to collect a civil debt payable to private parties has been repealed and replaced by legislation creating a carefully-balanced regime.  The abuse of the contempt power would destroy the policy issues which the legislatures, state and federal, sought to protect and advance.

Thus, if the courts ever had such power, they do not now, after legislation occupying the field of the methods for collection of a civil debt to a private party.

> **The exercise of the inherent power of lower federal courts can be limited by statute and rule, for "[t]hese courts were created by act of Congress."**

*Ex Parte Robinson*, 86 U.S. 505, 511, 19 Wall. 505, 1873 U.S. LEXIS 1455 (1874)

The **Rules of Attorney Disciplinary Enforcement** do not permit Judge Trenga to try to coerce payment of a civil debt to private parties by suspending an attorney's right to practice in the EDVA.

The Federal courts' **Rules of Attorney Disciplinary Enforcement** do not authorize Judge Trenga to impose any discipline, including especially suspending an attorney's right to practice law, without a hearing, notice, an opportunity to respond, etc.

Thus, Judge Trenga's purported order for the collection of a civil debt claimed by private parties is null and void, and must be completely disregarded in the U.S. District Court for the District of Columbia.

Furthermore, **"Even when a court properly concludes that sanctions are warranted, it abuses its discretion when it imposes sanctions disproportionate to the severity of a party's misconduct. *United States v. Rhynes,* 218 F.3d 310, 321-22 (4th Cir. 2000) (en banc); *see Chambers,* 501 U.S. at 44-45, 111 S.Ct. 2123."** *In Re: Jemsek Clinic, P.A.*, 850 F.3d 150 (2017) ("For the foregoing reasons, we vacate the judgment of the district court and remand the case for further proceedings consistent with this opinion.")

For nearly two centuries, the United States federally and in the states have outlawed the use of contempt and other abusive practices for the collection of civil debts owed to private parties.  It has clearly been the law, especially in the forum Commonwealth of Virginia, that the power of contempt may not be used to turn a District Court into the lackey of abusive attorneys too lazy to use the debt collection methods provided by the General Assembly of Virginia.  If that power ever existed – and no precedent has been found to support it in such a context – any such common law power has been abrogated by legislation occupying the field.

Attorney Robert Vaughn cites to Rule 70 of the FRCP which plainly has nothing to do

with whether not timely paying a civil debt to a private party is subject to contempt proceedings.

He cites to *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) which also has nothing to do with holding a person in contempt for not paying as quickly as desired a civil debt to a private party, and the precedent is distinctly unhelpful to the creditor.

He cites to *United States v. Rhynes,* 218 F.3d 310, 321-22 (4th Cir. 2000) (en banc); *(citing to Chambers,* 501 U.S. at 44-45, 111 S.Ct. 2123.), which also has nothing to do with holding a person in contempt for not paying as quickly as desired a civil debt to a private party, and the precedent is distinctly unhelpful to the creditor.

He cites to *In Re: Jemsek Clinic, P.A.*, 850 F.3d 150 (2017) ("**For the foregoing reasons, we vacate the judgment of the district court and remand the case for further proceedings consistent with this opinion**.")  which plainly has nothing to do with whether a civil debt owed to private parties may be the subject of contempt of court

He cites to *Life Techs. Corp. v. Govindaraj*, 931 F.3d 259, 267 (4th Cir. 2019) which has nothing to do with whether a civil debt owed to a private party can be the subject of contempt. Furthermore, that precedent mostly rejected the use of contempt in general:

> A court's contempt power, which reflects the court's broad authority, cannot be exercised when there is "fair ground of doubt as to the wrongfulness of" the conduct in question. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019) (citation and emphasis omitted);

*Life Techs. Corp. v. Govindaraj*, 931 F.3d 259, 267 (4th Cir. 2019)

As the Court knows well, a District Court cannot get involved in how a private party collects a civil debt created by a judgment.  That is up to the judgment creditor to collect on a judgment.  Moreover, the Congress, Virginia General Assembly and Federal Rules of Civil Procedure have abrogated the common law, occupied the field, and required that the collection of debts be limited to the statutory regime.

"Any supposed administrative inconvenience would be minimal, since
. . . [the unpaid portion of the judgment] could be reached through the
ordinary process of garnishment in the event of default."

*Rinaldi v. Yeager,* 384 U. S. 305, 384 U. S. 310 (1966).

Although involving consumer debts, Congress has declared its strong policy against

abusive practices in debt collection of civil debts owed to private parties:

FAIR DEBT COLLECTIONS PRACTICES ACT
15 U.S. Code § 1692 - Congressional findings and declaration of
purpose

(a)  ABUSIVE PRACTICES
There is abundant evidence of the use of abusive, deceptive, and
unfair debt collection practices by many debt collectors.
Abusive debt collection practices contribute to the number of personal
bankruptcies, to marital instability, to the loss of jobs, and to
invasions of individual privacy.

