IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      Complainant,<br> v.<br><br>ZACHARY REHL<br><br>*(Styled as* <u>USA v. NORDEAN</u> *incorporating cases against four Defendants collectively)*<br><br>      Accused | Criminal Case No.<br><br>1:21-cr-00175-TJK-3 |

**DEFENDANT ZACHARY REHL'S
SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ETHAN NORDEAN'S
MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT**

  Comes now the Accused ZACHARY REHL, by counsel, and hereby files this Second Supplemental Brief, while asking leave of Court for its filing by separate motion, in support of Ethan Nordean's Motion To Dismiss First Superseding Indictment ECF Dkt #94 ("Nordean MTD"), which is joined by Zachary Rehl and the other co-Defendants in this group and case, and for his reasons states as follows, by counsel:

  Ethan Nordean, by counsel, filed yesterday his DEFENDANT NORDEAN'S NOTICE OF NEW AUTHORITY IN U.S. v. SANDLIN, 21- CR-88-DLF AND U.S. v. REFFITT, 21-CR-32-DLF.

  Note that at this stage there appear to be only minute orders in these two cases, *U.S. v. Sandlin*, 21- Cr-88-DLF and *U.S.v. Reffitt*, 21-Cr-32-Dlf.

  As always, Nordean's counsel Nicholas Smith provides an excellent and very useful and persuasive analysis of the Orders issued on December 11, 2021, on a motion to dismiss there.

However, if there is going to be consideration and additional analysis based upon these Friday orders, Counsel for Zachary Rehl believes there is one additional, very important, point to be made that must be considered.

Initially, unfortunately, out of the motion to dismiss authored by Nicholas Smith for Ethan Nordean, only the arguments concerning 18 U.S.C. 1512(c)(2) have attracted much attention. All of Nordean's motion to dismiss should be thoroughly considered, not only that portion concerning 18 U.S.C. 1512(c)(2), including of course the arguments on the Doctrine of Lenity and the Novel Interpretation Doctrine.

However, what strikes this undersigned counsel as most important about Judge Dabney Friedrich's two parallel decision on Friday is the divergence between her decisions with regard to Defendant Sandlin versus Defendant Reffitt.

What is most significant and important (among many important and significant considerations) is that Judge Friedrich reaches different conclusions on the same question with regard to two different Defendants.

This Court (Judge Timothy Kelly) issued a Minute Order November 3, 2021, asking for supplemental briefing on the motion to dismiss and the definition of the key element "corruptly."

In Judge Kelly's November 3, 2021, request for supplemental briefing, Judge Kelly emphasized:

> **And if the Court adopted that definition, would Section 1512(c)(2) cover the conduct alleged in the First Superseding Indictment?**

Although Nordean identifies disagreement with Judge Friedrich's analysis, on this point Judge Friedrich follows that one particular analysis of the matter:

What exactly is the conduct with which Sandlin has been charged?

2

What exactly is the conduct with which Reffitt has been charged?

None of the Defendants here in *USA v. Nordean* have been charged with anything remotely similar to the alleged conduct in *USA v. Sandlin*.

Thus viewing the divergence between the decisions on Sandlin as opposed to Reffitt supports the conclusion that Nordean's Motion to Dismiss here in this case against these Defendants should be granted, and Count II and the relevant portion of Count I (conspiracy) should be dismissed.

This undersigned counsel's over-simplified, brief summary of the divergence in Judge Friedrich's decision in *USA v. Sandlin* as contrasted with *USA v. Reffitt* is that a person of average intelligence would know that violently assaulting police officers is wrong.

Therefore, regardless of any ambiguity or vagueness of the key element "corruptly," in counsel's summary and analysis, Sandlin could not avail himself of such an issue where he in particular could not mistake in Judge Friedrich's view that (allegedly) violently assaulting police officers is wrong.  Regardless of any different possible interpretations of "corruptly," none of them allow Sandlin to sidestep the allegations against him that he (allegedly) violently assaulted police officers.

That is, despite contrary dicta, Judge Friedrich applied the legal principle that vagueness and ambiguity are evaluated *as applied*.  As applied to Sandlin, the allegations that he violently assaulted police officers means that *as applied* to Sandlin he could not be confused that his conduct was illegal, *regardless* of any ambiguity or vagueness in 18 U.S.C. 1512(c)(2).

