UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) )  ) ) |
| v. | ) Case No. 1:21-cr-175-TJK ) |
| ETHAN NORDEAN, et al., | ) ) ) |
| Defendants. | ) ) |

**DEFENDANT NORDEAN'S RESPONSE TO THE GOVERNMENT'S SUBMISSION REGARDING HIS ABILITY TO CONFER WITH COUNSEL AND PREPARE FOR TRIAL**

Defendant Nordean has been detained pretrial for over eight months at FDC SeaTac. About five months ago, Nordean's counsel advised the Court that the defendant has little to no access to counsel. ECF No. 127.

Counsel further advised that after the Court had directed the parties to file a joint submission concerning Nordean's access to counsel, the government held ex parte conversations with the jail without notifying defense counsel, was informed that Nordean could make a single hour-long phone call in a private room, and then advised the Court that Nordean would be permitted regular attorney-client phone calls in a private room "where the defendant could review legal materials and notes from his discovery review with defense counsel, and limited VTC meetings during which defense counsel could confer with the defendant over video." ECF No. 126, p. 2. That was false. The jail did not make those commitments to the government. ECF No. 127.

For the past 22 days, Nordean has been held in the SHU. That means he has been in solitary confinement 24 hours a day. Counsel has contacted the legal department at SeaTac in

1

order to understand the legal and regulatory basis for Nordean's placement in solitary. The jail will not provide that information. Nordean cannot make any calls while in the SHU, much less regular legal calls. He cannot review evidence in his case while held in solitary confinement. Nordean was able to make a phone call to counsel today, likely because the Court required the government to brief whether Nordean can "adequately prepare for trial" while detained in solitary confinement 24 hours a day. Despite multiple written requests to SeaTac, counsel does not know when Nordean's next legal call will take place and when he will return to the general population of the jail.

      Because Nordean has no access to counsel whatsoever, in open violation of his Sixth Amendment right, the government's submission does not contend that Nordean does not currently satisfy the standard for release under 18 U.S.C. § 3142(i). ECF No. 257, pp. 5-7. Instead, the government argues that "insofar as [Nordean] [is] not able to confer adequately with counsel and participate in [his] defense[,]" he should be "transport[ed] . . . to the District of Columbia." *Id.*, p. 7. It adds, "The policies and procedures in place at the D.C. Department of Corrections are more than sufficient to permit defendants to consult with their counsel, to review the evidence against them, and to participate in the preparation of their own defense." *Id.*, p. 5. The government refers to the jail that was held in contempt of this Court, two months ago, for its treatment of January 6 defendants. Their civil rights, the Court found, may have been violated by the jail on account of their political beliefs. *U.S. v. Worrell*, 21-cr-292-RCL, ECF No. 106 (D.D.C. 2021).

      The government's representations about current conditions at the D.C. Jail are no more accurate than its previous representations concerning access to counsel at SeaTac. The government represents to the Court that the "current wait list for access to a computer [at the

D.C. Jail] is less than two weeks." That is false. As of December 22, according to the D.C. Office of the Federal Public Defender, a defendant's wait time to review evidence on a computer is no less than a month. The government represents that the jail "has 23 laptop computers available for use. . ." ECF No. 257, p. 6. The government omits that the jail does not provide chargers to the inmates, who routinely complain to the facility and their counsel that they cannot review electronic discovery for longer than a couple of hours before the laptops run out of power. Their allotted laptop time therefore elapses before they have completed a review of the evidence. Placed at the back of the line, inmates then have to wait another month to review evidence. The government also omits that D.C. Jail inmates advise their counsel that their food contains mold and that they are regularly harassed by staff and guards on account of their perceived political beliefs. Indeed, that is why this Court directed the government to consider a civil rights investigation into the D.C. Jail. *Worrell*, 21-cr-292-RCL, ECF No. 106.

