UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ETHAN NORDEAN et al.,<br><br>*Defendants*. | Criminal Action No. 21-175 (TJK) |

## ORDER

On December 14, 2021, the Court denied Defendants Ethan Nordean, Joseph R. Biggs, and Zachary Rehl's motions to re-open their bail proceedings. *See* Minute Entry of December 14, 2021. The Court explained that it was denying without prejudice their requests for release under 18 U.S.C. § 3142(i) and that it would accept a renewed motion on those grounds. *See* December 14, 2021 Tr., ECF No. 252 at 5:1–3, 14–18. The Court then ordered the parties to provide it with more information about how Defendants can prepare for trial—which is set to begin on May 18, 2022—by communicating with counsel and reviewing discovery. *Id.* at 5:4–13. Nordean and Biggs responded to that request for information. *See* ECF Nos. 258, 259, 270. And as the Court explained on the record at the January 11, 2022, status conference, at Nordean and Biggs's request, it construes their filings on this issue as renewed motions for release under Section 3142(i). *See* January 11, 2022 Tr. at 21:11–14. For the reasons below, the Court will deny those motions. The Court will also order that Nordean and Biggs be transported to the District of Columbia.

\*   \*   \*

Under Section 3142(i), the Court "may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person," if it "determines such release to be necessary for preparation of the person's defense or for another compelling reason."

18 U.S.C. § 3142(i). A "defendant has the burden of showing that temporary release is necessary under Section 3142(i)." *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020) (cleaned up). In doing so, a defendant should address why "less drastic" measures are either unavailable or insufficient. *United States v. Keeton*, 457 F. Supp. 3d 855, 861 (E.D. Cal. 2020), *aff'd*, No. 20-10162, 2020 WL 4805479 (9th Cir. June 17, 2020) (internal quotation marks omitted). Whether to grant release is a question committed to the Court's discretion. *See United States v. Otunyo*, No. 18-cr-251 (BAH), 2020 WL 2065041, at *8 (D.D.C. Apr. 28, 2020) (discussing the "exercise of the discretion inherent in § 3142(i)"); *see also United States v. Nero*, 854 F. App'x 14, 18 (6th Cir. 2021).

The Court finds that, at this point, Nordean's and Biggs's release is not necessary for the preparation of their defense, or for any other compelling reason under 18 U.S.C. § 3142(i). At the outset, the Court notes that release under Section 3142(i) "is intended for 'extraordinary circumstances,' which are exceedingly rare." *United States v. Hill*, No. 3:17-cr-276, 2020 WL 4208936, at *2 (M.D. Pa. July 22, 2020) (quoting *United States v. Rebollo-Andino*, 312 F. App'x 346, 348 (1st Cir. 2009)). And despite the obstacles presented by the COVID-19 pandemic and the extensive electronic discovery associated with the January 6 prosecutions, no court has released a detained January 6 defendant on these grounds.

That said, the Court acknowledges that, as things stand, there are obvious and significant hurdles to Nordean's and Biggs's preparation for trial. Nordean says that he has "little to no access to counsel." ECF No. 258 at 1. He was recently housed in the Segregated Housing Unit at Federal Detention Center SeaTac, near Seattle, Washington. *See* January 11, 2022 Tr. at 11:19–22. According to counsel, he "was in solitary [confinement] for about 30 days" with no access to his counsel—who are in Virginia and New York—much less the ability to review discovery. *Id.* He

2

is now "in lockdown" due to COVID conditions. *Id.* at 12:1. Biggs is apparently in a better position in the John E. Polk Correctional Facility in Sanford, Florida, administered by the Seminole County Sheriff's Office, ECF No. 257 at 3, where he can speak to his counsel—located in Washington, D.C.—every day, ECF No. 270 at 5. Still, Biggs maintains that he cannot review electronic discovery from there. *Id.* at 5–6.

