UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CASE NO: 1:21-cr-0175-3 (APM) |
| | * | |
| ZACHARY REHL, | * | |
|     Defendant | * | |

ZACHARY REHL'S STATUS REPORT REGARDING DISCOVERY
AND THE UPCOMING TRIAL DATE

Mr. Rehl hereby seeks to highlight for the Court two significant issues raised by the Government's most recent discovery report, namely that (a) the government believes that proceeding to trial as scheduled is "not workable"; and (b) the government provides no date certain when production of discovery will be completed. Memorandum Regarding Status of Discovery as of February 9, 2022 at 17, 20 (ECF 290).[1] While Mr. Rehl recognizes the "voluminous" discovery being produced by the government and appreciates its efforts, these circumstances do not mitigate the fact that Mr. Rehl has been detained pretrial nearly one year on motion of the government in a case where Mr. Rehl did not commit any violence, did not injure any person, did not destroy any property, and did not possess any weapons.

---

[1] In pertinent part, the Discovery Report states (emphasis added):

In addition, we have developed a short-term discovery plan that will enable certain trials to proceed *before our discovery plan is substantially executed*. To be clear, this is not the plan we recommend, *nor one that would be workable in multiple cases or complex cases, such as this*.
. . .
Upon this filing, the government intends to consult with defense counsel in this case about how this status report may impact the parties' readiness to proceed with the trial currently scheduled for May 19, 2022, in light of the time frames set forth above. While the government anticipates that it may be able to employ certain short-term discovery workarounds in discrete cases, as described in Section 10, *it does not anticipate that such workarounds will be suited to complex cases such as this one*.

### I. The Volume of Discovery is Daunting

The volume of discovery that the government is producing is daunting, including thousands of hours of video footage and hundreds of thousands of documents. Moreover, the Discovery Report does not state when the government anticipates that its discovery plan will be fully executed and discovery production completed. Indeed, it is unclear whether there are enough hours left in the day between now and the May 18, 2022 trial date to review the discovery produced and as yet to be produced. (The time remaining until the May 18 trial date is 72 days, fewer days than necessary to watch the video discovery that has been produced).

### A. Video Evidence

The *evidence.com* discovery platform contains "over nine terabytes of information and would take 102 days to view." Discovery Report at 3. This includes thousands of hours of surveillance footage from the US Capitol Police ("USCP"), Metropolitan Police Department ("MPD") and Secret Service ("Secret Service"). *Id.* at 1.

Notably absent from the government's status report regarding the materials contained in *evidence.com* is any reference to non-governmental video evidence obtained from sources such as video seized or otherwise obtained from the electronic devices of those at the Capitol on January 6 (so-called private citizen digital media evidence); digital media tips; Parler video; and news footage. The government had previously represented that it was in possession thousands of hours of such non-governmental video footage.

Moreover, the government provides no timetable with respect to the anticipated availability of this data on *evidence.com*. Nor is it clear whether the government has developed, or will develop, any tools for the categorization and/or organization of this significant tranche of evidence.

### B.    Non-Video Evidence

In addition, of particular concern is the lack of detail about what remains to be added to the Relativity database. The government delineated five (5) categories of data, each of which appear voluminous and totaling tens of thousands of records. *See* Discovery Status Report at 10-11. That, however, seems to be just the tip of the proverbial iceberg given that the government also advised that it provided Deloitte (the Relativity provider) with another 380,000 records from the FBI's case management system on February 7, 2022, *for the government to first review* as the data will require, "in-depth analysis and customization so that they may be produced to the FPD database in a standardized format," which the government estimates will "take an additional several weeks." Discovery Status Report at 14-15. Thus, defense counsel do not now know *when they can begin* their review of this data. Similarly, the government acknowledges it has no accurate timetable on the production of materials scoped from other investigation subjects' devices and social media accounts as well.

### C.    Continuing Production

Since the start of 2022, the government has produced discovery on 15 separate occasions, including its most recent production on Sunday, March 6, 2022. Neither the Discovery Report nor during discussions with counsel, has the government indicated how much discovery is left to be produced (category-wise and volume-wise) nor when it anticipates completing production.

### D.    *Brady* and Other Information Favorable to Mr. Rehl

Significantly, the government has not indicated whether is has produced all information "favorable to the accused" as that term is defined under LCrR5.1, the Due Process Protection Act, *Brady* and its progeny, and the Due Process and Sixth Amendment of the United States Constitution.

E.  **Consultation with Prosecutors**

Pursuant to the Discovery Report which indicates that prosecutors would consult with defense counsel, undersigned counsel reached out to the government in an attempt to get a clearer understanding of the discovery issues outlined above. AUSA Luke Jones indicated that the government intends to provide to the Court and counsel "a further update regarding the status of discovery, particularly as that relates to the scheduled trial date."

## CONCLUSION

Mr. Rehl respectfully requests that the Court address the discovery issues noted above at the upcoming Status Conference and seek to resolve how those issues impact the upcoming trial date and Mr. Rehl's Sixth Amendment and Due Process rights to a fair and speedy trial.

Respectfully submitted,

/s/

**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 7th day of March, 2022.

/s/ Carmen D. Hernandez
**Carmen D. Hernandez**