IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | 1:21-CR-175-4 |
| v. | : | |
| | : | |
| CHARLES DONOHOE, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO VACATE

Defendant, Charles Donohoe, respectfully submits the following Response to the Government's motion to Vacate Trial Date. Doc. 314.

A.  Procedural History.

Less than two weeks after January 6, 2021, the Government filed a sealed complaint against a co-Defendant in the instant case. Doc. 1. Thereafter, on March 3, 2021, a Grand Jury issued an Indictment in the instant case, and, later, superseding Indictments. Doc. 24, 26, 305. Further, the Government has forecasted that it may seek a third superseding indictment. Doc. 314 at 7. Donohoe has been detained since his arrest at his place of work on March 17, 2021. Doc. 35.

B.  Discovery

The Government has an ongoing duty to produce discovery. Min. Ent. March 4, 2021. Since the first Indictment issued, the Government has provided portions of discovery via a "drop box"-style website known as "USAfx;" physically mailed portions of electronic discovery on large-volume hard drives; provided portions of discovery via email; provided portions of discovery via a service known as "evidence.com;" and provided portions of discovery via a service known as "relativity.com."

Prior to October 2021, the Government produced approximately one dozen volumes of discovery. In October 2021, there were at least three volumes of discovery disclosed by the Government. In November 2021, the Government disclosed at least three additional volumes of discovery. In December 2021, the Government disclosed at least two additional volumes of discovery. Further, during 2021, the Government unveiled the evidence.com discovery regime, which includes additional discovery. In 2022, the Government has produced additional discovery on relativity.com.

The Government has developed a system to designate certain portions of discovery as being particularly "sensitive" with respect to disclosure. To that end, the Government sought and received a protective

order, designating 10 categories of evidence as sensitive. Doc. 82, 83. The

protective order impacts the dissemination and reproduction of certain

evidence and limits the way that incarcerated individuals can receive

and review sensitive discovery.

Further, the Government has appointed a Capitol Breach Discovery

Coordinator, assembled a Capitol Breach Discovery Team, and created

protocols and procedures to further provide discovery. Doc. 214 at 6.

Undersigned counsel acknowledges that the volume of discovery in

the instant case is large. However, the Government selected the early

date to Indict the instant offense conduct. Further, the Government has

made a series of decisions with respect to its discovery disclosure

obligations that have placed an ocean of information behind a dam of

designation and review. The dam is tapped with a narrow spout, and the

Government's hand remains on the faucet.

As of the filing of this motion, the Government has indicated that

there is additional *Brady* evidence in its custody that it has not provided

to the Defendant.

C. Status Report

On March 24, 2022, the Court ordered that Donohoe file a status

report representing whether he would be prepared to go forward with

trial on May 18, 2022. Donohoe has yet to receive certain *Brady* evidence, which includes information related to the cooperation of Matthew Greene (D.C.D.C. 1:21CR52-3). The Government has not provided a date certain with respect to completion of production of discovery. Thus, undersigned counsel cannot know whether they would be prepared for trial on May 18, 2022.

    D. Opposition to Vacatur of the Trial Date

    Donohoe, who has never been in incarcerated prior to this offense, has now been detained more than one year. His continued incarceration is unjustly prejudicial for all the reasons discussed throughout pre-trial detention litigation. Thus, Donohoe objects to the Government's motion to vacate the trial date.

    Respectfully submitted, this the 25th day of March, 2022.

                        LOUIS C. ALLEN III
                        Federal Public Defender, MDNC

/s/ Lisa S. Costner                 /s/ Ira Knight
LISA S. COSTNER                     IRA KNIGHT
Asst. Federal Public Defender       Asst. Federal Public Defender
N.C. State Bar No. 14308            N.C. State Bar No. 43817
251 N. Main St., Suite 849          301 N. Elm St., Suite 410
Winston-Salem, NC 27101             Greensboro, NC 27401
(336) 631-5172                      (336) 333-5455
Lisa_Costner@fd.org                 Ira_Knight@fd.org

4

## CERTIFICATE OF SERVICE

I hereby certify that on <u>March 25, 2022</u>, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which

will send notification of such filing to the following:

Jason McCullough
Luke Jones
Eric Kennerson
Assistant United States Attorneys

Respectfully Submitted,

| | |
|---|---|
| /s/ Lisa S. Costner | /s/ Ira Knight |
| LISA S. COSTNER | IRA KNIGHT |
| Asst. Federal Public Defender | Asst. Federal Public Defender |
| N.C. State Bar No. 14308 | N.C. State Bar No. 43817 |
| 251 N. Main St., Suite 849 | 301 N. Elm St., Suite 410 |
| Winston-Salem, NC 27101 | Greensboro, NC 27401 |
| (336) 631-5172 | (336) 333-5455 |
| Lisa_Costner@fd.org | Ira_Knight@fd.org |