**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CASE NO: 21-cr-0175-3 (TJK)** |
| | * | |
| **ZACHARY REHL,** | * | |
| **Defendant** | * | |

********

**ZACHARY REHL'S RESPONSE TO GOVERNMENT'S**
**MOTION TO VACATE TRIAL**

The government presents Mr. Rehl with a Hobson's choice. Proceed to trial with what it has represented is incomplete production of discovery or remain in jail for another year or more. In a case of this magnitude and one-year after it first asked the Court to detain Mr. Rehl, the government cannot even represent to the Court that is has produced all *Brady* materials. The government asserts that it will take "60 to 90 days" to access, review and produce newly recovered evidence.[1] However, it is clear that if the May trial is vacated to accommodate Mr. Tarrio, who is newly charged and possibly the additional persons who may be charged in May, counsel for those persons will likely need the rest of the year, if not longer, to prepare for trial.[2] That is no choice.

There is only one just and proper thing to do – take as much time as necessary to assure that the government has produced all discovery that is material to preparing the defense, that the government intends to use in its case-in-chief at trial and that is favorable to Mr. Rehl so that counsel is able to prepare adequately to defend the serious charges brought against Mr. Rehl and he is able to review the voluminous discovery and assist in his defense. But taking the necessary time is a just,

---

[1] Gov Motion to Vacate Trial (ECF 314 at 5-6).

[2] Undersigned counsel also has a number of other trials scheduled for the rest of the year.

proper and reasonable solution under all the circumstances in this case only if the Court releases Mr. Rehl pretrial under whatever conditions the Court deems necessary to reasonably assure the safety of the community and Mr. Rehl's appearance at all future proceedings.

Requiring Mr. Rehl to proceed to trial in May without all the discovery would violate his rights to due process of law and his fair trial rights under the Fifth and Sixth Amendments. Detaining Mr. Rehl for additional time while the government continues to investigate and bring charges would result in 'undue and oppressive" incarceration in violation of the same Constitutional rights, including his rights to a speedy trial.[3]   *See also United States v. Salerno,* 481 U.S. 739, 747 (1987) ("the maximum length of pretrial detention is limited by the stringent time limitations of the Speedy Trial Act").

To be clear, Mr. Rehl will file a separate motion seeking review of his pretrial detention. But for purposes of determining whether to vacate the trial date, detention under the present circumstances does not fit the "carefully limited exception" to pretrial release that Congress intended when it enacted the Bail Reform Act. *United States v. Salerno,* 481 U.S. 739, 755 (1987); *see also United States v. Singleton*, 182 F.3d 7, 13 (D.C. Cir.1999) ("pretrial detention is necessary for only a "small but identifiable group of particularly dangerous defendants") *quoting* S.Rep. No. 98-225, at 6 (1984).  Nor is detention the "least restrictive" condition mandated by the Bail Reform Act, 18 U.S.C. § 3142(c)(1)(B).

---

[3]  "The historic origins of the Sixth Amendment right to a speedy trial . . .has universally been thought essential to protect at least three basic demands of criminal justice in the Anglo-American legal system: (1) to prevent undue and oppressive incarceration prior to trial, (2) to minimize anxiety and concern accompanying public accusation and (3) to limit the possiblities that long delay will impair the ability of an accused to defend himself."  *Smith v. Hooey*, 393 U.S. 374, 377-78 (1969).

Mr. Rehl is a life-long resident of Philadelphia, with no history of violence. He has attended dozens of political demonstrations during his lifetime and never been accused of violent conduct. He is the son and grandson of Philadelphia police officers. He served honorably in the United States Marine Corps, receiving a number of commendations. He left the service due to non-combat medical injuries and thereafter obtained an undergraduate degree from Temple University.

On January 6, Mr. Rehl was not armed. He did not destroy any property. He did not assault anyone. He did not injure anyone or encourage anyone to do so. Forty minutes after the Capitol was breached by others, Mr. Rehl entered the Capitol through an open door, with friends from Philadelphia, all of whom have only been charged with misdemeanor offenses. He remained inside the Capitol for a short time. The government has not produced a single item of evidence that indicates that Mr. Rehl planned to attack the Capitol or to do anything other than engage in a political protest. Indeed, there is not a scintilla of evidence that Mr. Rehl presents a risk of danger to anyone.

Beyond that, Mr. Rehl is married and the father of two children. He has a young daughter, who was born after he was first detained pretrial, whom he has yet to hold in his arms. Continued detention under all these circumstances is simply not right.

A.      Discovery Production and Readiness for Trial

In response to the Court's inquiry, Mr. Rehl's counsel will be ready for trial if necessary in May, even if it takes extraordinary effort. However, the Court should not require Mr. Rehl to go trial without first ascertaining that the government has produced all the discovery the law requires, including particularly all information that is "favorable" to Mr. Rehl that is "material either to guilt or to punishment" under *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and its progeny, the Due Process Protection Act, and Local Criminal Rule 5.1. Moreover, production of discovery in a case

3

with such voluminous materials requires more than just a dump of information.[4]

**B.      Co-Defendants' Memoranda**

Mr. Rehl adopts and incorporates by reference the memoranda filed by codefendants Nordean (ECF 320) and Donohoe (ECF 318).[5]  In particular, but without limitation, the government's claim that it moved "expeditiously to obtain obtain the second superseding indictment" is belied by the fact that the Second Superseding Indictment contains few, if any, new material factual allegations.  *See* Nordean Memo at 2-4.

Respectfully submitted,

/s/

_____

**Carmen D. Hernandez**
Bar No.  MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 26th day of March, 2022.

/s/ *Carmen D. Hernandez*
**Carmen D.  Hernandez**

_____

[4]  The Court should order the government to identify to the defense "those items it intends to offer in its case-in-chief at trial." *United States v. Anderson*, 416 F. Supp. 2d 110, 116 (D. D.C. 2006).

[5] Allowing Mr. Rehl to adopt and incorporate the memoranda of codefendants promotes the just determination of the case, simplifies procedures and eliminates unjustifiable expense and delay in accordance with Rule 2, FED. R. CRIM. PROC.