UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 1:21-cr-175-TJK |
| | ) |
| ETHAN NORDEAN, et al., | ) |
| | ) |
| Defendants. | ) |

**NORDEAN'S MOTION FOR RELEASE PURSUANT TO 18 U.S.C. § 3164**

Nordean, through his counsel, moves for release from custody pursuant to the Speedy Trial Act, the Sixth Amendment, and on due process grounds, for the reasons that follow.

The trial of any detained person "who is being held in detention solely because he is awaiting trial" must "commence not later than ninety days following the beginning of such continuous detention . . ." 18 U.S.C. § 3164(b). "Failure to commence trial of [such] a detainee . . .through no fault of the accused or his counsel . . . .shall result in the automatic review by the court of the conditions of release. . ." § 3164(c). "No detainee . . .shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial." *Id.*

"The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in" § 3164. § 3164(b). However, § 3161(h)'s exclusions may not be read "literally into § 3164." *United States v. Theron*, 782 F.2d 1510, 1516 (10th Cir. 1986). That is because if a court

> find[s] that the time has run under § 3161, [it] must order dismissal of the indictment. But failure to commence trial within the time limits of § 3164 results in an automatic review of the conditions of release and perhaps release on bail. 18 U.S.C. § 3164(c). To give effect to both statutes, . . . the 'reasonable delay' exclusion of § 3161(h)[(6)] has a

1

different meaning and application under § 3164 than under § 3161, because of the different context in which it arises.

*Theron*, 782 F.2d at 1516.

The *Theron* court specifically identified a situation where exclusion of time under § 3161(h) would have a "different meaning and application under § 3164 than under § 3161." Namely, "[w]hat might be reasonable delay to accommodate conservation of public resources by trying codefendants together as an exception to the Speedy Trial Act's seventy-day limit might become unreasonable when a defendant is incarcerated for more than ninety days without a chance to make bail." *Theron*, 782 F.2d at 1516. In these situations, "subsection (h)(7)[1] will not require dismissal of the indictment but will require that the defendant be tried or released." *Id.*

In *Theron*, the defendant was charged on sixty-four counts of conspiracy and mail fraud. A month after the defendant was detained, ten codefendants who had been released pretrial moved for a trial continuance, citing the case's complexity. The defendant objected and moved to sever his trial. The district court granted the continuance, denied severance, and tolled the STA clock, finding an ends-of-justice continuance appropriate because the matter was a complex conspiracy case that involved many defendants. 782 F.2d at 1512. The court held that the trial should be delayed until approximately eight months from the time the defendant was taken into custody. At that time, he had already been in custody more than four months. *Id.* at 1516.

The defendant sought a writ of mandamus from the court of appeals, directing the district court to release the defendant under § 3164. First, the court of appeals held that the combination of a complex conspiracy case and many defendants, without more, may not "outweigh[] the

---

[1] At the time *Theron* was decided, the current § 3161(h)(6) ("A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted") was codified at § 3161(h)(7). 782 F.2d at 1516.

2

interests of the defendant in a prompt trial" under the ends-of-justice exclusion provision in § 3161(h)(7). *Theron*, 782 F.2d at 1513. "In holding that complexity plus multiple defendants are not enough, by themselves, we are influenced by Congress' express intent that the ends-of-justice exception be used rarely and only in narrow circumstances:

> 'The history of speedy trial legislation has shown that both the defense and the prosecution rely upon delay as a tactic in the trial of criminal cases. However, from the defendant's point of view, delay is not synonymous with due process. A defendant who is required to wait long periods to be tried suffers from a magnitude of disabilities which in no way contribute to his well being. If he is incarcerated awaiting trial, unnecessary delay in the commencement of the trial could result in irreparable injury to an innocent individual. To one who is ultimately found guilty of a criminal offense, the time spent in detention may represent added time to his ultimate sentence and further retard the rehabilitative process.'

*Theron*, 782 F.2d at 1513 (quoting H.R. Rep. No. 1508, 93d Cong., 2d Sess. 4, *reprinted in* 1974 U.S. Code Cong. & Ad. News, 7041, 7407-08).

