UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      v.                          Case No.  21-CR-175-2 (TJK)

JOSEPH RANDALL BIGGS, et al.,

      Defendants.

### UPDATED BIGGS JAIL CONDITIONS STATUS REPORT: UNEXPECTED (A) SOLITARY CONFINEMENT AND (B) TRIAL PREP ISSUES

This filing updates notices and reports on pretrial detention conditions for defendant Joseph Randall Biggs, including filings of March 22 (ECF 315) and March 25, 2022 (ECF 318). It also supplements pages 3-4 of ECF 270, which was filed by Biggs on December 30, 2021 at the the Court's request. While undersigned counsel is working with the Alexandria (Virginia) Detention Center (ADC) and U.S Marshals Service (USMS) to address the following two issues, and the government was informed of both situations earlier this week, Biggs believes that the Court and the public should be aware of them:

**A. Biggs Has Been Suddenly, Inexplicably and Indefinitely Reduced to Solitary Confinement; No Cogent or Sane Reasons Were Given for this Development.**

After an 11-month stay in his home state of Florida, Biggs, a Purple Heart earner with no criminal record and a non-violent participant in the events of January 6, 2021, was transferred from the Seminole County, Florida lockup to the ADC on March 10, 2022. The ADC, located in in northern Virginia, has a policy of holding new inmates in "administrative lockdown"—i.e., solitary confinement—on a probationary basis for 4 weeks. In Biggs' case, he was credited with two weeks of solitary confinement based on initial COVID quarantine time at ADC. He passed his COVID test. He was scheduled for transfer to ADC general population on Thursday, April 7, 2022. However, at the last minute, he was told that was going to remain in solitary

confinement indefinitely, in the same cell in which he had cleaned dried feces and blood off the walls, floor and plumbing two weeks before. *See,* ECF 318. No cogent or sane reason was given for the last-minute decision to keep Biggs in a SHU.  Moreover, Biggs has been a model pretrial detainee. He was called "super compliant" by pretrial services officers with the conditions of his 3-month home release between January 20 and April 22, 2021. He has no history of violence (outside his military combat service spanning two years in Afghanistan and Iraq). Other inmates like Biggs, and he gets along well with 99% of them.

**B. Biggs Still Has No Tablet, Computer or Other Digital Device with which to Review January 6 Discovery.**

A major if not chief reason for transporting Biggs to the Washington, D.C. area was so that he could (1) be closer to his attorneys and review and (2) be in an area lockup that had the technological capability to permit him to review gargantuan volumes of January 6 discovery. That has still not occurred.  Earlier this week, the ADC provided the following explanation in an email (dated April 18) to Biggs' counsel and other interested parties:

> Mr. Hull,
>
> As we discussed last week, inmates in custody at the William G. Truesdale Adult Detention Center do not have access to tablets. **Our facility does not currently have the infrastructure to support that kind of technology**. We are working on improving our capabilities for some time in the near future, but delays have prevented the completion of said project. In the past, we have allowed inmates to have access to a laptop (by court order) while they were in the library. However, this is limited due to COVID-19 protocols and the size of our library. Only one inmate can be in the library at any time for maximum of 1 hour. The library is utilized for everyone in our custody throughout the day, therefore, daily access to the library is not guaranteed.  **Currently, we do not have anyone with laptop protocols and the request is very rare with the size and resources of our facility.**
>
> Additionally, once approved by the courts and the US Marshals, it would be the attorney's responsibility to supply the laptop to meet strict security protocols of our IT personnel. Please feel free to contact me if you have additional questions.
>
> Sincerely,
> Shelbert Williams, Chief Deputy
> Detention Center Bureau
> Alexandria Sheriff's Office

April 18, 2022 letter from S. Williams to D. Hull (emphasis added).

    Biggs and his counsel will work through these issues with ADC and USMS as best they can but believe these matters do merit this Court's notice and attention at this time.

Respectfully submitted,

COUNSEL FOR JOSEPH R. BIGGS

Dated: April 21, 2022             By: /s/ *J. Daniel Hull*
JOHN DANIEL HULL
DC Bar No. 323006
California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C.  20005
(619) 895-8336 cell
(202) 429-6520 office
jdhull@hullmcguire.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 21, 2022, Defendant Biggs' Status Report on Pretrial Detention was served upon all counsel of record via the Electronic Case Filing (ECF) system.

By: /s/ *J. Daniel Hull*
JOHN DANIEL HULL
DC Bar No. 323006
California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C. 20005
(202) 429-6520
jdhull@hullmcguire.com