UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CASE NO: 21-cr-0175-3 (TJK) |
| | * | |
| ZACHARY REHL, | * | |
| Defendant | * | |

********

### ZACHARY REHL'S RESPONSE TO GOVERNMENT'S REPLY TO HIS MOTION FOR NOTICE OF INTENT TO USE SPECIFIED EVIDENCE

The government's continuing voluminous discovery productions in this case are unworkable, particularly for defendants who are detained pretrial. Just last week it produced another 4-terabyte (4 TB) hard drive of discovery. For that reason, its opposition (ECF 353) to Mr. Rehl's Motion (ECF 344) to require the government to provide notice of intent to use specified evidence at trial is untenable. Each of its arguments lack merit.

### A.  Steady Drip of Voluminous Discovery Is Not Workable

The most recent production of discovery – a 4 TB external hard drive – presents an insurmountable task for a case scheduled for trial in less than three months. Indeed, the index of materials the government produce for this hard drive is itself 9 pages long. To put it in language us normal folks may understand, one terabyte of data amounts to the following:

> One terabyte gives you the option of storing roughly:
>
> 250,000 photos taken with a 12MP camera;
> 250 movies or 500 hours of HD video; or
> 6.5 million document pages, commonly stored as Office files,
> PDFs, and presentations.
> It's also equal to 1,300 physical filing cabinets of paper!

https://experience.dropbox.com/resources/how-much-is-1tb

Now multiply those astronomical numbers by 4 and add the 4 TB and 16 TB hard drives previously produced, the other discovery produced through USAfx, and the unknown additional discovery that the government proposes to produce through the Court's June 17, 2022 discovery deadline, *see* Gov Opp (ECF 353 at 3, n.1), and it is clear that it simply is not humanly possible for defense counsel and their detained clients to review this volume of discovery in any organized or intelligent manner.

As an example of what was produced, the first item on the hard-drive is a video apparently filmed by a Chinese reporter or blogger. The video lasts for nearly 3-1/2 hours and is narrated in Chinese by the reporter, with no English subtitles. Moreover, the accompanying FBI report shows that the video was downloaded from internet by an FBI employee (or contractor) on August 11, 2021, which indicates that the government has been sitting on this item for more than nine months. It is unclear whether this video is a significant piece of evidence that the government will seek to introduce or merely repetitive detritus.

### B.     The Court Has Discretion to Order The Relief Requested

The government argues that this Court lacks authority to order the requested relief, then seeks to distinguish *United States v. Anderson*, 416 F. Supp. 2d 110 (D. D.C. 2006), where Judge Friedman ordered exactly the relief requested. Notably, *Anderson* involved 100 boxes of discovery. In the instant case, exponentially larger quantity of discovery is involved. Notably, the *Anderson* court addressed this very issue in terms equally apt to the instant case:

> the government ***does not contest that the Court has such discretion***, it asserts that it would be inappropriate for the Court to require such discovery this far in advance of trial.

> Given the enormous volume of material produced in this case and defendant's limited resources, it is apparent that requiring defendant's counsel to peruse each page of the materials at issue here-in effect, to duplicate the work of document review presumably already done by the government-would materially impede defendant's counsel's ability to prepare an adequate defense or, as repeatedly emphasized by defendant's counsel at oral argument, to evaluate meaningfully the government's plea offer and to engage in fruitful plea negotiations. *See* Fed. R. Crim. P. 16 Advisory Committee Note to 1974 Amendment (broad discovery under Rule 16 "contributes to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea; by minimizing the undesirable effect of surprise at the trial; and by otherwise contributing to an accurate determination of the issue of guilt or innocence."). The government does not credibly contest this reality. This fact alone counsels the Court, in the exercise of its discretion under Rule 16, to grant defendant's discovery request.

*Anderson*, 416 F.Supp. 2d at 113 (emphasis added).

### C. The Government's Production Is Not As Generous As it Claims

The Government claims that it has provided a "clear roadmap" to defendants, citing in part its production of the Donohoe report of investigation. That report, which contains clearly exculpatory information, was not produced to the defense until after multiple specific requests by undersigned counsel and only after this Court entered the Due Process Protection Act Order. Among other things, the Donohoe FBI302 does not include any information about Mr. Rehl's knowledge of any plan to attack the Capitol or the police, as the government has alleged. Indeed, Mr. Donoho explains the reasons for his throwing the water bottles at police as an innocent act unrelated to any conspiracy. Similar other specific requests are outstanding.

Respectfully submitted,

/s/

**Carmen D. Hernandez**
Bar No.  MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 19th day of May, 2022.

*/s/ Carmen D. Hernandez*
**Carmen D.  Hernandez**