UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) |
| v. | ) Case No. 1:21-cr-175-TJK |
| ETHAN NORDEAN, et al., | ) ) ) |
| Defendants. | ) ) |

**DEFENDANT NORDEAN'S RESPONSE TO MOTION TO CONTINUE TRIAL**

Defendant Nordean, through his counsel, files this response to Defendant Biggs' Motion to Continue Trial, ECF No. 403, as ordered by the Court on June 16, 2022.

The continuance motion notes that on June 6, the government filed seditious conspiracy charges against the Defendants; that, three days later, the House select committee investigating the events of January 6 held a public hearing focused on the alleged role of the Proud Boys in those events; that the hearing was broadcast on primetime TV, drew over 20 million viewers, and involved the reading of the sedition charges in this case on national television; that no new factual allegations supported the sedition charges, which could have been returned eight months ago or more; and that no objective observer would deny the reasonability of the inference that the filing of the sedition charges was timed to coincide with the select committee's primetime hearing on television concerning the very same subject. ECF No. 403. The continuance motion further contended that this district's jury pool was likely overrepresented among the hearing's viewership and that trial should not proceed until the select committee's interview transcripts are provided to the Department of Justice and then produced to the defense. *Id.*

Nordean agrees that these considerations point to a likelihood that the Defendants will

1

not presently receive a trial "by an impartial jury" in the "district wherein the crime shall have been committed." U.S. Const. amend. VI.  He also agrees that a trial delay until after the conclusion of the select committee's public hearings would help ameliorate if not eliminate the unfair prejudice created by the committee and DOJ's coordinated publicity efforts.  Therefore, the continuance motion must be granted to protect the Defendants' rights which would otherwise be irreparably harmed.

However, Nordean does not agree that a trial delay without more is the appropriate remedy in the circumstances and therefore opposes the motion if granted in isolation.  The Court has determined that "there have been no nonexcludable days" under the Speedy Trial Act since "Nordean's continuous detention began." 6/20/22 Mem. Op., p. 3.  Nordean disagrees.  But even if that were so, as the Court also recognized, "the 'absence of a Speedy Trial Act violation does not *ipso facto* defeat a Sixth Amendment speedy trial [] claim.'" *Id.* at 14-15 (quoting *United States v. Rice*, 746 F.3d 1074, 1081 (D.C. Cir. 2014)).[1]  And as Nordean has frequently observed in connection with his various bail motions, the Supreme Court has recognized that a defendant's Sixth Amendment speedy trial right is prejudiced by "oppressive pretrial incarceration." *Barker v. Wingo*, 407 U.S. 514, 532 (1972).  If trial is indefinitely delayed, or even delayed beyond the

---

[1] The Court's June 20 Memorandum Opinion also noted that Nordean "claims at times that his detention violates his due process rights." 6/20/22 Mem. Op., p. 3 n. 2.  However, the Court found that he "ma[de] no arguments in support of those claims." *Id.*  Nordean disagrees and points the Court to ECF Nos. 331 and 343, where he relied extensively on *United States v. Theron*, 782 F.2d 1510 (10th Cir. 1986).  Since the Court therefore reviewed *Theron*, it appreciates that the court of appeals' decision turned on the premise that "extended pretrial detention may violate due process." *Theron*, 782 F.2d at 1516 (collecting due process detention cases).  Nordean reiterates here that he has made a due process argument for release and has cited to multiple published decisions in support.  *Id.  See also United States v. Colombo*, 777 F.2d 96, slip op. at 305-06 (2d Cir. 1985); *United States v. Hazzard*, 598 F. Supp. 1442, 1451 n.5 (N.D. Ill. 1984); *United States v. Lo Franco*, 620 F. Supp. 1324 (N.D.N.Y. 1985) (six-month detention due process violation); *United States v. Hall*, 651 F. Supp. 13 (N.D.N.Y. 1985) (same).

current trial date, Nordean may be incarcerated for two years or longer while awaiting trial. As he has explained to the Court on several occasions, the conditions of his current Covid-19-era pretrial confinement are far harsher than those prevailing in the *Barker* period. A two-year pretrial delay would amount to double the period of presumptive prejudicial delay. *Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992); *United States v. Stoddard*, 74 F. Supp. 3d 332, 342 (D.D.C. 2014) (holding that the D.C. Circuit "has not questioned" *Doggett*'s one-year presumption).

The question therefore becomes whether the Court can reconcile the Defendants' interests in avoiding a partial jury created by nonstop January 6 publicity fomented by the committee and DOJ with their Sixth Amendment and due process interests in securing a speedy trial without "oppressive pretrial incarceration." *Barker*, 407 U.S. at 532. In fact, these interests are simply reconciled. The Court can continue the trial date and release the Defendants on strict release conditions, pursuant to either 18 U.S.C. § 3142(f) or § 3142(i). The latter provision permits the Court to temporarily release defendants "for [any] compelling reason." § 3142(i). Avoiding multiple years of pretrial confinement, allowing unprecedented levels of negative publicity partly generated by the government to abate, enabling the Defendants to receive effective assistance of counsel, and permitting the Defendants to receive the committee's interview transcripts are "compelling reasons."

