UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      v.                              Case No.  21-CR-175-2 (TJK)

JOSEPH RANDALL BIGGS, et al.,

    Defendants.

**BIGGS' REPLY TO NORDEAN, REHL AND TARRIO
RESPONSES TO MOTION TO CONTINUE TRIAL**

On June 16, Biggs filed his motion to continue trial from August 8, 2022, to December 12, 2022 (ECF 403). In support, Biggs underscored: (a) the House select committee's ongoing, much watched and arguably garish televised hearings commencing June 9 and continuing through June 30, (b) the select committee's plan to release approximately 1,000[1] January 6 witness deposition and interview transcripts during or (most likely) after Biggs's four-to-six-week August trial, and (c) the resulting need to conduct additional polling about already-significant high levels of juror prejudice in the District of Columbia against Proud Boys and other January 6 defendants. Biggs' co-defendant Dominic Pezzola joined. Below Biggs replies to his other co-defendants' responses.

**A. The Responses Squarely Support the Motion to Continue**

Defendants Nordean, Tarrio (adopting Nordean's response) and Rehl filed their responses yesterday at, respectively, ECFs 409, 410 and 411/412. Taken in the aggregate, the responses are remarkable. They are extraordinary. In a nutshell, all agree that a delay is warranted for the same reasons Biggs advanced in ECF 403. Nordean (and Tarrio), however, do tie their agreement for

---

[1] Not 2,000 transcripts, as Biggs's counsel erroneously if inadvertently stated in his motion to continue June 16.

a delay to bail issues. Rehl's counsel joins that chorus but mentions candidly that she has not had an opportunity to discuss the issue—this inaccessibility is common in the case of many January 6 defendants in pretrial detention, and in Rehl's case especially--and make a recommendation to Mr. Rehl. So Mr. Rehl has not decided, and cannot decide, until he speaks with his lawyer. Overall, it appears that the Government, all defense counsel, and their clients before this Court urge a delay in trial (albeit in each case with "conditions" attached). The exceptions are Nordean and Tarrio. Nordean and Tarrio are, of course, free to disagree with their counsel on any number of matters. Nonetheless, this Court has discretion here to decide that a delay is in the interest of fairness to all defendants in 21-cr-175 based on arguments of counsel, and under what is arguably binding law on continuances where political spectacle, Congressional hearings, and related media coverage put juror impartiality at risk. *E.g., Delaney v. United States*, 199 F.2d 107, 114 (1st Cir. 1952).

### B. Congressional Hearings Will Persist in Contaminating the District's Juror Pool

> When you're hit over the head with the same message, you just drown in it. After awhile, you don't know what the truth is. The message takes over your reality.

The above is a quote by Nina Khrushcheva, a professor of international affairs, New School, New York City, on the current propaganda campaign inside Ukraine. It appeared in "Kremlin Propaganda Softens Up Targets," *NEW YORK TIMES,* Section A, Page 3 (June 18, 2022). In Biggs' case, as the select committee continues to feature the Proud Boys in its hearings, the quote speaks eloquently for itself. Moreover, and as highlighted especially by Rehl in his response, the select committee's hearings and emphasis on Proud Boys -- and especially on Biggs and Pezzola -- are likely to dominate media coverage throughout of the month of June. Moreover, the most

shrill and spectacular overtures about the alleged role of the Proud Boys on January 6, 2021 are arguably yet to come and showcased before the nation in the next few days. Below is a synopsis by the undersigned of the most current schedule of the select committee's remaining televised sessions. It is done by topic:

June 23: Trump pressure on DOJ

June 27: Proud Boys and 'militias'

June 29 and 30: 187 minutes video of January 6 Capitol

The above, Biggs submits, succinctly but compellingly supports the motion to continue. In the interest of seating fair jurors in this case, Biggs' motion to continue should be granted.

Respectfully submitted,

COUNSEL FOR JOSEPH BIGGS

Dated: June 21, 2022

By: /s/ *J. Daniel Hull*
JOHN DANIEL HULL
DC Bar No. 323006
California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C.  20005
(202) 429-6520 office
jdhull@hullmcguire.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 21, 2022, defendant Biggs' Reply to Responses to Motion to Continue Trial was filed and served via the Electronic Case Filing (ECF) system upon the Government and all counsel of record.

By: /s/ *J. Daniel Hull*
JOHN DANIEL HULL
DC Bar No. 323006
California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C.  20005
(202) 429-6520
(619) 895-8336 cell
jdhull@hullmcguire.com