UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   Case No.  21-cr-00175-TJK-3 |
| | * |
| ZACHARY REHL | * |

ZACHARY REHL'S SUPPLEMENTAL RESPONSE TO
BIGGS' MOTION TO CONTINUE

Zachary Rehl, through undersigned counsel, hereby supplements his earlier response to notify the Court and the parties that he does not oppose the Motion to Continue filed by Mr. Biggs. It is clear given the unfair prejudicial publicity that continues to be generated against the Proud Boys that no amount of voir dire will result in a fair and impartial jury on the scheduled trial date. This takes into account the hearings that the January 6 Committee has already convened as well as those it has announced, which will again focus on the Proud Boys. It also takes into account the publicity that is generated in the media by such hearings. It also takes into account the alleged existence of one thousand transcripts that will likely be produced in the middle of the August trial date after investigations have been conducted by the defense, opening statements made, cross-examinations prepared and completed, and a theory of defense has been formulated. *See, e.g., Leka v. Portuondo*, 257 F.3d 89, 103 (2d Cir. 2001) (finding *Brady* violation based on late disclosure of favorable evidence too late for effective use at trial).

While it is unclear whether those transcripts will contain exculpatory information, disclosure in the midst of trial or after trial has been completed is unacceptable. As the Second Circuit explained in *Leka*, trial counsel need time to make effective use of information:

> The opportunity for use under *Brady* is the opportunity for a responsible lawyer to use the information with some degree of calculation and forethought. A responsible lawyer could not put

> Garcia on the stand without essential groundwork. And a responsible lawyer in the midst of the pressures and paranoias of trial may well deploy scarce trial resources doing other things. At that point, without substantive disclosure by the prosecution, the supposed failure by the defense to petition for leave to seek out Garcia cannot fairly be seen as a default or a neglect, or even as an election. Even if the defense was at last afforded a chance after the close of the prosecution case to make an application to try to contact Garcia, the options left open to the defense were to expend and perhaps waste scarce trial resources on a possible dry hole, or to call a witness cold, which would be suicidal. These are not opportunities for use.
>
> It is not enough for the prosecution to avoid active suppression of favorable evidence; Brady and its progeny require disclosure. We can assume that the prosecutor knew the content of Garcia's exculpatory testimony. But we need not decide whether the non-disclosure was a deliberate tactical concealment, or resulted from the mismanagement of information, or from sloppy thinking about the evidentiary significance of the material. And we need not decide whether the prosecution appreciated the significance of Garcia's testimony from the beginning, or came to appreciate its significance later at the Wade hearing, or even later, in the midst of trial. It is clear enough, without deciding these questions, that the prosecution failed to make sufficient disclosure in sufficient time to afford the defense an opportunity for use.

*Leka,* 257 F.3d at 103. The Second Circuit's analysis is apt whether the information revealed in the transcripts to be produced by the Committee is favorable to the defense or just relevant to the case in general.

As Mr. Rehl has previously noted when the Government sought to vacate the trial date after it filed the Second Superseding Indictment, Mr. Rehl is once again faced with a Hobson's choice. Proceed to trial under circumstances that will not allow for a fair and impartial jury or remain detained for an even longer time.

Mr. Rehl does not wish to waive his rights to a speedy trial. However, he wants to have his case decided by a fair jury, untainted by the unfairly prejudicial publicity that has been and continues

to be generated. Under the circumstances, Mr. Rehl again submits that there is only one just and proper thing to do – take as much time as necessary to assure that the unfair publicity has dissipated and any evidence that is favorable to Mr. Rehl becomes available so that counsel is able to prepare adequately to defend the serious charges brought against him and so that he may be a judged by a fair and impartial jury of his peers, guaranteed to him by the Constitution of the United States.

## CONCLUSION

> England, from whom the Western World has largely taken its concepts of individual liberty and of the dignity and worth of every man, has bequeathed to us safeguards for their preservation, the most priceless of which is that of trial by jury. This right has become as much American as it was once the most English. . . . The failure to accord an accused a fair hearing violates even the minimal standards of due process. 'A fair trial in a fair tribunal is a basic requirement of due process.' In the ultimate analysis, only the jury can strip a man of his liberty or his life.

*Irvin v. Dowd*, 366 U.S. 717, 721-22 (1961) (internal citations omitted). Unfortunately, the inflammatory and unfairly prejudicial publicity that is attending this case so close to trial, as well as the prospect of a large tranche of evidence that is yet to be disclosed requires that he select the lesser of two evils and assent to the continuance of the trial date.

    Respectfully submitted,

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**
Trial Bar No. 03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391; (301) 854-0076 (fax)

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of this Supplement was served on all counsel of record via ECF this 22nd day of June, 2022.

                                                 /s/ *Carmen D. Hernandez*
                                                 **Carmen D. Hernandez**