**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        v.<br><br>ETHAN NORDEAN et al.,<br><br>              *Defendants*. | Criminal Action No. 21-175 (TJK) |

## MEMORANDUM ORDER

Defendants, alleged members of the Proud Boys, are charged with, among other things, Seditious Conspiracy, in violation of 18 U.S.C. § 2384, and Conspiracy to Obstruct an Official Proceeding, in violation of 18 U.S.C. § 1512(k), for their alleged roles in the attack on the U.S. Capitol on January 6, 2021. Defendants Joe Biggs and Dominic Pezzola have moved to continue the trial, now scheduled for August 8, 2022, until December 12, 2022. They argue that a continuance is warranted for three reasons. First, they say it will protect against prejudicial publicity stemming from the ongoing, nationally televised congressional hearings about the attack on the Capitol, one of which recently focused both on the Proud Boys and them as individuals. Second, it will help ensure that as many as a thousand interview transcripts from the congressional investigation are available to the parties before trial—or at least, that the trial will not be disrupted by their public release while it is ongoing. Third, it will allow Defendants to conduct new polling in support of their pending motion to change venue.

In response, the other parties take varied positions. The Government consents to the continuance. Defendant Ethan Nordean agrees that the continuance is necessary given the publicity from the ongoing hearings. At the same time, he opposes the motion and any continuance if he is

not released from pretrial detention. If he remains detained, he argues that the Court should proceed with the trial in August and sever Biggs and Pezzola to preserve his due process and Sixth Amendment speedy trial rights. Defendant Zachary Rehl also agrees that the continuance is necessary. He initially joined Nordean's response but later clarified that, unlike Nordean, he does not oppose the motion. Meanwhile, Defendant Enrique Tarrio's position is even harder hard to pin down. At first, he appeared to adopt Nordean's position that a continuance is needed, but now he appears to oppose a continuance under any circumstances.[1]

In the end, the Court will reluctantly grant the motion because (1) there is good cause to continue the trial of all Defendants and (2) doing so is consistent with Defendants' due process and constitutional speedy trial rights. Thus, the trial will be continued until December 12, 2022.[2]

\*   \*   \*

To begin with, all parties but Tarrio—including the Government—agree that good cause exists for the continuance. Defendants point out that the U.S. House of Representatives' Select Committee to Investigate the January 6 Attack on the U.S. Capitol recently held the first of several hearings related to its investigation. *See* ECF No. 403 at 1; ECF No. 409 at 1; ECF No. 411 at 2. During that hearing, Members of the Committee, their staff, and witnesses repeatedly referenced the Proud Boys—and some even called out Biggs by name. *See* ECF No. 403 at 1–2; ECF No. 411 at 2. In addition, the Committee highlighted a video of Pezzola's conduct on January 6. *See* ECF No. 403 at 2. And at least one of the hearings so far featured the video depositions of several Proud Boys, including Tarrio. ECF No. 414 at 3. Reportedly, some 20 million Americans tuned

---

[1] Despite joining Nordean's response, ECF No. 410, Tarrio "opposes any continuance of the trial date" because he "believes that an impartial jury will never be achieved in [the District of Columbia] whether the trial is in August, December, or next year," ECF No. 416 at 1.

[2] No counsel has indicated that he or she is unavailable on this date.

in to watch the first hearing. *See id.* at 1; ECF No. 409 at 1. Additionally, according to Rehl, media reports since the first hearing have continued to highlight the Committee's focus on the Proud Boys. *See* ECF No. 411 at 2–6. Rehl also points out that a Member of the Committee recently represented to the media that "who . . . in the Trump world [was] establishing a backchannel to the Proud Boys" is information that will "come [out] soon" in the hearings. ECF No. 411 at 4-5. Given these ongoing events, Biggs, Pezzola, Rehl, and Nordean agree that "the continuance motion *must* be granted to protect the Defendants' rights which would otherwise be irreparably harmed." ECF No. 409 at 2 (emphasis added) (Nordean); ECF No. 417 at 1 (Rehl); ECF No. 403 at 2 (Biggs and Pezzola, citing *Delaney v. United States*, 199 F.2d 107, 114 (1st Cir. 1952) (finding the court erred in denying a motion to continue a trial in response to a related highly publicized congressional hearing)). The Government agrees "that the timing of the hearings may prejudice the defendants," ECF No. 404 at 1 n.1, and consents to the continuance "for good cause shown," *id.* at 2.[3]

