**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

DOMINIC PEZZOLA,

        *Defendant*.

No. 1:21-cr-175 (TJK)

### PEZZOLA'S MOTION TO ADOPT AND FOR LEAVE TO SUPPLEMENT NORDEAN'S MOTION TO DISMISS AT ECF 434

Dominic Pezzola, by his undersigned counsel, hereby respectfully moves for leave to join and adopt in all applicable respects the motion to dismiss Defendant Ethan Nordean filed on August 19, 2022. (*See* ECF 434). Mr. Nordean raised issues and arguments in such motion which apply with equal force to Mr. Pezzola. Further, under Rule 2, proceeding in such fashion promotes "simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay". FED R. CRIM. PROC. 2.  Therefore, and for good cause shown, Defendant Pezzola requests leave to join in all applicable respects of Mr. Nordean's motion to dismiss filed at ECF 434.

Additionally, and with regards to supplementing Mr. Nordean's motion to dismiss at ECF 434, Mr. Pezzola states the following:

    (1)    Pezzola also seeks leave to supplement said motions with legal arguments and particularized facts pertinent to Mr. Pezzola, to the extent appropriate. Specifically, Mr. Pezzola seeks to supplement Mr. Nordean's motion to dismiss and raise an argument that Count Ten to the Third Superseding Indictment should also be dismissed.

(2) Count Ten in the Third Superseding Indictment only charges Defendant Pezzola.

(3) For these reasons, we respectfully request that Defendant Pezzola's supplement to ECF 434 be made on or before **October 5, 2022**, one week from this submission.

(4) Regarding this request, I have been in contact with AUSA Erik Kenerson, who via email explained the government's position on my instant request as follows: "We won't object to your moving to join the pending motions to dismiss or to filing any supplements, so long as you agree to limit your supplements to 15 pages."

(5) In light of the government's position, Pezzola will limit his supplemental to 15 pages.

(6) The reasons such request was not made sooner is mostly in part of the undersigns recent family tragedy. Undersigned counsel, Steven Metcalf's mother-in-law passed away, unexpectedly, on August 5, 2022. My mother-in-law passing sent our firm into a temporary tailspin in terms of my efforts to stay current with a substantial amount of filing deadlines and appearances.

(7) My wife, Nanette is my also my sole law partner, and after her mother passed, our family spent weeks preparing and facilitating numerous memorial services, which went from Baltimore, MD (where she passed) to Brooklyn, NY (where she lived for 76 years). Consequently, my wife and I made numerous trips and attendance at memorial services in both locations. This is in addition to grieving.

(8) Examples of what I needed to go through with our law firm during such time include, but are not limited to, ensuring all of my wife's cases and deadlines

(8) ...were adjourned. I had to continue our substantial case load despite a temporary family breakdown of routine and the continued need to manage our three minor children. Our oldest of three children is only 4 years old, and my mother-in-law would care for them at least once a week, while my wife and I worked on our firm.

(9) I literally worked from early morning hours until after midnight each night to keep our law firm afloat, which did not stop on weekends and continued nonstop through the Labor Day weekend.

(10) Respectfully, my instant request does not prejudice any of the co-defendants in this case, or the government, as established in my reaching out to AUSA Kenerson and his response. This Court has already scheduled two dates for Defendant's motions to dismiss to be heard, September 29, 2022 and October 28, 2022. To the extent necessary, this supplemental can be fully briefed and heard on the latter date.

(11) Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that the court may "for good cause, extend the time . . . after the time has expired if the party failed to act . . .".

(12) Overall, neither the government nor any other defendant will be prejudiced with the instant request.  There is a second hearing date already scheduled for October 28, 2022. Thus, the only person who will be prejudiced if this request is denied is Dominic Pezzola.

**WHEREFORE**, for the reasons stated above, Mr. Pezzola respectfully moves to adopt and join the Motion filed by Mr. Nordean (ECF 434) and to supplement said motion with particularized facts and arguments pertinent to Mr. Pezzola. We pray for an order granting leave for Pezzola to supplement Mr. Nordean's motion to dismiss (ECF 434), which is limited to 15 pages or less and solely pertains to Count 10, a "robbery" count which applies solely to Pezzola.

Dated:  September 27, 2022

/s/ *Steven A. Metcalf II*

STEVEN A. METCALF II, ESQ.
**Metcalf & Metcalf, P.C.**
*Attorneys for Pezzola*
99 Park Avenue, 6th Floor
New York, NY 10016
*Phone* 646.253.0514
*Fax* 646.219.2012
metcalflawnyc@gmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that, on September 27, 2022, the forgoing document was filed via the Court's electronic filing system, and sent to the AUSA via email, which constitutes service upon all counsel of record.

/s/ *Steven A. Metcalf II, Esq.*
_____
STEVEN A. METCALF II, ESQ.
**Metcalf & Metcalf, P.C.**
99 Park Avenue, 6th Floor
New York, NY 10016
*Phone* 646.253.0514
*Fax* 646.219.2012
metcalflawnyc@gmail.com