UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-175-6 (TJK) |
| | : | |
| DOMINIC PEZZOLA, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S SUPPLEMENTAL
MOTION TO DISMISS COUNT TEN**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this opposition to Defendant's Supplemental Motion to Dismiss Count 10, ECF No. 473. The Third Superseding Indictment (TSI) sets forth "a plain, concise, and definite written statement of the essential facts constituting the offense charged," and it specifies the offense by tracking the statutory language. Count 10 of the TSI is thus constitutionally sound and there is no basis to dismiss it. It will be for the trial jury to consider the defendant's conduct, which has been specifically identified, and come to a unanimous determination of the defendant's guilt.

**LEGAL PRINCIPLES**

A defendant may move before trial to dismiss an indictment in whole or in part for, among other things, "lack of specificity" and "failure to state an offense." *See* Fed. R. Crim. P. 12(b)(3)(B)(iii), (v). An indictment's main purpose is to inform the defendant of the nature of the charged offense. *United States v. Ballestas*, 795 F.3d 138, 148-149 (D.C. Cir. 2015). Thus, an indictment need "only contain 'a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *Id.* at 149 (quoting Fed. R. Crim. P. 7(c)). "When testing the sufficiency of the charges in an indictment, 'the indictment must be viewed as a whole and the

allegations [therein] must be accepted as true.'" *United States v. Hillie*, 227 F. Supp. 3d 57, 71 (D.D.C. 2017) (quoting *United States v. Bowdoin*, 770 F. Supp. 2d 142, 145 (D.D.C. 2011)). The "key question" is whether "the allegations in the indictment, if proven, are sufficient to permit a petit jury to conclude that the defendant committed the criminal offense as charged." *Id.*

## ARGUMENT

Because Count 10 as filed is sufficient to apprise the defendant of the charge against him and to protect against a successive prosecution, the Court should decline to dismiss it.

I.     Count Ten is Pled with Specificity

As an initial matter, although he acknowledges that the Court must accept as true the allegations in the indictment, ECF No. 473 at 4, most of the defendant's motion comprises factual arguments that are matters for the jury to decide. Indeed, defendant's motion is more akin to one seeking summary judgement. At this stage, the Court must accept the allegations in the indictment as true. Count Ten charges that, "As set forth in paragraph 86, on or about January 6, 2021, in the District of Columbia, DOMINIC PEZZOLA, by force and violence and by intimidation, did take and attempt to take, from the person and presence of a Capitol Police officer, personal property belonging to the United States, that is, a riot shield." TSI ¶ 126. Paragraph 86 charges, "PEZZOLA moved toward the front of the police line and ripped away a Capitol Police officer's riot shield, while the officer was physically engaging with individuals who had gathered unlawfully into the west plaza of the Capitol."

The statutory language of 18 U.S.C. § 2112 is not lengthy: "Whoever robs or attempts to rob another of any kind or description of personal property belonging to the United States, shall be imprisoned not more than fifteen years." The TSI tracks the statutory language, along with the date and the fact that it took place in the District of Columbia. Although it is not required to do

so, Count Ten also charges with specificity how the defendant committed the robbery, by incorporating Paragraph 86. This is more than sufficient to withstand scrutiny. *See*, *e.g.*, *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018) ("an indictment parroting the language of a federal criminal statute is often sufficient"), citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007).

      II.      <u>Count Ten Need Not Name the Victim</u>

Pezzola complains that Count Ten does not name the officer whom he robbed of his shield. ECF No. 473 at 13. He cites no case law as to what, if any, action the Court should take as a result of the Officer not being named. This lack of citation makes sense: An indictment need not provide the name of the victim because, among other things, the name of the victim is not an element of the offense. *See Young v. United States*, 288 F.2d 398, 400 (D.C. Cir. 1961); *United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018) ("The lack of specific identification of the victims does not make the indictment insufficient."); *United States v. Singhal*, 876 F. Supp. 2d 82, 100 (D.D.C. 2012) (victims need not be identified in mail-fraud indictment).

The indictment here identifies the victim as a "United States Capitol Police Officer" and identifies the riot shield as "personal property belonging to the United States." TSI ¶ 126. Such identification sufficiently meets the threshold required for an indictment and puts the defendant on fair notice as to the nature of the charges, including the statutory requirement that the property taken be personal property of the United States.

III.   The Government's Evidence is Strong

The defendant takes issue with the government's quantum of proof on the robbery count, arguing that the government's discovery to date shows that "Pezzola picked up a shield off the floor" and that Pezzola's affirmative response to being asked whether he stole a riot shield was "puffery . . . embellishment and exaggeration."  *See* ECF No. 473 at 8, 10.  What weight to give the videos and photos that the government will present is a classic jury question, and evidence-interpretation questions should not inform the Court's decision as to whether Count 10 is properly pled in any event.  The government accordingly does not respond to every factual argument Pezzola makes.

The government notes, however, that its evidence that Pezzola "ripped away a Capitol Police officer's riot shield," TSI ¶ 86, is strong.  The Court has previously been provided a video showing Pezzola's robbery of the shield in connection with Pezzola's detention hearing and ordered him detained.  *See* Case No. 21-cr-52 (TJK), ECF No. 76, Exhs. 1, 1A & Minute Entry dated October 27, 2021.  Additionally, in the three of the four photographs below (the first two of which are from that video), Pezzola can be seen, from alternate angles, reaching for and forcibly ripping away a riot shield.  In the first, which is from approximately two seconds prior to Pezzola reaching for the shield, Pezzola can be seen pushing and maneuvering, with other rioters, towards the police line.





5





Accordingly, the defendant's argument that the government's evidence does not support the indictment is itself unsupported.

## CONCLUSION

The indictment in this case provides a plain, concise statement of the offenses with which the defendant has been charged. It includes the core criminality of the statutes with which he has been charged. When combined with the record in this case, it allows him to mount a double-jeopardy challenge to any successive prosecution. The defendant's motion should be denied.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  /s/ Erik M. Kenerson
ERIK M. KENERSON // Ohio Bar No. 82960
JASON B.A. MCCULLOUGH
  D.C. Bar No. 998006
NADIA E. MOORE // N.Y. Bar No. 4826566
  On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street NW
Washington, D.C. 20530
(202) 252-7201
Erik.Kenerson@usdoj.gov

 /s/ Conor Mulroe
Conor Mulroe // N.Y. Bar No. 5289640
Trial Attorney // U.S. Department of Justice,
  Criminal Division
1301 New York Avenue, Suite 700
(202) 330-1788
conor.mulroe@usdoj.gov