**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CASE NO: 1:21-cr-0175-3 (TJK)** |
| | * | |
| **ZACHARY REHL,** | * | |
| **Defendant** | * | |

**\*\*\*\*\*\*\*\***

**ZACHARY REHL'S OPPOSITION TO THE GOVERNMENT'S**
**MOTION IN LIMINE TO ADMIT STATEMENTS**

Zachary Rehl, through undersigned counsel, respectfully opposes the Government's Motion in Limine to Admit Statements (ECF 475) for various reasons.

As an initial matter, it is impossible to respond adequately to the government's Motion because it fails to identify with sufficient specificity and by reference to a Bates number of other identifying reference the statements it seeks to introduce.  Secondly, the government Motion also repeatedly fails to identify the dates and locations where the statements were allegedly made.  It also quotes statements out of context, distorting their meaning.  The combination of these flaws makes it impossible to determine whether the statement in fact meets any of the exceptions to the hearsay rules.

For example, in a blatant misrepresentation of Mr.  Rehl's words, the government argues that

> The response [defendants] advocated was not peaceful demonstration or legal challenge; it was "force," "violence," "war," and, in Rehl's words, "firing squads . . . for the traitors that are trying to steal the election from the American people."

Gov Motion at 3.  No date or context is provided by the government in its filing.

However, the alleged statement was not made by Mr. Rehl in any Proud Boys chat or to advocate that the Proud Boys engage in a violent response to the election debate.  The alleged

statement was made in response to a news article about a rule pushed forward by then-Attorney

General William Barr that gave federal prosecutors a wider variety of options for execution after

conviction.  The statement was allegedly posted by Mr.  Rehl in on social media in November 2020,

before the charged conspiracy is even alleged to have started.

In other words, the statement related to the range of punishment available upon conviction

after trial, a legal process.  It was not made in furtherance of any illegal conspiracy to promote the

use of force.  Thus, the statement does not satisfy either prerequisite for admissibility as a co-

conspirator statement as it was not made "during and in furtherance of the conspiracy."

Moreover, the alleged statement like all other statements that the government seeks to use

against Mr. Rehl is protected by the First Amendment.  As the Supreme Court explained in reversing

a conviction for disorderly conduct:

> [A]t worst, [the statement] amounted to nothing more than advocacy
> of illegal action at some indefinite future time.  This is not sufficient
> to permit the State to punish Hess' speech.  Under our decisions, 'the
> constitutional guarantees of free speech and free press do not permit
> a State to forbid or proscribe advocacy of the use of force or of law
> violation except where such advocacy is directed to inciting or
> producing imminent lawless action and is likely to incite or produce
> such action.' *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969).  *See
> also Terminiello v. Chicago, supra*, 337 U.S., at 4.  Since the
> uncontroverted evidence showed that Hess' statement was not
> directed to any person or group of persons, it cannot be said that he
> was advocating, in the normal sense, any action.  And since there was
> no evidence or rational inference from the import of the language, that
> his words were intended to produce, and likely to produce, imminent
> disorder, those words could not be punished by the State on the
> ground that they had 'a 'tendency to lead to violence."

*Hess v. Indiana*, 414 U.S. 105, 108-09 (1973); *see also United States v.  Munchel,* 991 F. 3d 1273,

1287 (D.C. Cir.  2021) ("Rhetorical bravado" when measured against a defendant's lack of actual

violence does not amount to an"identified and articulable threat to an individual or the community"

as would support pretrial detention).

Every statement that the government alleges was made by Mr. Rehl involves a comment

about or expresses an opinion on political, public, religious or other issues of a public nature. None

of his statements create a clear and present danger so that they may not be used to prosecute Mr.

Rehl. *See also  Brandenburg v. Ohio,* 395 U.S. 444 (1969) (state may not forbid speech advocating

the use of force or unlawful conduct unless this advocacy is directed to inciting or producing

**imminent** lawless action and is likely to incite or produce such action);  *Schenck v. United States*,

249 U.S. 47 (1919) (The question in every case is whether the words used are used in such

circumstances and are of such a nature as to create a clear and present danger that they will bring

about the substantive evils that Congress has a right to prevent).

> The freedom of speech and of the press guaranteed by the
> Constitution embraces at the least the liberty to discuss publicly and
> truthfully all matters of public concern without previous restraint or
> fear of subsequent punishment." The First Amendment "was fashioned
> to assure unfettered interchange of ideas for the bringing about of
> political and social changes desired by the people."

*Meyer v. Grant*, 486 U.S. 414, 421 (1988) (internal citations omitted).

Nothing that Mr. Rehl is alleged to have said even comes close to the clear and present danger

requirement.  As *Bradenburg* held, two conditions must be met to impose criminal liability for speech

that incites others to illegal actions.  First, the government must show that the speech will produce

imminent harm.  Second, there must be a likelihood that the incited illegal action will occur, and an

intent by the speaker to cause imminent illegal actions. The *Brandenburg*  precedent remains the

principal standard in this area of First Amendment law.  Nothing Mr. Rehl is alleged to have said

even comes close to meeting the *Brandenburg* standard.

The government's reliance on *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) is misplaced as that case addressed the application of a penalty-enhancement provision.  As the Supreme Court explained, "the Constitution does not erect a per se barrier to the admission of evidence concerning one's beliefs and associations *at sentencing* simply because those beliefs and associations are protected by the First Amendment." *Wisconsin v. Mitchell*, 508 U.S. at 486 (emphasis added).

WHEREFORE, Mr. Rehl respectfully opposes the Government's motion in limine to admit statements as it fails to include the statements it seeks to introduce, with sufficient specificity and adequate citations to allow for an intelligent response.  The statements as a whole are also protected by the First Amendment.

Respectfully submitted,

/s/
**Carmen D. Hernandez**
Bar No.  MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 21st day of October, 2022.

/s/ *Carmen D. Hernandez*
**Carmen D.  Hernandez**