UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | No. 1:21-cr-175-3 (TJK) |
| v. | : | |
| | : | |
| | : | |
| ZACHARY REHL, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE GOVERNMENT'S USE AGAINST HIM OF STATEMENTS PROTECTED BY THE FIRST AMENDMENT

Defendant Rehl has moved the Court to preclude the government from using as evidence in this case any statements "made by Mr. Rehl expressing an opinion on political, public, religious or other issues of a public nature." ECF no. 495 at 2.[1] Rehl's motion conflates crimes where the speech itself is the *actus reus* and crimes where speech is used to prove an element of a crime or intent. His motion also ignores binding Supreme Court precedent, and it should accordingly be denied.

The government moved *in limine* to admit certain statements by the defendants and to preclude a First Amendment defense. *See* ECF No. 494 at 24-28. Many of the arguments made by the government in that motion, which is pending before this Court, rebut the defendant's arguments to preclude statement-based evidence. The government incorporates those arguments herein, and in the interest of brevity will not repeat them.

---

[1] Rehl does not identify which of his statements the government has identified that he believes should be excluded under this framework.

The Supreme Court has explicitly held that courts may consider otherwise-protected speech to establish a defendant's motive or intent during the commission of some other unlawful conduct. *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993) (holding that the First Amendment "does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent"). The cases the defendant cites do nothing to distinguish this holding because he has relied largely on criminal cases where the government sought to punish speech itself, or in other words cases where the words uttered were the *actus reus* of the offense of conviction. *See Hess v. Indiana*, 414 U.S. 105, 107 ("Indiana's disorderly conduct statute was applied in this case to punish only spoken words"); *Brandenburg v. Ohio*, 395 U.S. 444, 449 (1969) ("[W]e are here confronted with a statute which, by its own words and as applied, purports to punish mere advocacy and to forbid, on pain of criminal punishment, assembly with others merely to advocate the described type of action").[2] The last case the defendant cites is a civil case, *Meyer v. Grant*, 486 U.S. 414, 421 (1988), which struck down a Colorado statute that did not allow proponents of an amendment to the state constitution to use paid petition circulators to reach the requisite number of signatures to get the amendment on the ballot. *Id.* at 417, 421.

None of the cases the defendant cites, in other words, go to the core issue surrounding the use of the defendant's statement in this case: can the government use them to prove motive, intent or an element of the offense? The Supreme Court has answered that with a resounding "yes" in

---

[2] Defendant also cites to the "clear and present danger" test articulated in *Schenck v. United States*, 249 U.S. 47 (1919). Putting aside that the Court in *Schenck* affirmed the defendant's conviction for distributing leaflets advocating resisting the World War I draft, *id.* at 52-53, the use of this test was abrogated by *Brandenburg*. *See Brandenburg*, 395 U.S. at 449 (overruling *Whitney v. California*, 274 U.S. 357 (1927), which relied on the "clear and present danger" standard).

*Mitchell*, and the other cases cited by the defendant do nothing to call *Mitchell's* holding into question on these facts.

In the context of January 6 prosecutions within this District, defendant's argument is not novel. But the government is aware of no such case where a judge in this District has agreed with a defendant that the First Amendment thwarts the government's ability to use a defendant's speech to prove motive, intent, or an element of the offense. *See United States v. Robertson*, --- F. Supp. 3d ---, 2022 WL 969546 at *6 (D.D.C. 2022) (Cooper, J.); *United States v. Chansley*, 525 F. Supp. 3d 151, 164 (D.D.C. 2021) (Lamberth, J.) (detention hearing). Nor should this Court so conclude. As the Court found in ruling on the defendants' motions to dismiss the violations of 18 U.S.C. §§ 1512(c)(2) and (k), "[n]o matter Defendants political motivations or any political message they wished to express, this alleged conduct is simply not protected by the First Amendment. Defendants are not, as they argue, charged with anything like burning flags, wearing black armbands, or participating in mere sit-ins or protests." ECF No. 263 at 29. Because speech is not the *actus reus*, *Brandenburg* is inapplicable, and the government may use the defendant's statements to establish motive, intent, or an element of the offense. *Mitchell*, 508 U.S. at 486.

**Conclusion**

The defendant's statements are highly relevant and should be admitted at trial for the foregoing reasons.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Erik M. Kenerson*
ERIK M. KENERSON // Ohio Bar No. 82960
JASON B.A. MCCULLOUGH
  D.C. Bar No. 998006
NADIA E. MOORE // N.Y. Bar No. 4826566
  On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street NW
Washington, D.C. 20530
(202) 252-7201
Erik.Kenerson@usdoj.gov

  */s/ Conor Mulroe*
Conor Mulroe // N.Y. Bar No. 5289640
Trial Attorney // U.S. Department of Justice,
  Criminal Division
1301 New York Avenue, Suite 700
(202) 330-1788
conor.mulroe@usdoj.gov