UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-CR-175 (TJK) |
| | : | |
| **ETHAN NORDEAN, et al.,** | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF OREN SEGAL**

In their motions, defendants Tarrio and Biggs move to exclude the testimony of Oren Segal as an expert witness. ECF 490, 498. For the reasons set forth herein, the issue presented is moot, and the Court need not rule on the defendants' motions. The Court may dismiss the defendants' motions as moot.

Oren Segal is an expert in, *inter alia*, extremist activities in the United States across the political spectrum. Mr. Segal has twice been qualified to testify as an expert on extremist activities, including testimony in a case that involved an assault carried out by a group of Proud Boys in the streets of New York in 2018. *People v. Kinsman, et. al.*, 4041/2018 (N.Y. Sup. Ct. 2019); *United States v. Hunt*, 1:21-cr-00086 (PKC) (E.D.N.Y. 2021). Mr. Segal's expert opinions are reliable, objective, and based in fact—that is, they are based on his over two decades of research on the extremist movement in the United States.

When the government provided its original notice on September 30, the government anticipated that Mr. Segal would provide testimony on the Proud Boys organization, history, and its core tenets, including the introduction of evidence about the requirements to attain different "degrees" of membership. The government anticipated that such evidence might be introduced in the government's rebuttal case—predicting that the defendants will attempt to present evidence

that the Proud Boys is a peaceful "fraternal organization" and that its leadership embraces non-violence. ECF 498.

Since its original notice on September 30, the government's case has continued to develop. In particular, the government has continued to identify potential witnesses for introduction at trial, *e.g.*, Statement of Offense, *United States v. Jeremy Bertino*, 22-cr-329 (TJK) (Oct. 6, 2022). These developments in the government's case, including fact witnesses who may testify to the same subject matters identified for Mr. Segal's testimony, have diminished the need to introduce expert testimony from Mr. Segal.

## CONCLUSION

For the foregoing reasons, the Court should deny the defendants' motions as moot.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: */s/ Jason McCullough*
JASON B.A. MCCULLOUGH
D.C. Bar No. 998006, NY Bar No. 4544953
ERIK M. KENERSON, OH Bar No. 82960
NADIA E. MOORE, NY Bar No. 4826566
  On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7233 //
jason.mccullough2@usdoj.gov

By: */s/ Conor Mulroe*
CONOR MULROE, NY Bar No. 5289640
Trial Attorney
U.S. Department of Justice, Criminal Division
1301 New York Ave. NW, Suite 700
Washington, D.C. 20530
(202) 330-1788
Conor.Mulroe@usdoj.gov