UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

      v.                                Case No. 1:21-cr-175-TJK

JOSEPH BIGGS, et al.,

      Defendants.

### BIGGS MOTION TO JOIN REHL'S MOTION TO DISMISS INDICTMENT, IMPOSE EVIDENTIARY SANCTIONS AND CONDUCT EXPEDITED REVIEW

> These cases, together with earlier cases condemning the knowing use of perjured testimony, illustrate the special role played by the American prosecutor in the search for truth in criminal trials. Within the federal system, for example, we have said that the United States Attorney is "the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger* v. *United States,* 295 U. S. 78, 88 (1935).
>
> ~ Justice Stevens, writing for the court in *Strickler v. Greene*, 527 U.S. 263, 281 (1999)

Defendant Joseph Biggs, like his codefendants Nordean and Tarrio, moves to join Zachary Rehl's Motion to Dismiss Indictment (ECF 533) in all respects. Starting with Rehl's motion on November 10 for *Brady* violations, the parties, including the Government, have filed various related pleadings. Some are sealed, some are partially sealed, some are on the open record. In addition to seeking joinder, Biggs notes here on the open record that the *Brady* violations the parties continue to dispute -- beginning with the dispute triggered by the Government's late disclosure of a significant cache of *Brady* materials on August 13, 2021, or fifteen months ago -- consistently go to a structural feature in all three of the Department of Justice's superseding indictments in 21-cr-175. That feature and overarching issue is whether a Proud Boy conspiracy plan to obstruct the Biden-Harris vote certification or to commit sedition ever existed or could have existed. The *Brady* materials and discussions most at play now and since mid-2021 point up the increasing doubtfulness and high unlikelihood of the existence of a conspiracy. That is troublesome, and glaring. It continues to be the 'elephant in the room' of 21-cr-175.

Therefore, and for good cause shown, defendant Biggs asks that he be permitted to join codefendant Zachary Rehl's motion to dismiss (ECF 533) the indictment and for sanctions and expedited review.

Respectfully submitted,

COUNSEL FOR JOSEPH R. BIGGS

Dated: November 14, 2022

By: /s/ *J. Daniel Hull*
JOHN DANIEL HULL
DC Bar No. 323006
California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C.  20005
(202) 429-6520 office
jdhull@hullmcguire.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 14, 2022, the foregoing Motion to Join was served upon all counsel of record via the Electronic Case Filing (ECF) system.

> By: /s/ *J. Daniel Hull*
> JOHN DANIEL HULL
> DC Bar No. 323006
> California Bar No. 222862
> HULL MCGUIRE PC
> 1420 N Street, N.W.
> Washington, D.C.  20005
> (202) 429-6520
> jdhull@hullmcguire.com