# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **No. 1:21-cr-175 (TJK)** |
| **v.** | : | |
| | : | |
| | : | |
| **ETHAN NORDEAN, et. al.** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS COUNTS ONE, TWO, AND FOUR UNDER THE SIXTH AMENDMENT VICINAGE CLAUSE AND UPPLEMENT THEIR MOTION TO CHANGE VENUE

The defendants are charged in three separate conspiracy counts with entering into a criminal agreement to oppose the lawful transfer of Presidential power by force. The conspiracy formed following two rallies that occurred in the District of Columbia, during which these defendants converged on this District from around the country and engaged in violence. The conspiracy specifically targeted the certification of the Electoral College vote occurring at the U.S. Capitol in this District on January 6, 2021. The defendants have filed multiple rounds of motions to dismiss. The first round was denied by this Court, ECF 262, and the second is pending. The defendants have also filed a motion to transfer venue, which this Court has denied. ECF 531.

On November 1, 2022, the defendants moved to dismiss Counts One, Two, and Four of the Third Superseding Indictment, or in the alternative to transfer venue to the Southern District of Florida. *See* ECF 518, citing ECF 349, and arguing that venue can only lie in the district in which the defendants came to their illegal agreement. The motion is untimely, and the Court should deny it as such. But even if the Court reaches the merits of the defendants' novel venue theory, it should dismiss the claim out of hand, as adopting it would violate decades of Supreme and Circuit Court precedent.

**LEGAL STANDARD**

Motions to dismiss and motions to change venue must be made prior to trial.  Fed. R. Crim. P. 12(b)(3)(A)(i) & (b)(3)(B).[1]  If a party does not meet the deadlines set for the filing of such motions, "the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3).  "In deciding whether to grant relief from a Rule 12 waiver, a district court should take into account the reason for the defendant's tardiness and whether he has shown that he is actually prejudiced by the defect in the indictment of which he complains."  *United States v. Madeoy*, 912 F.2d 1486, 1490 (D.C. Cir. 1990).  The waiver provisions in Rule 12(b)(3) apply even if the late-filed motion addresses constitutional claims. *See*, *e.g.*, *Davis v. United States*, 411 U.S. 233, 238-39 (1973).[2]

In a conspiracy prosecution, "venue is proper in any jurisdiction where any co-conspirator committed an overt act in furtherance of the conspiracy." *United States v. Watson*, 717 F.3d 196, 198 (D.C.Cir. 2013) (citing *United States v. Brodie*, 524 F.3d 259, 273 (D.C. Cir. 2008), and 18 U.S.C. § 3237(a)).  As the Supreme Court has noted, this holds true even where there is no statutory overt-act requirement. *See Whitfield v. United States*, 543 U.S. 209, 218, (2005) ("[T]his Court has long held that venue is proper in any district in which an overt act in furtherance of the conspiracy

---

[1]    At a hearing on Tarrio's venue motion, counsel for defendant Biggs indicated, in a preview of the arguments the defendants later put forth in ECF 518, that if trying this case in the District of Columbia violated the Vicinage Clause, it would raise an issue of subject matter jurisdiction that could be raised at any point.  However, venue does not implicate subject matter jurisdiction. *Compare* Fed. R. Crim. P 12(b)(2) ("motion that the court lacks jurisdiction may be made at any time") *with* R. 12(b)(3)(A)(i) (motion alleging improper venue must be made prior to trial); *see also*, *e.g.*, *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006) ("venue and subject-matter jurisdiction are not concepts of the same order. Venue, largely a matter of litigational convenience, is waived if not timely raised.  Subject-matter jurisdiction, on the other hand, concerns a court's competence to adjudicate a particular category of cases").

[2]    At the time *Davis* was decided, the list of motions that must be raised prior to trial was codified at Fed. R. Crim. P. 12(b)(2) and included the composition of a grand-jury venire.

was committed, even where an overt act is not a required element of the conspiracy offense.")
(citing *United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 252 (1940)).  The D.C. Circuit has
likewise upheld venue based on an overt act taken in the District of Columbia, even where the
conspiracy statute at issue did not have an overt-act requirement.  *Watson*, 717 F.3d at 198.

