UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| v. | ) Case No. 1:21-cr-175-TJK |
|  | ) |
| ETHAN NORDEAN, et al., | ) |
|  | ) |
| Defendants. | ) |

**DEFENDANT NORDEAN'S MOTION FOR A RECOMMENDATION THAT THE MARSHALS SERVICE TRANSFER HIM TO ALEXANDRIA CITY JAIL**

Defendant Nordean, through his counsel, moves the Court to recommend to the United States Marshals Service that Nordean be transferred to the custody of the Alexandria City Jail through the conclusion of trial, for the following reasons.

Nordean is currently incarcerated at Northern Neck Regional Jail in Warsaw, Virginia. Traversing the eighty-eight miles between this courthouse and Northern Neck typically takes a driver about two hours. On November 17 and 18, Nordean was woken up at 2 a.m. and arrived at the courthouse just before the hearings commenced at 9:30 a.m. On some occasions the commute from the jail to the courthouse has taken 10 hours or longer, with the Marshals making stops along the way to pick up or drop off people. Nordean was so sleep-deprived that he had difficulty remaining awake during last week's hearings. Trial may last six weeks or longer.

If this situation is not remedied before trial it could interfere with Nordean's Sixth Amendment rights. A defendant has the right to assist in his own defense. *E.g.*, *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983) ("[T]he accused has the ultimate authority to make certain fundamental decisions regarding the case, such as to whether to plead

guilty, waive a jury, testify in his or her own behalf, or take an appeal . . . ."). Moreover, if Nordean is not able to participate in his defense, then he by definition is incompetent to stand trial. *Drope v. Missouri*, 420 U.S. 162, 171, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to trial."). When a person cannot remain awake, he or she lacks the capacity to understand the proceedings against him or her.

    If Nordean had trouble remaining awake during pretrial hearings due to sleep deprivation over the course of two days, the disability will prove even more deleterious over the course of six weeks or longer. Accordingly, he moves the Court to strongly recommend to the Marshals Service that Nordean be transferred to the custody of the Alexandria City Jail, which is only a short commute from the courthouse.

Dated: November 22, 2022　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ David B. Smith*
　　　　　　　　　　　　　　　　　　　David B. Smith (D.C. Bar No. 403068)
　　　　　　　　　　　　　　　　　　　108 N. Alfred St.
　　　　　　　　　　　　　　　　　　　Alexandria, VA 22314
　　　　　　　　　　　　　　　　　　　Phone:(703)548-8911
　　　　　　　　　　　　　　　　　　　Fax:(703)548-8935
　　　　　　　　　　　　　　　　　　　dbs@davidbsmithpllc.com

　　　　　　　　　　　　　　　　　　　Nicholas D. Smith (D.C. Bar No. 1029802)
　　　　　　　　　　　　　　　　　　　1123 Broadway, Suite 909
　　　　　　　　　　　　　　　　　　　New York, NY 10010
　　　　　　　　　　　　　　　　　　　Phone: (917) 902-3869
　　　　　　　　　　　　　　　　　　　nds@davidbsmithpllc.com

　　　　　　　　　　　　　　　　　　　*Attorneys for Ethan Nordean*

**Certificate of Service**

I hereby certify that on the 22nd day of November, 2022, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

    Connor Mulroe
    Assistant United States Attorney
    555 4th Street, N.W., Room 4408
    Washington, D.C. 20530

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

    /s/ David B. Smith
    David B. Smith, VA Bar No. 25930
    David B. Smith, PLLC
    108 North Alfred Street, 1st FL
    Alexandria, Virginia 22314
    (703) 548-8911 / Fax (703) 548-8935
    dbs@davidbsmithpllc.com