UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CASE NO: 1:21-cr-0175-3 (TJK) |
| | * |
| ZACHARY REHL, | * |
| Defendant | * |

********

### ZACHARY REHL'S MOTION TO ADOPT TARRIO'S
### SECOND MOTION TO CHANGE VENUE AND/OR EXPAND VENIRE

Zachary Rehl, by his undersigned counsel, hereby respectfully moves for leave to join and adopt Mr. Tarrio's Second Motion to Change Venue and/or Expand Venire (ECF 582). Proceeding in this fashion will promote the just determination of the case, simplify procedures and eliminate unjustifiable expense and delay in accordance with FED. R. CRIM. PROC. 2.

1. Mr. Rehl has standing and a basis to join the motion as the majority of the arguments apply with equal force to him. Moreover, to the extent that at the time of the charged conduct, Mr. Tarrio was the national chairman of the Proud Boys, any prejudice that applies to him personally necessarily will redound to Mr. Rehl as a member of the association led by Mr. Tarrio.

2. Mr. Rehl continues to press the argument that evidence the government seeks to introduce relating to events that occurred in D.C. on dates other than January 6 involving the theft of a Black Lives Matter banner from an African American church that is a venerable institution in DC, alleged confrontations with local residents, and other incidents – all events in which Mr. Rehl did not participate – are unduly prejudicial to him if the case is tried in this district. The emotions harkened by these events are sure to inflame the passions of the citizens of DC in unique ways that will necessarily not be as pronounced for those who do not live in DC.

3.  As the Supreme Court recently explained, an expanded jury-pool and exacting process for selecting a jury is of utmost importance in a case with extensive pretrial publicity:

> The Sixth Amendment guarantees "the accused" the right to a trial "by an impartial jury." The right to an "impartial" jury "does not require ignorance." Notorious crimes are "almost, as a matter of necessity, brought to the attention" of those informed citizens who are "best fitted" for jury duty. A trial court protects the defendant's Sixth Amendment right by ensuring that jurors have "no bias or prejudice that would prevent them from returning a verdict according to the law and evidence."
>
> . . .
>
> The District Court summoned an expanded jury pool of 1,373 prospective jurors and used the 100-question juror form to cull that down to 256. The questionnaire asked prospective jurors what media sources they followed, how much they consumed, whether they had ever commented on the bombings in letters, calls, or online posts, and, most pointedly, whether any of that information had caused the prospective juror to form an opinion about Dzhokhar's guilt or punishment. The court then subjected those 256 prospective jurors to three weeks of individualized voir dire in which the court and both parties had the opportunity to ask additional questions and probe for bias.

*United States v. Tsarnaev*, __ U.S. ___, 142 S. Ct. 1024, 1034-355 (2022) (internal citations omitted).

WHEREFORE, Mr. Rehl respectfully moves to join and adopt Mr. Tarrio's Second Motion to Change Venue and/or Expand Venire.

Respectfully submitted,

/s/

**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391

2

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 9th day of December, 2022.

                                              /s/ *Carmen D. Hernandez*
                                              **Carmen D. Hernandez**