UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        v.                                                  Case No. 1:21-cr-175-TJK

JOSEPH BIGGS, et al.,

        Defendants.

**BIGGS'S MOTION FOR JOINDER RE: ECF 582 AND FOR TRANSFER OF TRIAL TO UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

      Defendant Joseph Biggs respectfully moves to join defendant Tarrio's Second Motion to Change Venue and/or to Expand District of Columbia Jury Pool at ECF No. 582. Biggs asks to join in all respects but one. Instead of transferring this trial, as Tarrio has requested since April 2 (ECF 349), to the Southern District of Florida (Miami, FL), Biggs asks that trial be transferred to the Eastern District of Virginia (Alexandria, VA). Defendant Biggs has been convinced since the time of the first evening of the U.S. House of Representatives Select Committee's televised proceedings on June 9 of this year that prejudice against all the defendants in 21-cr-175 is "so great" under Fed. R. Crim. P. 21 that each Proud Boy defendant (and arguably Biggs, especially) "cannot obtain a fair and impartial trial" in the District of Columbia. Pretending otherwise is madness -- excusable, temporary madness, but madness, nonetheless. Biggs's conviction that he cannot receive a fair and impartial trial in Washington, D.C. is supported empirically from polling conducted both in the spring and fall of 2022 and at least anecdotally by reviews last week of D.C.'s jury pool at the outset of the jury selection process. That conviction will only be bolstered by the expected release in the near term of any House Select Committee reports, drafts, transcripts, or materials of any kind. *Voir dire* exercises on the most skillful level imaginable will not cure, obviate, lessen, or eradicate that local prejudice. National shock waves in the wake of

January 6, 2021 are still with us. Midterm election issues added to that. Those waves "have legs," are maintained, stirred, or exacerbated even if unwittingly by both mainstream and alternative media outlets and are still with us after nearly two years. The dust has not settled. That is particularly true in the tightly knit, relatively insular Washington, D.C. residential community from which even the most well-meaning jurors are drawn. [1]

The record of the venue transfer issue in 21-cr-175 is of course replete with filings of all the parties and related orders since defendant Tarrio's first motion for change of venue on April 2, 2022. *See, e.g.,* ECFs 349, 351, 376, 384, 386, 389, 399, 399-1, 405, 406, 413, 470, 471, 477, 484, 502, 508, 518 (October 28 hearing), 520, 531 (November 11 order denying motions, without prejudice), 582 (renewed or second motion) and 583. In that connection, Biggs directs the Court's attention to two Biggs supplements concerning venue change previously filed at ECFs 406 and 477. Rule 21(a) permits transfer in this Court's discretion to the U.S. District Court for the Eastern District of Virginia, Alexandria Division, 401 Courthouse Square, Alexandria, VA 22314 -- one of several alternative venues proposed over the past nine months -- based on prejudice alone. However, transfer to the Eastern District also represents the alternative venue which is the most efficient in terms of saving time, judicial resources, government resources, defense resources, and for the convenience of witnesses. The Alexandria courthouse at 401 Courthouse Square in Old Town is moreover approximately 10 miles from the E. Barrett Prettyman Courthouse on 333 Constitution Avenue, Northwest, Washington, D.C. and three blocks from where all five defendants are currently held and housed at the Alexandria Detention

---

[1] Biggs submits that even an attempt to somehow seal the jury once seated hermetically from all outside influences would not prevent jurors from learning about a House Select Committee release of materials and its contents should that occur in the next two months. Jurors would hear, think about, and react to such a release almost immediately despite their best efforts not to do so.

Center.  It's a practical and common-sense alternative.

Finally, Biggs respectfully asks to add to or supplement the overall points made in this motion in the arguments currently scheduled before the Court on December 14 at 9:30 a.m.

Therefore, and for good cause shown, Biggs asks this Motion for Joinder be granted together with his accompanying request for transfer of venue to the Eastern District of Virginia.

                                                   Respectfully submitted,

Dated: December 13, 2022                By: /s/ *J. Daniel Hull*
                                                JOHN DANIEL HULL
                                                DC Bar No. 323006/CA Bar No. 222862
                                                HULL MCGUIRE PC
                                                1420 N Street, N.W.
                                                Washington, D.C.  20005
                                                (202) 429-6520
                                                (619) 895-8336
                                                jdhull@hullmcguire.com

-3-

CERTIFICATE OF SERVICE

The undersigned certifies that on December 13, 2022, the foregoing Biggs Motion for Joinder re: ECF 582 was served upon all counsel of record via the Electronic Case Filing (ECF) system.

By: /s/ *J. Daniel Hull*
JOHN DANIEL HULL
DC Bar No. 323006
California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C.  20005
(202) 429-6520
(619) 895-8336
jdhull@hullmcguire.com