UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | No. 1:21-cr-175 (TJK) |
| v. | : | |
| | : | |
| | : | |
| ENRIQUE TARRIO, | : | |
| JOSEPH BIGGS, and | : | |
| ZACHARY REHL, | : | |
| Defendants. | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR CHANGE OF VENUE AND/OR FOR EXPANDED VENIRE

Defendant Tarrio has filed a renewed motion to transfer venue from the District of Columbia or, in the alternative, to expand the pool of potential jurors from 150 to 300. ECF 582. Defendants Rehl and Biggs have moved to join Tarrio's motion. ECF 583, 588, respectively. While Tarrio has repeatedly requested that trial in this matter be moved to the Southern District of Florida, Biggs requests that this case be transferred to Alexandria, Virginia in the Eastern District of Virginia.[1] Because Tarrio has failed to establish that he "cannot obtain a fair and impartial trial"

---

[1] As Judge Mehta found in *United States v. Rhodes*, 22-CR-15 (APM), ECF 176 at 44–45, in denying the defendants' motion to transfer the case, the "Defendants' specific request to transfer this matter to the Alexandria Division of the Eastern District of Virginia is unlikely to fix the problems Defendants have expressed about the District's jury pool. *See Haldeman*, 559 F.2d at 64 n. 43 (stating that a change of venue 'would have been of only doubtful value' given the national media attention of the Watergate prosecution). The two jurisdictions are not so dissimilar as it relates to the events of January 6th. Both are part of the same media market, so potential jurors are getting January 6th news coverage from largely the same sources in both jurisdictions. People who work or do business at the U.S. Capitol Building often live in and commute from the northern Virginia suburbs. Residents of Arlington County and Alexandria were subject to a curfew on January 6th, and the Governor of Virginia issued a state of emergency and sent the Virginia National Guard and state troopers to assist on Capitol Hill the same day. And Defendants' own survey surely underreports the likelihood of bias among jurors in their preferred venue. The Multi-District Survey polled residents from the *entire* Eastern District of Virginia, which stretches from northern Virginia south to Richmond, and even further south to Hampton Roads and the Virginia-North Carolina border, instead of just the six northern counties and five independent cities that

in this district, Fed. R. Crim. P. 21(a), and the Court has not yet conducted voir dire in this matter, the Court should deny his motion.

Defendant Tarrio filed a motion to transfer venue on May 2, 2022, followed by a "notice of support," attaching additional polling, on May 3, 2022. ECF Nos. 349, 351. Tarrio cited a poll conducted by ILR ("first ILR Poll") in connection with a different case arising out of the events of January 6, 2021. The government filed an opposition on June 2, 2022. ECF No. 376. On June 9, 2022, Rehl and Biggs both moved to join Tarrio's motion, and Tarrio filed a reply in support of his original motion. ECF Nos. 384, 386, 389. The Court granted those motions to join by Minute Orders dated June 10, 2022. The government filed a response to Biggs' and Rehl's supplemental filings on June 21, 2022. ECF No. 413. Nordean moved to join Tarrio's motion on September 30, 2022, ECF No. 471, and the Court granted that motion by Minute Order dated October 4, 2022. Defendant Biggs filed a supplement on October 10, 2022, which included a poll conducted by ILR ("second ILR Poll") at the behest of these defendants.  ECF No. 477. On October 14, 2022, Tarrio filed a motion to call the pollster as a witness at an unspecified hearing. ECF No. 484. The government responded to Biggs' supplement and Tarrio's motion to call the pollster as a witness on October 21, 2022. ECF No. 502.

On November 9, 2022, the Court denied the defendants' motion "without prejudice to renewal *after* voir dire." ECF No. 531 (emphasis added).  In denying the defendants' motion, the Court found that (1) "neither the District of Columbia's size nor characteristics support a presumption of prejudice," ECF 531 at 4, (2) "the nature and extent of pretrial publicity also do

---

comprise the Alexandria Division. In Lux Survey at 1 n.2. The attitudes of residents of the Alexandria Division are more likely to mirror those of the District of Columbia than those of the Eastern District as a whole. Defendants therefore have not demonstrated that a jury pool in the Alexandria Division will cure the problems that they have with the District's jury pool."

not support transferring this case before voir dire," Id. at 6, and (3) "the trial will begin far enough removed from both January 6, 2021, and later spikes in pretrial publicity to mitigate risks of overriding prejudice." *Id.* at 8.

Jury selection in the above-captioned matter is scheduled to begin on December 19, 2022. To facilitate jury selection, the Court, in consultation with the parties, has used a 76-question jury questionnaire, which the prospective jurors completed on December 5, 2022. Having reviewed the responses to that questionnaire, but not having conducted any individualized voir dire, Tarrio contends that "a review of the 150 juror questionnaire response evidences the great prejudice that was foretold" and moves to transfer venue or expand the venire to at least 300 prospective jurors. ECF 582 at 3. Such a request is, at best, premature.

As explained in the government's responses to the defendants' prior transfer motions, ECF 376, 502, the defendants' right to an impartial jury can be adequately safeguarded by an in-depth, individualized voir dire. While the Court explained that the "Defendants may renew their motion to transfer if voir dire raises concerns about the jury pool's impartiality," *Id.* at 12, individualized voir dire of the prospective jurors in this case has not yet occurred. As the Court has not yet had the opportunity to complete a "thorough and searching voir dire," ECF 531 at 4, 11 n. 11, by individually questioning the prospective jurors in person and under oath, it does not yet have sufficient information to determine whether individual prospective jurors have disqualifying biases that would require an expanded jury pool or a transfer of venue. Accordingly, the defendants' motion is at best premature and should be denied.[2]

---

[2] Tarrio also contends, without any support, that the current pool of potential jurors "is not a fair cross section of the community." ECF 582 at 4. As Tarrio provides neither the demographics of the District of Columbia nor the prospective jurors, it is unclear on what basis he makes this assertion.

**CONCLUSION**

For the foregoing reasons, the defendants' motion to transfer venue and for an expanded jury pool should be denied.

Respectfully Submitted,
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ Erik M. Kenerson
ERIK M. KENERSON // Ohio Bar No. 82960
JASON B.A. MCCULLOUGH
  NY Bar No. 4544953
NADIA E. MOORE // N.Y. Bar No. 4826566
  On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street NW
Washington, D.C. 20530
(202) 252-7201
Erik.Kenerson@usdoj.gov

 /s/ Conor Mulroe
Conor Mulroe // N.Y. Bar No. 5289640
Trial Attorney // U.S. Department of Justice,
  Criminal Division
1301 New York Avenue, Suite 700
(202) 330-1788
conor.mulroe@usdoj.gov