UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 1:21-cr-175- 3 (TJK) |
| v. | | |
| | : | |
| ZACHARY REHL | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO REHL'S MOTION TO RECONSIDER ORDER DENYING MOTION TO DISMISS COUNT 1

Following rounds of briefing and an oral argument, this Court issued a 40-page ruling rejecting several motions filed by defendants Ethan Nordean, Joseph Biggs, Zachary Rehl, Enrique Tarrio, and Dominic Pezzola (the defendants). *See* ECF No. 586. Defendant Rehl then moved for reconsideration. ECF No. 587. That motion simply rehashes arguments this Court already considered and soundly rejected. It should be denied.

A motion for reconsideration is available only "as justice requires." *See United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013). And a court should grant a motion to reconsider only if it "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *see also Cruz v. Fed. Election Comm'n*, No. 19-cv-908 (NJR) (APM) (TJK), 2020 WL 7699951, at *1 (D.D.C. Apr. 24, 2020) (articulating similar "as justice requires" standard for a motion to reconsider: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order") (internal quotation marks and citation omitted). Rehl states this standard (Mot. 2) but makes no meaningful effort to satisfy it.

First, there has been no intervening change in the controlling law. Instead, Rehl points only to decisions interpreting other statutory provisions decided well before the indictment—let alone the briefing—in this case. A reconsideration motion is not simply a platform for a non-prevailing party to reargue facts and legal theories, *see United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80–81 (D.D.C. 2015), but that is precisely what Rehl does.

Second, Rehl does not identify any new evidence. The closest he comes is his contention (Mot. 2) that he was not aware of the government's theory that the defendants planned to use force by, in part, weaponizing the crowd on January 6. None of the evidence on which this theory relies is novel; it relies on evidence produced to Rehl and the defendants well before the briefing on this round of dismissal motions. But even if Rehl could plausibly describe a prosecution theory as "new evidence," dismissal would nonetheless be inappropriate. Rehl can attack what he calls the "tools theory" through cross-examining witnesses and arguing at closing that the government has failed to establish beyond a reasonable doubt that the defendants planned to use force by weaponizing the crowd.[1]

Finally, Rehl cannot establish a "clear error" or show that reconsideration is necessary to "prevent manifest injustice. *See United States v. Ferguson*, 574 F. Supp.2d 111, 113 (D.D.C. 2008). As an initial matter, denying reconsideration is appropriate where, as here, the reconsideration motion "raises arguments for reconsideration the court has already rejected on the merits." *Hemingway*, 930 F. Supp. 2d at 12. The Court considered and rejected Rehl's argument that the term "force" as used in the seditious conspiracy prohibition, 18 U.S.C. § 2384, is

---

[1] To the extent Rehl's complaint (Mot. 2) is that the "precise standard for the type and level of *force* required to commit a seditious conspiracy," the jury instructions, which the parties have discussed and the Court will ultimately supply, will set forth this standard.

unconstitutionally vague. *See* ECF 586 at 20. Reconsideration is not an opportunity to supply additional case citations and arguments that a litigant simply failed to advance in a motion that a court has adjudicated.

In any event, Rehl's arguments fail on the merits. Rehl relies principally (Mot. 6) on cases that have concluded that the residual clauses in statutes such as the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), the federal statute defining a "crime of violence," 18 U.S.C. § 16, or the "crime of violence" definition in 18 U.S.C. § 924(c)(3), are unconstitutionally vague. The "indeterminacy," *Johnson v. United States*, 576 U.S. 591, 597 (2015), that arose in the residual clauses in those statutes rested on the twin difficulties of "grave uncertainty about how to estimate the risk posed by a crime," *id.*, and "uncertainty about how much risk it takes for a crime to qualify as a violent felony," *id.* at 598. In highlighting the vagueness in the residual clause, however, the Supreme Court contrasted the more concrete focus of the elements-clause, which concerns whether an offense "has as an element the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(e)(2)(B)(i); *see Johnson*, 576 U.S. at 596. As this Court correctly noted (ECF No. 586 at 20), the Supreme Court in *(Curtis) Johnson v. United States*, 559 U.S. 133, 139-140 (2010), defined "physical force" in the ACCA's elements clause without finding the term unconstitutionally vague.[2]

---

[2] Rehl quotes (Mot. 4-6) an extensive passage from *Curtis Johnson*, but that discussion simply illustrates the point that the term "physical force" in the ACCA elements-clause is susceptible to definition. Rehl also suggests (Mot. 2) that the Supreme Court in *Curtis Johnson* determined that the ACCA elements clause "contained an unconstitutionally vague 'force' element." That is incorrect. In interpreting the term "physical force" with reference to its "ordinary meaning," 559 U.S. at 138, the Court invoked no due process or vagueness considerations. *See id.* at 138-45.

