UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | No. 1:21-cr-175-1 (TJK) |
| v. | : | |
| | : | |
| | : | |
| ETHAN NORDEAN, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT NORDEAN'S MOTION FOR RULE 15 VIDEO DEPOSITION OF EDDIE BLOCK

Nordean has moved the Court to order a deposition of potential witness Eddie Block during the week of December 26, 2022. ECF 599. Because Nordean has not met his burden of demonstrating that exceptional circumstances necessitate the preservation of Mr. Block's testimony, that motion should be denied.

### LEGAL FRAMEWORK

The Court may grant a motion for a deposition pursuant to Fed. R. Crim. P. 15 "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). "Furthermore, the party seeking the deposition bears the burden of demonstrating that 'exceptional circumstances' necessitate the preservation of testimony through a deposition." *United States v. Kelley*, 36 F.3d 1118, 1124 (D.C. Cir. 1994). "Critical factors toward meeting this burden include (1) the materiality of the testimony; and (2) the unavailability of the witness to testify at trial. *Id.* Moreover, there is typically some showing, beyond 'unsubstantiated speculation,' that the evidence exculpates the defendant." *Id.* (citation omitted; citing *United States v. Ismaili*, 828 F.2d 153, 159 (3d Cir.1987)).

The admissibility of a Rule 15 deposition at trial is governed by Federal Rule of Evidence 804. Rule 804(b)(1) provides that, notwithstanding the general rule against hearsay, the Court may admit "former testimony" given at a "lawful deposition" so long as (a) "the declarant is unavailable as a witness" at trial and (b) the adverse party had "an opportunity and similar motive to develop" the testimony through cross-examination. A declarant is considered "unavailable" if, among other possible reasons, he "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure . . . the declarant's attendance." Fed. R. Evid. 804(a)(5)(A).

## FACTUAL BACKGROUND

On January 6, 2021, Eddie Block was in Washington, D.C., riding on a motorized wheelchair, filming four of the five defendants in this case and scores of other members of the Proud Boys as they marched from the Washington Monument to the Capitol. In the hours of footage Mr. Block filmed, there is no indication of a St. Bernard service dog (or indeed any dog). While filming, Mr. Block crossed into the restricted area of the U.S. Capitol Grounds on January 6, 2021. He remained in the restricted area until well after sundown, and he was one of the individuals removed from the restricted area by police.

On January 4, 2021, Mr. Block sent a "selfie"-style video of himself on an airplane to a Proud Boys group chat, saying, "see you in DC in a couple of hours." Based on this video and Mr. Block's references during the videos he filmed on January 6 to the fact that the motorized scooter he was riding was a rental, the government believes Mr. Block traveled to Washington, D.C. by plane as recently as two years ago. Mr. Block's YouTube page, "Eddie Block Films," also contains videos shot during the December 12, 2020 rally in Washington, DC, indicating that

he made another cross-country trip less than a month before his visit in January 2021. *See, e.g.*, "Proudboys March on DC…," *available at* https://www.youtube.com/watch?v=8cGSX0z70Lk.

The government does not dispute the authenticity of the videos it recovered from Mr. Block's devices in the course of executing a search warrant in January 2021, and in fact it intends to introduce portions of them into evidence.

## ARGUMENT

I. Nordean Has Not Established Unavailability

Nordean's proffer of Block's physical limitations does not establish his unavailability such that exceptional circumstances require the preservation of his testimony through a deposition. The standard for unavailability is governed by Fed. R. Evid. 804(a). *See*, *e.g.*, *United States v. Vo*, 53 F. Supp. 3d 77, 81 (D.D.C. 2014) (Friedman, J.). The government does not dispute that Mr. Block is disabled, uses a wheelchair, and lives in California. It *does* dispute whether that status renders Mr. Block—who traveled to the District of Columbia by airplane just two years ago with the same apparent physical limitations to participate in and film the Proud Boys' march to the Capitol—likely to be unavailable for trial. Although Nordean represents that "Block asserts that he must be accompanied at all times by a therapy dog," Nordean makes no representation as to what condition leads to that assertion by Mr. Block or, to put a finer point on it, what changed between January 6, 2021, when Mr. Block apparently had no such need during a trip to our nation's Capital, and today.[1]

