UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 21-CR-175 (TJK) |
| | : | |
| ETHAN NORDEAN, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
REQUEST THAT THE GOVERNMENT BE REQUIRED
TO CREATE BINDERS FOR THE DEFENSE**

The United States opposes defendant's request that it be required to provide physical copies of exhibit binders for the defense and asks that the Court reconsider its December 28, 2022, Minute Order directing the government to do so.

**I.     Defendant's Request.**

Defendant Rehl's attorney has made the following request:

> I am writing to request that the Court please just direct the Government to comply with the standard practice in this district and provide a binder with hard copies of its trial exhibits to each of the defense teams. In the alternative, the defense will be filing a motion seeking this relief.
>
> The practice in this district is for the government to provide binders with hard copies of its exhibits to defense counsel. The government in this case has indicated that it will not do so. We are prepared to file a Motion with the Court asking that the Court order the government to treat the defendants in the instant case in the same fashion as it treats all other defendants who are prosecuted in this district. Given the volume of already outstanding matters, the defense was hoping to avoid filling the docket with additional motions, particularly as we believe such a motion in this instance is unnecessary.
>
> For the Court's information in my most recent trial, the government produced a binder with more than 1900 exhibits, with subparts, for each of the four defense teams. The case was US v Moore, 18-cr-198 (JEB). Trial began on 9/1/9/22 and took over four weeks.  Before that case, in US v Fields, 18-cr-00267 (APM), a 5-defendant case that was tried in March 2019 over several weeks, the

government produced binders with hard copies of exhibits. In both cases, the government also provided electronic copies of all the exhibits.

Several of defense counsel have attempted to persuade the government to produce the hard copies of exhibits without success.

December 28, 2022 Email to the Court.[1]

## II. Government's Opposition.

On December 28, 2022, the Court ordered the government to provide hard copy exhibit binders to any party who requests one by January 4, 2023. The government asks the Court to reconsider this order. First, notwithstanding defendant's representation, it is not the "practice in this district [] for the government to provide binders with hard copies of its exhibits to defense counsel."[2] This is best illustrated by the fact that in the most analogous trials,[3] the government has not provided hard copies of exhibits to defense counsel.

The government's exhibits in this case comprise slightly over 1,950 individually marked exhibits. These exhibits are grouped by series, according to the type of evidence. For example, physical evidence is series 1-100, demonstrative exhibits are series 100-110, videos and

---

[1] The defendant made his request to the Court via email instead of filing a motion as required. Fed. R. Crim. P. 47 (a) ("A party applying to the court for an order must do so by motion."); *see also* LCrR 49(f)(1) ("Except when requested by a judge, correspondence shall not be directed by the parties or their attorneys to a judge, nor shall papers be left with or mailed to a judge for filing.").

[2] While on occasion the government has provided hard copies of exhibits to the defense, this is not our "practice." Defendant Rehl's request demonstrates the adage that "no good deed goes unpunished."

[3] *See United States v. Rhodes* 22-cr-15-APM (two lengthy, multi-codefendant trials involving violations of 18 U.S.C. § 2384 and associated charges, involving a similar amount of multimedia exhibits).

photographs recovered from the defendants are series 400-408, other video and photographs are series 409-499, and social media is series 600. Each series contains a number of individually marked exhibits; for instance, the "other video and photograph" series at 409-499 contains 265 individually marked exhibits.

Reducing the government's exhibits to printed copies is both time-consuming and ultimately an exercise in futility because of the prevalence of digital media that is not reducible to print. More than 700 of the exhibits are only available in digital format such that they cannot be printed. Multiple additional exhibits are mixed media – for instance an exhibit of a Telegram or Parler message may be able to be printed, but the digital media embedded within that message would not be (so, for instance, if Zachary Rehl posted a message that comprised of a video or audio, the text of the message could be printed, but the video or audio is not reducible to print). Printing and producing exhibits in incomplete fashion is unlikely to aid defense counsel at trial. Only 381 of the government's exhibits are fully "printable;" and 90 of those exhibits consist of photo stills of individuals in various videos.

The government has provided to the defense its anticipated trial exhibits electronically on multiple occasions prior to the Court's order of December 28, 2022. Per prior Court orders, we produced preliminary exhibits to defense on September 30, 2022, and November 11, 2022. The government will have completed its upload of the marked exhibits to USAfx by the end of the day on December 29, 2022 – those exhibits are substantially similar to the materials uploaded to USAfx in November except updated to include those exhibits that have been added and/or revised after November 11, and with individual exhibits updated to include affixed exhibit stickers. The exhibits are saved in folders based on series, and within each series folder, the exhibits are saved

individually by exhibit number (and, in many instances, a description of the exhibit). The government is also in the process of providing to defense counsel and the Court individual thumb drives containing all marked exhibits so that, should defense not have access to USAfx because of internet limitations, they will still be able to access them readily from the thumb drive. Counsel for Rehl failed to note in her email to the Court that in the same correspondence where the government declined to make hard-copy binders, it did note a willingness, which it intends to fulfill regardless of court order, to provide electronic copies of the government's exhibits to counsel for all defendants on a medium such as a hard drive or thumb drive.

    The government also notes that copying, collating, and organizing hard copies of these electronically-produced materials for the defendant would be extremely burdensome to the government. Per order the December 22 order of the Court, the government provided two copies of hard copy exhibit binders to the Court on December 28, 2022. It took government staff more than 45 hours to print, organize, and compile the two sets of binders it submitted to the Court. And those binders, as described above, contain only a fraction of the actual materials that comprise the government's exhibits because even our most dedicated paralegals cannot reduce digital evidence to paper printouts.

    It bears mentioning that, because of these limitations, the government has not prepared hard-copy sets of exhibit binders for ourselves. The defendant's request would, therefore, require the government to provide a service to the defendant that it is not providing itself. Put bluntly, the government should not be required to function as the defendant's paralegal. *Cf. United States v. Hill*, 2016 WL 8674241, at 10 (E.D. Mo. Aug. 5, 2016) ("The government does not have a duty to do [a defendant's] work for her."); *United States v. Gray*, 648 F.3d 562, 567 (7th Cir. 2011)

4

(The government "had no duty to . . . conduct the defense's investigation for it."). If the defense prefers hard copies to electronic ones, it is free to print and organize the trial exhibits in any fashion.

### III. Conclusion.

For the reasons described above, the government respectfully requests that the Court deny defendant's request that we create binders for the defense.

>
> Respectfully Submitted,
> MATTHEW M. GRAVES
> United States Attorney
> D.C. Bar No. 481052
>
> By:  /s/ Jason B.A. McCullough
> JASON B.A. MCCULLOUGH
>   NY Bar No. 4544953
> ERIK M. KENERSON // Ohio Bar No. 82960
> NADIA E. MOORE // N.Y. Bar No. 4826566
>   On Detail to the District of Columbia
> Assistant United States Attorneys
> 601 D Street NW
> Washington, D.C. 20530
> (202) 252-7201
> Erik.Kenerson@usdoj.gov
>
>  /s/ Conor Mulroe
> Conor Mulroe // N.Y. Bar No. 5289640
> Trial Attorney // U.S. Department of Justice,
>  Criminal Division
> 1301 New York Avenue, Suite 700
> (202) 330-1788
> conor.mulroe@usdoj.gov