UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ETHAN NORDEAN, et al.,<br><br>Defendants. | )<br>)<br>) Case No. 1:21-cr-175-TJK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT DEFENSE MOTION TO EXTEND TIME FOR DEFENSE EXHIBIT BINDERS**

Defendants, through their counsel, move the Court to extend the time in which to comply with the provision in the Trial Procedures Order setting a January 3, 2023 deadline for furnishing the Court with two sets of binders containing Defendants' pre-marked exhibits. Trial Procedures Order, ECF No. 595, p. 2. They provide the following reasons in support.

As the Court knows, trial commenced on December 19, 2022. The Trial Procedures Order required the government to produce a binder of its exhibits by December 27. ECF No. 595, p. 2. The government was therefore effectively required to furnish the Court with exhibit binders mere days before the potential onset of its case-in-chief. That case will consume at least two weeks and likely more. At the same time, the Order currently requires the defense to produce exhibit binders by Tuesday, January 3. *Id.* Unlike with the government's case, however, the defense case will not commence until perhaps four weeks after the binder production deadline. Thus, though it would be appropriate for the government to carry a greater burden than a defendant in a criminal case, the burden here is comparatively heavier on the defense, the party with far fewer resources and without a burden of proof.

In addition, several recent developments make the January 3 binder deadline virtually impossible for the defense to meet. Setting aside that Defendants must review before next week

1

a new set of juror questionnaires, complete their opening statements, and counteract the government's ongoing efforts to frustrate the trial testimony of defense witnesses, the Defendants have notified the Court that the government first indicated on December 29 that it had added many new exhibits to its exhibit list. ECF No. 609. Defendants must now review those exhibits before January 3.

The prejudice created by the government's late exhibit-list disclosure is greater than that. Defendant Nordean's Telegram and social media exhibits were keyed to the numbering scheme set out in the government's "final exhibit list" provided on November 11, 2022. However, the government's "updated exhibit list," first produced on December 29, has amended all its exhibit numbering for Telegram and social media exhibits. Thus, in order to keep evidence streamlined at trial, Nordean's counsel must work around the clock over the weekend to fix his own exhibits. This cannot be completed by January 3 and Nordean would likely need a trial continuance merely to fix his exhibits by that date, much less to print all the digital evidence and organize it for a binder which it appears the Court will not need to make reference to for several weeks.

As Defendant Rehl recently advised in a notice, "the government continues to dump extensive discovery materials on defendants past the deadline for filing motions and at a time when their effective use by the defense is limited because of time constraints." Notice of Filing Materials Related to Government Discovery Productions, ECF No. 613, p. 2. The Defendants must attempt to review these materials, too, before the January 3 deadline for defense exhibit binders.

The government recently indicated in a filing that many if not most of its exhibits will comprise digital evidence that can be efficiently produced to the Court on a flash drive. ECF No.

2

607, p. 3.  That is also true for the Defendants' exhibits.[1] The parties and Court will have access to computers at trial to view this digital evidence as it is presented.

For all these reasons, the Defendants move the Court to extend the deadline for the production of a defense exhibit binder to one week before the onset of the defense case.  A date certain will become clear to the Court and the parties during trial.  If the Court determines that an earlier binder production deadline is appropriate, Defendants respectfully request that it fall no earlier than January 10, 2023.

Dated: January 1, 2023                                              Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*

### Certificate of Service

I hereby certify that on the 1st day of January, 2023, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

Jim Nelson
Assistant United States Attorney

---

[1] Defendant Nordean did not request a printed binder of the government's digital evidence.

    555 4th Street, N.W., Room 4408
    Washington, D.C. 20530
    (202) 252-6986

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

    /s/ David B. Smith
    David B. Smith, D.C. Bar No. 403068
    David B. Smith, PLLC
    108 North Alfred Street, 1st FL
    Alexandria, Virginia 22314
    (703) 548-8911 / Fax (703) 548-8935
    dbs@davidbsmithpllc.com