UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | No. 1:21-cr-175 (TJK) |
| v. | : | |
| | : | |
| | : | |
| **ETHAN NORDEAN, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT NORDEAN'S MOTION TO EXCLUDE GOVERNMENT EXHIBITS

Defendant Nordean has moved the court to exclude all exhibits that the government has added to its exhibit list after November 11, 2022. As described herein, the government's additions to its exhibit list are limited and reflect both additions and deletions from the prior list that resulted from the final preparation for trial. The government's small number of additional exhibits do not create any prejudice to the defendants' ability to prepare for trial, let alone the kind of real prejudice that would counsel for the wholesale exclusion of the government's additional exhibits. Nordean's motion should be denied.

### Background

On July 6, 2022, the Court entered a Scheduling Order that required the government to produce a preliminary exhibit and witness list on or before August 19, 2022, updated preliminary exhibit and witness list (including copies of all exhibits then listed) on or before September 30, 2022, and a final exhibit and witness list on November 11, 2022. Accordingly, as of the date of this filing, defense counsel have had access to many of the government's exhibits for **more than three months** and have had access to substantially all of government's exhibits for **nearly two months**. Since the government's production of its exhibit list on November 11, 2022, the parties

have extensively litigated the contours of this case. Much of that litigation was facilitated by the government's aggressive pre-trial production schedule for its exhibit list and proposed exhibits.

Following the November 11, 2022, production of the government's witness and exhibit list, the government has continued to update its exhibit list. On November 15, 2022, the government made an update to its exhibit list to include Exhibits 97, 270-274, and 913-914.[1] The government advised the defendants of the update and received no objection from defense counsel. Rather, counsel for each of Nordean, Biggs, Rehl, and Tarrio offered colorful commentary on the government's proposed additions, while making no suggestion that the government's addition of a number of documents violated the letter or spirit of the Court's July 6, 2022, Scheduling Order.

The Court issued its rulings on admissibility of statements and evidence on December 14, 2022. This prompted minor changes to the government's exhibit list. Additionally, as the government has prepared witnesses and finalized its preparations for trial, the government has continued to identify exhibits that had not been included on the exhibit list previously provided to defense counsel. The government has also removed exhibits that it does not intend to use during trial. On December 29, 2022, at 10:26 p.m., the government provided an "updated exhibit list" to defense counsel that reflected those changes. That "updated exhibit list" included a number of additions and deletions to the government's exhibit list that had last been circulated on November 15, 2022.

## Argument

This Court has discretion to permit the introduction of trial exhibits disclosed to the defense at any time during the trial. *United States v. Bikundi*, 926 F.3d 761, 782 (D.C. Cir. 2019). The

---

[1] Counsel for Nordean identifies these same documents in his motion. ECF 2-3 ("Exhibits 72, 73, 74, 97" and "Exhibits 270-275").

principal issue to be considered by the trial court is whether the late identification of an exhibit creates a real prejudice that cannot be remedied by some accommodation. *See id.* As Nordean appears to acknowledge (ECF 609 at 3), Rule 45 of the Federal Rules of Criminal Procedure does not control the Court's consideration of disputes over the parties' exhibit lists. *Id.; see also United States v. Kimbrough*, 69 F.3d 723, 732 (5th Cir. 1995) (finding no "serious prejudice" in the government's introduction of an "amended exhibit list" on the morning of trial that listed an additional fifty exhibits). It is "frequently the case" that exhibits are added and subtracted as trial approaches. *United States v. Ulbricht*, No. 14-CR-68 (KBF), 2015 WL 13893992, at *8 (S.D.N.Y. Apr. 27, 2015), *aff'd*, 858 F.3d 71 (2d Cir. 2017).  Accordingly, the "excusable neglect" standard Nordean urges does not apply, and the Court should follow the precedent in *Bikundi* and decline to exclude the exhibits Nordean complains of.

As reflected in the attached comparison that identifies for the Court and for defendants the government's new exhibits, the government has proposed to add a small number of additional exhibits to the robust set of exhibits that defense counsel have had for **nearly two months**. The items that have been added have been listed in yellow in the attached comparison document. Setting aside the documents related to cooperators (which are also listed on Defendant Nordean's exhibit list) and the record certificates that serve to authenticate materials from providers such as Google, there are fewer than thirty additional items. The overwhelming majority of the items are images or short video or audio clips that do not require time-intensive review.  Below is a summary of the items added to the list on December 29.

