UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
UNITED STATES OF AMERICA,           )  Criminal Action
                                    )  No. 21-175-6
vs.                                 )
                                    )
DOMINIC J. PEZZOLA,                 )  May 24, 2022
                                    )  11:26 a.m.
              Defendant.            )  Washington, D.C.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


*(EXCERPT)*


**TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE TIMOTHY J. KELLY,
UNITED STATES DISTRICT COURT JUDGE**
*(Parties appearing via videoconference and/or telephonically.)*


APPEARANCES:

FOR THE UNITED STATES:
                    ERIK KENERSON
                    CONOR MULROE
                    JASON MCCULLOUGH
                    NADIA MOORE
                    U.S. Attorney's Office
                    for the District of Columbia
                    555 Fourth Street, NW
                    Washington, DC 20530
                    (202) 252-7201
                    Email: erik.kenerson@usdoj.gov

FOR THE DEFENDANT:  STEVEN ALAN METCALF, II
                    99 Park Avenue, 6th Floor
                    New York, NY 10016
                    (646) 253-0514
                    Email: fedcases@metcalflawnyc.com


Court Reporter:     Elizabeth Saint-Loth, RPR, FCRR
                    Official Court Reporter

*This hearing was held via videoconference and/or
telephonically and is, therefore, subject to the limitations
associated with the use of technology, static interference, etc.*

Proceedings reported by machine shorthand, transcript
produced by computer-aided transcription.

1                    **P R O C E E D I N G S**

2               THE COURTROOM DEPUTY:  We are on the record in

3      Criminal Matter 21-175, United States of America versus

4      Defendant 6, Dominic J. Pezzola.

5               Present for the government are Jason McCullough,

6      Erik Kenerson, Conor Mulroe, and Nadia Moore.  Present for

7      the defendant is Steven Metcalf.  Also present is defendant

8      Mr. Pezzola.

9               THE COURT:  Right.  Good morning to everyone.

10              We are here today for a status in Mr. Pezzola's

11     case because, frankly, Ms. Harris informed me that the last

12     time we were here in the case, with all of the defendants

13     present, that Mr. Pezzola had wanted to address me in some

14     way, but I signed off.  We concluded the hearing last time

15     without either giving Mr. Pezzola or his lawyer the

16     opportunity to raise this with me.  So I wanted to come back

17     and have him do that.

18              Out of an abundance of caution -- because I really

19     don't know what Mr. Pezzola wants to say and whether it

20     implicates the attorney-client relationship, what I am going

21     to ask that we do is go under seal and ex parte from the

22     government to have Mr. Pezzola make whatever representations

23     he wants to -- obviously, Mr. Metcalf will be present -- to

24     have him raise what he would like with me.  And then we'll

25     go from there, depending upon what the nature of what he

1      would like to say is.

2              Mr. Metcalf, is that acceptable to you?

3              MR. METCALF:  Yes, Your Honor.  And I'd actually

4      request that this be under seal, so I appreciate it.

5      Thank you.

6              THE COURT:  All right.  And whomever from the

7      government wants to address this, does that course seem

8      reasonable to you?  Is there any objection from the

9      government?

10             MR. KENERSON:  No objection, Your Honor.

11             THE COURT:  All right.  So let's go ahead and do

12     that.

13             I don't know, Ms. Harris, whether it makes sense

14     to -- obviously, we're going to close off the public line so

15     the public will not hear.  And then -- whether it makes

16     sense to simply put everyone but the government in a

17     breakout room or whether it makes -- if it's easier to just

18     go ahead and put the government in a breakout room so

19     everyone else is in a separate space -- you can work out

20     what you think makes the most sense.

21             THE COURTROOM DEPUTY:  So I actually am going to

22     put the government back in the waiting room so they can have

23     the soothing sounds of the music while they wait --

24             THE COURT:  All right.

25             THE COURTROOM DEPUTY:  -- unless they want to be

1    in a breakout room so that they can discuss anything.  But,

2    otherwise, I will just put them in the waiting room and,

3    then, I could easily pull them back in once we're done.

