UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.                                                                21-CR-175-2 (TJK)

JOSPEH R. BIGGS, et al.,                                January 8, 2023

    Defendants.

## MOTION FOR EMERGENCY ORDER

Norman A. Pattis, undersigned counsel for Joseph Biggs, requests entry of an Order permitting him to remain a practicing member of the bar of this Court during the pendency of the proceedings in this case up to and including the entry of judgment. In support of this Motion, he represents as follows:

1. He is a full member of the bar of this Court, appearing under Bar No. CT13120.

2. He is co-counsel for Mr. Biggs together with John Daniel Hull in the above-captioned matter and has been actively engaged in trial preparation and jury selection.

3. The jury is scheduled to be selected on January 9, 2023, with opening arguments to commence on January 10, 2023.

4. He maintains a home office in the State of Connecticut located in New Haven. That address is 383 Orange St., New Haven, CT 06511.

5. At the close of business on January 5, 2023, he learned that a judge of the Superior Court of the State of Connecticut had issued an order suspending me from the practice of law for six months. The order took effect upon publication. He is therefore suspended from the practice of law in Connecticut for a period of six months.

6. He promptly notified chambers in this case of this event; indeed, he notified the Court of the potential for this event weeks ago, when the issue was widely reported upon in the press.

7. He has directed his office to notify the clerk of this Court of his suspension pursuant to Local Rule 83.15(b)(2).

8. The Local Rules provide for automatic suspension as a form of reciprocal discipline when another jurisdiction issues a suspension of more than 30 days.

9. The Local Rules further provide that the suspension is immediate and automatic upon service of a show cause order. Service is made by means of certified mail at the last known address recorded with the clerk of this Court. Local Rule 83.16.

10. He has not been notified of an order of suspension.

11. Under Connecticut law, a trial court judge may issue discipline, including suspension and disbarment, for matters arising in cases before them, without referring the matter for disciplinary proceedings before an independent tribunal. Upon information and belief, Connecticut is the only state in the nation that proceeds in this matter.

12. His counsel in Connecticut is currently seeking a stay pending appeal from the trial court judge issuing the order, and a hearing has been set for that matter this Friday. He is advised that a stay is unlikely, and that he will likely need to seek one in the Connecticut Appellate Court by way of a writ of error.

13. He intends to challenge the suspension both as a matter of Connecticut law and in the District of Columbia.

14. The grounds for the appeal in both jurisdictions will be as follows:

a. He was suspended for disclosing confidential medical records to other lawyers working on related matters for our joint client, Alex Jones;

b. One of those lawyers inadvertently sent the records to an opponent in a case involving Mr. Jones in Texas;

c. No one who received the records actually looked at them;

d. The trial court determined that the recipients were not "counsel of record" within the meaning of a confidentiality order issued in Connecticut; at a show cause hearing, he elected to assert his Fifth Amendment privilege as the claim arose from disclosure of HIPPA-protected material. Unauthorized disclosure of a medical record is an element of a criminal offense under Connecticut law, and, arguably, is also under federal law;

e. The trial court concluded that while it did not draw an adverse inference against him for asserting the Fifth Amendment in the hearing, which is not permitted under Connecticut law, he was nonetheless uncooperative with the inquiry;

f. He has no disciplinary history prior to the Jones case;

g. He was entitled to a fair and impartial consideration of his alleged misconduct and did not receive it for the following reasons:

   i. No third party initiated a complaint about his conduct; the "process" yielding discipline against him was a result of the judge's referral to herself of the matter;

   ii. The trial court lacked jurisdiction over the claim in that it initiated a show cause proceeding based on allegations the court either read about

        in the newspaper or heard about on television. No conduct occurred before the court warranting it initiating a proceeding;

iii. The trial court had demonstrable bias against him and abused its discretion in taking jurisdiction over this matter. Previously, in that case, the court referred the undersigned for disciplinary proceedings regarding the handling of an affidavit. (Indeed, the undersigned self-referred before the court acted after questions were raised about the affidavit.) He was exonerated after a trial on the merits by an independent panel. This procedure was available to the court in the medical records issue, yet the court elected not to refer the matter, suggesting an interest in the outcome;

