UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-175 (TJK) |
| : | |
| ETHAN NORDEAN, et al., : | |
| : | |
| Defendants. : | |

### GOVERNMENT'S RESPONSE TO NORDEAN'S
### MOTION FOR TEMPORARY RELEASE

The United States respectfully files this response in opposition to defendant Nordean's Expedited Motion for Temporary Release Due to his Inability to Review Trial Evidence (ECF 626). For the following reasons, the motion should be denied.

### FACTS

Nordean has been detained since April 20, 2021, based on a finding by this Court by clear and convincing evidence that no release conditions could reasonably assure the safety of any other person and the community. ECF 65 (detention order); 72 (trans. of oral ruling). His appeal of the detention order was denied by the D.C. Circuit on June 25, 2021. ECF 107. Since then, Nordean has moved multiple times on multiple bases for release from custody; each time, the Court has denied his motions. *See, e.g.*, ECF 281, 408. Those included, roughly one year ago, a motion under 18 U.S.C. § 3142(i) for temporary release based on purported inability to review discovery, which the Court denied. ECF 281.

Nordean now files a subsequent motion for release under Section 3142(i), claiming that he has "no access to trial exhibits whatsoever" and therefore must be released "to a residence in Washington, D.C., rented by his family, who would serve as his third-party custodians." ECF 626

at 2, 5. Trial began on December 19, 2021 and, after a holiday break, has resumed with full days of court Monday through Thursday; the schedule for Fridays is expected to vary week-to-week.

## ARGUMENT

The standard for release under Section 3142(i) was thoroughly explained in this Court's opinion denying Nordean's previous request for release on this basis. ECF 281. In short, the remedy "'is intended for 'extraordinary circumstances,' which are exceedingly rare." *Id.* (quoting *United States v. Hill*, No. 3:17-cr-276, 2020 WL 4208936, at *2 (M.D. Pa. July 22, 2020)). It is granted only upon a showing that "'less drastic' measures are either unavailable or insufficient." *Id.* (quoting *United States v. Keeton*, 457 F. Supp. 3d 855, 861 (E.D. Cal. 2020), aff'd, No. 20-10162, 2020 WL 4805479 (9th Cir. June 17, 2020)).

Nordean has failed to show that there are no "less drastic" options for expanding his access to the trial materials. He explains that he has been at the Alexandria Jail since November 30, but he does not describe any efforts to engage with jail staff or with the U.S. Marshals Service on the issue until January 2, which was two weeks after jury selection had commenced and more than a month since his arrival at the facility. Upon being frustrated in his efforts to deliver a USB drive on the morning of January 7, Nordean leapt directly to the "drastic" remedy of a release motion, rather than seeking the assistance of the Court in negotiating a workable arrangement that complies with the security requirements of the jail and the USMS.

Nordean has also made no efforts to engage the government in discussions about what steps might be taken to improve his access to trial materials. Throughout the pendency of the case, and particularly in the leadup to trial, the government has made all reasonable efforts to facilitate defendants' access to discovery. These have included, most recently, re-designating the entirety

of the government's Jencks production from "highly sensitive" to "sensitive" so that counsel could provide the defendants with copies for them to review on their own time outside the presence of their attorneys. One possibility here would be to furnish Nordean with paper copies of certain exhibits, which — although not a complete substitute for the largely-digital exhibits — would allow him to use his out-of-court time productively even without access to electronic materials. Nordean, however, has made no attempt to explore such options with the government. He consequently cannot establish that no remedy "less drastic" than release exists.

Moreover, with trial now underway, Nordean is spending at least four full days per week in court with his attorney. The trial schedule places an inherent limitation on the time available for reviewing exhibits and evidence, such that — even if he were released — Nordean would not be able to devote himself 24/7 to reviewing electronic materials. This fact distinguishes this case from those discussed in *United States v. Persico*, where the justification for release was to permit eleventh-hour, presumably around-the-clock preparations "in the short time available *before the commencement* of trial." ECF 626 at 2 (quoting *Persico*, No. S 84 CR 809 (JFK), 1986 WL 3793, at *1 (S.D.N.Y. Mar. 27, 1986)). As it happens, *Persico* itself involved a Section 3142 motion brought mid-trial, like Nordean's, which fact caused the court to find those other cases "inapposite" and deny the defendant's motion. *Id.* Here, like in *Persico*, Nordean "has had ample time to prepare his defense"[1] and is enjoying regular access to his counsel. *Id.*

On that last point, Nordean mentions that release would allow him "to adequately confer with counsel about fundamental decisions he must make alone, including whether to testify in his own behalf." ECF 626 at 5. This claim is unmoored from the rest of Nordean's motion, which is

---

[1] The government began producing trial exhibits to the defendants approximately three months ago, and has received no complaints about a lack of access during that time.

premised solely on his purported difficulty accessing evidence. Nordean's current conditions afford him ample access to his attorney, with whom he sits at counsel table all day and whom he can contact by phone when court is not in session.

Finally, the government would note that all the original justifications for detaining Nordean remain present at this late hour. Especially pertinent, when originally detaining Nordean and Biggs the Court rightly expressed concern that "these are individuals who have a history and some know-how in concealing communications from law enforcement." ECF 72 at 57. Nordean's request seems to imply that he would be using a computer of his own to review the exhibits at the temporary residence rented by his parents (although he earlier described himself as "a CJA defendant who cannot be expected to simply buy a new computer"). Such access by Nordean to networked devices outside the custodial setting would give rise to unacceptable risks over and above those posed by release generally. *See* Minute Order of 12/14/21 ("Even if the conditions proposed by Nordean included a ban on his possession of electronic devices--a ban that could make it hard for him to review electronic evidence in the case--and even if he abided by that condition, he would still have access to less sophisticated means of communication, such as the use of a land-line telephone or the regular mail, that he could use to exercise leadership, conduct planning, and communicate with associates.").

## **CONCLUSION**

For the foregoing reasons, Nordean's motion for release should be denied.

                              Respectfully submitted,

                              MATTHEW M. GRAVES
                              United States Attorney
                              DC Bar No. 481052

By:    */s/ Jason McCullough*
        JASON B.A. MCCULLOUGH
        D.C. Bar No. 998006, NY Bar No. 4544953
        ERIK M. KENERSON, OH Bar No. 82960
        NADIA E. MOORE, NY Bar No. 4826566
          On Detail to the District of Columbia
        Assistant United States Attorneys
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-7233 //
        jason.mccullough2@usdoj.gov

By:    */s/ Conor Mulroe*
        CONOR MULROE, NY Bar No. 5289640
        Trial Attorney
        U.S. Department of Justice, Criminal Division
        1301 New York Ave. NW, Suite 700
        Washington, D.C. 20530
        (202) 330-1788
        Conor.Mulroe@usdoj.gov