UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ETHAN NORDEAN, et al.,<br><br>Defendants. | )<br>)<br>) Case No. 1:21-cr-175-TJK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NORDEAN'S RESPONSE TO THE GOVERNMENT'S MOTION TO COMPEL
EXPERT NOTICE**

On January 2, the government moved the Court for "an order compelling defendant Ethan Nordean to provid[e] expert notice for a putative expert witness . . . ." ECF No. 621. As the motion rests on a misreading of Federal Rule of Criminal Procedure 16, the Court should deny it.

**Argument—Rule 16's expert disclosure provisions**

Federal Rule of Criminal Procedure 16 contains two sets of expert witness disclosure requirements, one for the government and one for the defense. The first is the government's:

> (G) *Expert Witnesses*.
>
> (i) Duty to Disclose. At the defendant's request, the government must disclose to the defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 *during its **case-in-chief**, **or** during its **rebuttal to counter testimony*** that the defendant has timely disclosed under (b)(1)(C). If the government requests discovery under the second bullet point in (b)(1)(C)(i) and the defendant complies, the government must, at the defendant's request, disclose to the defendant, in writing, the information required by (iii) for testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 on the issue of the defendant's mental condition.

Fed. R. Crim. P. 16(a)(1)(G)(i) (emphasis and underlining added).

1

The defendant's expert witness disclosure requirement is as follows:

> (C) *Expert Witnesses*.
>
> (i) Duty to Disclose. At the government's request, the defendant must disclose to the government, in writing, the information required by (iii) for any testimony that the defendant intends to use under Federal Rule of Evidence 702, 703, or 705 *during the defendant's **case-in-chief*** at trial, if:
>
> - the defendant requests disclosure under (a)(1)(G) and the government complies; or
>
> - the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

Fed. R. Crim. P. 16 (b)(1)(C)(i) (emphasis added).

As the government allows—ECF No. 621, p. 3—Rule 16(b)(1)(C)(i) was amended, effective December 1, 2022, to add the phrase "defendant's case-in-chief." Fed. R. Crim. P. 16, 2022 Advisory Committee Notes. The Supreme Court order implementing this amendment directs that it "shall govern in all criminal cases [] commenced [after December 1, 2022] and, insofar as just and practicable, *all proceedings then pending*." See https://www.supremecourt.gov/orders/courtorders/frcr22_llh2.pdf, p. 3 (emphasis added).

The government suggests that the addition of the phrase "defendant's case-in-chief" to Rule 16(b)(1)(C)(i) effected no change at all, that the new language is surplusage. Argues the government:

> The Advisory Notes make clear that the addition of the phrase in the 2022 version of the rule was added solely to make the government's and defendant's disclosures "parallel as well as reciprocal." Fed. R. Crim. P. 16, 2022 Advisory Committee Notes. The Committee further was explicit: "No change from current practice in this respect is intended." *Id.*

ECF No. 621, p. 4.

However, the government has omitted material from the Committee Note. Immediately before the line quoted by the government is the following commentary:

2

> The amendment to (b)(1)(C) includes the *limiting phrase*—now found in (a)(1)(G) and carried forward in the amendment— *restricting* the disclosure obligation to testimony the defendant will use in the defendant's "case-in-chief. . ."
>
> The amendment to (a)(1)(G) also clarifies that the *government's* disclosure obligation includes *not only the testimony it intends to use in its case-in-chief, but also testimony it intends to use to rebut testimony* timely disclosed by the defense under (b)(1)(C).

Fed. R. Crim. P. 16, 2022 Advisory Committee Notes (emphasis added).

Thus, following the December 1, 2022 amendment, Rule 16 explicitly distinguishes between expert testimony used during a party's "case-in-chief" (for which both the government and the defendant have a Rule 16 disclosure obligation) and such testimony used in rebuttal (for which only the government has a Rule 16 disclosure obligation).

The government's motion nowhere addresses the meaning of the legal phrase "case-in-chief." That is because the definition contradicts the government's position. The Federal Rules of Criminal Procedure have the force and effect of law, and as the Supreme Court has explained, those rules are interpreted the same way courts interpret statutes, by looking first to "the Rule's plain language." *United States v. John Doe, Inc. I.*, 481 U.S. 102, 109 (1987); *see also United States v. Petri*, 731 F.3d 833, 839 (9th Cir. 2013). The plain meaning of "case-in-chief" is settled. It refers to "[t]he evidence presented at trial by the party with the burden of proof." Black's Law Dictionary 207 (7th ed. 1999). A criminal defendant bears a burden of proof only where he presents an affirmative defense, such as insanity. *See, e.g.*, 18 U.S.C. § 17; *United States v. Weston*, 255 F.3d 873, 884 (D.C. Cir. 2001).

Here, the government's motion shows that Nordean does not intend to offer expert testimony "during [his] case-in-chief at trial." Fed. R. Crim. P. 16 (b)(1)(C)(i). As he explained,

> Case in chief is a term of art that refers to evidence presented by a party with a burden of proof. When it is used in the context of a defendant in a criminal case, the term refers to an affirmative defense. More, "rebuttal" in "rebuttal expert" does not refer to the case phase (government's case, defense case), it refers to whether the evidence presented by

3

> the expert responds to evidence presented by an opposing party or is independent. Here, Duffy Hoffman would not testify as to any affirmative defense but rather respond to repair cost evidence presented by the government.

ECF No. 621, p. 2.

The Court's Trial Procedures Order confirms Nordean's understanding of rebuttal evidence. Trial Procedures Order, ECF No. 595, p. 3 (defining "rebuttal evidence" to mean "'[e]vidence offered to disprove or contradict the evidence presented by an opposing party.'" (quoting Black's Law Dictionary (9th ed. 2009)).

Although Nordean has no Rule 16 disclosure obligation with respect to rebuttal expert testimony such as Duffy Hoffman's, he provided ample information about the expert to the government, allowing it before the onset of trial to research the witness and his corpus:

> As a courtesy to the government and to avoid any claim of surprise, we are notifying the government of Nordean's intent to introduce rebuttal expert testimony, which will depend on the government's evidence concerning repair costs related to the Capitol window and black fence.
>
> The rebuttal expert is Duffy Hoffman, the owner of Hoffman Preservation and Restoration, which has been in the business of repairs at historical buildings for over 30 years. Mr. Hoffman is the author of a treatise in the field, published by the Window Preservation Standards Collaborative.[1]

ECF No. 621, p. 2.

Though the Supreme Court has directed courts to apply the new amendments to Rule 16 to cases pending on December 1, 2022 "insofar as just and practicable," the government flatly states in a footnote that application of them to Nordean's case "would be neither just nor practicable." ECF No. 621, p. 4 n. 3. But it provides no basis for that claim apart from the vague assertion that not ordering Nordean to provide a burdensome Rule 16 disclosure could

---

[1] The Collaborative's website, which features Mr. Hoffman, is not difficult to locate: https://windowstandards.org.

"potentially cause a mid-trial delay." *Id.* It does not explain why or how trial would be delayed given that it has possessed Mr. Hoffman's identity, field of expertise, the name of his treatise and the identity of his organization since before trial commenced. Tellingly, nowhere does the government explain what additional notice it believes it requires to avoid speculative trial delay.

For all these reasons, the government's motion should be denied.

Dated: January 16, 2023                             Respectfully submitted,


/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com


Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*

5

**Certificate of Service**

I hereby certify that on the 16th day of January, 2023, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

> Jim Nelson
> Assistant United States Attorney
> 555 4th Street, N.W., Room 4408
> Washington, D.C. 20530
> (202) 252-6986

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com