UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-175 (TJK) |
| | : | |
| ETHAN NORDEAN, et al. | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION TO PRECLUDE IMPROPER IMPEACHMENT BY VIDEO STATEMENT

During defendant Nordean's cross-examination of Matthew Greene on January 25, 2023, Nordean sought to impeach Mr. Greene with a number of statements he made to the FBI in January 2021. At the end of the trial day, Nordean sought "brief recross, simply to move the prior inconsistent statements into evidence," for the purposes of playing certain portions of Greene's videotaped statement that he did not play during that cross-examination 1/25/23 Tr. (P.M.) at 6010. In accord with the Court's trial procedures order encouraging the parties to submit law supporting disputes to chambers ahead of court, the government submits this motion.[1] For the reasons below, the statements with which Nordean seeks to impeach Mr. Greene are not proper impeachment and should neither be played for the jury nor admitted into evidence.

### LEGAL PRINCIPLES

"A basic rule of evidence provides that prior inconsistent statements may be used to impeach the credibility of a witness. As a preliminary matter, however, the court must be persuaded that the

---

[1] The Court had originally asked the parties to brief this issue by Friday, January 27, 2023, in anticipation of resolving it going forward before the government's next civilian witness. At the end of the day, Nordean's counsel's request for the recross accelerated that timeline, but then the cancellation of the Thursday trial day extended it again. To the extent that this is being filed after Friday, assuming the Friday deadline still exists, the government request permission to late-file.

statements are indeed inconsistent." *United States v. Hale*, 422 U.S. 171, 176 (1975) (citing 3A J. Wigmore, Evidence s 1040 (J. Chadbourn rev. 1970)). The threshold question is whether the pretrial statement is, in fact, "contradictory or inconsistent" with the answers given at trial. Through proper impeachment, a party may permissibly seek to challenge the credibility of a witness. Unless made under oath, "prior inconsistent statements are admissible only for impeachment purposes, not as substantive evidence to prove the truth of the matter asserted[.]" *See United States v. Wright*, 489 F.2d 1181, 1187 (D.C. Cir. 1973). "Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires." Fed, R. Evid. 613(b).

## **ARGUMENT**

Nordean seeks to impermissibly "impeach" Mr. Greene with statements about planning and what he heard on January 6 that are consistent with his trial testimony. The government did not ask Mr. Greene about whether the Proud Boys had a "plan" to storm the Capitol (or to do anything else) on January 6, 2021. Mr. Greene did not testify to knowledge of a plan or to any discussion of violence on January 6 itself, nor does the validity of Mr. Greene's guilty plea rest on the existence of an explicit plan known to him. Proof of an agreement in a conspiracy case "need not be shown to have been explicit, and can be inferred from the facts and circumstances of the case. In other words, since a conspiracy is by nature secret, the jury may fairly infer the existence of the agreement through either direct or circumstantial evidence." *United States v. Shi*, 991 F.3d 198, 205 (D.C. Cir. 2021) (internal citations and quotations omitted).

Mr. Greene specifically testified that he entered into an implicit agreement. 1/24/23 Tr. (P.M.) at 5576.  Mr. Greene testified that he was not told a plan, and that there was no discussion of

violence on January 6, among other things. There is no basis in the rules of evidence or case law to impeach his testimony with statements consistent with that testimony.

A review of Mr. Greene's testimony, on both direct and cross examination, reveals that the statements Nordean seeks to play for the jury are not inconsistent therewith. The government asked Mr. Greene, for example, about whether he and Mr. Pezzola shared views about where he believed the country was and whether Mr. Pezzola was acting in tandem with him on January 6. *See*, *e.g.*, 1/24/23 Tr. (P.M.) at 5499; *id.* at 5520. It did not ask him about an explicit plan. On cross-examination from nearly every defendant, Mr. Greene testified that he was not aware of a plan. *E.g.*,

> Q. Okay. Okay. So it's your position that the -- remember that breach we just watched at the first barrier?
>
> A. Yes, yes.
>
> Q. It's your position the Proud Boys did not plan that. Right?
>
> A. Right.

