UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 21-cr-175-6 (TJK) |
| | : | |
| **DOMINIC PEZZOLA,** | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION
FOR MISTRUIAL DUE TO THE GOVERNMENT'S IMPROPER
USE OF WITNESS'S PLEA AGREEMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to defendant Pezzola's motion for mistrial due to the government's alleged improper use of a witness's plea agreement. The government's use of that plea agreement was entirely proper and has been sanctioned by the D.C. Circuit.

**LEGAL PRINCIPLES**

"A government witness' guilty plea obviously may not be used as substantive evidence of the guilt of defendants, but the plea is equally obviously admissible to show the witness' acknowledgement of his role in the offense and to reflect on his credibility." *United States v. Tarantino*, 846 F.2d 1384, 1404-05 (D.C. Cir. 1988). The substance of a witness's plea agreement is admissible on direct examination, including provisions defendants have argued improperly "bolster" a witness's testimony. *United States v. Spriggs*, 996 F.2d 320, 324 (D.C. Cir. 1993).

**ARGUMENT**

The record, taken as a whole, shows that the government offered Matthew Greene's guilty plea for the permissible purposes outlined in *Tarantino*, *Spriggs*, and many similar cases from this

and other Circuits. Pezzola makes no attempt to substantiate his bald claim to the contrary, and in fact that claim cannot be substantiated from the record. Mr. Greene's direct and redirect testimony occupied approximately 195 pages of transcript. *See* Tr. 5323-5419; 5477-5537; 6116-6155. Of those 195 pages, Mr. Greene's testimony about his plea agreement covered approximately 13 pages; *see* Tr. 5533-5537; 6117-6119, 6126, 6129-6133. Within those 13 pages, only approximately 10 questions related to either the counts of conviction or the plea and sentencing process. That minimal amount of questioning on the topics about which Mr. Pezzola complains was further separated from any testimony from Mr. Greene regarding the actions he took in tandem with Mr. Pezzola on January 6, 2021, and the discussions the two engaged in prior to January 6. Immediately prior to the discussion of Mr. Greene's plea agreement on direct, he testified about going back to the hotel without Mr. Pezzola; the celebratory atmosphere at the hotel; and the fact that Mr. Pezzola sent the selfie that Mr. Roots referred to in his opening statement as the "not guilty video." *See* Tr. 5526-5529. After the discussion of the plea agreement on redirect, Mr. Greene testified about whether his actions on January 6 were his own choices or then-President Trump's choices, the riot in Afghanistan he witnessed, Nordean and Biggs embracing on the west plaza, and Mr. Pezzola delivering an arts and crafts project to Proud Boys leadership, among other things, before discussing his actions in tandem with Pezzola. *See* Tr. 6133-6153.

If the facts laid out above truly established that the government's use of the plea agreement was a "more extreme [] case of blatantly improper use of such a plea agreement" than any published decision in the history of the federal courts, ECF 648 at 2, then plea agreements would be inadmissible. They plainly are not. *See*, *e.g.*, *Tarantino* and *Spriggs*, *supra*. Moreover, as the government argued, it is entirely permissible for the jury to consider, in weighing Mr. Greene's credibility, that the judge who sentences him (and who will be evaluating any motion made

pursuant to United States Sentencing Guidelines § 5K1.1) is the same judge who is presiding over the trial at which he testified. In any event, none of the cases cited by the defendant expressed any concern about noting that the judge who presided over the trial took the guilty plea at issue.

The defendant's other factual allegations are similarly unfounded. No party—and certainly not the government—introduced the plea to "inform the jury that <u>the Court has already rubber stamped</u> conviction of the conspiracy claims in this case." ECF 648 at 3 (emphasis in original).[1] Nor has the government "informed the jury . . . that the respected sitting judge in the trial has approved and ruled that such a conspiracy exists." *Id.* The government properly informed the jury that Mr. Greene entered a guilty plea, including the counts of conviction, and that the plea was entered before Judge Kelly, who would also sentence him. This type of testimony is routinely elicited from cooperating witnesses in this district.

Pezzola cites *Tarantino's* holding that "[a] government witness' guilty plea obviously may not be used as substantive evidence of the guilt of defendants, but the plea is equally obviously admissible to show the witness' acknowledgement of his role in the offense and to reflect on his credibility," ECF 648 at 3; *Tarantino*, 846 F.2d at 1404-05, and tries to distinguish it by claiming—again without evidence—that the defendants in that case did not sharply deny the existence of a conspiracy among them. The defendants in that case challenged the sufficiency of evidence on the conspiracy on appeal, so it is a fair inference that they challenged it at trial as well. *See*

---

[1] It is unclear what Pezzola is trying to assert by saying the Court rubber-stamped the plea. The Oxford English Dictionary defines "rubber stamp" as "a person or organization that gives automatic approval or authorization to the decisions of others, without proper consideration." If Pezzola were correct that the Court's acceptance of the plea was a "rubber stamp," that acceptance would be afforded no weight in the jury's consideration. The Court should similarly not give much (if any) weight to Pezzola's assertion that "[j]urors uniformly looked up as Judge Kelly as Greene testified." ECF 648 at 2. No counsel, including counsel for Mr. Pezzola, put any such observation on the record contemporaneously, even though counsel objected to the evidence of the plea agreement contemporaneously.

