UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF COLUMBIA

UNITED STATES OF AMERICA :
: 
    v. : Case No. 21-CR-175-6 (TJK)
:
DOMINIC PEZZOLA, :
:
    Defendant. :

## DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION FOR MISTRIAL DUE TO IMPROPER USE OF WITNESS'S PLEA AGREEMENT

Comes now defendant DOMINIC PEZZOLA ("Pezzola"), by undersigned counsel, and hereby replies to the United States' Opposition to Pezzola's motion for mistrial (ECF 648) regarding the government's improper use of Matthew Green's plea agreement.

The government has not supported its Opposition with any basis of law justifying its actions. The government has not shown why it was necessary to introduce the witness's guilt in a conspiracy or why it was necessary to bring in the Judge's *imprimatur*. If the introduction of Green's guilt was not being used to impose guilt on the Defendant then what could be the probative value in that information?

The government finally contends that a limiting instruction can cure the impropriety of what occurred with Green's testimony. But limiting instructions are appropriate <u>in a normal case where the government merely introduces the fact that a witness has pled guilty</u>. *Here* the government went further, and emphasized that the sitting judge in the case has approved and certified Green's guilty plea; and that Green's ultimate sentence depends in part on the Judge's assessment of Green's honesty during his testimony.

## LEGAL STANDARD

1

Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice... confusion of the issues and misleading the jury." Although any evidence that is relevant and a "fact of consequence" to the action should be admitted, Rule 403 specifies that, "relevant evidence may be excluded if unfairly prejudicial." *See Huddleston v. United States*, 485 U.S. 681, 687 (1988). At the same time, "the evidence might also prejudice a defendant if the jury thinks his act particularly repugnant," shocking, or offensive. *See United States v. Rogers*, 287 U.S. App. D.C. 1, 918 F.2d 207, 211 (1990). Unfair prejudice, as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997). Evidence is "unfairly prejudicial" when it "tends to suggest a decision on an improper basis." *See United States v. Houston*, 813 F.3d 282, 291 (6th Cir. 2016). Evidence is also considered prejudicial if it "creates a risk that invites an irrational emotional response from the jury." *See United States v. Seals*, 813 F.3d 1038, 1043 (7th Cir. 2016). The inquiry then rests upon whether the undue prejudicial effect of the evidence substantially outweighs its probative value.

In Pezzola's case, the jury's knowledge that Pezzola's former friend Green has pled guilty to the very conspiracy that Pezzola stands accused of—and that the very judge the jurors have come to admire and respect has ratified and certified Green's guilt—is enough to tilt this trial into fundamental unfairness.

## CONCLUSION

For all the above stated reasons as well as those stated in Pezzola's motion, we request an order recognizing mistrial in this case. No limiting instruction or set of limiting instructions can cure the error.

Dated: February 9, 2023

Respectfully Submitted,

*/s/ Roger I Roots, esq.*
Roger I. Roots esq.
Partner-John Pierce Law
21550 Oxnard Street
3rd Floor PMB #172
Woodland Hills, CA 91367

CERTIFICATE OF SERVICE

I, Roger Roots, hereby certify and attest that on Feb. 10, 2023 I uploaded and filed this document in this Court's electronic ECMF filing system, thereby serving each counsel of record in this case with a true and accurate copy.

/s/ Roger Roots