UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-175-6 (TJK) |
| | : | |
| DOMINIC PEZZOLA, | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' RESPONSE TO DEFENDANT'S PROPOSED LIMITING INSTRUCTION REGARDING GUILTY PLEAS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this opposition to Defendant Pezzola's Proposed Limiting Instruction Regarding Guilty Pleas. The government submits that no limiting instruction is necessary, and that the jury will be instructed on the use it can make of a cooperating witness's testimony during the Court's final instructions. The second paragraph of the defendant's proposal—as well as his justification therefor, is not grounded in any factual basis.[1]

The parties attempted to negotiate a joint proposal, but they were unable to do so. The government submits that its proposal is both more neutral and better supported by case law.

> You have heard testimony that certain witnesses, namely Matthew Greene and Jeremy Bertino, pled guilty to certain charges relating to January 6. The evidence regarding their guilty pleas was admitted for limited purposes relating to those witnesses' credibility, or those witnesses' acknowledgment of their role in the offense. The government is permitted to enter into this kind of plea agreement, and it is also permitted to present witnesses who testify that they participated in the offenses charged against the defendants. You may not use the fact that either witness entered a guilty plea, nor the fact that I accepted those pleas, as evidence of the guilt of any defendant on trial in this case. I will instruct you further at the

---

[1] This is in stark contrast to the Court's acceptance of those pleas, which (despite the defendant's insinuation to the contrary) was grounded in fact.

1

end of trial regarding your consideration of testimony from a witness with a plea agreement.

The language in the government's proposal about the pleas being admissible for the witnesses' acknowledgement of their role in the offense was taken directly from D.C. Circuit caselaw. *See United States v. Tarantino*, 846 F.2d 1384, 1404-05 (D.C. Cir. 1988). As we noted in a subsequent email to Mr. Roots, the government is happy to alter that language to say that the pleas were admissible "to show each witness's acknowledgement of his role in the *alleged* offense" (emphasis added). In contrast, the defendant's proposal based on the language from *Tarantino* is confusing. He suggests that the pleas could be admitted for the limited purposes relating . . . to those witnesses' acknowledgement of participation in certain events." The jury will be left to wonder which events they may use the pleas for. Moreover, as both pleas involved inchoate offenses, "events" does not really capture the *actus reus* of the conspiracy offenses of either guilty plea.

Mr. Pezzola also disputes the entry of language about the government's ability to enter into such agreements. That language is taken directly from the Redbook Instruction 2.203, to which all parties (including Mr. Pezzola) agreed in November 2022. The inclusion of that instruction is both a neutral, accurate statement of the law and puts the rest of the statement into context. It is especially necessary if the Court gives the second paragraph of Mr. Pezzola's proposed instruction. The language proposed by Mr. Pezzola in that paragraph is incendiary, irrelevant, and without a scintilla of evidence supporting it in the case of the pleas of Messrs. Greene and Bertino. Both men were represented by competent counsel throughout the entirety of their negotiations with the government, and the Court followed standard Rule 11 procedures, after which it found that there was a factual basis for each defendant's plea and found each of them guilty. Even if either plea

were a plea made pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) or a plea of *nolo contendre*—which they were not—those types of pleas still require the Court to find a factual basis.

The defendant has requested what is in effect a limiting instruction, which is governed by Fed. R. Evid. 105. That rule states, in its entirety, "[i]f the court admits evidence that is admissible against a party or for a purpose--but not against another party or for another purpose--the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly." Whether Matthew Greene or Jeremy Bertino was wrongly convicted has nothing to do with the proper use to which the jury can put those guilty pleas, which is laid out in *Tarantino*, *supra*, and *United States v. Spriggs*, 996 F.2d 320, 324 (D.C. Cir. 1993). Accordingly, any speculative reasons why they may have entered those pleas is not the proper subject of a limiting instruction.

Even if the propriety of those guilty pleas were at issue—which they are not—Pezzola has proffered not a shred of evidence that the Court improperly accepted these particular pleas. Nor has he offered any evidence to support his bald claim that Bertino and Greene are innocent. Messrs Greene and Bertino both testified that they committed the crimes to which they pled guilty on the stand, and both were subjected (or will be subjected) to cross-examination. Additionally, both men are represented by counsel. And neither Messrs. Greene nor Bertino, or their counsel, have sought to withdraw their pleas.

## CONCLUSION

The government does not believe a limiting instruction is necessary. However, if the Court is inclined to give one, the government's proposal is far more neutral, grounded in case law, and tailored to the purposes of Fed. R. Evid. 105 than the version proposed by defendant Pezzola. Consequently, the Court should give the government's proposed instruction if it gives one.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Erik M. Kenerson*
ERIK M. KENERSON // Ohio Bar No. 82960
JASON B.A. MCCULLOUGH
   D.C. Bar No. 998006
NADIA E. MOORE // N.Y. Bar No. 4826566
   On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street NW
Washington, D.C. 20530
(202) 252-7201
Erik.Kenerson@usdoj.gov

   */s/ Conor Mulroe*
Conor Mulroe // N.Y. Bar No. 5289640
Trial Attorney // U.S. Department of Justice,
   Criminal Division
1301 New York Avenue, Suite 700
(202) 330-1788
conor.mulroe@usdoj.gov