IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

*v.*

**DOMINIC PEZZOLA,**

*Defendant.*

No. 1:21-cr-175 (TJK)

# PEZZOLA'S REPLY TO THE GOVERNMENT'S RESPONSE REGARDING A PROPOSED LIMITING INSTRUCTION

## RELATING TO WITNESSES GUILTY PLEAS

Defendant Pezzola, by and through his undersigned counsel, replies to the government's response to Pezzola's proposed limiting instruction (ECF 671) regarding Greene's and Bertino's plea agreements.

Pezzola has previously filed a motion for mistrial over the admission of Greene's plea agreement; and the Court has denied the motion with direction to the parties to draft a limiting instruction. (Bertino's plea deal invokes similar, if not identical issues.)

**First,** although there are *appellate* courts which have upheld admissions of a witness's guilty pleas based on a witnesses' "acknowledgement of their role in the offense," such appellate courts have generally regarded this as likely error---but harmless error.[1] In this case, we are at the trial

---

[1] See United States v. Tarantino, 846 F.2d 1384 (DC Cir. 1988) (holding it was "not plain error" given the "overwhelming evidence of Tarantino's involvement in the conspiracy"); United States v. Roth, 736 F.2d 1222 (8th Cir. 1984) ("we believe the error, if any, to be harmless and no reversible error," "in light of the overwhelming evidence of guilt in this case"); *United States v. Wiesle*, 542 F.2d

stage, defendants have objected, and admission of Greene's and Bertino's guilty pleas for "acknowledgement of their role in the offense" should be strictly forbidden (in part because the evidence of the charged conspiracies is so slim).

A witness's guilty plea should be used only defensively by the prosecution; not offensively. In other words, it is generally <u>the defendant</u> who seeks to introduce a witness' guilty plea—to exploit a plea deal for what is shows about the witness' credibility.[2] But in this case, the government has introduced Greene's and Bertino's guilty pleas, in a weak case, to bolster the government's sagging conspiracy claims. The government improperly seeks to direct the jury to Greene's and Bertino's coerced "conspiracy" pleas as a work-around to the inherent lack of substantive evidence in this case.

**Second,** Mr. Pezzola does not dispute the "government's ability to enter into such agreements. . ." This is a strawman and a red herring. Such language in a limiting instruction is entirely unnecessary and irrelevant.

**Third,** although the government claims Pezzola's proposed language is "incendiary, irrelevant, and without a scintilla of evidence supporting it in the case of the pleas of Messrs. Greene and Bertino," this case is <u>ripe</u> with evidence that Greene and Bertino <u>wrongly pled guilty</u> to help the government build its imaginary conspiracy, in exchange for benefits. Specifically, both Greene and Bertino told investigators they were innocent and knew of no illegal plans among the Proud Boys regarding

---

61 (8th Cir. 1976) ("in light of the overwhelming evidence of guilt, the failure to give a cautionary instruction was not such plain error as to require reversal");

[2] See, e.g., *United States v. Roth*, 736 F.2d 1222 (8th Cir. 1984) ("government explained at oral argument that it sought to disclose Jackson's cooperation and the agreement in order to diffuse any attempt by the defendants to show bias on cross-examination. We agree that this is a legitimate purpose"); *United States v. Wiesle*, supra, 542 F.2d at 63 (defendant attempted to establish a deal between government and witness).

January 6.  And then, months later, both Greene and Bertino, under intense intimidation, coercion and pressure by the Justice Department, changed their stories in tense meetings with federal prosecutors.[3]

Greene, in fact, was *released from jail* when it became clear he would cooperate with the government, change his story, and begin saying there was a January 6 conspiracy among the Proud Boys.  Bertino, a convicted felon, *never spent a day* in jail despite seizures of multiple firearms from his residence after agreeing to become the first J6er to plead to "seditious conspiracy" charges.

It is obvious that both Greene and Bertino have avoided jail solely by agreeing to adopt the government's conspiracy theory in this case.  Upon information and belief, both men would likely be currently incarcerated (just as defendant Pezzola) if they hadn't changed their stories and accepted government plea offers.

