UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
|  | ) Case No. 1:21-cr-175-TJK |
| v. | ) |
|  | ) |
| ETHAN NORDEAN, et al., | ) |
|  | ) |
| Defendants. | ) |

**NORDEAN'S MOTION TO PRESENT TESTIMONY ON MARCH 20, 2023 OR, IN THE ALTERNATIVE, TO TAKE THE VIDEO DEPOSITION OF A WITNESS**

Nordean moves the Court to present the testimony of one (1) defense witness on Monday, March 20, 2023. In the alternative, he moves the Court for permission to take the witness's video deposition on March 18 or 19. The witness's testimony is essential to Nordean's defense. He provides the following reasons in support of his motion.

**Background**

Nordean will call Travis Nugent as a witness. The witness, who resides in Washington State, was served with a trial subpoena on December 13, 2022. In a sealed filing made together with this motion, Nordean explains the subject matter of Nugent's testimony and why it is essential, to his defense in particular. Fed. R. Crim. P. 17(b). On March 11, Nordean served an updated subpoena on Nugent, as trial has lasted longer than the parties and Court anticipated prior to trial.

Since Nugent was served with the initial subpoena, Nordean's counsel has been in contact with the witness's lawyer, who has remained helpful throughout the process. On December 19, Nugent's lawyer requested certain information about the witness to help the lawyer understand the subpoena request. Nordean complied the same day. On December 21,

1

Nordean's counsel requested a call with Nugent's lawyer to discuss the prospective testimony. Nugent's counsel replied on December 27 and the parties were able to confer that day.

On January 24, 2023, Nugent's counsel contacted Nordean's to set up a call concerning airline and hotel arrangements for the witness. The parties held the conversation on January 26. Nordean advised that he was then unable to provide an exact date or even week when the defense case would start, as the defense itself had been unable to receive that information from the government.

Between January 24 and March 6, Nordean did not hear from Nugent's counsel. On March 6, Nordean wrote to Nugent's counsel, asking for a brief call to discuss the witness's testimony. The call was held on March 8, in the morning. Nugent's and Nordean's lawyers agreed to set up a Zoom call with the witness on March 10. Later that day, Nugent's lawyer advised that the witness and his family are scheduled to go on a cruise from March 22, 2023 through April 1, 2023. Nugent's lawyer indicated that he first learned about the trip that day.

On March 10, Nordean's counsel, Nugent and his lawyer held a Zoom call. Nugent did not explicitly state that he would avoid the subpoena but did convey that the cruise was a special trip he did not want to miss.

On Monday, March 6, Nordean advised the Court that the defense was,

> in a position of trying to determine whether we should spend money bringing defense witnesses to Court next week. The government added . . . yesterday that it might decide, after [witnesses Miller, Dubrowski and Officer Carrion] to call additional [witnesses], depending on what happens [after] those three. So Your Honor, we're really struggling to understand how, you know – the plan for our defense witnesses here. And if we're not given a grace period, we'd have to fly them in next week without [] knowing whether they would testify.

3/6/2023 Tr. at 86.

The Court responded, "Let's address this in a day or two, when I've had a chance to look at the schedule and try to figure out how long we really are. . . . I do think that . . . . I'm reluctant to give much of a grace period." 3/6/2023 Tr. at 87.

On March 8, Nordean inquired again about when the defense case would begin and explained,

> The government represented over the weekend that it anticipated three more witnesses, but there might be more. We don't know when those witnesses will end. And some defense witnesses might be coming from the West Coast, Your Honor.  Flights from the West Coast need to be booked probably a week in advance, and they can cost upwards of $1,000.  There are multiple witnesses coming from the West Coast. . . . So Your Honor, I think if the defense doesn't know when the defense case will start, we would either ask for a . . . . grace period for at least some of the witnesses next week for Nordean, who has to present witnesses first, or some you know – definite statement from the government that there will be no more than three witnesses coming. Without that, we don't know how we're going to plan to bring witnesses in and keep them accommodated here.

Tr. 12453.

The Court replied, "Let's talk at the end of the day today.  [W]e'll have at least another day's worth of data of how far along things are." *Id.* In response, Nordean's counsel added,

> MR. SMITH: I just want to let the Court know there are some witnesses who have to travel much greater distances, and for them we would just be asking for a grace period for those rather than forfeiting the right to call the witnesses.
>
> THE COURT. All right . . . .

Tr. 12453.

The parties did not discuss scheduling defense witness testimony at the end of the day on March 8.

**Argument**

Pursuant to its inherent trial management authority, this Court routinely permits defendants to present the testimony of critical witnesses before the close of the government's case, in light of insuperable witness scheduling conflicts.  Just last week, for example, Judge

3

Friedman allowed the defense to call a witness in a January 6 case before the close of the government's case due to the witness's scheduling conflict. *United States v. Gossjanskowski*, 21-cr-123-PKF, 3/09/2023 Minute Entry (D.D.C. 2021) (defense witness Mark Kroll testifying before conclusion of government case).

Nordean seeks permission to present the testimony of Mr. Nugent on a date certain, i.e., March 20. Although Nugent has not explicitly stated he will defy a trial subpoena for his family's cruise vacation beginning March 22, he has made a comment suggesting it is a possibility. The witness has represented he would lose a good deal of money were he required to testify between March 21 and March 31. Nordean does not expect Nugent's testimony to last longer than 30 to 45 minutes.

In the alternative, Nordean seeks permission to take a video deposition of Nugent on either March 18 or 19. Fed. R. Crim. P. 15. The witness would consent to the deposition. Nordean understands that a cruise trip is not a valid reason for avoiding a trial subpoena. However, again, he is informing the Court that a witness with essential testimony has appeared to suggest it is possible that he may be "absent from the trial" notwithstanding a valid subpoena, perhaps due to a "refus[al] to testify." Fed. R. Evid. 804(a)(2), (5). In such a case, Nugent's video deposition would become admissible evidence. Fed. R. Evid. 804(b)(1)(A).

Finally, if the Court is unwilling to allow Nordean to present essential testimony on March 20 and unwilling to permit a video deposition of Nugent, he requests that the Court hold trial on Friday, March 17, so that the government may have an opportunity to rest its case prior to Monday, March 20, when Nugent would testify.

Dated: March 12, 2023 　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ David B. Smith

David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*

**Certificate of Service**

I hereby certify that on the 12th day of March, 2023, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

Counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

5