UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA   :

: No. 1:21-cr-175 (TJK)

v. :

:

ETHAN NORDEAN, et. al. :

:

Defendants.

DEFENDANT PEZZOLA'S OPPOSITION TO ECF 676 (GOVERNMENT'S MOTION FOR ADDITIONAL TRIAL PROCEDURES)

NOW COMES Defendant Dominic Pezzola, by and through undersigned counsel, with this opposition to the government's motion for restrictions on the defense.

After the government has taken two months to present its case, the government seeks to "impose additional procedures" on the defense.  (The defense imposed no such control on the government; and the defendant's rights are constitutionally mandated.)

Some of the government's proposals are harmless.  But some are prejudicial.  We object to the following:

1. requiring a "party sponsoring a witness to designate the specific exhibits it intends to use during that witness's testimony no later than 36 hours prior to the time it intends to call the witness."

**Defense counsel cannot match the power and resources of the Department of Justice.  We do not have staff, investigators and research teams capable of predicting exhibit needs so far in advance.  In practice, defense lawyers fly by the seats of their pants most of the time.**

2. requiring the parties to designate any Rule 106 materials it intends to introduce to complete the record 24 hours after receiving notification of the exhibits the party intends to use in the direct examination of a witness.

**We can't think of a reason for a full 24 hour limit regarding Rule 106 arguments.  Such arguments can be teed up and argued the morning of, or during breaks prior to presenting the exhibits.**

3. Any disputes to the admissibility of Rule 106 materials should be raised the evening prior to the witness's testimony, in

writing, so that the Court has adequate time to resolve the dispute.

**Same objection as above.**

4. The government also requests that this Court restrict defendants' cross-examination of their codefendants, or codefendant-sponsored witnesses, to only that portion, if any, of the testimony that is adverse the defendant.

**Pezzola opposes this proposed restriction, as it violates the Confrontation Clause of the Sixth Amendment which provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him." The United States cites a handful of circuit court rulings supporting such restrictions, but not a single D.C. Circuit case. "The right of confrontation does not give defendants a plenary right to elicit friendly testimony," says the government. Pezzola disagrees.**

**"The criminal defendant's right to due process is essentially 'the right to a fair opportunity to defend against the state's accusations." *Chambers v. Mississippi*, 410 U.S. 284,**

**294 (1973). Intrinsic to this constitutional guarantee are the rights to cross examine and to present evidence. (U.S. Const. amend. V.  Defense lawyers have many reasons for cross-examining friendly witnesses, including to   illuminate contradictions or patterns of evidence.**

**In practice the government's proposal would likely waste more time than it saves; as different defense teams might simply re-call the same witness to examine them directly.**

Pezzola submits that the Rules of Evidence impose a sufficient framework for direct and cross examination in an efficient manner. It is impossible to predict every possible scenario which a party might need to address.

Additionally, we request the right to put on our defenses slightly out of sequence; or with one witness at a time through the order of the indictment. (Thus one witness by Nordean, followed by one witness for Biggs, and so on.)  This will prevent defense attorneys from becoming exhausted (or bored from idleness)).

RESPECTFULLY SUBMITTED,
 /s/ Roger I. Roots, esq.

Roger I. Roots, esq.

21550 Oxnard Street

3rd Floor PMB #172

Woodland Hills, CA 91367

Counsel for Dominic Pezzola

CERTIFICATE OF SERVICE

I certify that on March 14, 2023, I caused the above document to be uploaded and filed in this Court's ECMF filing system. This caused this document to be sent to all attorneys of record.

/s/ Roger I. Roots