UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ETHAN NORDEAN et al.,<br><br>*Defendants*. | Criminal Action No. 21-175 (TJK) |

**ORDER**

Upon consideration of the Government's Motion for Additional Trial Procedures, ECF No. 676, and Defendant Pezzola's Response thereto, ECF No. 699, it is hereby **ORDERED** that the motion is **GRANTED**. It is **FURTHER ORDERED** that:

1. Defendants shall present their cases seriatim, in the order set forth in the operative Indictment. However, if more than one defendant intends to call a witness in his case-in-chief, he may do so out of order.

2. Each Friday before and during trial, defendants shall provide to the government an "order of call" of witnesses for the following week. Defendants must also provide a list of witnesses they anticipate calling on a particular trial day no less than 36 hours in advance (if not earlier). Counsel will not be absolutely bound by these witness lists or order of call if, on occasion and in good faith, they must change an intended order of proof or find it necessary to call a witness out of turn.

3. Any defendant calling a witness shall provide the witness's *Jencks* material and the exhibits it intends to use during that witness's testimony no later than 36 hours before he intends to call the witness. Any objections to the admissibility of exhibits that cannot be resolved by

the parties shall be raised with the Court the day prior to the witness's testimony, in writing, so that the Court may resolve the dispute prior to the witness taking the stand.

4. The Government shall designate any Rule 106 materials it intends to introduce to complete the record 24 hours after receiving notification of the exhibits the party intends to use in the direct examination of a witness. Any disputes to the admissibility of Rule 106 materials shall be raised the day prior to the witness's testimony, in writing, so that that the Court may resolve the dispute prior to the witness taking the stand.

5. Cross-examination of defense witnesses by co-defendants shall be restricted to that testimony that is adverse to the co-defendant. The Court shall inquire of defense counsel at the conclusion of a defense witness's testimony whether any co-defendant wishes to cross-examine the witness, and if so, to demonstrate the nature of the adversity.

**SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: March 16, 2023