# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : No. 1:21-cr-175 (TJK) |
| v. | : |
| | : |
| DOMINIC PEZZOLA, | : |
| | : |
| Defendant. | : |

### PEZZOLA'S REPLY TO GOVERNMENT'S RESPONSE (ECF 710) TO PEZZOLA'S DEMAND FOR DISMISSAL, AN EVIDENTIARY HEARING, AND OTHER RELIEF

COMES NOW Defendant Dominic Pezzola, by and through undersigned counsel, with this Reply to the government's response to Pezzola's demand for dismissal, an evidentiary hearing, and other relief.[1]

Pezzola's motion is based on revelations that FBI special agents in this very case communicate with each other by messages in which they casually discuss destruction of evidence, intercepting

---

[1] The Court's oral order that defendants stop reviewing the incriminating documents greatly impedes defendants from challenging the government's wrongdoing.

defendant's attorney/client communications (and announce their intention to find <u>more</u>), evading a filter team, altering a document relating to a CHS, and exploiting the financial and family distress of defendants and witnesses in order to pressure them to cooperate with the government.

The FBI's long blood-stained history of entrapment, falsification of evidence, witness and evidence tampering, illegal wiretaps, widespread unconstitutional domestic spying, covering up government crimes, cultivating organized crime,[2] secretly paying and controlling mainstream news media, crime lab corruption, blackmailing public officials and manipulating American political groups is well documented.  Declassified documents reveal that the FBI shadowed and harassed Martin Luther King,[3] Malcolm X, and other major social dissidents of the 1960s and '70s.

So revelations that "classified" messages among FBI agents contain mentions of being ordered to "destroy 338 pieces of evidence," (to which Agent Miller responds, "OMG that's insane!"),

---

[2] See, e.g., Dick Lehr & Gerard O'Neill, Black Mass: Whitey Bulger, the FBI, and a Devil's Deal (2012)( Dust jacket: "When the FBI turned an Irish mobster into an informant, they corrupted the entire judicial system and sanctioned the worst crime spree Boston has ever seen.").
[3] David J. Garrow, The F.B.I. and Martin Luther King, Jr. (1983).

discussions of intercepting attorney/client communications, evading filter teams, exploiting wives of defendants, and instructions by high-level FBI officers to alter records cry out for this Court to open evidentiary hearings.

Nothing in the response by the United States' warrants any relaxation of suspicion. The government claims—with no supporting affidavits or supporting evidence—that Counsel's concerns are "baseless" and "scurrilous." The government assures us that these revelations are nothing worthy of examining. The agent who ordered evidence destruction, we are told, has "no connection to this case. The altered CHS report was simply "finalized to reflect" a status, we are told.

But some hints of scandal and misconduct simply require an evidentiary hearing. See *United States v. Brande*, 329 F.3d 1173 (9th Cir. 2003) (evidentiary hearing was required to determine whether ex parte juror contact prejudiced defendants); *Torres v. First Transit, Inc.*, 979 F.3d 876 (11th Cir. 2020) (evidentiary hearing was required to investigate jurors' misstatements); *Sanders v. Sullivan*, 701

F.Supp. 996 (S.D.N.Y. 1987) (evidentiary hearing was warranted on whether prosecutor knowingly used perjured testimony in trial).

Where, as here, there are suggestions that investigators deliberately pressured witnesses based on inside knowledge of witnesses' financial dire straits, such information must be carefully examined. *United States v. Setser*, 568 F. 3d 482, 493 (5th Cir. 2009) ("Deception as to the purposes of the investigation, or using otherwise meaningless civil proceedings as a pretext for acquiring evidence for a criminal prosecution, taking advantage of a person who does not have counsel, or other special circumstances may invalidate the prosecution.").

CONCLUSION

For all the foregoing reasons, this Court should conduct an evidentiary hearing where all FBI agents involved in this scandal will be summoned and examined under oath by the defendant.

RESPECTFULLY SUBMITTED,
/s/Roger I. Roots, esq.
Counsel for Pezzola

CERTIFICATE OF SERVICE

I certify that on 3/22/2023 I uploaded and served this document upon all parties by using the Court's electronic filing system.

/s/ Roger I. Roots, esq.