U.S. District Court

District of Columbia

UNITED STATES

v.                                              1:21-cr-00175-TJK

NORDEAN et al

PEZZOLA'S PROPOSED ADDITIONAL JURY INSTRUCTIONS—INCLUDING LESSER-INCLUDED-OFFENSE INSTRUCTION REGARDING COUNT 7

COMES NOW Dominic Pezzola with this second set of proposed jury instructions, including a lesser-included offense instruction regarding Count 7.

PEZZOLA IS ENTITLED TO A LESSER-INCLUDED-OFFENSE JURY INSTRUCTION REGARDING COUNT 7

"If counsel ask for a lesser-included-offense instruction, it should be freely given.' Walker v. United States, 418 F.2d 1116, 1119 (1968); United States v. Huff, 442 F.2d 885 (1971). There must be evidence to support a finding of guilt on the lesser offense. *Sparf v. United States,* 156 U.S. 51, 63 (1895). This requirement is usually met by sharply conflicting testimony presenting a disputed factual element. See Sansone v. United States, 380 U.S. 343, 349-350 (1965).

In this case, the video evidence and testimony indicate that Pezzola did not destroy federal property over $1,000. However, the jury could draw inferences from the evidence to conclude that Pezzola is responsible for a single pane of glass, damaged in an amount under $1,000. Specifically, even the government's valuation indicated a value of around $750 per window pane, and thus the jury would need to find beyond a reasonable doubt that Pezzola destroyed <u>two</u> panes of glass to reach the

$1,000 threshhold.  Government Exhibit 425 shows that <u>another person</u>, wearing a red cap and red clothing, broke the first pane of glass in the window "adjacent to the Senate wing door."

Pezzola does not anticipate presenting wholly exculpatory evidence regarding Count 7.  (The evidence thus far does not indicate who first cracked the *second* pane of glass (meaning the pane to the left of the window pane broken by the individual in red as depicted in Exhibit 425); a reasonable jury might find Pezzola responsible for *that* pane of glass. Thus, a reasonable jury could conclude there is evidence that Pezzola may have committed a misdemeanor under 18 U.S. Code § 1361.

Thus, Pezzola proposes:

**If you find beyond a reasonable doubt that defendant Pezzola knowingly and willfully damaged U.S. property in an amount less than $1,000 with regard to the window described in Count 7, you may convict Pezzola of a misdemeanor:**

**____ Defendant Pezzola damaged property of the United States over a thousand dollar value.**

**____ Defendant Pezzola damaged property of the United States valued under a thousand dollars.**

Pezzola also proposes a First Amendment instruction along the following lines:

**Proposed Instruction No. __**

**First Amendment Rights**

**Every United States citizen has the right to petition his or her government, and express ideas and bring their concerns to their legislators. Citizens also have the right to peaceably assemble with others to petition their government.  And under the First Amendment, a person has a constitutional right to make violent or anti-government statements and threats and may call upon others to act violently, except in rare circumstances where the speaker knows such violent threats have an immediate likelihood of getting others to immediately carry out such violence and reasonably knows that others have the ability to carry out such threats.**

PEZZOLA ALSO SEEKS SEPARATE JURY VERDICT FORM OPTIONS FOR "ATTEMPTING."

The 1512 count includes an "attempt" possibility.

The jury may be instructed that they can convict based upon actual obstruction of Congress, aiding and abetting, or "attempted" obstruction of Congress, but the verdict sheet should require the jury to specify which theory or theories they agreed upon in finding guilt.  This is important, as the USSG provides that an "attempt" to commit a crime results in a 3-level reduction in the offense level.  Since it is impossible to know what theory or theories the jury relied upon, the default finding should be "attempt."

RESPECTFULLY SUBMITTED,

/s/ Roger Roots, esq.

Roger Roots

Co-counsel for Defendant Pezzola

CERTIFICATE OF SERVICE

I hereby certify and attest that on March 22, 2023, I caused this document to be uploaded into this Court's electronic filing system, thereby serving it upon all parties of record.

/s/ Roger Roots