IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 21-CR-175-6 (TJK) |
| : | |
| **DOMINIC PEZZOLA,** : | |
| : | |
| **Defendants.** : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT PEZZOLA'S MOTION
FOR SERVICE BY PUBLICATION**

The government respectfully opposed defendant Pezzolas's motion for service by publication. The government understands "service by publication" to be a tool used in civil cases that is not applicable here.

Federal Rule of Civil Procedure 4(f)(3) provides: "Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed ... may be effected in a place not within any judicial district of the United States ... by ... means not prohibited by international agreement as may be directed by the court." That includes, in certain circumstances, service by publication. *See Mwani v. bin Laden*, 417 F.3d 1, 8 (D.C. Cir. 2005).

But none of that applies hereto. This is not a civil case, where such service might be calculated to advise, for instance, non-resident property owners an opportunity to object to the enforcement or establishment of any lawful right, claim, or demand to or against any real or personal property within the jurisdiction of the court. *See, e.g., Wagner v. Wagner*, 293 F.2d 533, 539 & n.2 (D.C. Cir. 1961). Nor is this a case involving service of a foreign entity where service by other means, such as delivery to a high-ranking official combination, was impracticable. *See, e.g., Kaplan v. Hezbollah*, 715 F. Supp. 2d 165, 167 (D.D.C. 2010) (plaintiffs authorized to complete service upon Hezbollah within 75 days by publishing full notice of the suit in the three

Lebanese newspapers with the largest national circulation twice per week in each newspaper on a staggered schedule to cover six days each week for a period of four weeks).

Potential witness Ray Epps lives within a judicial district of the United States. The fact that he has, allegedly, failed to comply with defense witness subpoenas, if true, might subject him to other penalties, described below, but "service by publication" is not available to defendant Pezzola under the rules of criminal procedure, nor would such service be a practicable method assure Mr. Epps' appearance as a witness at this trial.

Federal Rule of Criminal Procedure authorizes the issuance of subpoenas for defense witnesses. *See* Fed. R. Crim. P 17. That same rule states that a "marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena." *Id.* The government submits that the Court may request the U.S. Marshal's Service to assist with the service of process of this subpoena. *See* 26 U.S.C. Section 556(c) (except as otherwise provided by law or Rule of Procedure, the United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties).

Second, should Mr. Epps be shown to be evading service, Title 18, United States Code, Section 3144 authorizes this Court to issue a material witness arrest warrant, provided that the defense can establish that there is probable cause to believe (1) that the witness can provide material evidence, and (2) that it will be impracticable to secure the witness's attendance at the proceeding by means of a subpoena. *See* 18 U.S.C. Section 3144 ("if it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person"); *see also United States v. Bacon*, 449 F.2d 942-42 (9th Cir. 1971). "Material evidence" is that which has a "natural tendency to influence, or is

capable of influencing, the decision of the decision making body to which it was addressed." *Neder v. United States,* 527 U.S. 1, 19 (1999).

The government respectfully submits that these procedures, not "service by publication," are the appropriate means of assuring Mr. Epps' appearance at trial, should the Court find his potential testimony to be material.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar Number 481052

By:        */s/ Conor Mulroe*
        CONOR MULROE, NY Bar No. 5289640
        Trial Attorney
        U.S. Department of Justice, Criminal Division
        1301 New York Ave. NW, Suite 700
        Washington, D.C. 20530
        (202) 330-1788
        Conor.Mulroe@usdoj.gov

        */s/ Jason B.A. McCullough*
        JASON B.A. MCCULLOUGH
            NY Bar No. 4544953
        ERIK M. KENERSON, OH Bar No. 82960
        NADIA E. MOORE, NY Bar No. 4826566
            On Detail to the District of Columbia
        Assistant United States Attorneys
        601 D Street NW
        Washington, D.C. 20530