IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ETHAN NORDEAN, et al.,<br><br>Defendants. | Case No. 21-cr-175-TJK |

### THE PRESS COALITION'S MOTION FOR ACCESS TO THE APRIL 5, 2023 HEARING AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Local Criminal Rule 57.6, Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News, Court TV, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., TheHuffingtonPost.com, Inc. d/b/a HuffPost, Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Newsy, POLITICO LLC, Pro Publica, Inc., Tegna, Inc., Vox Media, LLC, and WP Company LLC, d/b/a the Washington Post (together, the "Press Coalition") respectfully move the Court to ensure that the hearing set for April 5, 2023 at 11:00 a.m. will be open to the press and public.

Yesterday, the Court has previously excluded members of the media from proceedings in this case without providing prior notice or opportunity for the Press Coalition to be heard, and the issue will be discussed again this morning. For that reason, the Press Coalition moves for access to the 11:00 hearing today.

## BACKGROUND

### I. The Capitol Riot

On January 6, 2021, thousands of rioters stormed the U.S. Capitol in a "blatant and appalling disregard for our institutions of government and the orderly administration of the democratic process." *See Director Wray's Statement on Violent Activity at the U.S. Capitol Building*, FBI (Jan. 7, 2021), https://www.fbi.gov/news/pressrel/press-releases/director-wrays-statement-on-violent-activity-at-the-us-capitol-building-010721. These events "marked the most significant assault on the Capitol since the War of 1812." *Trump v. Thompson*, 20 F.4th 10, 18-19 (D.C. Cir. 2021). In response, federal law enforcement agencies "deployed [their] full investigative resources . . . to aggressively pursue those involved in criminal activity." *Id.* The Government has since charged more than 1,000 defendants, including the defendants in this matter, with crimes related to the Capitol riot. *See Capitol Breach Cases*, Dep't of Justice, https://www.justice.gov/usao-dc/capitol-breach-cases.

### II. Defendants Nordean, Biggs, Rehl, Tarrio, and Pezzola

As this Court has noted, "Defendants Ethan Nordean, Joseph R. Biggs, [and] Zachary Rehl . . . are alleged, among other things, to have conspired to stop, delay, or hinder Congress's certification of the Electoral College vote on January 6, 2021, and to obstruct and interfere with law enforcement officers engaged in their official duties that day." *United States v. Nordean*, 579 F. Supp. 3d 28, 36 (D.D.C. 2021). These defendants "allegedly held leadership positions or planning roles with the 'Proud Boys' organization." *Id.* at 37. Likewise, Defendant Enrique Tarrio "was the national chairman of the Proud Boys" at the time of the Capitol riot. *United States v. Tarrio*, 2022 WL 1718985, at *3 (D.D.C. May 27, 2022). Defendant Dominic Pezzola, for his part, was "a member of the Proud Boys, . . . the tip of a spear that pierced the United States Capitol." *United States v. Pezzola*, 531 F. Supp. 3d 139, 142 (D.D.C. 2021). Journalists,

including members of the Press Coalition, have regularly reported on these defendants as they have awaited trial.[1]

### III. The April 5, 2023 Hearing

Yesterday, the Court sealed the courtroom for more than three hours without explanation. This sealed hearing is not documented on the public docket, nor are there any other pending filings pertaining to the hearing. And although not documented on the public docket, the Court has indicated that it will also seal the courtroom at 11:00 a.m. today for a hearing on an unknown matter.

In addition to yesterday's sealing, the Court has previously sealed hearings and excluded the press and public from attending proceedings in this high-profile case without prior notice. Specifically, the Court did not indicate in advance that a motions hearing held on November 14, 2022 would be closed to the public, and the Court told journalists who attempted to object to that closure that they must file a formal motion to lodge such objections. *See* Kyle Cheney, Twitter (Nov. 14, 2022, 9:47 AM), https://twitter.com/kyledcheney/status/1592167401810006016; Kyle Cheney, Twitter (Nov. 14, 2022, 9:49 AM), https://twitter.com/kyledcheney/status/1592167938542694401. Indeed, the Press Coalition's motion seeking access to the transcript of that sealed hearing and any exhibits presented at that

