UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Case No. 1:21-cr-175-TJK |
| v. | ) |
| | ) |
| ETHAN NORDEAN, et al., | ) |
| | ) |
| Defendants. | ) |

**NORDEAN'S RESPONSE TO THE GOVERNMENT'S FILINGS REGARDING *UNITED STATES v. FISCHER***

Nordean files this brief response to two of the government's filings concerning the court of appeals' decision in *United States v. Fischer*, No. 22-3038, 2023 U.S. App. LEXIS 8284 (D.C. Cir. Apr. 7, 2023). ECF Nos. 750, 751. Setting aside legal arguments about identifying a controlling opinion in a fractured appellate decision, the government makes several factual claims about *Fischer*:

(1) "the definition of 'corruptly' was not squarely presented in that case";

(2) no judge agreed with Judge Walker's definition of "corruptly";

(3) no party requested Judge Walker's definition; and

(4) "the resolution of that *mens rea* issue was not necessary to the court's holding concerning the actus reus of the offense." ECF No. 751, p. 3.

These representations are demonstrably false. That much can be seen on the face of public filings on the *Fischer* docket and the face of the *Fischer* decision.

To begin with, the meaning of "corruptly" was indeed "squarely presented in that case" because, among other reasons, *the government's opening brief itself injected the issue into the appeal*. Here is a screenshot of the government's brief:

1

> **B. Section 1512(c)(2)'s *mens rea* and nexus requirements limit the statute's reach.**
>
> Although Section 1512(c)(2) applies to any conduct that "obstructs, influences, or impedes," a felony obstruction offense does not exist unless the defendant acts "corruptly" and targets his conduct at a specific "official proceeding." These two requirements—which require the government to prove a stringent *mens rea* and a nexus to an official proceeding—limit Section 1512(c)(2)'s reach. *Cf. United States v. Jeter*, 775 F.2d 670, 675 (6th Cir. 1985) (Section 1503(a) "contains a clear *mens rea* requirement that limits its scope to those who 'corruptly' or *intentionally* seek to obstruct"). These requirements thus ensure the appropriate "restraint" on Section 1512(c)(2)'s scope that the district court sought to impose through its atextual limiting construction. *See Marinello*, 138 S. Ct. at 1109 (internal quotation marks omitted) (finding that the required nexus to a particular administrative proceeding limited

*United States v. Fischer*, Case #22-3038 (D.C. Cir. 2022), Doc. #1958170.

Indeed, the "corruptly" section of the government's opening brief in *Fischer* ran for approximately 10 pages. *Id.* The thrust of the government's appellate argument was that Judge Nichols' vagueness concerns were overdone *precisely because the government's definition of "corruptly" provided guardrails*. *Id.*

In turn, the *Fischer* appellees extensively briefed the "corruptly" element. Here is a snapshot of their brief:

> 3. **The "corruptly" and "nexus" elements cannot salvage the government's interpretation**
>
> Implicitly conceding that its interpretation of Section 1512(c)(2) is overbroad, the government urges that the statute's "corruptly" and "nexus" requirements sufficiently "limit its reach." Appellant's Br. at 48-54. But its incorrect definition of "corruptly" performs no limiting
>
> 32
>
> ---
>
> USCA Case #22-3038   Document #1963748   Filed: 09/14/2022   Page 45 of 72
>
> function and the nexus requirement is not relevant to this interpretive dispute.
>
> To act "corruptly," the government contends, is to act with any "wrongful purpose." Appellant's Br. at 49. The government omits that the meaning of the obstruction-of-justice term "corruptly" is context-dependent. While equating "corruptly" with acting with any "wrongful

*United States v. Fischer*, Case #22-3038 (D.C. Cir. 2022), Doc. #1963748.

Appellees also briefed the "corruptly" element over many pages. *Id.* In fact, Appellees advocated for the definition of "corruptly" that Judge Walker settled on. *Id.* at 35 ("a proper definition of that element requires proof that the defendant acted with the intent to obtain an unlawful benefit for himself or an associate."). A constant argument of the appellees' brief was that words in Section 1512(c)(2) cannot be read in isolation and that every word and phrase in the statute must be given meaning, including "corruptly." *Id.* at 18-22. The notion that every word requires a separate appeal even when they are found in the same phrase ("corruptly" is in next month's case and then "official proceeding" a few months later) is self-evidently absurd.

But the government's representation is more misleading than that. First, the government admitted in *Fischer* that the appellees had raised the "corruptly" argument in the trial court.

