# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CASE NO. 21-CR-175-3 (TJK)** |
| | * | |
| **ZACHARY REHL,** | * | |
| **Defendant** | * | |

********

## ZACHARY REHL'S MOTION TO STRIKE PROPOSED
## CROSS-EXAMINATION MATERIALS, OR IN THE ALTERNATIVE
## TO INTRODUCE MATERIALS PURSUANT TO FRE 106 AND
## THE DUE PROCESS CLAUSE

Mr. Rehl, through undersigned counsel, hereby respectfully moves this Honorable Court, to strike materials that the government seeks to use during cross-examination of Mr. Rehl involving social media videos, relating to a Proud Boy rally that took place in Kalamazoo, MI on August 15, 2020.   The videos the government seeks to use do not impeach Mr. Rehl's direct testimony; are not properly authenticated; and are inaccurate, incomplete and paint a false narrative.  If such videos are used by the government, Mr. Rehl moves pursuant to the Due Process Clause and FRE 106 for the admission of a press conference held by the Kalamazoo Public Safety Authorities on September 8, 2020, which presented police body worn cameras ("BWC"), surveillance footage, and radio transmissions from the rally. At the press conference, based on the above-noted police materials the Kalamazoo Public Safety Chief explained that it was not the Proud Boys but the counter-protesters who instigated, carried weapons and were the catalysts for violence that occurred on the day of the rally. The government opposes introduction of the law enforcement press conference, with the related BWC videos, surveillance footage and radio communications.

1

A.    **The Videos Produced By The Government Are Not Accurate Representations of Events And Are Not Otherwise Admissible to Impeach Mr. Rehl.**

The government has produced four videos that it proposes to use in cross-examining Mr. Rehl. The videos were allegedly taken during a rally in Kalamazoo, MI on August 15, 2020.  The file names for the four videos are:  (a) blondie twitter.com; (b) fascistanista twitter.com; (c) FritzKlug PBs in Kalamazoo youtube.com; and (d) fritzklug twitter.com.  The government has not otherwise identified these persons although as more fully set forth below twitter profiles for some of these persons are alarming and provide no basis for a finding of reliability.

The videos are inadmissible for multiple reasons.

1.    First, they do not impeach Mr. Rehl's testimony as they do not show Mr. Rehl using violence, despite the violent attacks by counterdemonstrators.

2.    Second, the government has not provided authenticating information for the videos. The videos are not accurate representations of events that took place at the Kalamazoo rally as they depict select non-sequential portions of events posted to twitter by unidentified persons.

3.    The Fascistanista Twitter Account[1] in particular raises issues about the poster's objectivity and provides no basis for determining the reliability or authenticity of the videos.[2] There is no basis for determining how the video has been edited. The account cover photo includes what appears to be a figure with a gas mask surrounded by a smoky substance. It self-identifies by the name "War Warner" and sets his location as "Flaming Hell."  While neither term is defined, both terms implicate violent imagery. A screen shot of the twitter profile picture and cover photo is set out below.

---

[1]  Twitter account accessed by undersigned counsel on 4/16/2023

[2]  Counsel was unable to identify "blondie" as several twitter accounts include "blondie" in the user name so it was not possible to identify this twitter user.



**B.     In Fairness And For Accuracy, The Press Conference By Kalamazoo Public Safety Authorities Ought To Be Considered At The Same Time**

4.     At the same time, the government opposes Mr. Rehl's request, pursuant to FRE 106 and the Due Process Clause, to introduce a video of the press conference, held on September 8, 2020 by Kalamazoo Public Safety Chief Karianne Thomas, and Assistant Chiefs Vernon Coakley and David Boysen.

5.     The press conference by the Kalamazoo Public Safety Authorities, which was hosted on Zoom, is an accurate representation of the events that transpired during the rally on August 15, 2020 as it included presentations of police body-camera video, surveillance footage and radio transmissions from the Kalamazoo Protest. The complete video of the press conference is posted at  https://www.youtube.com/watch?v=2SYZMkvaoKs.

