U.S. District Court

District of Columbia

UNITED STATES

v.                                             1:21-cr-00175-TJK

NORDEAN et al

PEZZOLA'S PROPOSED LIMITING INSTRUCTION REGARDING THE ROLE OF UNIDENTIFIED PERSONS, POSSIBLE INFORMANTS, AND CONFIDENTIAL HUMAN SOURCES

COMES NOW Dominic Pezzola, with this proposed curative instruction regarding the role of unidentified persons, possible informants, and confidential human sources.  This proposed instruction is necessitated by assertions, claims and arguments made by parties during closing arguments.

For example, the prosecution stated during closing argument on April 25 that Pezzola's testimonial speculation that Ray Epps may have acted on behalf of a government was "fantasy."  Such an argument is not based on the evidence in this case.  Mr. Epps has dodged a subpoena in this case.  Moreover, the government has never categorically denied Mr. Epps was a source for all agencies.[1]  The

---

[1] In a recent (4/23/2023) episode of "60 Minutes," Mr. Epps emerged from hiding for a puff piece softball interview.  The "60 Minutes" interviewer asked a suspiciously specific question, along the lines of "Did anyone in the government tell you to go to Peace Monument . . .?"  Epps answered "No."  Then, at the end of the segment, "60 Minutes" reported that the FBI stated Epps was not an employee or source for that agency.

government has refused to say whether Epps had a reporting relationship with HSI (which is known to have handled CHSs on Jan. 6), and the Court has denied efforts by the defense to inquire regarding these questions.

The evidence reveals several other suspicious actors who played destructive or instigator roles, but who are not identified.  A significant example is the man in red who first broke the window which Pezzola is accused of breaking.  That individual is known to have been present at nearly every breach, and was even next to Ashley Babbitt at the time of Babbitt's murder.[2]  Yet the government has not identified or charged the individual.

The government's closing argument thus misled the jury.  Pezzola asks for a curative instruction along the following lines:

**Proposed Instruction No. __**

**Unidentified confidential human sources**

During this trial, you have been informed that undercover confidential human sources (CHSs) of the government may have been involved in events. There has also been speculation, testimony, or evidence that individuals other than the defendants may have played roles in the formulation, execution, causation and/or implementation of alleged crimes in this case.  You should disregard any assertions regarding whether a person is, or is not, a CHS, unless such assertions are based on evidence.  And you may draw an inference that the identity of unidentified or missing significant participants in criminal events, under

---

[2] The man in red who first broke the window <u>would likely have been the second person</u> into the House corridor if Ashley Babbitt had breached the corridor.

circumstances where the government likely knows the participants' identities, would be unfavorable to the government.

RESPECTFULLY SUBMITTED,

/s/ Roger Roots

CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2023 I uploaded this document to the Court's electronic filing system, thereby serving all attorneys of record.

/s/ Roger Roots     April 25, 2023