UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:21-cr-175-TJK |
| v. | ) |
| ETHAN NORDEAN, et al., | ) |
| Defendants. | ) |

**NORDEAN'S MOTION FOR CURATIVE INSTRUCTIONS OR MISTRIAL**

On April 25, the government delivered rebuttal argument. Four subject areas contained improper argument. In three of those areas, Nordean moves the Court for curative instructions or, failing that, to declare a mistrial. On the final issue, a mistrial should be declared.

**First rebuttal argument: the government need not prove the defendants agreed to any plan, which is a mere "detail" of the conspiracy.** This argument is improper for several reasons. First, it is inconsistent with the jury instructions. In multiple places, the jury instructions (correctly) treat the terms "agreement" and "plan" as synonymous in the context of conspiracy law:

On page 20, for example, in the section titled "Duration and extent of the defendant's joining of the agreement":

> **I also want to caution you that mere knowledge of or acquiescence to the <u>unlawful plan</u>—without agreement in it**—is not sufficient. Moreover, the fact that the acts of the defendant without knowledge merely happened to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. The defendant must have joined the agreement with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Jury Instructions, p. 20 (emphasis added).

1

And on page 30, in the "Co-conspirator liability" section:

> Sixth, that the charged offense was a reasonably foreseeable consequence of the conspiracy. It is not necessary that the crime was intended as part of **the original plan**, only that it was a reasonably foreseeable consequence of **the original plan**.

Jury Instructions, p. 30 (emphasis added).

The reason the jury instructions repeatedly synonymize "agreement' and "plan" in the context of conspiracy law is that it is black letter law, in this Circuit and elsewhere, that the "conspirators must have agreed at least on 'the essential nature of the plan,' [but] not necessarily on 'the details of their criminal scheme.'" *United States v. Hemphill*, 514 F.3d 1350, 1362 (D.C. Cir. 2008) (quoting *United States v. Gatling*, 96 F.3d 1511, 1518 (D.C. Cir. 1996)).

During closing argument, the Court suspended Nordean's argument to admonish his lawyer that he could not make arguments to the jury based on D.C. Circuit law. The Court commented to the effect that the "essential nature of the plan" standard was dicta from *Blumenthal v. United States*, 332 U.S. 539, 557 (1947). That is incorrect. The D.C. Circuit has applied the "essential nature of the plan" standard in conspiracy cases since at least the 1980s. *United States v. Treadwell*, 760 F.2d 327, 336 (D.C. Cir. 1985); *Gatling*, 96 F.3d at 1518; *Hemphill*, 514 F.3d at 1362.

The facts in *Hemphill* show that the "essential nature of the plan" formulation has bite and is not superfluous language that the Court may discard. Explaining why sufficient evidence established the defendant's guilt on a conspiracy charge, the court of appeals cited evidence showing his execution of a "plan" to further the conspiratorial objectives. *Hemphill*, 514 F.3d at 1362 (citing defendant's theft of money as implementing plan for larger embezzlement objective).

2

Accordingly, when the government made it a central theme of its rebuttal that it need not prove any defendant understood and agreed to any plan, it was misleading the jury as to the law. Indeed, as the Court pointed out, this is an issue that goes to the "heart of the case," given the three conspiracy charges here. Additionally, the government's rebuttal used this inaccurate statement of law to bolster the credibility of Jeremy Bertino.

The government's improper argument is not somehow harmless given the fact that it has injected into the case a perceived semantic distinction between "plan" and "agreement." It goes without saying that a party cannot avoid the force of law by substituting in synonyms for words that set out legal requirements. For example, if a defendant accused of theft of government money were to assert the "defense" that it is not "money" involved in the case but "pelf" and that—in the context of his own case alone—"pelf" must be treated different from "money," his argument may be regarded as frivolous special pleading. It is no different here.

