**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **No. 1:21-cr-175 (TJK)** |
| **v.** | : | |
| | : | |
| | : | |
| **ETHAN NORDEAN, et. al.** | : | |
| | : | |
| **Defendant.** | : | |

**<u>GOVERNMENT'S PROPOSED POST-TRIAL SCHEDULE</u>**

On May 4, 2023, the jury returned its verdict in this case. Following the return of that verdict, the Court laid out its proposed sentencing structure and directed the parties to confer and file a joint proposal (or, if no joint proposal could be reached, separate proposals) for post-trial briefing and for sentencing dates by May 11, 2023. The Court suggested that sentencing proceed, generally speaking, as follows: One hearing date on which the parties will present arguments about common issues, such as which provisions of the United States Sentencing Guidelines (USSG) apply, followed by multiple individual sentencing hearings (with a maximum of two such individual hearings per day). *See* May 4, 2023 Tr. at 20,565 and 20,570-71.

The parties have conferred, but have not been able to reach an agreement. The government proposes the following schedule:

- Post-trial motions, including briefing on the Rule 29 motions made orally during trial, and any motions the defendants may wish to be file pursuant to Fed. R. Crim. P. 33, shall be filed no later than June 7, 2023;[1]

---

[1]  Counsel for Defendant Biggs requested a due date for briefing in June in an email to government counsel. Counsel for defendant Nordean has stated his position in an email to government counsel that briefing should "commence in May."

- Oppositions to any motions described in the previous paragraph shall be filed no later than June 28, 2023; and

- Any replies shall be filed no later than July 14, 2023.[2]

- Sentencing Memoranda shall be filed no later than July 27, 2023 (which is approximately 14 days after the final Presentence Report is expected to be available);

- Responses to the other parties' memoranda shall be filed no later than August 9, 2023;

- A hearing with all parties to commence on August 23, 2023, or another date in that time frame convenient to the Court; and

- Individualized sentencing hearings to take place during the week of August 28, 2023.[3]

The government submits that the above proposed schedule represents the earliest practicable sentencing date given the volume of evidence presented in this lengthy multi-defendant case and the expected litigation surrounding post-trial motions and the applicability of the USSG to charges such as 18 U.S.C. § 2384.  It would not serve the interests of justice to rush through

---

[2]      Counsel for Rehl asked that replies not be due during the week of July 7, 2023.

[3]      Working under the assumption that the Presentence Report will be available on July 13, 2023, counsel for Biggs requested that memoranda be due on August 9, 2023, with responses to the other parties' filings due on August 23, 2023.   That would leave sentencing hearings to occur in September 2023.  The government is not available in September, as one of government counsel is in trial in another district that month.  If the Court sets a schedule that contemplates hearings later than August 2023, the government respectfully requests that those hearings not take place in September.  For example, the Court could make sentencing memoranda due on August 30, 2023, with replies due on September 13, 2023, and hearings during the weeks of October 2 and 16, 2023.

When the government proposed that potential schedule, after receiving the request from Biggs for sentencing memoranda to be due in mid-August, and after noting government counsel's unavailability in September, counsel for Nordean replied, "everyone opposes your dates and your sched except for perhaos [sic] Dan Hull. Please file whatever you want. We will oppose."  Counsel for Nordean stated in a later email, "We do not think hearings are necessary; want 'post trial briefing' to commence in May; and seek the earliest possible sentencing date."

those issues.  The government understands the defendants' desire to proceed to sentencing as expeditiously as possible; however, such an interest should not compromise the parties' ability to brief the relevant issues nor limit the Court's time to consider the parties' arguments.

The Court has authority to set a briefing and sentencing schedule that serves the interests of justice. The government notes that the defendants are in a different posture now that the jury has returned a guilty verdict on some counts.  For example, they are no longer cloaked in the presumption of innocence as to the counts of conviction, and the Speedy Trial Clause of the Sixth Amendment does not extend to the period between conviction and sentencing.  *See Betterman v. Montana*, 578 U.S. 437 (2016).  Fed. R. Crim. P. 32(b)(1) provides that the Court must impose sentence "without unnecessary delay."  The government's proposed timetable here is necessary to allow U.S. Probation to complete a thorough presentence investigation and to allow the Court to consider and resolve any post-trial litigation, including Rule 29 and Rule 33 motions, as well as the proper application of the USSG.

The timetable proposed by the government—even if the Court adopts the later schedule suggested in n.3 above—is well within the norm for sentencings in this District following lengthy trials.  For example, in the case of *United States v. Slatten,* the jury returned its verdict on December 19, 2018.  No. 14-cr-107 (RCL), ECF 1200.  Sentencing was held on August 14, 2019, nearly 8 months after the verdict.  *See id.* at ECF Nos. 1310, 1312, and Minute Entry dated August 14, 2019.  In *United States v. Abu Khatallah*, the jury returned its verdict on November 28, 2017, No. 14-cr-141 (CRC), ECF No. 488, and sentencing was originally set for March 21, 2018, nearly four months after trial, before ultimately occurring on June 27, 2018.  *See id.*, Minute Order dated December 8, 2017, and Minute Entry dated June 27, 2018.  The recent case of *United States v. Rhodes, et. al.*, proceeded at a similar pace.  There, the verdict in the first trial grouping was

returned on November 29, 2022, No. 22-cr-15 (APM) at ECF 410, and the verdict in the second

trial grouping was returned on January 23, 2023. *Id.* at ECF 450. Sentencing hearings in those

cases are set for late May and early June, 2023, approximately six months after the verdict in the

first trial and four months after the verdict in the second trial.

Accordingly, the government respectfully requests that the Court set the schedule laid out

above, resulting in sentencing hearings in late August, unless it grants a defense request to push

sentencing briefing later than the government has proposed. If the Court grants such a request, the

government requests that no sentencing hearings be scheduled during September 2023 so as to

allow all government counsel to be present for sentencing.

Respectfully Submitted,
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:      */s/ Erik M. Kenerson*
ERIK M. KENERSON // Ohio Bar No. 82960
JASON B.A. MCCULLOUGH
   NY Bar No. 4544953
NADIA E. MOORE // N.Y. Bar No. 4826566
   On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street NW
Washington, D.C. 20530
(202) 252-7201
Erik.Kenerson@usdoj.gov

*/s/ Conor Mulroe*
Conor Mulroe // N.Y. Bar No. 5289640
Trial Attorney // U.S. Department of Justice,
   Criminal Division
1301 New York Avenue, Suite 700
(202) 330-1788
conor.mulroe@usdoj.gov