UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-175 (TJK) |
| | : | |
| ETHAN NORDEAN, et al., | : | |
| | : | |
| Defendants. | : | |

## GOVERNMENT'S INITIAL RESPONSE TO DEFENDANT REHL'S MOTIONS TO SUBSTITUTE COUNSEL

On June 4, 2023, Carmen Hernandez, counsel of record for defendant Zachary Rehl, moved to withdraw as counsel and for a two-week extension of time for Rehl to file post-trial motions. ECF 811. The following day, on June 5, attorney Norm Pattis, who represents co-defendant Joseph Biggs, filed a motion to appear as lead counsel on Rehl's behalf. ECF 812. Later the same day, attorney Roger Roots filed a motion on behalf of Dominic Pezzola to extend the deadline for the filing of post-trial motions. ECF 813. For the reasons outlined herein, the government believes that this Court must address the potential conflicts issues before proceeding with post-trial litigation. Accordingly, the Court should extend the deadline to file post-trial motions until such time as the conflict can be addressed, and the government requests until Friday, June 9, 2023, at 5:00 p.m. to file its substantive response to Rehl's motions concerning his counsel.

Federal Rule of Criminal Procedure 44(c) directs that when "two or more defendants have been charged jointly . . . and [they] are represented by the same counsel," the Court "must promptly inquire about the propriety of joint representation and must advise each defendant of the right to effective assistance of counsel, including separate representation." Fed. R. Cr. P. 44(c). The rule further directs that "[u]nless there is good cause to believe that no conflict of interest is likely to

arise, the court must take appropriate measures to protect each defendant's right to counsel." *Id.* This Court has examined potential conflicts in this case previously, and the potential conflicts that arise now appear to involve the same rules. However, the potential conflicts that arise in this particular instance present a different factual scenario than those the Court has previously resolved in this and related cases. *See United States v. Arthur Jackman, et al.*, 21-cr-378 (TJK), ECF 88. Indeed, in this case, the Court must first determine whether the conflict is one that can be waived. *Compare* D.C. Rules of Professional Conduct 1.7(a) and 1.7(b). Likewise, as it has before, the Court must appoint independent counsel and address the potential conflicts with the affected defendants.

The government requests the opportunity to provide its analysis of the potential conflicts in a subsequent filing, and it believes it can provide the Court its analysis by Friday. Most importantly, if the Court should determine that the conflict is waivable, it is critical that the Court "personally and forthrightly advise [each of the clients] of the potential dangers of representation by counsel with a conflict of interest." *See United States v. Carlyle*, 964 F. Supp. 8, 13 (D.D.C. 1997). The Court should address these potential conflicts expeditiously, yet also thoroughly and thoughtfully.  *See, e.g.*, *United States v. Santini*, 85 F.3d 9, 13 (2d Cir. 1996) ("Convictions are placed in jeopardy and scarce judicial resources are wasted when possible conflicts are not addressed as early as possible. We therefore reiterate our admonition to the government in earlier cases to bring potential conflicts to the attention of trial judges").

For the foregoing reasons, and the fact that at least one other defendant has asked for additional time, the Court should vacate the post-trial briefing schedule and promptly address the potential conflict. Once that process is complete, the Court should reset the post-trial briefing schedule for all parties. Judicial economy dictates that the briefing schedule for this complex case

remain consolidated, including at any appellate stage. For this reason, and the need to promptly and fully address the potential conflicts issues, the Court should endeavor to first address and resolve the potential conflict and then reinstate a briefing and sentencing schedule that facilitates a comprehensive and consolidated analysis by the defendants, the government, and the Court.

## CONCLUSION

For the foregoing reasons, the Court should extend the deadline for the government's substantive response to Rehl's motions to Friday, June 9, 2023, at 5:00 p.m., and it should, as an initial response to Rehl's and Pezzola's motions, vacate the deadlines for post-trial motions.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:   */s/ Jason McCullough*
JASON B.A. MCCULLOUGH
NY Bar No. 4544953
ERIK M. KENERSON, OH Bar No. 82960
NADIA E. MOORE, NY Bar No. 4826566
   On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7201 //
Erik.Kenerson@usdoj.gov


By:   */s/ Conor Mulroe*
CONOR MULROE, NY Bar No. 5289640
Trial Attorney
U.S. Department of Justice, Criminal Division
1301 New York Ave. NW, Suite 700
Washington, D.C. 20530
(202) 330-1788
Conor.Mulroe@usdoj.gov