UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-175 (TJK) |
| : | |
| ETHAN NORDEAN, et al., : | |
| : | |
| Defendants. : | |

## STATUS REPORT REGARDING SCHEDULE FOR POST-TRIAL PROCEEDINGS

On June 4, 2023, Carmen Hernandez, counsel of record for defendant Zachary Rehl, moved to withdraw as counsel and for a two-week extension of time for Rehl to file post-trial motions. ECF 811. The following day, on June 5, attorney Norm Pattis, who represents codefendant Joseph Biggs, filed a motion to appear as lead counsel on Rehl's behalf. ECF 812. Later the same day, attorney Roger Roots filed a motion on behalf of Dominic Pezzola to extend the deadline for the filing of post-trial motions. ECF 813. On June 6 and June 9, the government filed its responses regarding the conflict posed by Attorney Norm Pattis's simultaneous representation of codefendants Biggs and Rehl for the purposes of post-trial motions and sentencing. ECF 815 and 816. On June 12, attorney Norm Pattis filed his response to the government's filing. ECF 817.

Pursuant to its Minute Order of June 7, 2023, the Court ordered the parties to file a joint status report proposing, jointly or individually, a schedule or schedules for post-trial proceedings in this matter in light of Attorney Pattis's conflict. The government hereby files this status report,

which status report is joined by Steven Metcalf and Roger Roots for defendant Pezzola and by attorney Norm Pattis on behalf of defendants Biggs and Rehl.[1]

For the reasons outlined herein, the Court should move immediately to schedule hearings to resolve the conflict issue and appoint counsel for defendant Zachary Rehl. Once the conflict has been resolved and counsel has been appointed, the Court should reset the post-trial motions and sentencing schedule. The existing schedule should be suspended until counsel for defendant Rehl has been appointed.

As set forth in the government and attorney Pattis's filings (ECF 815-817), the parties disagree as to whether attorney Pattis's proposed representation of defendant Rehl is a conflict that can be waived. That is a threshold question that should be addressed by the Court, and the parties propose that the Court set a hearing as soon as possible to resolve that issue, including a virtual hearing if it would allow the scheduling of the hearing during the week of June 12.

The resolution of this threshold question will define the path toward (and potential timing of) resolution of this matter and appointment of counsel for defendant Rehl. If the conflict is not waivable, new counsel will need to be appointed for defendant Rehl. If the conflict is waivable, the Court must determine what steps must be taken prior to engaging in a fulsome waiver colloquy with attorney Pattis, defendant Biggs, and defendant Rehl. The government contends that independent counsel must be appointed to advise defendants Biggs and Rehl prior to the colloquy. Attorney Pattis contends that the Court can engage in the colloquy without the appointment of independent counsel.

---

[1] The government circulated a draft of this filing to all counsel at approximately 1:34 p.m. on June 12, 2023, and did not receive a response from counsel for defendants Tarrio or Nordean.

Once the foregoing series of decisions have been made, the Court and the parties will have meaningful guidance as to the appropriate course and schedule for post-trial motions and sentencing. Most importantly, Rehl will have counsel for future stages of the proceedings.

For these reasons, the Court should vacate the post-trial briefing schedule, promptly address the potential conflict, and appoint counsel (either Mr. Pattis or another appropriate lawyer) for defendant Rehl. Once Rehl has been appointed counsel, the Court should reset the post-trial briefing schedule for all parties. Judicial economy dictates that the briefing schedule for this complex case should remain consolidated, including at any appellate stage, if practicable. For this reason, and the need to promptly and fully address the potential conflicts issues, the Court should endeavor to first address and resolve the potential conflict and then reinstate a briefing and sentencing schedule that facilitates a comprehensive and consolidated analysis by the defendants, the government, and the Court.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     */s/ Jason McCullough*
JASON B.A. MCCULLOUGH
NY Bar No. 4544953
ERIK M. KENERSON, OH Bar No. 82960
NADIA E. MOORE, NY Bar No. 4826566
   On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7201 //
Erik.Kenerson@usdoj.gov

By:   */s/ Conor Mulroe*
CONOR MULROE, NY Bar No. 5289640
Trial Attorney
U.S. Department of Justice, Criminal Division
1301 New York Ave. NW, Suite 700
Washington, D.C. 20530
(202) 330-1788
Conor.Mulroe@usdoj.gov