UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | No. 1:21-cr-175 (TJK) |
| v. | : | |
| | : | |
| | : | |
| ETHAN NORDEAN, et. al. | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION TO PARTIALLY STRIKE REPLY BRIEF

On August 6, 2023, defendant Pezzola filed a 39-page "reply brief" that raised multiple unsupported arguments for the first time. ECF 841. It was signed only by attorney Roger Roots, in a "signature block" that included only his name. All of these are in violation of the Local Criminal Rules and the law of this Circuit disfavoring raising new arguments in a reply brief. The government accordingly moves this Court to strike pages 2 to 7 and 17-38 of ECF 841.

### LEGAL PRINCIPLES

"[A] reply memorandum shall not exceed 25 pages, without prior approval of the Court." LCrR 47(e). "All documents signed by an attorney shall contain the name, address, telephone number, and D.C. Bar identification number of the attorney if the attorney is a member of the D.C. Bar." LCrR 49(f)(3)(i). "[I]n order to prevent the 'sandbagging' of another party, 'we have generally held that issues not raised until the reply brief are waived'". *New York Rehabilitation Care Management, LLC v. N.L.R.B.*, 506 F.3d 1070, 1076 (D.C. Cir. 2007).

### ARGUMENT

Pezzola's opening brief was seven pages long and made three main arguments: (1) the government had not proven that the window Pezzola smashed with a stolen riot shield was worth more than $1000 (ECF 824 at 3-4); (2) Pezzola's taking of Officer Ode's shield was not forceful

(*id.* at 4-5); and (3) that the government had withheld evidence regarding Landon Copeland's recently declared, factually dubious, and wholly irrelevant alleged association with Antifa (*id.* at 5-7). In contrast, Pezzola's 39-page reply made arguments regarding (1) individuals identified as #redonredglasses and as a "tall muscular black man wearing a black shirt with a white 'W' emblem" (ECF 841 at 2-3); "up to 50" alleged confidential human sources (*id.* at 4, 24-25); alleged nondisclosure of *Brady* and/or impeachment material (*id.* at 4-7); an alleged Department of Justice policy of only disclosing information during a trial and the night before a witness testified (*id.* at 17-18, an allegation which is belied by the record); that the government was required to produce some unnamed witness or witnesses (*id.* at 18-23); a post-trial media interview given by a juror (*id.* at 25-29); allegedly new photographs of portions of the black fence underlying Count Six of the Third Superseding Indictment (*id.* at 29-31); and an interview with the brother of an unrelated defendant (*id.* at 32-38).[1] The signature block of the reply contains only "/s/ Roger Roots, esq," which is facially deficient under the local rules, and a certificate of service that is not required under the local rules. LCrRs 49(f)(3)(i); 49(d)(2). Pezzola never moved to file a reply that is over the page limit or to raise issues not raised in his original motion.

The Court has the authority to strike the reply given its length alone. *See* LCrR 47(e) ("a reply memorandum shall not exceed 25 pages, without prior approval of the Court. Documents that fail to comply with this provision shall not be filed by the Clerk"). Pezzola neither sought nor received approval for his over-length brief. In addition to being over-length, as discussed above, Pezzola's reply raises multiple arguments for the first time in reply, without a chance for the government to respond. The D.C. Circuit routinely declines to reach the merits of issues raised

---

[1] The other pages of the Pezzola's reply, which the government does not seek to strike, respond to arguments the government made in its opposition. *See generally* ECF 841 at 7-18.

for the first time in a reply brief.  *See, e.g.*, *New York Rehabilitation Care Management, LLC v. N.L.R.B.*, 506 F.3d 1070, 1076 (D.C. Cir. 2007)  ("in order to prevent the 'sandbagging' of another party, 'we have generally held that issues not raised until the reply brief are waived'").  This Court should do the same.

The government notes that counsel's vague allegations regarding the timing of disclosure are belied by the record, and his factual assertions amount to no more than conjecture for which he has supplied no proof.  Under these circumstances, striking the new portions of the reply brief is warranted, so as not to consume judicial resources ruling on allegations that are unsupported on their face.  This is moreover not the first time this counsel has made naked, unsupported and sensational allegations.  *See, e.g.*, ECF 675 at 3 ("Pezzola supports his conclusions with conjecture") (Order Denying Pezzola Motion for a Mistrial and Strike the 1776 Returns Document).  Nor is this the first time that counsel has been either unwilling or unable to learn the lengthy record in this case that existed prior to his entry of appearance, which came during jury selections.  *See*, *e.g.*, *id.* at 4 (noting that Mr. Roots' filing "inaccurately portray[ed] this case's litigation history" and explaining that the government had provided the substance of the information that prompted Pezzola's motion over a month prior to trial); ECF 638 (Roots notice of appearance, filed on January 18, 2023).

The government categorically denies the allegations made in Pezzola's reply brief, which are made without specific citations.  The Court should not reach them on the merits.  If the Court declines to strike the portions of the reply brief, the government requests leave to file a sur-reply.

                    Respectfully Submitted,
                    MATTHEW M. GRAVES
                    United States Attorney
                    D.C. Bar No. 481052

By:    */s/ Erik M. Kenerson*
        ERIK M. KENERSON // Ohio Bar No. 82960
        JASON B.A. MCCULLOUGH
          NY Bar No. 4544953, DC Bar No. 998006
        NADIA E. MOORE // NY Bar No. 4826566
          On Detail to the District of Columbia
        Assistant United States Attorneys
        601 D Street NW
        Washington, D.C. 20530
        (202) 252-7201
        Erik.Kenerson@usdoj.gov

        */s/ Conor Mulroe*
        Conor Mulroe // NY Bar No. 5289640
        Trial Attorney // U.S. Department of Justice,
          Criminal Division
        1301 New York Avenue, Suite 700
        (202) 330-1788
        conor.mulroe@usdoj.gov