(b)  INADEQUACY OF LAWS
Existing laws and procedures for redressing these injuries are
inadequate to protect consumers.

(c)  AVAILABLE NON-ABUSIVE COLLECTION METHODS

Means other than misrepresentation or other abusive debt collection
practices are available for the effective collection of debts.

(d)  INTERSTATE COMMERCE

Abusive debt collection practices are carried on to a substantial extent
in interstate commerce and through means and instrumentalities of
such commerce. Even where abusive debt collection practices are
purely intrastate in character, they nevertheless directly affect
interstate commerce.

(e)  PURPOSES

It is the purpose of this subchapter to eliminate abusive debt
collection practices by debt collectors, to insure that those debt
collectors who refrain from using abusive debt collection practices are
not competitively disadvantaged, and to promote consistent State
action to protect consumers against debt collection abuses.

Here, the bully demanding contempt in the EDVA case has steadfastly refused to make

6

use of the debt collection methods provided by the Federal Rules of Civil Procedure, the U.S. Congress, and the forum Virginia General Assembly.  Electing not to collect the debt in the ordinary way, the abusive, domestic terrorist creditor has sought instead to pervert the law to scare and intimidate hundreds of thousands or millions of private debtors suffering under the COVID-19 recession.  To protect the public against such abuses, this must be stopped once and for all.  Therefore, although badly over-worked, counsel Moseley welcomes the appeal to stop these abuses for the benefit of society as a whole.

But, here, the Government appears to be trying to deprive the Defendants of legal counsel with collateral attacks on attorneys for January 6 Defendants and other investigations.

Zachary Rehl for example has had to depend upon raising funds from supporters to be able to afford a legal defense, which will be ramping up to prepare for trial including arranging a second chair and possibly a third chair.

**https://www.ourfreedomfunding.com/campaign/61/zach-rehl-defense-fund**

Without the ability to accept donations, most January 6 Defendants would have no defense attorney to protect their interests.

Fortunately, U.S. citizens are made of sterner stuff.

On appeal to the Fourth Circuit, the matters in the Eastern District of Virginia have been stayed by the District Court and an adjustment to the stay to reduce the $15,000 *supersedeas* bond and clarify all other conditions.

Counsel had filed suit and welcomes the opportunity on appeal to protect the rights and freedoms of millions of debtors after the COVID-19 recession from abusive practices,

The U.S. Attorney's Office needs to refocus its to do list and concern itself with (a) investigating the pipe bombs found on January 6, 2021, which are the actual cause of the Joint

Session of Congress recessing at 2:18 PM on January 6, 2021, proving that these Defendants are innocent of Counts I and II, (b) identifying and prosecuting the roughly 50 people out of as many as 500,000 to 1 million who assaulted police[2] and (c) actually reading the material provided to defense attorneys and recognizing that they are misrepresenting the facts in these cases. Those tasks – as the British say – are more than enough to "be getting on with" and keep the prosecutors busy.

Dated:  December 7, 2021                    RESPECTFULLY SUBMITTED,
                                            ZACHARY REHL, by counsel


                                            Jonathon Alden Moseley, Esq.
                                            DCDC Bar No. VA005
                                            Virginia State Bar No. 41058
                                            5765-F Burke Centre Parkway, PMB #337
                                            Burke, Virginia 22015
                                            Telephone:  (703) 656-1230
                                            Contact@JonMoseley.com
                                            Moseley391@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s), and also mailed a copy to the following by first class U.S. mail, postage prepaid, one single copy to the prosecution for distribution internally to

---

[2]    The Government states that 165 people have been charged with assaulting, hindering, or impeding law enforcement during otherwise peaceful protests that occurred on January 6, 2021. This is ill-defined but probably no more than 100 people assaulted or brawled with police, compared to those who merely "hindered" or "impeded" whatever those ill-defined terms mean. The Government states that about 50 of those possessed deadly or dangerous weapons, consisting almost exclusively of the construction materials and tools that were left out by the crews assembling the inauguration platform ahead of January 20. For example, the oddly-dressed Jacob Chansley was giving an advance setting based on his costume / ceremonial "spear" being a deadly weapon, rather than just part of his odd costume.

all counsel involved for the prosecution.  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Mr. Luke Matthew Jones, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-7066
(202) 616-8470 (fax)
ahmed.baset@usdoj.gov

**Mr. Jason Bradley Adam McCullough, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
(202) 252-7233
jason.mccullough2@usdoj.gov

**Mr. James B. Nelson, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street NW, Room 4112
Washington, DC 20530
(202) 252-6986
james.nelson@usdoj.gov

Jonathon Moseley, Esq.