Meanwhile, Judge Friedrich deferred decision on the motion to dismiss with regard to Reffitt because there was not enough factual context for her to decide whether or not Reffitt could avail himself of the argued ambiguity or vagueness in 18 U.S.C. 1512(c)(2) by Minute

order 12/11/2021 *(Emphasis Added)*:

> In contrast to the indictment at issue in Sandlin, the Indictment in this case does not allege any facts in support of the § 1512(c)(2) charge. Count Two merely alleges that Reffitt "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18." 34 Second Superseding Indictment at 2. The government proffers in its brief, however, that "[w]hile at the Capitol, the defendant, armed with his handgun in a holster on his waist, confronted U.S. Capitol Police officers on the west side stairs, just north of the temporary scaffolding. The defendant charged at the officers, who unsuccessfully tried to repel him with two different types of less-than-lethal projectiles before successfully halting his advances with pepper spray. The defendant encouraged other rioters to charge forward at the officers, which they did. The officers were forced to fall back, the Capitol was invaded." 40 Gov't Opp'n at 1. Reffitt disputes this in his briefing. 38 Def.'s Mot. to Dismiss at 13-15.
>
> Because it is unclear, based on the indictment alone, what actions Reffitt allegedly engaged in to obstruct and impede the official proceeding, the Court cannot determine at this early stage of the proceeding whether the charges are unconstitutionally vague as applied to him. For this reason, the Court is inclined to defer ruling on his vagueness challenge until the facts have been established at trial and the jury has had an opportunity to consider that evidence. *See United States v. Kettles*, No. CR 3:16-00163-1, 2017 WL 2080181, at *3 (M.D. Tenn. May 15, 2017) (finding that pretrial as-applied challenge to § 1591(a) was premature because "[t]he court cannot determine the nature and extent of [defendant's] conduct in this case and, therefore, also cannot determine whether § 1591(a) is void for vagueness as applied to that conduct"); *United States v. Raniere*, 384 F. Supp. 3d 282, 320 (E.D.N.Y. 2019).
>
> Accordingly, the defendant is directed to file, on or before December 15, 2021, a supplemental brief of no more than 5 pages in length explaining why the Court should not defer ruling on his motion until the evidence has been presented at trial. Upon review of the defendant's supplemental brief, the Court will consider whether a response from the government is necessary.
>
> So Ordered by Judge Dabney L. Friedrich on December 11, 2021. (lcdlf2) Modified on 12/11/2021 (lcje). (Entered: 12/11/2021)

In other words, counsel interprets the divergence between *USA v. Sandlin* and *USA v. Reffitt* in the motion to dismiss order decided the same day by the same judge is that

i) The validity of 18 U.S.C 1512(c)(2) especially with regard to being unconstitutionally void for vagueness or ambiguous <u>is highly dependent upon and sensitive to the particular facts of the conduct alleged.</u>

ii) As this Court analyzed, an important part of Judge Friedrich's analysis is:

> **"[W]ould Section 1512(c)(2) cover the conduct alleged in the First Superseding Indictment? "**

iii) In *Sandlin* contrasted with *Reffitt*, this was emphasized in terms of whether or not the Defendant could have reasonably understood that his conduct was illegal.

iv) In *Sandlin* it did not matter if the statute is unconstitutionally vague or ambiguous, because no one could be confused that violently assaulting police is criminal, regardless of the other details of the matter.

v) In *Reffitt*, Judge Friedrich could not decide if the facts of the conduct alleged might have left Reffitt unable to know if his conduct was illegal in light of the argued ambiguity and vagueness of the statute.

vi) Therefore, Judge Friedrich decided that she was inclined to defer the decision for Reffitt until hearing all of the facts at trial, but allowed additional briefing.

**CONCLUSION**

Therefore, here in *USA v. Nordean*, the contrast and divergence between these two cases based on the factual allegations of the indictment confirms that these Defendants do not fall within the *Sandlin* analysis and Nordean's Motion to Dismiss should be granted.

5

The Court should dismiss Count II of the Indictment and part A of Count I (conspiracy). If the Government can allege conduct that is reached by 18 U.S.C. 1512(c)(2) they must so in a factually supported indictment, which they should have done originally.

Dated:  December 13, 2021   RESPECTFULLY SUBMITTED


/s/ Jonathon Alden Moseley
Jonathon Alden Moseley, Esq.
DC Bar No. VA005
Virginia State Bar No. 41058
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
Telephone:  (703) 656-1230
Contact@JonMoseley.com
Moseley391@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s).  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Mr. Luke Matthew Jones, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-7066
(202) 616-8470 (fax)
ahmed.baset@usdoj.gov

**Mr. Jason Bradley Adam McCullough, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
(202) 252-7233
jason.mccullough2@usdoj.gov

**Mr. James B. Nelson, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street NW, Room 4112

Washington, DC 20530  
(202) 252-6986  
james.nelson@usdoj.gov

_/s/ Jonathon Moseley_  
Jonathon Moseley, Esq.