The government says that "transporting defendant Nordean to the District of Columbia would bring him closer to counsel, undoubtedly improving his access to counsel and ability to participate in the preparation of his defense." ECF No. 257, p. 3. Here the government concedes that Nordean's current access to counsel is insufficient. But transporting him to the District of Columbia does not "undoubtedly improv[e] his access." Nordean's primary counsel is in New York. His other counsel, located in Virginia, is 72 years old. So serious is the current surge of coronavirus cases in this country that the government has called on the military for immediate assistance. Nordean has offered unprecedentedly strict conditions of release even as the government has pointed to no concrete danger he poses to the public whatsoever. Nordean has a track record in this very case of complying with strict conditions of release, which the Chief Judge of this Court granted.

3

The government's proposal that Nordean's septuagenarian counsel should expose himself to a disease that has killed over 800,000 Americans so it can maintain the openly pretextual claim that the defendant's detention is based on dangerousness takes its repugnancy to another level.  The jails and prisons in this country experience Covid-19 infection rates far higher than in the general population.  That is why, only yesterday, the Department of Justice reversed its own legal opinion and will now allow federal inmates released on home confinement during the pandemic not to return to prison.  *DOJ says inmates on home confinement can stay out of prison*, ABC News, Dec. 21, 2021, available at: https://abc17news.com/news/ap-national-news/2021/12/21/doj-says-inmates-on-home-confinement-can-stay-out-of-prison/.  If Nordean's elderly counsel is infected due to the government's unreasonable demands, its lawyers will be responsible for the inaccurate representations and extralegal arguments leading to that outcome.

Contrary to the government's claims, it is not uncommon for courts to release defendants under § 3142(i) on account of insufficient access to counsel, particularly during the pandemic when conditions of confinement are much more restrictive.  *See*, *e.g.*, *U.S. v. Stephens*, 447 F. Supp. 3d 63, 67 (S.D.N.Y. 2020) (releasing inmate under § 3142(i) due to pandemic-related hindrances to sufficient communication between attorney and client); *United States v. Ford*, 2021 U.S. Dist. LEXIS 106037, at *6 (W.D. Pa. June 7, 2021) (same).  Nordean has shown that release is "necessary for preparation of [his] defense or for another compelling reason," § 3142(i), because:

- Nordean has no access to counsel whatsoever;
- Nordean cannot review any evidence in his case;
- Nordean is being held in solitary confinement 24 hours a day without being informed as to the basis;

- The government has failed to articulate any specific danger posed by Nordean, who has no criminal history and is charged in a nonviolent case. Defendants are not constitutionally detained solely on the basis of their nonspecific potential exercise of protected speech and expressive conduct;
- Nordean has offered extraordinarily strict conditions of release which includes a $1 million bond, random warrantless searches of his residence, and video camera coverage of every entrance to the home from which all electronic devices would be removed;
- The government has shown the Court no evidence supporting the sole property destruction allegation predicating his detention. It does not exist. Nordean has been held for eight months, and has been placed in solitary confinement for over 20 days, on the basis of a charge for which the government has presented, and the Court has seen, no evidence;
- The Court revoked Nordean's bond on the basis of a finding about his lost passport, yet the briefs in the case show the government does not dispute that, whether lost or not, Nordean's passport expired years ago—it was obtained before he was 15 years old—and therefore could not be used in any event;
- Nordean complied with the strict conditions of his prior release for over a month.

Insisting that Nordean remain incarcerated pretrial is not even in the government's own long-term self-interest. If he cannot review any evidence, or communicate with his counsel whatsoever, any conviction the government manages to obtain at trial will simply be vacated on Sixth Amendment grounds. The Court may consider that "another compelling reason," perhaps the most compelling, for temporary release under § 3142(i).

Dated: December 22, 2021                              Respectfully submitted,

5

/s/ David B. Smith
David B. Smith (D.C. Bar No. 403068)
108 N. Alfred St.
Alexandria, VA 22314
Phone:(703)548-8911
Fax:(703)548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith (D.C. Bar No. 1029802)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869
nds@davidbsmithpllc.com

### Certificate of Service

I hereby certify that on the 22nd day of December, 2021, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

Jim Nelson
Assistant United States Attorney
555 4th Street, N.W., Room 4408
Washington, D.C. 20530
(202) 252-6986

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com
*Counsel to Ethan Nordean*

6