But the Court will deny the motion without prejudice because the Government has proposed a solution far "less drastic" than release: transporting Nordean and Biggs to the District of Columbia's Department of Corrections ("DOC"). That is, of course, what typically happens in the first instance to detained defendants who are being prosecuted in this jurisdiction but who were arrested elsewhere. *See United States v. Ghailani*, 751 F. Supp. 2d 515, 536 (S.D.N.Y. 2010) ("a defendant who is in custody in anticipation of a criminal trial often is held adjacent to or near the courthouse in which the trial will take place"). In the DOC, the Government represents, defendants can make legal calls lasting up to 30 minutes at a time during their five-hour recreation period. ECF No. 257 at 5. Every January 6 defendant has been provided an educational tablet, which allows "confidential messaging communication between defendants and their attorneys." *Id.* at 6. Defendants also have access—even if limited—to a laptop to review electronic discovery. *Id.* And the Government represents that the DOC has been working with it and the Federal Public Defender for the District of Columbia to provide January 6 defendants with access to an electronic discovery database through their educational tablets. ECF No. 272 at 5. Moreover, according to the Government, those parties are working to create an e-discovery room "where January 6 defendants will be able to review discovery and share notes about discovery materials with their attorneys." *Id.* Nordean and Biggs must at least try to avail themselves of these procedures before the Court considers the extraordinary relief of release under Section 3142(i).

Nordean's and Biggs's arguments for their release and against transporting them here are not persuasive. The Court has an obligation to ensure that the they have access to counsel and can review the discovery so that they can stand trial on May 18. Both question how easily, and for how long, those detained at the DOC can access laptops to review discovery—asserting that the wait for a laptop is "no less than a month" and that the laptops quickly run out of battery power. *See, e.g.*, ECF No. 258 at 3. But neither disputes that the laptops provide defendants *some* ability to review discovery. And as the Government has represented, defendants will soon be able to review discovery in other ways as well—*i.e.*, through their tablets and an e-discovery room. In the end, neither Nordean nor Biggs disputes that the procedures in place and in the works at the DOC to review electronic discovery are better than those in the facilities in which they are now being held.

As for access to counsel, there is no question that Nordean would have better access to his counsel at the DOC, where he will be able to call his lawyers and use his educational tablet to communicate with them. And while Biggs argues that defendants' access to phones in the DOC is "not that good," the option for legal calls remains. January 11, 2021 Tr. at 24:18–19. Moreover, he will also be able to communicate with counsel through his tablet.

Both Nordean and Biggs assert that they would not have access to in-person visits with their attorneys in the DOC, in part due to COVID-19 and the procedures now in place because of the current rise in cases. *See* ECF No. 258 at 4; ECF No. 259; *see also* January 11, 2021 Tr. at 22:13–25. But those measures are likely temporary, as the DOC responds to evolving public health conditions. And in any event, as things stand, neither Nordean nor Biggs appears to have been meeting with counsel in person anyway. In fact, both Nordean and Biggs would be far closer to

4

their counsel if detained in the District of Columbia, making in-person meetings easier once the current procedures are relaxed.

Finally, while Nordean and Biggs appear to oppose *ever* being transported to the District of Columbia, to state the obvious, they must be transported here at some point to stand trial on May 18. From the Court's perspective, especially given the quarantine protocols in place for those detained, it makes more sense to bring them here now rather than delay any further.

\*   \*   \*

For these reasons, it is hereby **ORDERED** that Nordean's and Biggs's renewed motions for release under Section 3142(i) are **DENIED WITHOUT PREJUDICE**. It is further **ORDERED** that Nordean and Biggs shall be transported forthwith to the District of Columbia.[1]

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: January 21, 2022

---

[1] Counsel for Nordean notified the Court that Nordean is suffering from a kidney stone. *See* January 11, 2022 Tr. at 18:22–25. The Court expects that his transport to the District of Columbia will proceed only as medically appropriate to do so, as determined by the appropriate authorities where he is detained.