"[H]olding that a complex multiple defendant case is enough to toll the Act under subsection [(h)(7)] would emasculate the specific separate provision in subsection [(h)(6)], which excludes from the seventy-day limitation 'a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.'" *Theron*, 782 F.2d at 1513-14 (quoting the provision now codified at § 3161(h)(6)). "We should, of course, read independent sections of a law to have separate meaning and application if possible." *Id.* Thus, "the government and the court must look to subsection [(h)(6)] to protect their interests in trying complex conspiracy cases in a single trial." *Id.*

Turning to § 3161(h)(6), the court of appeals next held that the "reasonable period" of delay attributable to joinder of multiple defendants had "not yet run to force dismissal of [the defendant's] indictment." *Theron*, 782 F.2d at 1514. However, that did not conclude the analysis. As indicated above, "to give effect to both [§ 3161(h)(6) and § 3164], . . . the

3

'reasonable delay' exclusion of § 3161(h)[(6)] has a different meaning and application under § 3164 than under § 3161, because of the different context in which it arises." *Id.* Even if dismissal of the indictment was not required under the seventy-day rule, the defendant had to be released on conditions under § 3164:

> If we did not construe the statute to require release or trial sooner than the dates the trial court has set, [defendant's] continued detention would present serious constitutional questions. As Congress recognized, at some point a pretrial detainee denied bail must be tried or released. Although pretrial detention is permissible when it serves a regulatory rather than a punitive purpose, we believe that valid pretrial detention assumes a punitive character when it is prolonged significantly. . . .
>
> Congress obviously contemplated some extension of the ninety-day limit on incarceration before trial when it incorporated the § 3161(h) exclusions into § 3164. We think some extension is constitutionally permissible. Delays, for example, that the defendant caused would not raise a problem. . . [But the defendant] has been incarcerated without bail for more than four months. He took no steps to delay trial; he sought immediate trial and announced he was ready to defend. . .

*Theron*, 782 F.2d at 1516.

The rule in *Theron* has been adopted in this Court. *E.g.*, *United States v. Knight*, 157 F. Supp. 2d 70, 75 (D.D.C. 2001) (citing *Theron*); *United States v. Whitehorn*, 1989 U.S. Dist. LEXIS 9460, at *4 (D.D.C. June 8, 1989) (same).

Here, *Theron*'s rule requires Nordean's release under § 3164(c). Here are the ends-of-justice continuances the Court has entered since April 6, 2021:

**April 6, 2021:** Court tolled STA "nunc pro tunc" from April 1, 2021 to April 9, 2021 "for the reasons the government laid out in terms of voluminous discovery." 4/6/21 Hr'g Tr. at 68. The period between April 1 to April 9 was not excludable because (1) ends-of-justice "findings may be entered on the record after the fact but they may not be *made* after the fact." *United States v. Larson*, 627 F.3d 1198, 1204 (10th Cir. 2010) (emphasis original); *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994) (holding there is no "nunc pro tunc" STA continuance);

4

and (2) the court "never stated that it considered the required § 3161(h)(7)(B) factors." *United States v. Koerber*, 813 F.3d 1262, 1279 (10th Cir. 2016); *United States v. Reed*, 253 F. Supp. 3d 52, 59 (D.D.C. 2017) (same).

**April 9, 2021**: Court vacated its hearing without tolling the STA.

**April 19, 2021**: Court tolled STA "nunc pro tunc" from April 9, 2021 to May 4, 2021, citing the ends of justice that are served by taking such action outweigh the bests interests of the public and the defendant, "in light of the extraordinary complexity and extraordinary volume of discovery that is being produced." 4/19/21 Hr'g Tr. at 80.  Nordean asked for a shorter STA continuance given that the Court had revoked his bond.  4/19/21 Hr'g Tr. at 71.  The period from April 9 to April 19 is not excludable because ends-of-justice "findings may be entered on the record after the fact but they may not be *made* after the fact." *Larson*, 627 F.3d at 1204; *Keith*, 42 F.3d at 237.

**May 4, 2021**: Court tolled STA from May 4, 2021 to June 3, 2021, citing "the interest of justice."[2]

**June 3, 2021**: Court tolled STA from June 3, 2021 to July 15, 2021, citing the ends of justice, "due to the size of the investigation generally here with regard to the events of January 6, but also with regard to the nature of this specific case. . . the four co-defendants with . . . other alleged co-conspirators not charged in this case, but certainly there's overlap [in discovery], the electronic nature of a lot of the evidence, and all the representations that have been made to me regarding the volume of defendants that have been arrested. . ." 6/3/21 Hr'g Tr. at 29.  Nordean objected to a continuance of the STA and did not agree that every kind of defense motion—even one essential to preserving a defendant's rights—would toll the STA.  *Id.* at 19.  The period from

---

[2] Defendant Nordean is obtaining this transcript.

June 3 to July 15 is not excludable because the court "never stated that it considered the required § 3161(h)(7)(B) factors," *Koerber*, 813 F.3d at 1279, and "complexity plus multiple defendants are not enough" for an ends-of-justice continuance over a defense objection. *Theron*, 782 F.2d at 1513.