Reconciling the Defendants' interests in this manner is all the more "compelling" when one considers the extraordinary conditions of release to which Nordean has committed:

- $1 million cash bond and property of equivalent value forfeitable upon any material breach of a condition;

- Video surveillance of residence of home detention, viewable 24/7 online by

3

       pretrial services without cost;

- Home detention and GPS location monitoring;

- Warrantless and unannounced searches of the residence and electronic storage detection dog sweeps to establish device removal;

- Multiple third-party custodians who will regularly submit sworn compliance reports to the Court;

- Nordean will commit to any other condition imposed by the Court if it is within his power or means to do so.

Because reconciling these interests is both feasible and reasonable, Nordean objects to an indefinite continuance of the trial date without pretrial release on strict conditions. Indeed, compelling Nordean to choose between his constitutional rights to liberty, a trial by an impartial jury and a speedy trial would not just be "intolerable," *Simmons v. United States*, 390 U.S. 377, 394 (1968) (it is "intolerable that one constitutional right should have to be surrendered in order to assert another"), but would feed the suspicion that he is being held in pretrial confinement not on the rule-of-law basis of public safety but in order to punish him before conviction or to squeeze him into waiving his right to a trial.

If, however, the Court will not consider pretrial release on any conditions and continues the trial date, Nordean again moves to sever himself from the Defendants who pursue an indefinite trial continuance without bail. Nordean has already moved to sever himself from certain Defendants on the ground that their addition prejudiced his Sixth Amendment right to a speedy trial when the previous May 18 trial date was vacated due to their addition. The Court denied the motion without prejudice on April 12. ECF No. 339. It reasoned that it "granted the Government's motion to vacate the May 18, 2022, trial date not only because of the joinder of

4

Tarrio and Pezzola, but also to allow the Government to fulfill its discovery obligations." *Id.* at 2. The Court added that it "anticipate[d] setting a new trial date promptly upon hearing from all the parties." *Id.*[2]

Now, however, that factor no longer holds because the government's discovery deadline fell on Friday, June 17.  Moreover, if the Court grants Defendant Biggs' Motion to Continue the Trial Date, its previous assumption in April of a prompt "new trial date" will no longer hold. Therefore, according to the Court's prior reasoning, Nordean will now possess a basis (or a stronger basis) for severance to avoid a constitutional speedy trial right violation.  ECF No. 339, p. 2 ("To be sure, courts have said that severance is justified when it is necessary to safeguard a defendant's speedy trial rights.") (internal quotation marks and citation omitted); *Doggett*, 505 U.S. 652 n. 1 (one year delay is presumptive prejudice); *Barker*, 407 U.S. at 532 ("oppressive pretrial incarceration" constitutes key prejudice to defendant's constitutional speedy trial right).[3]

---

[2] Just as the government offered no new factual basis for superseding with sedition charges in June, it provided no cogent explanation for the delay in adding Defendants Tarrio and Pezzola, over a year into this case, in March.

[3] In his previous severance motion, Nordean argued that Defendant Pezzola should be severed because the admission of his out-of-court statements could create Confrontation Clause problems under *Bruton v. United States*, 391 U.S. 123 (1968).  ECF No. 339, p. 2.  The Court rejected this argument on the ground that Nordean had "identified no specific statement that raises a *Bruton* concern, much less shown that any problem could not be ameliorated in some way short of severance." *Id.* at 3.  Yet the Court then denied Defendant Rehl's Motion to Compel Government to Provide Notice of Intent to Use Specified Evidence in Its Case-in-Chief at Trial.  6/9/22 Minute Order.  That motion would have required the government to identify "specific statement[s] that raise[] a *Bruton* concern. . ." ECF No. 339, p. 3.  The Court has denied Defendants the ability to satisfy the severance standard it has set by the current motions deadline. In any case, if the Court continues the trial date and does not release the Defendants, Nordean moves to sever himself from the other Defendants on the additional ground that the government has not established by a preponderance of the evidence that it can prove the conspiracy predicate to introduce *any* co-Defendant statement "implicating" Nordean that satisfies Federal Rule of Evidence 801(d)(2)(E).  To the extent the Court rules that Nordean has failed to identify specific *Bruton* statements, Nordean points to the Court's 6/9/22 Minute Order denying a defense effort to obtain those statements from the government.

In sum, the trial must be delayed because of substantial prejudice in the jury pool generated partly through the government's actions. However, Nordean cannot be forced to choose between such a delay and the liberty component of his speedy trial right. He therefore moves for release under the strict conditions he has proposed and otherwise opposes a trial continuance. If the Court continues the trial and declines to release him, Nordean moves to sever his trial on Sixth Amendment and due process grounds.

Dated: June 20, 2022                              Respectfully submitted,

*/s/ David B. Smith*
David B. Smith (D.C. Bar No. 403068)
108 N. Alfred St.
Alexandria, VA 22314
Phone:(703)548-8911
Fax:(703)548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith (Va. Bar No. 79745)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869

**Certificate of Service**

I hereby certify that on the 20th day of June, 2022, I filed the foregoing filing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

> Jim Nelson
> Assistant United States Attorney
> 555 4th Street, N.W., Room 4408
> Washington, D.C. 20530
> (202) 252-7846

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

6

<u>/s/ David B. Smith</u>
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com