The parties argue that the trial should be continued for other reasons as well. The Government represents that while it does not know for certain, it expects that the Committee will release to the public (and to the Government) about a thousand potentially relevant interview transcripts in early September, which would fall in the middle of the currently scheduled trial. ECF No. 404

---

[3] Defendants at times suggest that the Government delayed the return of the most recent indictment to coincide with the Committee's hearings. But the publicity generated by the hearings hardly appears to have turned on the precise charges pending against Defendants. And in any event, upon a review of the entire record in this case, the Court finds nothing to support his theory, to which the Government strongly objects. The Government flagged back in March that a superseding indictment could be returned in late May, ECF No. 314 at 7, and as it turns out the Third Superseding Indictment was returned in early June, ECF No. 380. If anything, the record suggests that the relationship between the Government and the Committee lacks the sort of coordination that Defendants presuppose. *See* ECF No. 404 at 1–2; ECF No. 404-1.

at 2. Although it is impossible to know how many of these transcripts may be relevant to this case, it is not unreasonable to expect that at least some will be, given the focus of the Committee's investigation and nature of the charged conspiracy. Defendants agree that these "Committee deposition and interview transcripts . . . will not be available for release until after the 6-week trial in this case begins on August 8." ECF No. 403 at 2 (emphasis removed). And they argue that "[t]hose transcripts are important . . . to have and review before trial—not during or after." *Id.*; ECF No. 404 at 1 (Government agreeing); ECF No. 409 at 1 (Nordean agreeing that the "trial should not proceed until the . . . [C]ommittee's interview transcripts are provided to the Department of Justice and then produced to the defense"); ECF No. 417 at 1 (Rehl explaining that, while "it is unclear whether those transcripts will contain exculpatory information, disclosure in the midst of trial or after trial has been completed is unacceptable"). In addition, Biggs and Pezzola say that a continuance would give them time to "seek new polling data . . . on bias in the District of Columbia's jury pool." ECF No. 403 at 3.

Given all the above, the Court finds that there is good cause to continue the trial of all Defendants until December 12, 2022, at least because of (1) the prejudicial publicity stemming from the ongoing congressional hearings and (2) the chaos that would be caused if, as the Government expects, the Committee releases a thousand potentially relevant interview transcripts to the public in early September, in the middle of the currently scheduled trial.[4] The proposed new trial

---

[4] The Court notes that it is highly unlikely it would have found good cause for a continuance based solely on the inability of the Government and Defendants to avail themselves of the Committee's interview transcripts. No doubt, the parties would like access to them. But there is no self-evident reason why the parties' mutual inability to obtain these materials, without more, would constitute good cause, and the parties cite no case suggesting otherwise. Of course, whatever materials the Government obtains from the Committee must be disclosed to Defendants consistent with the Government's general discovery obligations and its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). But the Government need not—indeed, it cannot—produce information or materials

4

date, nearly all the parties agree, would avoid the effect of this prejudicial publicity as best as possible and sidestep the early September disruption of the trial.

Moreover, the Court finds that continuing the trial while Defendants are subject to pretrial detention would not violate any Defendant's due process or constitutional speedy trial rights.