## **ARGUMENT**

### I.   The Defendants' Motion is Untimely

Motions to dismiss were due on August 19, 2022, and supplements to defendant Tarrio's
venue motion were due on October 10, 2022.  *See* ECF 426, as modified by Minute Order dated
October 3, 2022.  The defendants filed this motion to dismiss, or in the alternative to change venue,
on November 1, 2022, over two months after the deadline for motions to dismiss, and nearly a full
month after the deadline for supplements to the previously filed venue motion.  Their motion does
not attempt to argue good cause for the delay, as required by Rule 12, and given that the factual
allegations in the Third Superseding Indictment have been known to the defendants since the day
it was filed on June 6, 2022, they would be unlikely to be able to establish good cause in any event.

The closest the defendants come to a proffer of good cause is their offer to essentially
litigate a Rule 29 motion prior to the close of the government's evidence.  *See* ECF 518 at 2
("Although the Court could address this issue at the close of the government's case through a
motion for a judgment of acquittal—since the government must establish venue by a
preponderance of the evidence at trial—there are several good reasons to confront the matter
now").  If the defendants raise a Rule 29 challenge to venue, the Court should deal with it then,
with the benefit of the evidence actually introduced at trial.  This late-filed motion is not the proper
venue for a thinly disguised Rule 29 claim. The defendants' contention that their Vicinage Clause
arguments intersect with their venue motion is similarly not a reason to accept the late-filed motion.

The motion makes no attempt to offer a reason for the fact that this claim was not raised during the venue litigation, and in any event does not put forth any theory for why the defendants believe, if venue is inappropriate in the District of Columbia, it properly lies in the Southern District of Florida on the facts as alleged in the Third Superseding Indictment.

The defendants' attempt to avoid proffering good cause for the timing of their filing by claiming it intersects with the government's motion to admit co-conspirator statements is similarly nonsense, and in any event, they proffer no reason for why they did not raise it in their papers on that motion.  For the reasons stated below, the defendants' claims that venue is improper in the District of Columbia if the conspiracy was formed prior to January 6th is contradicted by decades of precedent.

II.    Venue is Proper in Any District in which an Act in Furtherance of the Conspiracy Took Place

The defendants put forth in their motion a novel venue theory: Because the conspiracies charged in this case have no statutory overt-act requirement, venue can only be proper in the venues in which the conspiratorial agreement was formed.  Defendants' claim is, unfortunately for them, contradicted by the Supreme Court and every federal circuit to have addressed the issue. *Whitfield v. United States*, 543 U.S. 209, 218 (2005) ("[T]his Court has long held that venue is proper in any district in which an overt act in furtherance of the conspiracy was committed, even where an overt act is not a required element of the conspiracy offense.") (citing *United States v. Socony–Vacuum Oil Co*., 310 U.S. 150, 252 (1940)); *Watson*, 717 F.3d at 198; *United States v. Mayo*, 721 F.2d 1084, 1089-90 (7th Cir. 1983) (venue proper in any district in which an overt act was committed for case involving a violation of 21 U.S.C. § 846, which does not have an overt act requirement; collecting cases from other Circuits).  *See also*, *e.g.*, *United States v. Royer*, 549 U.S. 886, 896 (2d Cir. 2008) (RICO conspiracy in violation of 18 U.S.C. § 1962); *United States v.*

*Rutigliano*, 790 F.3d 389, 396-97 (2d Cir. 2015) (mail-fraud conspiracy in violation of 18 U.S.C. § 1349).[3]

The defendants do not cite *Whitfield* in their filing, choosing instead to rely on *Hyde & Schneider v. United States*, 225 U.S. 347 (1912), a case which involved a statute with an overt-act requirement. But the Supreme Court's language in *Whitfield* could not be clearer: "venue is proper in any district in which an overt act in furtherance of the conspiracy was committed, even where an overt act is not a required element of the conspiracy offense." *Whitfield*, 543 U.S. at 218. Nor does the fact that *Whitfield* was interpreting a conspiracy statute with an accompanying venue provision dampen the force of that language, as the Supreme Court cited to two cases brought under Sherman Anti-Trust Act—which has no equivalent venue statute attached to it—that had similar holdings. *See id.*, citing *Socony–Vacuum Oil Co.,* 310 U.S. at 252; *United States v. Trenton Potteries Co.*, 273 U.S. 392, 402-404 (1927).