Similarly unhelpful is Rehl's catalogue of cases (Mot. 7-11) involving whether a particular crime qualifies as a "violent felony" or "crime of violence" under the ACCA or Section 924(c).[3] It does not follow from the fact that courts may struggle with determining whether an offense involves a sufficient quantum of force when considered as "judge-imagined abstraction," *Johnson*, 576 U.S. at 598, that the term "force" lacks an ordinary meaning that jurors may apply to a given set of facts in a case before it. Taken to its logical endpoint, Rehl's argument would require the constitutional invalidation of any statute that uses the word "force." He points to no authority that would support such a sweeping remedy.

Finally, to the extent Rehl seeks to press an as-applied unconstitutional vagueness claim, that argument is premature. For example, in *United States v. Kettles*, No. 3:16-cr-00163-1, 2017 WL 2080181, at *3 (M.D. Tenn. May 15, 2017), and *United States v. Raniere*, 384 F. Supp. 3d 282, 320 (E.D.N.Y. 2019), the courts denied the defendants' Rule 12 motion to dismiss and invited them to renew their challenges as Rule 29 motions after the presentation of evidence at trial. In other words, the courts denied the Rule 12 motions but deferred ruling on the *arguments* presented by the motions. *See, e.g.*, *Raniere*, 384 F. Supp. 3d at 321 (noting that defendant's "as-applied challenge to § 1591(a) is thus *denied* as premature) (emphasis added); *Kettles*, 2017 WL 2080181, at *4 (denying defendant's motion "with the denial being without prejudice to [that defendant]'s renewing those arguments following the presentation of evidence at trial"). Those decisions are consistent with others that have denied Rule 12 motions to dismiss where the motions involved as-

---

[3] The Supreme Court's decisions in *Borden v. United States*, 141 S. Ct. 1817 (2021), and *Stokeling v. United States*, 139 S. Ct. 544, 550 (2019), provide no support for Rehl's argument. *Borden* concerned the required *mens rea*, not how to define to force, 141 S. Ct. at 1824, and *Stokeling* addressed whether common-law robbery qualified as a violent felony under the elements clause, 139 S. Ct. at 550.

applied conduct challenges. For example, in *United States v. Nagi*, 254 F. Supp. 3d 548 (E.D.N.Y. 2017), the defendant filed a Rule 12 motion to dismiss the count charging him with material support to a foreign terrorist organization, arguing that the charge was unconstitutionally vague as applied to him. *Id.* at 556. The court found that the government's proffer of evidence—not the language in the indictment itself—was sufficient to deny the motion to dismiss. *Id.* at 560. "The proper procedure for raising the Defendant's as-applied First Amendment challenge is, instead, by way of a post-trial [Rule 29] motion." *Id.* at 564. Similarly, in *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.), the court affirmed the trial court's decision to deny a pretrial motion to dismiss arguing that a federal firearm statute was unconstitutional as applied to the defendant. "If contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *Id.* The Tenth Circuit held that the proper avenue for an as-applied constitutional challenge is a post-trial Rule 29 motion. *Id.* at 1263. And the D.C. Circuit employed this approach in *United States v. Poindexter*, 951 F.2d 369, 377 (D.C. Cir. 1991), where it held that 18 U.S.C. § 1505 was unconstitutionally vague as applied to a defendant's conduct after the presentation of the government's evidence at trial, on a sufficiency challenge under Rule 29(a). *See id.* (noting that Poindexter "d[id] not request any relief from the indictment"). In short, nothing precludes Rehl from raising a sufficiency or due process challenge to Section 2384 in a motion under Fed. R. Crim. P. 29 after the presentation of evidence or a conviction.

## CONCLUSION

The Court should deny Rehl's motion to reconsider the denial of his motion to dismiss.

                           Respectfully Submitted,

                           MATTHEW M. GRAVES
                           United States Attorney
                           D.C. Bar No. 481052

By:    */s/ Erik M. Kenerson*
        ERIK M. KENERSON // Ohio Bar No. 82960
        JASON B.A. MCCULLOUGH
          D.C. Bar No. 998006
      NADIA E. MOORE // N.Y. Bar No. 4826566
         On Detail to the District of Columbia
      Assistant United States Attorneys
      601 D Street NW
      Washington, D.C. 20530
      (202) 252-7201
      Erik.Kenerson@usdoj.gov

      */s/ Conor Mulroe*
     Conor Mulroe // N.Y. Bar No. 5289640
     Trial Attorney // U.S. Department of Justice,
      Criminal Division
     1301 New York Avenue, Suite 700
     (202) 330-1788
      conor.mulroe@usdoj.gov