---

[1] Nordean makes no representation as to whether the "therapy dog" is a service dog. As a general matter, according to the U.S. Department of Transportation, airlines may not refuse transport to a service dog, although some exceptions exist if the service dog is too large or heavy to be accommodated in the cabin. *See* https://www.transportation.gov/individuals/aviation-consumer-protection/service-animals (last visited December 23, 2022). Nordean does not represent whether the common-carrier prohibition he references (at 3) refers to service animals or pets. It appears that at least some airlines are willing to work with passengers if a service animal

Nor does Nordean proffer why any human assistant who may be necessary could not accompany Mr. Block to Washington for testimony or why whatever functionality the St. Bernard provides cannot be provided by the human assistant. He similarly does not proffer what, if anything, changed in that regard between January 6, 2021, and today. Mr. Block is subject to the Court's subpoena power, and although his attendance at trial may present some logistical hurdles, those hurdles do not rise to the level of unavailability.

The government's view that Mr. Block is likely to be available for trial is supported by Nordean's representations as to what Block told him. First, as Nordean concedes, Block represented previously that he would not have any difficulty in traveling to the courthouse for trial long before Nordean served him with a subpoena on December 14, 2022. It was only in apparent response to a forthcoming subpoena that Mr. Block changed his tune. *See* ECF 599 at 3. Second, even assuming *arguendo* that Mr. Block truly must travel with his St. Bernard—whom he apparently needs on the airplane and in hotel rooms, but not in the courthouse—and that Mr. Block cannot take the dog on an airplane, Nordean's motion concedes that Mr. Block can in fact drive cross-country with both the dog and his assistant. *Id.*

And, while the government agrees that as a general matter, the proponent of a deposition satisfies the unavailability requirement if a "substantial likelihood" exists that the witness will not be available at trial, *see Vo*, 53 F. Supp. 3d at 81, the timing here counsels against granting a Rule 15 deposition. This is not the case where a Rule 15 deposition is taken months ahead of trial on belief that a particular witness might be rendered unavailable by illness or death. Here, Nordean's request for a deposition was made after the beginning of *voir dire* and within a couple of weeks of

---

is too large. For example, American Airlines suggests that passengers rebook on a flight with more open seats or buy a ticket for the service dog. *See* https://www.aa.com/i18n/travel-info/special-assistance/service-animals.jsp (last visited December 23, 2022).

likely opening statements. Mr. Block is available for trial now, and almost certainly would be available in a few weeks' time. Accordingly, the Court should not order the parties to invest time and money into a deposition on the mere chance that Mr. Block will be rendered unavailable in the near future. *See United States v. Dragoul*, 1 F.3d 1546, 1555 (11th Cir. 1993) ("The court need not, at the cost of time and money, engage in an act of futility by authorizing depositions that clearly will be inadmissible at trial").

The cases cited by Nordean regarding witnesses with infirmities are inapplicable to Mr. Block's situation. The witnesses in *United States v. Keithan*, 751 F.2d 9 (1st Cir. 1984) were so infirm as to be confined to their home, a fact Nordean did not mention in his brief. *Id.* at 12; ECF 599 at 2. Those in *United States v. Whitlow*, 2014 U.S. Dist. LEXIS 133436 (D. Neb. 2014) were unable to travel "without enduring substantial and prolonged pain." *Id.* at *28. The physician who treated the pregnant witness in *United States v. Dumas*, 1991 U.S. Dist. LEXIS 18289 (E.D. Pa. 1991) "certified that she [would] be unable to travel" during the time period that covered the trial. *Id.* at *2. There is no such certainty, or even proffered likelihood, with regard to Mr. Block.[2] The

---

[2] It is unclear on what basis Nordean claims, citing the above cases, that Mr. Block's infirmities are "far more challenging to manage than those which courts have found sufficient to permit Rule 15 depositions," ECF 599 at 6, given that all of those cases involved witnesses who (1) could not leave their homes, (2) could not travel without prolonged pain, or (3) had a treating physician attest to their inability to travel. Nordean also attempts to attribute some malfeasance to the government for "not commit[ting] to finding some means of ensuring Mr. Block's attendance at trial." *Id.* at 5. Setting aside that Nordean did not ask the government whether it was willing to so commit, the burden here rests with Nordean to demonstrate exceptional circumstances to justify a deposition, and he has not made any representations as to what he may have done to attempt to secure Mr. Block's attendance at trial, including whether he has made any application to the Court for CJA funds.