- Three (3) physical exhibits (Exhibits 72-74);
- Three (3) U.S. Capitol Police CCTV clips (totaling less than twenty minutes) (Exhibits 147, 154, 180);
- Four (4) clips showing damage on the west front of the Capitol (totaling less than four minutes) (Exhibit 479A-D);

- Two (2) clips from the west front of the Capitol (totaling less than two minutes, one of which was litigated in pretrial motions practice, *see* ECF 475 at 31) (Exhibits 437A-B)
- One (1) video from events in the lower west tunnel on January 6, 2021, which provided a different-angle view of events depicted in other videos that were already on the government's exhibit list (Exhibit 481);
- One (1) video from the body worn camera of a Metropolitan Police Officer on December 12, 2020 (Exhibit 275);
- One (1) brief audio clip of U.S. Capitol Police radio run with transcript (Ex. 398)
- One (1) video from December 12, 2020, that is 11 seconds long (Ex. 419E)
- Two (2) podcasts featuring Jeremy Bertino (Exhibits 617 and 618);
- One (1) Telegram voice note from Ethan Nordean (Exhibit 551);
- Six (6) additional photographs (Exhibit 405NN-PP, 483, 492H, 498A);
- One (1) receipt from the Architect of the Capitol (2 pages) (Ex. 932B);
- One (1) D.C. Superior Court document ordering Enrique Tarrio to stay-away from Washington, D.C.—where the parties had discussed in pretrial motions practice that the stay-away order would be relevant at trial (Ex. 933)
- One (1) 53-second clip of the Presidential Debate between Donald Trump and Joe Biden (Ex. 1101);
- One (1) Tweet from President Trump on December 19, 2020 (Ex. 1102);
- Two (2) Proud Boys documents and two (2) photographs, including one document identified on Tarrio's exhibit list (Ex. 1103A-D);
- Ten (10) additional records certificates from Google, Apple, AT&T, and Amazon; and
- Eighteen (18) documents related to cooperating witnesses (virtually all of which were also listed on Nordean's exhibit list)

The exhibit list also reflects updates to the exhibit list to provide an exhibit number for shorter versions of clips that have previously provided. In some instances, e.g., Exhibits 414Ax and 414Bx, the government has now listed a specific exhibit number for clips that are incorporated into other composite exhibits that have been assembled (and previously listed and produced) by the government, e.g., Exhibit 1010 (compilation of videos and photographs featuring Pezzola). Listing each component part of the video on the exhibit list will allow the parties to better track and identify individual clips used in larger compilations. In addition, the government has also created and listed individual exhibit numbers for longer videos that have previously been provided and listed. For example, the government created shorter clips of a longer montage published by the L.A. Times (Exhibit 440) to address issues raised by defendants about the introduction of

4

longer videos that might feature audio and visual commentary. *See*, *e.g.*, ECF 489 at 4 (Point 3). The government listed these clips under the original, longer exhibit. For example, one of the clips of the L.A. Times video was given exhibit number 440A and listed as such on the exhibit list. These updates are listed in green in the attached comparison of the exhibit lists.

Defendants suffer no prejudice by the government's updates to its exhibit list. The parties are unlikely to deliver opening statements until on or after January 6, 2023. The government is unlikely to call its first witness until on or after January 9, 2023. Defense counsel will have ample time to review the handful of new exhibits prior to their receipt into evidence, particularly given that counsel have had a significant period of time to review the lion's share of the government's previously disclosed exhibits. The Court is well within its discretion to permit the government to make minor modifications to its case in chief prior to—and even during—the trial in this matter. Indeed, the D.C. Circuit found no error in the admission of a written report by the government three weeks into the trial even though defense counsel had "less than one day's notice" of the government's plan to introduce the exhibit. *Bikundi*, 926 F.3d at 782. And here, unlike in *Bikundi*, the government has previously produced nearly all of the materials that it seeks to add to its exhibit list.

The government has acted in good faith in providing a robust set of exhibits well in advance of trial and in adding a limited number of additional exhibits in the final preparation for trial. The government's inclusion of a handful of additional exhibits, including business record certifications and cooperator materials (identified as exhibits by the defendants), creates no prejudice to the defendants.

## CONCLUSION

For the foregoing reasons, Nordean's motion to exclude the introduction of the government's additional exhibits should be denied.

                                            Respectfully Submitted,
                                            MATTHEW M. GRAVES
                                            United States Attorney
                                            D.C. Bar No. 481052

By:    */s/ Erik M. Kenerson*
        ERIK M. KENERSON // Ohio Bar No. 82960
        JASON B.A. MCCULLOUGH
          NY Bar No. 4544953
       NADIA E. MOORE // N.Y. Bar No. 4826566
          On Detail to the District of Columbia
       Assistant United States Attorneys
       601 D Street NW
       Washington, D.C. 20530
       (202) 252-7201
       Erik.Kenerson@usdoj.gov

       */s/ Conor Mulroe*
      Conor Mulroe // N.Y. Bar No. 5289640
      Trial Attorney // U.S. Department of Justice,
       Criminal Division
      1301 New York Avenue, Suite 700
      (202) 330-1788
      conor.mulroe@usdoj.gov