4                  THE COURT:  Just so they know, if they're in the

5    waiting room --

6                  THE COURTROOM DEPUTY:  They can't talk with each

7    other.

8                  THE COURT:  Right.  But also -- okay.  And

9    nothing -- will the -- the public line will be off, so if

10   they are doing something and happen to mention -- say

11   something, that won't go out on the public line?

12                 THE COURTROOM DEPUTY:  Well, in the waiting room

13   no one can hear each other, so they won't be able to talk to

14   each other in the waiting room.

15                 THE COURT:  Right.  They can't talk to each

16   other --

17                 THE COURTROOM DEPUTY:  The public line can't hear

18   that either --

19                 THE COURT:  Okay.  All right.  That's the only

20   thing I wanted to clarify.  Let's go ahead and do that.

21                 THE COURTROOM DEPUTY:  So is that fine,

22   government?  The waiting room is fine?

23                 MR. KENERSON:  Yes.  That's fine.  Thanks.

24                 THE COURTROOM DEPUTY:  So give me one second.

25                 (Whereupon, a sealed, ex parte discussion was held

1     but has **not** been transcribed.)

2          THE COURTROOM DEPUTY:  All right.  We have

3     everyone back now, Your Honor.

4          THE COURT:  All right.  Very well.

5          So let me just inform the government of the

6     following just so you-all are prepared to address this when

7     we come back on the 2nd.  Mr. Pezzola may move at that time

8     for a new attorney.  And so I want the government to just be

9     aware that this is a potential issue we may have to address

10    on June 2nd.

11          Mr. Kenerson, you can't hear me?

12          MR. KENERSON:  I can now.

13          THE COURT:  All right.

14          Could the court reporter hear me the whole time?

15          THE COURT REPORTER:  Yes, Your Honor.

16          THE COURT:  Well, I will just repeat what I said.

17          I guess I am informing the government -- and I

18    certainly am going to enter a minute order to this effect --

19    that government counsel and the other defendants be prepared

20    to address on June 2nd, when we're back next in this case,

21    whether -- if Mr. Pezzola moves at that time for a new -- to

22    have a new counsel, what the government's position on that

23    will be and what all the other defendants' positions on that

24    would be; so I will just put it that way.

25          Mr. Pezzola -- that it is a possibility that, on

```
 1      June 2nd, Mr. Pezzola will move for new counsel.  And I just

 2      want the government to be aware that that may happen and

 3      that the government should be prepared to address that

 4      issue.  And I am going to enter a minute order so that all

 5      of the defendants are aware of that and are prepared to

 6      address that on the 2nd.

 7              Any questions from the government on that?

 8              MR. KENERSON:  No, Your Honor.

 9              THE COURT:  All right.  Very well.

10              We will see everyone back here next week, and

11      we'll go from there.

12              Anything further from the government -- not just

13      on that, but on any particular point?

14              MR. KENERSON:  No, Your Honor.  Thank you.

15              THE COURT:  All right.  Anything from you,

16      Mr. Metcalf?

17              MR. METCALF:  Nothing further, Your Honor.

18      Thank you.

19              THE COURT:  All right.  Very well.  We will see

20      you all next week.

21              (Whereupon, the proceeding concludes, 12:02 p.m.)

22

23

24

25
```

## CERTIFICATE

I, ELIZABETH SAINT-LOTH, RPR, FCRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings to the best of my ability.

PLEASE NOTE:  This hearing was held via videoconference and/or telephonically in compliance with the COVID-19 pandemic stay-safer-at-home recommendations and is therefore subject to the limitations associated with the use of technology, including but not limited to telephone signal interference, static, signal interruptions, and other restrictions and limitations associated with remote court reporting via telephone, speakerphone, and/or videoconferencing capabilities.

This certificate shall be considered null and void if the transcript is disassembled and/or photocopied in any manner by any party without authorization of the signatory below.

Dated this 7th day of June, 2022.

/s/ Elizabeth Saint-Loth, RPR, FCRR
Official Court Reporter