iv. He had previously moved to disqualify the trial court for a pattern of abuse of discretion and an appearance of bias against his client, Alex Jones, who stood trial in Connecticut for comments he made about the shooting deaths of school children at the Sandy Hook Elementary School in 2012. The trial court denied that motion. He believes it was improper for the court to hear an issue involving him after he had challenged its competence and impartiality in a public pleading;

v. He had twice previously sought emergency interlocutory review of the trial court's rulings in Mr. Jones' case. On one occasion, the Supreme Court of Connecticut granted review to consider whether the trial Court violated Mr. Jones's right to freedom of speech for sanctioning him regarding extrajudicial comments about a lawyer in the case. The

    brief the undersigned wrote was highly critical of the judge and was reported widely in the media. The state supreme court sustained the judge's discipline after argument, more than a year's deliberation and a lengthy opinion. He then sought *certiorari* and lost. He believes it was improper of the court to hear an issue involving him after he had challenged its understanding of the first amendment in a highly public and widely reported upon proceeding;

vi. Prior to his exoneration by an independent panel on the judge's earlier referral involving the aforesaid affidavit, the judge called him to the bench for a private discussion in which it expressed its disappointment in him, telling him that she had previously highly regarded him. This comment suggests that the court had prejudged a decision involving him before he had even had a chance to address the allegations in an evidentiary hearing;

vii. The underlying litigation involving Mr. Jones was hotly contested, involved more than 1,000 docket entries, and was the subject of a televised trial. He aggressively defended Mr. Jones in the matter, at times toeing the line between respect and contempt for the court. His client was openly and admittedly in contempt of the court., testifying that he did have contempt for the proceedings. The trial court issued its show cause order against the undersigned as the underlying matter went to trial, and the proceedings were pending during the trial; and

  viii. Observers of the trial have reported an impression that the judge showed palpable animosity toward him.

15. He is counsel of choice for Mr. Biggs in this matter and his suspension from the case at this point will deprive Mr. Biggs of counsel of choice, in potential violation of *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006).

16. Local rules of this Court permit automatic suspension may not enter if the Court finds "extraordinary circumstances." Local Rules 83.16(c)(2).

17. The undersigned requests that this Court find "extraordinary circumstances" limited to this case in that:

 a. The parties are on the cusp of evidence and have been engaged in two weeks of jury selection;

 b. The undersigned is part of a defense team involving multiple parties;

 c. Although Mr. Biggs has other counsel in addition to the undersigned, the record in this case is voluminous, and appears to grow daily, given the recent disclosure of the House Select Committee report;

 d. Mr. Biggs would be deprived of counsel of choice by his immediate suspension;

 e. Other defendants would also be prejudiced by removal of the undersigned;

 f. The undersigned has shown appropriate decorum to both the Court and Government counsel, apologizing promptly when, in the heat of advocacy, his remarks bordered on the intemperate;

g. The underlying proceedings in Connecticut resulting in suspension arose in a unique context and were conducted by a judicial officer for whom there are good grounds to question impartiality and the application of due process; and

h. Mr. Hull joins this Motion, but, for obvious reasons, cannot attest to the factual representations made as to the Connecticut proceedings.

Therefore, and for good cause shown, the undersigned requests that this Motion be granted, and that an Order to the Clerk of this Court issue to refrain from suspension of the undersigned in this case at 21-cr-175 until such time as judgment enters.

Respectfully submitted,

COUNSEL FOR JOSEPH BIGGS

By: /s/ Norman A. Pattis
D.C. Bar No. CT13120
PATTIS & SMITH, LLC
383 Orange St.
New Haven, CT 06511
203.393.3017  office
203.393.9745  fax

By: /s/ J. Daniel Hull
D.C. Bar No. 323006
HULL MCGUIRE PC
1420 N Street, NW
Washington, DC 20005
202.429.6520  office
412.261.2627  fax

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 8, 2023, a true and correct copy of the foregoing was served through the CM/ECF system upon all counsel of record, including Government counsel Jason McCollough, Erik Kenerson, Nadia Moore and Conor Mulroe.

By: /s/ Norman A. Pattis
D.C. Bar No. CT13120
PATTIS & SMITH, LLC
383 Orange St.
New Haven, CT 06511
203.393.3017  office
203.393.9745  fax

By: /s/ J. Daniel Hull
J. Daniel Hull
D.C. Bar No. 323006
HULL MCGUIRE PC
1420 N Street, NW
Washington, DC 20005
202.429.6520  office
412.261.2627  fax