*Id.* at 5561 (Nordean); *see also* 1/25/23 Tr. (A.M.) at 5778 (Biggs); 1/25/23 Tr. (P.M.) at 5945 (Tarrio); *Id.* at 5976 (Pezzola).

Similarly, Mr. Greene testified during direct examination that his expectation was, "if there was violence started, you should not back down." 1/24/23 Tr. (P.M.). at 5478. Neither the government nor any defendant elicited from Mr. Greene that there was any affirmative discussion of the use of violence on January 6, despite counsels' attempts to characterize Mr. Greene's answer as containing such a statement. The government never elicited from Mr. Greene on direct any testimony regarding whether anyone was discussing the use of violence on January 6, nor did he testify, on direct or cross, that he heard any such discussions on January 6.

During the morning of January 25, 2023, counsel for Nordean attempted to impeach Mr. Greene with the following alleged statements made to the FBI In January 2021:

- "I'm telling you, the God honest truth, that there wasn't any plan that day," 1/25/23 Tr. (A.M.) at 5687;

- "Didn't you tell the FBI in January 2021 that you never knew -- you didn't see anyone talking about violence on January 6th?", *id.* at 5688;

- "Didn't you tell . . . the FBI in January 2021 that you did not understand people to be wanting to commit violence?", *Id.* at 5690;

- "Didn't you tell the FBI that you didn't think there was anyone – it was not your understanding that there would be violence at any point?", *id.*;

- "Didn't you tell the FBI that even after the barriers had come down, you hadn't done anything wrong?", *id.* at 5692.[2]

Although he did not specify which particular statements he seeks to admit through "brief recross," Nordean did not put any others to Mr. Greene that were not played for the jury.

With the possible exception of the question regarding whether he had not done anything wrong, all of the above statements put to Mr. Greene by Mr. Smith are consistent with his testimony on both direct and cross examination. There is thus nothing in Mr. Greene's testimony to impeach with those statements, and they should not be played for the jury. The majority are in fact expressly *consistent* with Mr. Greene's testimony, and thus inadmissible. Although the government did not object at the time Mr. Smith posed the questions, that lack of objection does not allow him to play the extrinsic evidence of a prior consistent statement by the witness.[3]

---

[2] Nordean has not proffered the portions of Mr. Greene's statement from which he formulated those questions. The Court should require that he do so as part of any argument on this motion.

[3] After further reflection, the government is withdrawing its earlier objection to the defendants' ability to play inconsistent statements for the jury after a witness admits to making those statements, so long as the statement at issue is both actually inconsistent with the witness's trial testimony and material. *See United States v. Marshall*, 935 F.2d 1298, 1300 (D.C. Cir. 1991) ("There is some authority supporting Marshall's position that a trial court must admit extrinsic evidence of

**CONCLUSION**

For the reasons stated above, and any additional reasons as may be cited at a hearing, the government respectfully requests that the Court not permit Nordean to play the portions of Mr. Greene's statements he has proffered.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:    */s/ Jason McCullough*
       JASON B.A. MCCULLOUGH
       NY Bar No. 4544953
       ERIK M. KENERSON, OH Bar No. 82960
       NADIA E. MOORE, NY Bar No. 4826566
        On Detail to the District of Columbia
       Assistant United States Attorneys
       601 D Street, N.W.
       Washington, D.C. 20530
       (202) 252-7233 //
       jason.mccullough2@usdoj.gov

By:    */s/ Conor Mulroe*
       CONOR MULROE, NY Bar No. 5289640
       Trial Attorney
       U.S. Department of Justice, Criminal Division
       1301 New York Ave. NW, Suite 700
       Washington, D.C. 20530
       (202) 330-1788
       Conor.Mulroe@usdoj.gov

---

prior inconsistent statements regarding material issues. . . . Nevertheless, we do not believe the statements at issue here can be so characterized"). The statements at issue here are either consistent, immaterial, or both, for the reasons stated above, and thus should not be played for the jury. *See id.*