3

*Tarantino*, 846 F.2d at 1393-99.[2]  The D.C. Circuit still held that a witness's plea agreement to the same conspiracy was admissible, both as to his credibility and as to his *role in the offense*.  The government's use of the agreement did not mention any of these defendants and conformed to the uses of that agreement blessed by the D.C. Circuit.

The defendant's citations to out of-circuit case law are similarly unavailing.  Most stand for the general proposition—which the government does not dispute—that evidence of a cooperating witness's guilty plea may not be used as substantive evidence against the defendants on trial.  In both *United States v. Kroh*, 915 F.2d 326 (8th Cir. 1990), and *United States v. Thomas*, 998 F.2d 1202 (3d Cir. 1993), the defendants offered not to cross-examine the cooperating witness on his guilty plea, to avoid the fact of the plea coming into evidence, and in *Kroh* the court nonetheless upheld the admission of the guilty plea. *See Kroh*, 915 F.2d at 331-31 (Maj. Op.), 337-38 (Lay, C.J. Dissenting). *Thomas*, which did reverse the conviction, did so specifically because the defendant in that case offered not to cross-examine the witness regarding his plea agreement. *Thomas*, 998 F.2d at 1205.  The defendants have made no such offer here.[3]

Defendant Pezzola contends that mistrial is the only remedy because this trial has been "poisoned to the core."  ECF 648 at 3, 11.  The Court indicated it was more likely to give a limiting instruction.  Tr. 6066.  The government does not believe that a specific limiting instruction is

---

[2]  Even if the *Tarantino* defendants had not meaningfully contested the existence of a conspiracy at trial, "the prosecution's burden to prove every element of the crime is not relieved by a defendant's tactical decision not to contest an essential element of the offense. In the federal courts, a simple plea of not guilty ... puts the prosecution to its proof as to all elements of the crime charged." *Estelle v. McGuire*, 502 U.S. 62, 69-70 (1991) (quoting *Mathews v. United States*, 485 U.S. 58, 64–65, (1988)) (internal quotations omitted).

[3]  Although the government does not expect any such concession by the defendants in this case, we note out of an abundance of caution that we do not agree that any such concession for any other cooperating witnesses who might take the stand would render their agreements inadmissible.

4

necessary. Instead, the Court can give an instruction on the evaluation of the testimony of a witness with a plea agreement in final jury instructions, which can include an instruction regarding how the jury may and may not use the plea agreements of any cooperating witnesses who take the stand. Singling out Mr. Greene's testimony for such an instruction days after his testimony concluded—especially where the record does not support Pezzola's claim of any impermissible uses of that agreement—is both unnecessary and prejudicial to the government.[4]

---

[4] To the extent that other defendants elicited that Mr. Greene conspired with Mr. Pezzola, that testimony cannot be imputed to the government and cannot be used in support of any bad-faith argument made by Mr. Pezzola. In any event, simply stating that the conspiracy to which Mr. Greene pled guilty was one involving Mr. Pezzola would not rise to the level of using that plea as substantive evidence of Pezzola's guilt. *See Tarantino*, 846 F.2d at 1404-05 (permissible uses include showing that the witness has acknowledged his "*role in the offense*" (emphasis added).

## **CONCLUSION**

This case has not been poisoned to its core. To the contrary, the government made routine, approved-of use of a cooperator's plea agreement. The jury will be instructed on the uses it can and cannot make of that agreement in the final instructions. Pezzola's motion should be denied.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Erik M. Kenerson*
ERIK M. KENERSON // Ohio Bar No. 82960
JASON B.A. MCCULLOUGH
   D.C. Bar No. 998006
NADIA E. MOORE // N.Y. Bar No. 4826566
   On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street NW
Washington, D.C. 20530
(202) 252-7201
Erik.Kenerson@usdoj.gov

 */s/ Conor Mulroe*
Conor Mulroe // N.Y. Bar No. 5289640
Trial Attorney // U.S. Department of Justice,
   Criminal Division
1301 New York Avenue, Suite 700
(202) 330-1788
conor.mulroe@usdoj.gov