The government contends that the Court does not need to even give a limiting instruction at all.  Yet conspiracy convictions have been overturned under circumstances much less egregious than those in this case, where the government took pains to inform the jury that Greene's and Bertino's guilt has been recognized by the sitting judge.  See, for example, the Third Circuit's ruling in *United States v. Toner*, 173 F.2d 140, 142 (3d Cir. 1949)(use of a co-conspirator's guilty plea as substantive proof of a defendant's complicity in a conspiracy without cautionary instruction is not admissible as evidence); *United States v. Fleetwood*, 528 F.2d 528 (5th Cir.1976) (holding that the government's emphasis on a witness's guilty plea was manifestly prejudicial); *Bisaccia v. Attorney General of State of New Jersey*, 623 F.2d 307 (3rd Cir. 1980) (allowing habeas corpus petition where prosecutors introduced coconspirator's guilty plea without limiting instruction deprived on grounds that it violated constitutional right to fair trial, violated Fourteenth Amendment, and use of coconspirator's

---

[3] The prosecution seeks to couch these astounding changes in narratives

guilty plea as substantive proof of defendant's complicity in conspiracy without cautionary instruction was sufficiently unfair to raise specter of unconstitutionality for purposes of habeas corpus relief.

The Supreme Court first struck down a conviction over codefendant guilty pleas in 1899. In *Kirby v. United States*, 174 U.S. 47 (1899), the government's proof of the fact of theft from the United States consisted of guilty pleas of three of the thieves and the conviction after trial of a fourth. The Court reversed the receiver's conviction, holding that he had not been "within the meaning of the Constitution, confronted with the witnesses against him." *Id.* at 60. "We are of the opinion that the trial court erred in admitting in evidence the record of the convictions of Wallace, Baxter, and King, and then in its charge saying that, in the absence of proof to the contrary, the fact that the property was stolen from the United States was sufficiently established against Kirby by the mere production of the record showing the conviction of the principal felons." *Id* at 54.

The Supreme Court has recognized the due process clause as well as the confrontation clause and the fair trial clause as bases for limiting the government's use of codefendant guilty pleas. *See* Donnelly v. DeChristoforo, 416 U.S. 637, 642-43 (1974).

In *United States v. Tarantino*, 846 F.2d 1384, 1404-05 (DC Cir. 1988), the DC Circuit held that government witness' guilty plea "obviously may not be used as substantive evidence of the guilt of defendants, but the plea is equally obviously admissible to show the witness' acknowledgement of his role in the offense and to reflect on his credibility." The DC Circuit held that "the government never attempted to argue or even hint that [the] guilty plea had any bearing on the defendants' guilt or innocence" and "**the overwhelming evidence of Tarantino's involvement in the conspiracy** negates any possible harm." Id. (emphasis added).

In *United States v. Roth*, 736 F.2d 1222, 1226 (8th Cir. 1984), cited by *Tarrantino*, the Eighth Circuit found that "ordinarily, one person's guilty plea or conviction may not be used as substantive evidence of the guilt of another."  "However, evidence that a codefendant has pled guilty to the same offense is not error *unless elicited as substantive proof of the defendant's guilt*." Roth relied heavily on *United States v. Wiesle*, 542 F.2d 61 (8th Cir. 1976) for the

## CONCLUSION

For all the foregoing reasons, the Court should issue Pezzola's proposed limiting instruction, including a cautionary instruction regarding Greene's and Bertino's highly questionable "guilty" pleas.

Dated: 2/27/2023,                                                       Respectfully Submitted,

*/s/ Roger Roots*
Roger Roots, Esq.
John Pierce Law
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
rroots@johnpiercelaw.com
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that this document is being filed on this February 27, 2023, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system. All attorneys of record will receive an electronic copy, including:

Erik Michael Kenerson

U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA

555 Fourth Street, NW, Suite 11-449

Washington, DC 20530

Telephone: (202) 252-7201

Email: erik.kenerson@usdoj.gov

*/s/ Roger I. Roots*