---

[1] *See, e.g.*, Alan Feuer & Adam Goldman, *F.B.I. Had Informants in Proud Boys, Court Papers Suggest*, The New York Times (Nov. 14, 2022), https://www.nytimes.com/2022/11/14/us/politics/fbi-informants-proud-boys-jan-6.html; Michael Kunzelman, *Proud Boys riot trial delayed due to committee hearings*, AP (June 22, 2022), https://apnews.com/article/capitol-siege-biden-electoral-college-timothy-kelly-congress-bdbf61b7159f2c1bf6748b4e33b83992; Hannah Rabinowitz & Holmes Lybrand, *Proud Boys member is first to plead guilty to seditious conspiracy*, CNN (Oct. 6, 2022), https://www.cnn.com/2022/10/06/politics/proud-boys-bertino-seditious-conspiracy-guilty-plea.

3

sealed hearing remains pending to this day.  *See* Press Coalition's Mot. for Access to Certain Sealed Records and a Transcript of the Sealed Motions Hr'g, Dkt. 542.

## ARGUMENT

As the Court knows, the Press Coalition has sought to vindicate the First Amendment and common-law rights of access to the records of this matter since its inception.  This motion asserts the same rights of access.

It is well settled that "[w]hat transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947).  Indeed, as the Supreme Court observed in *Richmond Newspapers, Inc. v. Virginia*, "[t]o work effectively, it is important that society's criminal process satisfy the appearance of justice, and the appearance of justice can best be provided by allowing people to observe it."  448 U.S. 555, 571-72 (1980) (internal marks omitted).  Thus, "the right to attend criminal trials is implicit in the guarantees of the First Amendment." *Id.* at 580.  Chief Justice Burger emphasized the practical value of this constitutional right, noting that "[p]eople in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Id.* at 572.

Because "the press and general public have a constitutional right of access to criminal trials," any "circumstances under which the press and public can be barred from a criminal trial are limited; the State's justification in denying access must be a weighty one." *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606-07 (1982).  Trial proceedings "cannot be closed unless specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 13-14 (1986) ("*Press-Enterprise II*") (quoting *Press-Enterprise I*, 464 U.S. at 510).  Moreover, for such "a case-by-case approach to be meaningful, representatives of the

4

press and general public must be given an opportunity to be heard on the question of their exclusion." *Globe Newspaper Co.*, 457 U.S. at 609 n.25.  Thus, to overcome the constitutional access right, the party seeking closure must demonstrate that:

1. There is a **substantial probability** of prejudice to a **compelling** interest if the right is not limited.  *Press-Enterprise II,* 478 U.S. at 13-14; *Press-Enterprise I*, 464 U.S. at 510; *Richmond Newspapers, Inc.* 448 U.S. at 580-81.

2. There is **no alternative** to a limitation of the access right that will adequately protect against the threatened harm.  *Press-Enterprise II*, 478 U.S. at 13-14; *Robinson*, 935 F.2d 282, 289-90 (D.C. Cir. 1991).

3. Restricting access will **effectively** protect against the threatened harm. *Press-Enterprise II*, 478 U.S. at 14; *Robinson*, 935 F.2d at 291-92.

4. The restriction on access is **narrowly tailored** to minimize the harm to the public's access rights.  *Press-Enterprise II*, 478 U.S. at 13-14; *Robinson*, 935 F.2d at 287; *see also Shelton v. Tucker*, 364 U.S. 479, 488 (1960) (even "legitimate and substantial" interests "cannot be pursued by means that broadly stifle fundamental personal liberties").

As the Supreme Court more recently explained, the First Amendment right of access is a right of *meaningful* access, and courts are therefore "obligated to take *every reasonable measure* to accommodate public attendance at criminal trials." *Presley v. Georgia*, 558 U.S. 209, 215 (2010) (per curiam) (emphasis added).  The Press Coalition therefore respectfully requests that the Court take every reasonable measure to accommodate press and public attendance at today's hearing and that the Court provide the press an opportunity to be heard on any potential closure.

## **CONCLUSION**

For the foregoing reasons, the Press Coalition respectfully requests that the Court grant this motion and ensure the press and public will have access to the April 5, 2023 hearing in this case.  Counsel for the Press Coalition will be in attendance at the hearing to be heard on this motion.  The Press Coalition appreciates the Court's prompt attention to this matter.

Dated: April 5, 2023                 Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Chad Bowman (#484150)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
bowmanchad@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Coalition*