*Fischer*, No. 22-3038, 2023 U.S. App. LEXIS 8284 at *48 n. 1 (Walker, J., concurring in part). During oral argument, the parties argued the meaning of "corruptly" for "around 15 minutes." *Id.* Perhaps most egregious, the government specifically asked the court of appeals in *Fischer* to construe "corruptly"—a fact directly contrary to the government's representations in this case. *Id.* ("**At argument, the Government asked us to 'construe' 'corruptly' 'consistent with [its] plain language**.") (emboldening added).  **In fact, there was a moment in oral argument when Judge Walker pointedly asked the government's lawyer whether the government would prefer to have the court construe "corruptly" if it meant the government might otherwise lose the appeal—and the government responded affirmatively**.  Finally, as Judge Walker observed, the court of appeals benefitted from many district court decisions on the "corruptly" issue. *Id.* (citing *United States v. Sandlin*, 575 F. Supp. 3d 16, 29-34 (D.D.C. 2021) (Friedrich, J.); *United States v. Montgomery*, 578 F. Supp. 3d 54, 80-85 (D.D.C. 2021) (Moss, J.) (finding appropriate the definition of "corruptly" adopted by Judge Walker)).

Second is the government's claim that no judge accepted Judge Walker's construction of "corruptly." That too is false.  Although differences existed between the concurrence and dissent on comparatively minor points, Judges Walker and Katsas agreed that the intent to obtain *some unlawful benefit* was properly a part of the meaning of "corruptly." *Fischer*, No. 22-3038, 2023 U.S. App. LEXIS 8284 at *55 n. 5 (Walker, J., concurring in part) (noting that whereas Judge Katsas would limit the unlawful benefit to something "financial, professional, or [an] exculpatory advantage," Judge Walker was not so sure).  Thus, two judges of the panel—a majority—did accept an unlawful benefit formulation for the "corruptly" element.  Judge Katsas simply found that that definition was necessary but not sufficient.  2023 U.S. App. LEXIS 8284

at *115 ("even with the concurrence's torqued-up *mens rea*, section 1512(c)(2) still would have improbable breadth.").

Finally, the government claims that "the resolution of that *mens rea* issue was not necessary to the court's holding [in *Fischer*] concerning the actus reus of the offense." ECF No. 751, p. 3. That this representation is false can be seen approximately five times in Judge Walker's opinion. On that many occasions the judge unequivocally stated that he concurred with Judge Pan's opinion only insofar as the term "corruptly" is construed to mean acting with the intent to obtain an unlawful benefit:

- "Though the district court did not reach the meaning of 'corruptly,' we have no choice. As I will explain . . . *my vote to uphold the indictments depends on it*." 2023 U.S. App. LEXIS 8284 at *46 n. 1 (Walker, J., concurring) (emphasis added);

- "Because I read 'corruptly' as courts have read it for hundreds of years—and *only* because I read it that way—I concur in the Court's judgment." 2023 U.S. App. LEXIS 8284 at *68 (Walker, J., concurring) (emphasis original);

- "[M]y reading of 'corruptly' is *necessary to my vote* to join the lead opinion's *proposed* holding on 'obstructs, influences, or impedes' an 'official proceeding.'" *Id*. (emphasis added);

- "If I did not read 'corruptly' narrowly, *I would join the dissenting opinion*. That's because giving 'corruptly' its narrow, long-established meaning resolves *otherwise compelling structural arguments for affirming the district court*, as well as the Defendants' vagueness concerns." *Id.* (emphasis added);

- "[I]n my view, *the rationale in the lead opinion is not enough to uphold the indictments*." *Id.* (emphasis added).

The government argues that it would be "absurd logic games" for a district court to give effect to this condition set by a judge on the court of appeals because it is found in an opinion that "**_concurred_** in the judgment of the Court." ECF No. 751, p. 3 (emphasis original). One way of putting it less perfervidly is the judge placed a simple condition on his concurrence with the lead opinion given that its "rationale . . . is not enough to uphold the indictments." 2023 U.S.

5

App. LEXIS 8284 at *68 n. 10 (Walker, J., concurring).  If there is anything complicated here it is the government's efforts to twist the straightforward purpose of the concurrence, which is to limit the opinion of the court.

Setting labels aside, it is a fact that a majority of the *Fischer* panel concluded that the government's construction of § 1512(c)(2) in the January 6 cases featured a "'breathtaking' and untenable scope." 2023 U.S. App. LEXIS 8284 at *114 (Katsas, J., dissenting); *65 (Walker, J., concurring in part) (same).  The narrowest opinion in the majority found that the problem was curable through a specific definition of "corruptly."  Ignoring the judgment of the panel majority on that point would be an error.

Dated: April 10, 2023                                      Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*

**Certificate of Service**

I hereby certify that on the 10th day of April, 2023, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s): counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com