3

6.      During the press conference, the law enforcement officers detailed the public safety response to the clashes between the two sides, noting that counter-protesters were the catalysts to the violence.  Indeed, the police videos show the Proud Boys marching peacefully through the street when counterdemonstrators began to violently attack them with  sticks and even with a street sign that the counter-protesters managed to pull out of the ground.

7.      During the press conference, Chief Thomas highlighted a portion of the video where a counter-protester threw a "disposable frozen cup" into the marching Proud Boys, which the Chief said "initiated the skirmish."  Assistant Chief Boysen stated that "The investigation shows that most of the felonious assaults and those that were armed with weapons like clubs and bats and batons were from counter-protesters." One particularly violent scene shows a counterdemonstrator hitting an unarmed Proud Boy with a bat and knocking him out.

## C.      The Due Process Clause Prohibits the Government From Introducing or Allowing Inaccurate Evidence to Stand Uncorrected

In *Napue v. Illinois,* the Supreme Court held that it is well established that

> a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment.  The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears.
>
> . . .
>
> A lie is a lie, no matter what its subject, and, if it is in any way relevant to the case, the district attorney has the responsibility and duty to correct what he knows to be false and elicit the truth. * * * That the district attorney's silence was not the result of guile or a desire to prejudice matters little, for its impact was the same, preventing, as it did, a trial that could in any real sense be termed fair.'

*Napue v. People of State of Ill.*, 360 U.S. 264, 269–70 (1959) (internal citations omitted).

In *Napue v. Illinois,* the Supreme Court held that the prosecution denies due process to a criminal defendant where it presents false evidence or fails to correct a prosecution witness who

provided false testimony.  The Court in *Napue* further stated that "(t)he same result obtains when the state, although not soliciting false evidence, allows it to go uncorrected when it appears." 360 U.S. at 269.  *See also United States v. Iverson*, 637 F.2d 799, 803 (n. 10) (D.C. Cir. 1980) ("[T]he prosecutor had an independent responsibility to alert the Court and jury to the truth."), modified on petition for reh'g, 648 F.2d 737 (D.C.Cir.1981).

Under the Due Process clause, the government may not seek to introduce or use in cross-examining Mr. Rehl videos whose provenance and reliability are not established and which paint a false narrative when compared to the known reliable police BWC videos, surveillance videos and contemporaneous radio transmissions produced to the public by the Public Safety Authorities in Kalamazoo.  The materials produced to the public by the Kalamazoo Public Safety Authorities – police body worn cameras, surveillance footage and radio transmissions -- are the very class of materials, which the government regularly relies on in prosecuting defendants.  Indeed, the government has introduced just such materials in its case against Mr. Rehl and the other defendants.

Moreover, that the government seeks to rely on such unauthenticated materials while at the same time rejecting the authoritative law enforcement materials which show that the materials it seeks to use are misleading and paint a false narrative simply does not square with Due Process of Law.  It also is inconsistent with FRE 106, which provides:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — *or any other writing or recorded statement — that in fairness ought to be considered at the same time.*

Rule 106,  Fed. R. Evid. (emphasis added).

**Conclusion**

While the Court's Trial Procedures Order did not require Mr. Rehl to produce these materials to the government before it proceeded to conduct redirect, Mr. Rehl attempted to resolve the issue with government counsel to no avail.  For the foregoing reasons, Mr. Rehl respectfully requests that the Court strike the videos the government seeks to use in cross examining Mr. Rehl in that they are not impeaching and they paint a false narrative and are otherwise inadmissible.  In the event the Court does not strike the videos, Mr. Rehl respectfully requests that the Court allow Mr. Rehl to use the materials contained in the Kalamazoo Public Safety Authority's press conference during his redirect under Rule 106 and the Due Process clause.

Respectfully submitted,

/s/

**Carmen D. Hernandez**
Bar No.  MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 16th day of April, 2023.

/s/ *Carmen D. Hernandez*
**Carmen D.  Hernandez**