The Court should read a curative instruction that gives the jury an accurate description of the conspiracy standard in force in this Circuit. *Hemphill*, 514 F.3d at 1362; *Treadwell*, 760 F.2d at 336; *Gatling*, 96 F.3d at 1518.

**Second rebuttal argument: a sentence imposed for a crime with a 20-year statutory maximum (like seditious conspiracy) will necessarily be longer than a sentence imposed for a crime with a 10-year maximum (under felon-in-possession law).** In rebuttal, the government suggested that Nordean misled the jury about Bertino's potential prison sentence. Nordean had argued that Bertino may have pleaded guilty to seditious conspiracy knowing that it would yield a sentence lower than pleading guilty merely to illegal possession of firearms, given his cooperation agreement. The government purported to disprove this in rebuttal by showing

3

the jury that seditious conspiracy carried a 20-year statutory maximum, while some other gun-possession crime (apparently under Section 924) carried a 10-year maximum.

But, of course, the fact that Crime A carries a higher statutory maximum than Crime B does not necessarily (or even in most cases) mean that a given sentence for Crime A will be higher than one imposed for Crime B. To take the most important and relevant example, the sentence for Crime A may be significantly lower than one imposed for Crime B if the agreement contemplates cooperation and a 5K letter only in the case of a guilty plea on Crime A and not on Crime B alone. Bertino's sentence on sedition could involve no prison time at all.

The government argued that Nordean misled the jury. But the government's own argument was legally misleading. It should be corrected with a curative instruction to disregard the government's rebuttal arguments about the statutory maxima for seditious conspiracy and felon-in-possession crimes.

**Third rebuttal argument: defendants are liable under co-conspirator liability for all Proud Boys' crimes because defendants are "in for a penny, in for a pound."** The government's rebuttal argument on co-conspirator liability contained multiple inaccurate statements of law. In one passage, the government appeared to suggest that the theory of liability extended to the actions of all Proud Boys in Washington, D.C., on January 6. In another, the government appeared to suggest the defendants are ipso facto liable for all co-conspirator crimes because "in for a penny, in for a pound." That expression means, "Once involved, one must not stop at half-measures." *In for a penny, in for a pound*, Dictionary.com, available at: https://www.dictionary.com/browse/in-for-a-penny--in-for-a-pound. The import of this comment was that "once involved [in a conspiracy]," the defendant is liable for all the crimes of co-conspirators. As the Court knows, that is consistent with neither the law nor the jury

4

instructions, which contain six distinct requirements for co-conspirator liability. Jury Instructions, pp. 29-30.

The Court should instruct the jury that the government's comment—"in for a penny, in for a pound"—should be disregarded and the jury should follow the co-conspirator liability instruction and not the government's rebuttal arguments.

**Fourth rebuttal argument: the defendants "almost destroyed the Constitution" on January 6.** This remark, delivered near the closing of rebuttal, was grossly inappropriate, prejudicial, and prosecutorial misconduct. Mistrial is warranted. *United States v. Monaghan*, 741 F.2d 1434, 1440 (D.C. Cir. 1984).

"A prosecutor may not urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future law breaking." *Monaghan*, 741 F.2d at 1441. The prosecutor may not "make statements in closing calculated to arouse passions or prejudices of the jury" in a manner not closely related to the facts in the case. *Id.* at 1440. In this Circuit, for example, the court of appeals has found improper government argument where the prosecutor stated that the defendant's conduct would lead to "martial law" being imposed. *Brown v. United States*, 370 F.2d 242, 246 (D.C. Cir. 1966).

The argument that the defendants "almost destroyed the constitution" on January 6 is plainly inappropriate and highly prejudicial. It was also calculated: the government knows better. It was delivered at the very end of rebuttal—literally, the last words heard by the jury before deliberation. Nordean has been substantially prejudiced. Mistrial should be declared.

Dated: April 25, 2023                                       Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC

5

108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*

### Certificate of Service

I hereby certify that on the 25th day of April, 2023, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s): counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

6