**July 15, 2021**: Court tolled STA from July 15, 2021 to September 21, 2021, "by virtue of the pending motion to dismiss" and as an ends-of-justice continuance because of "the unusual and complex nature of this case and the discovery and volume of the discovery that has been generated by it." 7/15/21 Hr'g Tr. at 79. Nordean explicitly asked for a trial date, noting that even if a trial were held in April 2022, it would be "pretty serious pretrial [incarceration] time." 7/15/21 Hr'g Tr. at 10-11. The Court understood Nordean to be invoking his speedy trial right, as it responded, "Mr. Smith, you're going to get your trial date. I'm sensitive to the points you're raising about [prolonged] detention." *Id.* at 13. Nordean did not consent to a STA continuance. *Id.* at 78.

**September 21, 2021**: Court tolled STA from September 21, 2021 to October 26, 2021 "in the interest of justice." The hearing was held on Nordean's motion to dismiss the First Superseding Indictment.[3]

**November 3, 2021**: Court first tolled STA, "nunc pro tunc," from October 26, 2021 to December 7, 2021 "due to the pending motion [to dismiss][4] . . .[and because] the government has requested in the interests of justice: one, that the case is so unusual and complex that, given the need for discovery . . . that the time be tolled for that reason; and also, for all the reasons laid out

---

[3] Nordean is obtaining this transcript.

[4] Nordean's motion to dismiss could not toll the STA after September 21, 2021, when the hearing was held. *Henderson v. United States*, 476 U.S. 321, 328 (1986).

6

in Chief Judge Howell's order of November 1st and the precautions that are in place for COVID-19, and I will adopt as – the findings that Chief Judge Howell made in that standing order, 20-62. . . the Court simply cannot accommodate the trial in this matter—a multi-defendant trial scheduled to last six weeks. . ." 11/3/21 Hr'g Tr. at 31-32. The period from October 26 to November 3 may not be excluded nunc pro tunc. *Larson*, 627 F.3d at 1204; *Keith*, 42 F.3d at 237.

**December 14, 2021**: Court tolled STA from December 14, 2021 through January 11, 2022, "because the ends of justice that are served by taking such action outweigh the bests interests of the public and the defendant in a speedy trial," inasmuch as "the public health situation," "voluminous discovery," and "Ms. Hernandez's recent entry into the case to represent Mr. Rehl." 12/14/21 Hr'g Tr. at 42-43.[5] Seven days between December 7 and December 14 were not tolled and cannot be excluded nunc pro tunc. *Larson*, 627 F.3d at 1204; *Keith*, 42 F.3d at 237.

The period between January 11, 2022 and February 8, 2022 appears not to have been tolled and cannot be excluded nunc pro tunc. *Larson*, 627 F.3d at 1204; *Keith*, 42 F.3d at 237.

**February 8, 2022**: Court tolled STA from February 8, 2022 to March 8, 2022 "in the interests of justice."[6]

**March 8, 2022**: The government had previously moved to vacate the March 8 status conference. Nordean opposed. ECF No. 300. The period between March 8, 2022 and March 23, 2022 appears not to have been tolled under the STA and cannot be excluded nunc pro tunc.

---

[5] The Court also cited "the lack of any objection from any defendant." 12/14/21 Hr'g Tr. at 43. Nordean did not consent to a STA continuance. *Id.* at 42.

[6] Nordean is obtaining this transcript.

*Larson*, 627 F.3d at 1204; *Keith*, 42 F.3d at 237.

**March 23, 2022**: The Court tolled the STA from March 23, 2022 to April 5, 2022 "in the interest of justice."[7]

In sum, Nordean has been "held in custody pending trial" for a period of "continuous detention" of approximately 122 days, not counting time properly excluded "in section 3161(h)." § 3164(c). His trial has not commenced. Therefore, he may not be held in custody. *Id; Theron*, 782 F.2d at 1516. The joinder of defendants Tarrio and Pezzola on March 7, 2022 does not change the analysis. *Theron*, 782 F.2d at 1516. A decision not to release Nordean pursuant to § 3164(c) would violate his due process and Sixth Amendment rights. *Id.* at 1516. Accordingly, he moves the Court to release him.

Dated: April 5, 2022                              Respectfully submitted,

                                                  */s/ David B. Smith*
                                                  David B. Smith (D.C. Bar No. 403068)
                                                  108 N. Alfred St.
                                                  Alexandria, VA 22314
                                                  Phone:(703)548-8911
                                                  Fax:(703)548-8935
                                                  dbs@davidbsmithpllc.com

                                                  Nicholas D. Smith (Va. Bar No. 79745)
                                                  7 East 20th Street
                                                  New York, NY 10003
                                                  Phone: (917) 902-3869

**Certificate of Service**

I hereby certify that on the 5th day of April, 2022, I filed the foregoing filing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

    Jim Nelson

---

[7] Nordean is obtaining this transcript.

8

Assistant United States Attorney
555 4th Street, N.W., Room 4408
Washington, D.C. 20530
(202) 252-7846

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com