Take due process concerns first. Pretrial detention creates due process issues when it crosses the line from "permissible regulation" to "impermissible punishment." *United States v. Salerno*, 481 U.S. 739, 747 (1987); *see also Bell v. Wolfish*, 441 U.S. 520, 535 (1979). But that line is determined case-by-case; there is no specific timeframe governing the determination. *See Salerno*, 481 U.S. at 747 n.1 ("We intimate no view as to the point at which detention in a particular case might become excessively prolonged, and therefore punitive, in relation to Congress' regulatory goal."); *United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993) ("[T]he due process limit on the duration of preventive detention requires assessment on a case-by-case basis, since due process does not necessarily set a bright line limit for length of pretrial confinement." (cleaned up)). Courts often consider three factors: (1) "the length of the detention," (2) "the government's responsibility for the delay in proceeding to trial," and (3) "the strength of the evidence justifying detention." *United States v. Briggs*, 697 F.3d 98, 101 (2d Cir. 2012); *see also United States v. Cos*, 198 F. App'x 727, 732 (10th Cir. 2006).

---

"in the possession of Congress" but not in the possession of the Department of Justice or another executive agency. *United States v. Trie*, 21 F. Supp. 2d 7, 25 n.17 (D.D.C. 1998) ("The Congress is not an 'agency,' and the DOJ has no obligation under *Brady* to disclose information in the possession of Congress that is not also in the possession of the DOJ or the FEC."); *cf. United States v. Safavian*, 233 F.R.D. 12, 14 (D.D.C. 2005) ("Congress is a separate branch of the government and was not intended by the Rules writers to be included within [Federal Rule of Criminal Procedure] 16.").

5

Continuing the trial until December 12, 2022, without releasing Defendants is consistent with due process. First, by December, Defendants who raise this due process objection will have been detained for about 18 months (Nordean and Rehl) and about 8 months (Tarrio).[5] Especially with Nordean and Rehl, that is a substantial time the Court does not countenance lightly, and it is mainly why the Court grants the motion with reluctance. But it is less than other periods of pretrial detention that courts—including this Circuit—have found acceptable under the Due Process Clause. *See, e.g.*, *United States v. Ali*, 534 F. App'x 1, 2 (D.C. Cir. 2013) (per curiam) (reversing district court's order granting release on due process grounds after the defendant had been detained for more than 28 months). Second, the Government is not responsible for delaying the trial. Defendants have filed many motions, as well as appeals. *See generally* ECF No. 408. The parties have had to grapple with "the unprecedented amount of discovery related to this case," the production of which is now complete. ECF No. 338 at 6–7. And the main reason for the added delay now is because of the activity and anticipated activity of the Committee—a nonparty. Third, this Court has already detailed at length the evidence and reasoning supporting the detention of Nordean, Rehl, and Tarrio. *See* ECF Nos. 71, 252, 370; *see also United States v. Nordean et al.*, No. 21-3021 (D.C. Cir. June 25, 2021) (affirming this Court's detention of Nordean and Biggs); *United States v. Nordean*, No. 21-3096 (D.C. Cir. Mar. 4, 2022) (affirming this Court's denial of Nordean's motion to reopen the Court's detention decision). Considering all these factors, and in light of this Circuit's precedent, it is consistent with due process to continue the trial until December even while Defendants are detained.

Proceeding this way also will not violate any Defendant's Sixth Amendment speedy trial rights. Courts evaluating constitutional speedy trial claims consider four factors: the "length of

---

[5] Biggs will also have been detained for about 18 months, and Pezzola for about 21 months.

delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." ECF No. 338 at 5 (brackets omitted) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Even for Nordean, Tarrio, and Rehl, who assert their Sixth Amendment speedy trial rights now, the remaining factors do not suggest that an additional four-month continuance would violate those rights.[6] To start with, "given the highly complex nature of this [five]-defendant conspiracy prosecution, the Court cannot say that the [total] delay here"—18 months, for Nordean and Rehl—"is uncommonly long." *Id.* at 5 (cleaned up) (quoting *United States v. Taylor*, No. 18-cr-198 (JEB), 2020 WL 7264070, at *8 (D.D.C. Dec. 10, 2020) (discussing delay of 30 months)).[7] Additionally, there "is no suggestion that the Government has deliberately tried to delay the trial." *Id.* at 6. As noted above, the record suggests that the Government has proceeded with reasonable diligence, *id.* at 6–7; and this most recent delay was requested by Biggs and Pezzola, not the Government. Finally, although courts have recognized "oppressive pretrial incarceration" as an example of prejudice, "the most serious prejudice courts consider is the possibility that the defense will be impaired. And no Defendant suggests that delay in this case has impaired his defense in any manner whatsoever." *Id.* at 7 (cleaned up) (quoting *United States v. Homaune*, 898 F. Supp. 2d 153, 170 (D.D.C. 2012), and *Taylor*, 2020 WL 7264070, at *9). To the contrary, along with Biggs and Pezzola, who moved for the continuance, Nordean and Rehl agree that this additional delay will *strengthen* their ability to defend themselves and receive a fair trial in several ways. Thus, for