In any event, *Hyde & Schneider* does not support the defendant's reading of the venue requirements in a conspiracy case on its own terms, as that case was interpreting a statute with an express overt-act requirement. 225 U.S. at 359. Its holding—that where a statute has an overt act requirement, venue is proper in any jurisdiction in which an overt act is taken—does not and cannot stand for the proposition that the defendants claim it does, namely that if a statute *lacks* an overt-act requirement, actions taken in furtherance of the conspiracy cannot support venue. In coming to its decision, the Court recognized the continuing nature of a conspiracy offense, and that nature can lead to multiple proper venues: "a conspiracy is not necessarily the conception and purpose of the moment, but may be continuing. If so in time, it may be in place,—carrying to the whole area

---

[3]    Both *Royer* and *Rutigliano* had multiple counts of conspiracy charged, some of which were in violation of 18 U.S.C. § 371, which requires an overt act, and others, such as those cited above, which did not. The Second Circuit upheld venue on both types of conspiracy.

of its operations the guilt of its conception and that which follows guilt,—trial and punishment."

*Id.* at 363.  The Court even cited favorably language from a lower court noting that at common

law even where no overt act was required, venue could properly lie in any jurisdiction in which an

overt act took place:

> I admit that is the illegal agreement that constitutes the crime. When that is
> concluded the crime is perfect, and the conspirators may be convicted if the crime
> can be proved. If conspirators enter into the illegal agreement in one county, the
> crime is perpetrated there, and they may be immediately prosecuted; but the
> proceedings against them must be in that county. If they go into another county to
> execute their plans of mischief, and there commit an overt act, they may be
> punished in the latter county without any evidence of an express renewal of their
> agreement. The law considers that wherever they act, there they renew, or perhaps,
> to speak more properly, they continue, their agreement, and this agreement is
> renewed or continued as to all whenever any one of them does an act in furtherance
> of their common design.

*Id.* at 365 (internal quotations and citations omitted).  The fact that the Court in *Hyde & Schneider*

cited favorably venue decisions from common-law conspiracy crimes that lacked an overt act

requirement only supports the government's argument.  *See Mayo*, 721 F.2d at 1090, n.4.  Indeed,

the Supreme Court made clear in its own later decisions, including *Whitfield*, *Socony-Vacuum Oil

Co.*, and *Trenton Potteries Co.*, that the defendants' reading of *Hyde & Schneider* is incorrect.[4]

---

[4]     The defendants requested a venue instruction in the parties' joint proposed jury
instructions, citing *Hyde & Schneider*, and the government objected, citing *Whitfield*.  The
defendants contended in response that *Whitfield* did not overrule *Hyde & Schneider* and that the
Sherman Anti-Trust Act at issue in *Socony-Vacuum Oil Co.*—which lacked an overt act
requirement—is somehow different than the seditious conspiracy statute, which also lacks an overt
act requirement.  Joint Proposed Jury Instructions dated November 2, 2022, at 45-46 & n.58.  As
a result, the defendants invite the Court to essentially ignore *Whitfield* and *Soconoy-Vacuum Oil
Co*.  *Id*.  This Court should follow the Supreme Court's interpretation of its precedent, not the
defendants'.   *Hyde & Schneider* did not need to be overruled for the Court to reach the decisions
it did in *Trenton Potteries Co.*, *Socony-Vacuum Oil Co*., and *Whitfield,* for the reasons stated
above*.*  And if the Supreme Court thought that the lower courts were improperly interpreting *Hyde
& Schneider*, it could have granted cert on that issue in any number of cases venue in cases brought
under conspiracy statutes without overt-act requirements, but to date it has not done so.