Similarly, Nordean asks to schedule the deposition because it "poses no material burden to the government." *Id.* at 9. That is not the standard. The defendant must demonstrate exceptional circumstances. In any event, should the Court order a deposition, Government counsel would be required to spend time preparing for an engaging in a deposition that is unlikely to be admissible

circumstances in Nordean's motion are more analogous to those in *United States v. Jefferson*, 594 F. Supp. 2d 655, 666 (E.D. Va. 2009), in which Judge Ellis found that a defendant had not established unavailability where that defendant had not proffered that a witness subject to the Court's subpoena power "cannot be served or will refuse to comply with the subpoena once served." In short, Mr. Block is subject to the Court's subpoena power, and the defendant has not proffered that Mr. Block is unable to comply with the subpoena. His motion should consequently be denied.

II.     Nordean Has Not Established Materiality

Even if Mr. Block were likely to be unavailable as defined by Fed. R. Evid. 804(a), Nordean has not established materiality of his proffered testimony.[3] As Nordean's motion concedes, Mr. Block took hours' worth of footage on January 6, 2021. To the extent it can be authenticated—and the government has no plans to claim the footage it recovered from Block's devices is inauthentic—and is otherwise admissible, the footage is available to Nordean. Accordingly, authentication of the footage does not meet the materiality threshold for ordering a Rule 15 deposition, nor does any of the statements captured by the footage. Nor does the defendant's conclusory statement that "Block's testimony is therefore required to relate those material moments not caught on film" establish materiality where he does not proffer what those

---

at trial for the reasons stated above, which is in fact a material burden after trial has commenced. Nordean has not come close to establishing exceptional circumstances warranting a deposition.

[3]     Nordean contends without citation or argument, *see* ECF 599 at 4, that the government has somehow "recognized" the materiality of Block's testimony for Rule 15 purposes by having listed him as a potential witness on its witness lists, the first of which was due in August 2022. This is nonsense. As the Court knows, Mr. Block took hours of footage. The government listed Mr. Block in case his testimony was required to authenticate that footage (and as noted, neither the government nor, apparently, the defense—given its desire to admit the footage—will be contesting authenticity of the footage recovered from Mr. Block's devices), but that possibility does not lead to a concession of materiality for Rule 15 purposes.

moments are or what Mr. Block would testify about them. *See* ECF 599 at 4. Nordean similarly does not proffer how Mr. Block's testimony as someone who was allegedly "well positioned to illuminate whether a close observer's memories of the [Proud Boys' march to the Capitol] are consistent with the government's allegations" is (1) admissible, or (2) even assuming it is, that it was unavailable to him from any of the other scores of people involved in the march.

      Nordean has additionally not proffered that Mr. Block is willing to submit to a compelled deposition. Mr. Block entered the restricted area of the Capitol grounds on January 6, 2021. Should the Court be otherwise inclined to order a deposition, the government requests that the Court inquire of Mr. Block's counsel, Gregory English, Esq., whether Mr. Block intends to assert a Fifth Amendment Privilege prior to ordering the parties to spend the resources to prepare for a deposition.

## CONCLUSION

For the foregoing reasons, Nordean has failed to establish exceptional circumstances warranting a Rule 15 deposition, and his motion should be denied.

                                        Respectfully Submitted,
                                        MATTHEW M. GRAVES
                                        United States Attorney
                                        D.C. Bar No. 481052

By:    */s/ Erik M. Kenerson*
        ERIK M. KENERSON // Ohio Bar No. 82960
        JASON B.A. MCCULLOUGH
          NY Bar No. 4544953
      NADIA E. MOORE // N.Y. Bar No. 4826566
        On Detail to the District of Columbia
      Assistant United States Attorneys
      601 D Street NW
      Washington, D.C. 20530
      (202) 252-7201
      Erik.Kenerson@usdoj.gov

       */s/ Conor Mulroe*
     Conor Mulroe // N.Y. Bar No. 5289640
     Trial Attorney // U.S. Department of Justice,
      Criminal Division
     1301 New York Avenue, Suite 700
     (202) 330-1788
     conor.mulroe@usdoj.gov