---

[6] Rehl appears to assert his constitutional speedy trial rights while taking no position on this Court's tolling of the speedy-trial clock under 18 U.S.C. § 3161(h)(7). *See* ECF No. 412; ECF No. 417; June 22, 2022 Tr. at 2–3.

[7] A presumption of prejudice exists when a defendant has been detained pretrial for more than a year. *See Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). But "presumptive prejudice cannot alone carry a Sixth Amendment claim." *United States v. Taylor*, 497 F.3d 673, 677 (D.C. Cir. 2007).

these reasons, and given the precedent in this Circuit, a four-month continuance would not violate any Defendant's constitutional speedy trial rights.

Lastly, given the above analysis, and the law's preference for trying coconspirators together, the Court need not sever any Defendant from another to avoid a violation of any Defendant's due process or constitutional speedy trial rights. *See United States v. Gray*, 173 F. Supp. 2d 1, 7 (D.D.C. 2001) ("Severance is a proper remedy only when the defendant has met the 'heavy burden' of showing that joinder would violate his constitutional rights. The defendant must show that the threatened prejudice is of a type that requires *severance*, and no less intrusive alternative." (cleaned up)); *see also United States v. Simmons*, 431 F. Supp. 2d 38, 65 (D.D.C. 2006).[8]

For all these reasons—and with the consent of Biggs and Pezzola and no objection from Rehl—the Court finds that the ends of justice served by continuing the trial until December 12, 2022, outweigh the best interests of the public and all Defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7).[9] Thus, the time between now and December 12, 2022, is excluded under the Speedy Trial Act.[10]

---

[8] Nordean, Tarrio, and Rehl argue in a footnote that severance is also warranted because admitting other Defendants' out-of-court statements "could create Confrontation Clause problems under *Bruton v. United States*, 391 U.S. 123 (1968)." ECF No. 409 at 5 n.3. But as this Court ruled when Nordean made this argument before, "the Government's proffer of a co-defendant's statement that implicates *Bruton* does not automatically require severance." ECF No. 339 at 2 (cleaned up). The Court will take up any motion to sever or otherwise remedy any potential *Bruton* problem when any Defendant identifies a specific statement that raises a *Bruton* concern.

[9] Biggs and Pezzola agree that this time until the trial should be tolled under the Speedy Trial Act in the interest of justice, for all the reasons cited in their motion for a continuance. June 22, 2022 Tr. at 2. Rehl takes no position. *Id.* at 2–3. Nordean and Tarrio oppose tolling. *Id.* at 3–4.

[10] Time under the Speedy Trial Act is already automatically tolled for other reasons, as explained in the Court's recent Memorandum Opinion and Order. *See generally* ECF No. 408.

\*   \*   \*

Thus, it is hereby **ORDERED** that Biggs and Pezzola's Motion to Continue Trial, ECF No. 403, is **GRANTED**, and any request for severance is **DENIED**. It is further **ORDERED** that jury selection and trial in this matter are **CONTINUED** until December 12, 2022, at 9:00 a.m.

It is further **ORDERED** that the impending deadlines in the Court's most recent scheduling order, ECF No. 346, are **VACATED**. As discussed on the record Wednesday, the parties are hereby **ORDERED** to confer and file by June 29, 2022, a joint status report outlining their positions on a new pretrial schedule, including a motions schedule and a pretrial conference no later than November 18, 2022.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 24, 2022