A plain reading of the venue statute for continuing offenses further undercuts the defendants' view of proper venue in this case. A continuing offense may be prosecuted "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Conspiracy is unquestionably a continuing offense, *e.g.*, *Smith v. United States*, 568 U.S. 106, 111 (2013), and the indictment alleges that it continued into the District of Columbia. *See*, *e.g.*, ECF 380, ¶¶ 69-84, 86-98, 101-102, 104-105. "A conspiracy thus continued is in effect renewed during each day of its continuance." *Socony-Vacuum Oil Co.*, 310 U.S. at 227 (internal quotation marks omitted). "It is in the nature of a conspiracy that each day's acts bring a renewed threat of the substantive evil Congress sought to prevent." *Toussie v. United States*, 397 U.S. 112, 122 (1970). *See also Hyde & Schneider*, 225 U.S. at 363 (a conspiracy may carry "to the whole area of its operations the guilt of its conception and that which follows guilt,—trial and punishment"). The conspiracy charged continued into the District of Columbia, and as such venue is proper in this District under 18 U.S.C. § 3237(a).

Defendants attempt to escape the plain language of Section 3237(a) by citing a case interpreting a wholly separate part of that statute. *See* ECF 518 at 4, citing *Morgan v. United States*, 393 F.3d 192, 198 (D.C. Cir. 2004). As the D.C. Circuit made clear that in that case, the government "did not invoke the first paragraph of § 3237(a)," *id.*, which is the paragraph cited above. *Morgan* instead examined whether the offense of conviction in that case was a continuing offense as defined by the second paragraph of § 3237(a), and after reviewing the elements, the D.C. Circuit decided that receipt of stolen property was not a continuing offense. *Id.* There is no such dispute here. The case law is well-settled that conspiracy is a continuing offense, and defendants have not claimed otherwise. Because the conspiracy continued to at least January 6,

2021, and involved actions taken in this District on that date, venue is proper in the District of Columbia under 18 U.S.C. § 3237(a).

No court that undersigned counsel is aware of has held that venue in a conspiracy case may only lie in the location in which a conspiracy was formed. There are good reasons for this, which have been articulated by courts repeatedly, going at least as far back as *Hyde & Schneider*:

> We must not, in too great a solicitude for the criminal, give him a kind of immunity from punishment because of the difficulty in convicting him—indeed, of even detecting him. And this may result, if the rule contended for be adopted. Let him meet with his fellows in secret and he will try to do so; let the place be concealed, as it can be, and he and they may execute their crime in every State in the Union and defeat punishment in all.

225 U.S. at 363-64; *see also Mayo*, 721 F.2d at 1091 (citing *Hyde & Schneider* in the context of a conspiracy statute without an overt-act requirement). The concerns expressed in *Hyde* and *Mayo* are even more acute in 2022. This conspiracy, as the Court knows, was formed by multiple individuals, who were largely located in geographically disparate locations (except for the times when they descended on the District of Columbia and other locations to commit violence). The defendants formed the conspiracy in large part by communicating over encrypted applications from those disparate locations. If venue were transferred to the Southern District of Florida, as the defendants request in the alternative here, they would no doubt argue at trial that the government had not proven that the agreement had formed in that district. Over a century of precedent forecloses the defendant's position, and the policy concerns articulated by those Courts apply with greater force today than they did then.

## **CONCLUSION**

"The venue of his trial is thus made by the criminal himself, not determined by reasons or interests which may be adverse to him and used to his injury." *Brown v. Elliott*, 225 U.S. 392, 402 (1912).  The defendants chose to target the District of Columbia on January 6, 2021, and they traveled here from around the country to do so.  They made the venue choice for this trial, and their claims to the contrary are contracted by over a century of case law.  Their motion should be denied.

Respectfully Submitted,
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:      */s/ Erik M. Kenerson*
ERIK M. KENERSON // Ohio Bar No. 82960
JASON B.A. MCCULLOUGH
   NY Bar No. 4544953
NADIA E. MOORE // N.Y. Bar No. 4826566
   On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street NW
Washington, D.C. 20530
(202) 252-7201
Erik.Kenerson@usdoj.gov

 */s/ Conor Mulroe*
Conor Mulroe // N.Y. Bar No. 5289640
Trial Attorney // U.S. Department of Justice,
   Criminal Division
1301 New York Avenue, Suite 700
(202) 330-1788
conor.mulroe@usdoj.gov