APPEAL,CAP,CAT B

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:21−cr−00175−TJK</u>−1

Case title: USA v. NORDEAN et al

Magistrate judge case number:  1:21−mj−00195−ZMF

Date Filed: 03/03/2021

---

Assigned to: Judge Timothy J. Kelly

Appeals court case numbers: 21−3022, 21−3096

**<u>Defendant (1)</u>**

| | |
|---|---|
| **ETHAN NORDEAN**<br>*also known as*<br>RUFIO PANMAN | represented by **David Benjamin Smith**<br>DAVID B. SMITH, PLLC<br>108 North Alfred Street<br>1st Floor<br>Alexandria, VA 22314<br>(703) 548−8911<br>Fax: (703) 548−8935<br>Email: dbs@davidbsmithpllc.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br><br>**Nicholas D. Smith**<br>DAVID B. SMITH PLLC<br>1123 Broadway<br>Townsend Building<br>Suite 909<br>New York, NY 10010<br>(917) 902−3869<br>Email: nds@davidbsmithpllc.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| 18 U.S.C. § 2384; SEDITIOUS CONSPIRACY; Seditious Conspiracy (1sss) | Defendant sentenced to two hundred sixteen (216) months of Incarceration on Count 1sss, to run concurrently with Counts 2sss, 3sss, 4sss, 5sss, and 6sss, followed by thirty−six (36) months of Supervised Release (with conditions) on Count 1sss to run |

18 U.S.C. § 1512(k); TAMPERING WITH WITNESS, VICTIM, OR AN INFORMANT; Conspiracy to Obstruct an Official Proceeding
(2sss)

18 U.S.C. 1512(c)(2), 2; TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding and Aiding and Abetting
(3sss)

18 U.S.C. 372; CONSPIRE TO IMPEDE OR INJURE OFFICER; Conspiracy to Prevent an Officer from Discharging Any Duties
(4sss)

18 U.S.C. 231(a)(3), 2; CIVIL DISORDER; Civil Disorder and Aiding and Abetting
(5sss)

18 U.S.C. 1361, 2; GOVERNMENT PROPERTY OR CONTRACTS >; Destruction of Government Property and Aiding and Abetting
(6sss)

concurrently with Counts 2sss, 3sss, 4sss, 5sss, and 6sss. $100 Special Assessment.

Defendant sentenced to two hundred sixteen (216) months of Incarceration on Count 2sss, to run concurrently with Counts 1sss, 3sss, 4sss, 5sss, and 6sss, followed by thirty−six (36) months of Supervised Release (with conditions) on Count 2sss to run concurrently with Counts 1sss, 3sss, 4sss, 5sss, and 6sss. $100 Special Assessment.

Defendant sentenced to two hundred sixteen (216) months of Incarceration on Count 3sss, to run concurrently with Counts 1sss, 2sss, 4sss, 5sss, and 6sss, followed by thirty−six (36) months of Supervised Release (with conditions) on Count 3sss to run concurrently with Counts 1sss, 2sss, 4sss, 5sss, and 6sss. $100 Special Assessment.

Defendant sentenced to seventy−two (72) months of Incarceration on Count 4sss, to run concurrently with Counts 1sss, 2sss, 3sss, 5sss, and 6sss, followed by thirty−six (36) months of Supervised Release (with conditions) on Count 4sss to run concurrently with Counts 1sss, 2sss, 3sss, 5sss, and 6sss. $100 Special Assessment.

Defendant sentenced to sixty (60) months of Incarceration on Count 5sss, to run concurrently with Counts 1sss, 2sss, 3sss, 4sss, and 6sss, followed by thirty−six (36) months of Supervised Release (with conditions) on Count 5sss to run concurrently with Counts 1sss, 2sss, 3sss, 4sss, and 6sss. $100 Special Assessment.

Defendant sentenced to two hundred sixteen (216) months of Incarceration on Count 6sss, to run concurrently with Counts 1sss, 2sss, 3sss, 4sss, and 5sss, followed by thirty−six (36) months of Supervised Release (with conditions) on Count 6sss to run concurrently with Counts 1sss, 2sss, 3sss, 4sss, and 5sss. $100 Special Assessment.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                          **Disposition**

| | |
|---|---|
| 18 U.S.C. 1512(c)(2) and 2; TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding and Aiding and Abetting (1) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18:371; CONSPIRACY TO DEFRAUD THE UNITED STATES; Conspiracy (1s) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18 U.S.C. 1512(k); TAMPERING WITH WITNESS, VICTIM, OR AN INFORMANT; Conspiracy to Obstruct Official Proceeding (1ss) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18 U.S.C. 1361 and 2; GOVERNMENT PROPERTY OR CONTRACTS >; Destruction of Government Property and Aiding and Abetting (2) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18:1512(c)(2), 2; TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding and Aiding and Abetting (2s) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18 U.S.C. 1512(c)(2) and 2; TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding and Aiding and Abetting (2ss) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18 U.S.C. 1752(a)(1); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining in a Restricted Building or Grounds (3) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18:231(A)(3), 2; CIVIL DISORDER; Obstruction of Law Enforcement During Civil Disorder and Aiding and Abetting (3s) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18 U.S.C. 231(a)(3), 2; CIVIL DISORDER; Civil Disorder and Aiding and Abetting (3ss) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18 U.S.C. 1752(a)(2); TEMPORARY RESIDENCE OF THE PRESIDENT; Disorderly and Disruptive Conduct in a Restricted Building or Grounds (4) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |

| | |
|---|---|
| 18;1361, 2; GOVERNMENT PROPERTY OR CONTRACTS >; Destruction of Government Property and Aiding and Abetting (4s) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18 U.S.C. 1361, 2; GOVERNMENT PROPERTY OR CONTRACTS >; Destruction of Government Property and Aiding and Abetting (4ss−5ss) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18:1752(a)(1); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining in a Restricted Building or Grounds (5s) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18:1752(a)(2); TEMPORARY RESIDENCE OF THE PRESIDENT; Disorderly Conduct in a Restricted Building or Grounds (6s) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18 U.S.C. 111(a)(1); ASSAULTING/RESISTING/IMPEDING OFFICERS/EMPLOYEES; Assaulting, Resisting, or Impeding Certain Officers (6ss−7ss) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18 U.S.C. 1361, 2; GOVERNMENT PROPERTY OR CONTRACTS >; Destruction of Government Property and Aiding and Abetting (7sss) | MISTRIAL DECLARED BY COURT ON 5/4/2023 |
| 18 U.S.C. 111(a)(1); ASSAULTING/RESISTING/IMPEDING OFFICERS/EMPLOYEES; Assaulting, Resisting, or Impeding Certain Officers (8sss) | MISTRIAL DECLARED BY COURT ON 5/4/2023 |
| 18 U.S.C. 111(a)(1); ASSAULTING/RESISTING/IMPEDING OFFICERS/EMPLOYEES; Assaulting, Resisting, or Impeding Certain Officers (9sss) | JURY VERDICT OF NOT GUILTY ON 5/4/2023 |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| COMPLAINT in VIOLATION of 18 U.S.C. 1361 and 2; 18 U.S.C. 1512(c)(2); | |

18 U.S.C. 1752(a); 40 U.S.C.
5104(e)(2)(D) and (G)

**Interested Party**

| | | |
|---|---|---|
| **SANTHA SONENBERG** | represented by | **Santha Sonenberg** |
| | | 5217 42nd Street, NW |
| | | Washington, DC 20015 |
| | | (202) 494–7083 |
| | | Fax: (202) 824–2423 |
| | | Email: santhasonenberg@yahoo.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Public Defender or* |
| | | *Community Defender Appointment* |

**Movant**

| | | |
|---|---|---|
| **CABLE NEWS NETWORK, INC.** | represented by | **Charles D. Tobin** |
| | | BALLARD SPAHR LLP |
| | | 1909 K Street, NW |
| | | 12th Floor |
| | | Washington, DC 20006 |
| | | 202–661–2218 |
| | | Fax: 202–661–2299 |
| | | Email: tobinc@ballardspahr.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |
| | | |
| | | **Lauren Russell** |
| | | BALLARD SPAHR LLP |
| | | 1909 K Street, NW |
| | | 12th Floor |
| | | Washington, DC 20006 |
| | | 202–661–2200 |
| | | Fax: 202–661–2299 |
| | | Email: russelll@ballardspahr.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |
| | | |
| | | **Maxwell S. Mishkin** |
| | | BALLARD SPAHR LLP |
| | | 1909 K Street, NW |
| | | 12th Floor |
| | | Washington, DC 20006 |
| | | (202) 508–1140 |
| | | Fax: (202) 661–2299 |
| | | Email: mishkinm@ballardspahr.com |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Movant**

**AMERICAN BROADCASTING COMPANIES, INC.**
*doing business as*
ABC NEWS

represented by **Charles D. Tobin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Lauren Russell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Maxwell S. Mishkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Movant**

**ASSOCIATED PRESS**

represented by **Charles D. Tobin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Lauren Russell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Maxwell S. Mishkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Movant**

**BUZZFEED INC.**
*doing business as*
BUZZFEED NEWS

represented by **Charles D. Tobin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*Designation: Retained*

**Lauren Russell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Maxwell S. Mishkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Movant**

**CBS BROADCASTING INC.**             represented by   **Charles D. Tobin**
*on behalf of*                                         (See above for address)
CBS NEWS                                               *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Retained*

                                                       **Lauren Russell**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Retained*

                                                       **Maxwell S. Mishkin**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Retained*

---

**Movant**

**DOW JONES & COMPANY, INC.**         represented by   **Charles D. Tobin**
*on behalf of*                                         (See above for address)
WALL STREET JOURNAL                                    *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Retained*

                                                       **Lauren Russell**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Retained*

                                                       **Maxwell S. Mishkin**
                                                       (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Movant**

**E.W. SCRIPPS COMPANY**                represented by   **Charles D. Tobin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Lauren Russell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Maxwell S. Mishkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Movant**

**GANNETT CO., INC.**                   represented by   **Charles D. Tobin**
7950 Jones Branch Drive                                  (See above for address)
McLean, VA 22107                                         *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Lauren Russell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Maxwell S. Mishkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Movant**

**GRAY MEDIA GROUP, INC.**              represented by   **Charles D. Tobin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*Designation: Retained*

**Lauren Russell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Maxwell S. Mishkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Movant**

**LOS ANGELES TIMES**                  represented by   **Charles D. Tobin**
**COMMUNICATIONS LLC**                                  (See above for address)
*on behalf of*                                         *LEAD ATTORNEY*
THE LOS ANGELES TIMES                                   *ATTORNEY TO BE NOTICED*
                                                        *Designation: Retained*

                                                        **Lauren Russell**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Retained*

                                                        **Maxwell S. Mishkin**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Retained*

---

**Movant**

**NATIONAL PUBLIC RADIO, INC.**        represented by   **Charles D. Tobin**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Retained*

                                                        **Lauren Russell**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Retained*

                                                        **Maxwell S. Mishkin**
                                                        (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Movant**

**NBCUNIVERSAL MEDIA, LLC**          represented by   **Charles D. Tobin**
*doing business as*                                   (See above for address)
NBC NEWS                                              *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Retained*

                                                      **Lauren Russell**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Retained*

                                                      **Maxwell S. Mishkin**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Retained*

**Movant**

**NEW YORK TIMES COMPANY**          represented by   **Charles D. Tobin**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Retained*

                                                      **Lauren Russell**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Retained*

                                                      **Maxwell S. Mishkin**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Retained*

**Movant**

**PRO PUBLICA, INC.**               represented by   **Charles D. Tobin**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

*Designation: Retained*

**Lauren Russell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Maxwell S. Mishkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Movant**

**TEGNA, INC.**                    represented by   **Charles D. Tobin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Lauren Russell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Maxwell S. Mishkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Movant**

**WP COMPANY LLC**                 represented by   **Charles D. Tobin**
*doing business as*                                 (See above for address)
THE WASHINGTON POST                                 *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Lauren Russell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Maxwell S. Mishkin**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Movant**

**KENNY LIZARDO**                    represented by   **Aziza Hawthorne**
                                                      FEDERAL PUBLIC DEFENDER
                                                      OFFICE
                                                      51 Sleeper Street
                                                      #5
                                                      Boston, MA 02210
                                                      617–223–8061
                                                      Email: aziza_hawthorne@fd.org
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Public Defender or*
                                                      *Community Defender Appointment*

                                                      **Kyana Givens**
                                                      FEDERAL PUBLIC DEFENDER
                                                      EDNC
                                                      150 Fayetteville Street
                                                      Suite 450
                                                      Raleigh, NC 27502
                                                      919–856–4236
                                                      Fax: 919–856–4477
                                                      Email: kyana_givens@fd.org
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Public Defender or*
                                                      *Community Defender Appointment*

**Movant**

**HENDRICK BLOCK**                   represented by   **Gregory Bruce English**
                                                      ENGLISH LAW FIRM, PLLC
                                                      601 King Street
                                                      Suite 406
                                                      Alexandria, VA 22314
                                                      (703) 739–1368
                                                      Fax: (703) 836–6842
                                                      Email: gbeuva@gmail.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Retained*

**Movant**

                                     represented by

**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**

Edward G. Caspar
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street, NW
Suite 900
Washington, DC 20005
202–662–8390
Email: ecaspar@lawyerscommittee.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Plaintiff**

**USA**                                    represented by  **Conor Mulroe**
DOJ–CRM
1301 New York Avenue NW
Suite 700
Washington, DC 20005
202–330–1788
Email: conor.mulroe@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Erik Michael Kenerson**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Suite 11–449
Washington, DC 20530
(202) 252–7201
Email: erik.kenerson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Jason Bradley Adam McCullough**
U.S. ATTORNEY'S OFFICE
555 4th Street NW
Washington, DC 20530
(202) 252–7233
Email: jason.mccullough2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Nadia Moore**
U.S. ATTORNEY'S OFFICE
271 Cadman Plaza East
Brooklyn, NY 11201

718–254–6362
Email: nadia.moore@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**James B. Nelson**
U.S. ATTORNEY'S OFFICE FOR
DISTRICT OF COLUMBIA
555 4th Street NW
Room 4112
Washington, DC 20001
(202) 252–6986
Email: james.nelson@usdoj.gov
*TERMINATED: 10/15/2021*
*Designation: Assistant U.S. Attorney*

**Luke Matthew Jones**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252–7066
Fax: (202) 616–8470
Email: luke.jones@usdoj.gov
*TERMINATED: 05/13/2022*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/02/2021 | 6 | SEALED COMPLAINT as to ETHAN NORDEAN (1). (Attachments: # 1 Affidavit in Support) (zltp)[1:21–mj–00195–ZMF] Modified on 3/22/2021 (zltp). (Entered: 02/03/2021) |
| 02/02/2021 | 8 | MOTION to Seal Case by USA as to ETHAN NORDEAN. (Attachments: # 1 Text of Proposed Order)(zltp)[1:21–mj–00195–ZMF] Modified on 3/22/2021 (zltp). (Entered: 02/03/2021) |
| 02/02/2021 | 9 | ORDER granting 8 Motion to Seal Case as to ETHAN NORDEAN (1). Signed by Magistrate Judge Zia M. Faruqui on 2/2/2021. (zltp)[1:21–mj–00195–ZMF] Modified on 3/22/2021 (zltp). (Entered: 02/03/2021) |
| 02/03/2021 | | Arrest of ETHAN NORDEAN in US District Court Western District of Washington. (bb) [1:21–mj–00195–ZMF] (Entered: 02/26/2021) |
| 02/08/2021 | 5 | NOTICE OF ATTORNEY APPEARANCE James B. Nelson appearing for USA. (zstd) [1:21–mj–00195–ZMF] (Entered: 02/08/2021) |
| 02/08/2021 | 6 | MOTION for Emergency Stay and MOTION for Review of Release Order by USA as to ETHAN NORDEAN. (Attachments: # 1 Text of Proposed Order)(zstd) [1:21–mj–00195–ZMF] (Entered: 02/08/2021) |
| 02/08/2021 | 7 | ORDER, as to ETHAN NORDEAN, GRANTING the government's 6 Motion for Emergency Stay and Review of Release Order. Signed by Chief Judge Beryl A. |

| | | |
|---|---|---|
| | | Howell on February 8, 2021. (lcbah2) [1:21−mj−00195−ZMF] (Entered: 02/08/2021) |
| 02/08/2021 | 8 | MOTION for Transport Order by USA as to ETHAN NORDEAN. (Attachments: # 1 Text of Proposed Order)(zstd) [1:21−mj−00195−ZMF] (Entered: 02/08/2021) |
| 02/08/2021 | 9 | ORDER, as to ETHAN NORDEAN, GRANTING the government's 8 Motion for Transport Order. Signed by Chief Judge Beryl A. Howell on February 8, 2021. (lcbah2) [1:21−mj−00195−ZMF] (Entered: 02/08/2021) |
| 02/22/2021 | 11 | NOTICE OF ATTORNEY APPEARANCE: David Benjamin Smith appearing for ETHAN NORDEAN (bb) [1:21−mj−00195−ZMF] (Entered: 02/23/2021) |
| 02/22/2021 | 12 | NOTICE OF ATTORNEY APPEARANCE: Nicholas D. Smith appearing for ETHAN NORDEAN (bb) [1:21−mj−00195−ZMF] (Entered: 02/23/2021) |
| 02/23/2021 | 13 | Defendant's Motion to Lift Stay on Release Order re 7 Order on Motion to Stay, Order on Motion for Review by ETHAN NORDEAN. (bb) [1:21−mj−00195−ZMF] (Entered: 02/23/2021) |
| 02/23/2021 | 14 | MOTION to Unseal Case by USA as to ETHAN NORDEAN. (Attachments: # 1 Text of Proposed Order)(zstd) [1:21−mj−00195−ZMF] (Entered: 02/24/2021) |
| 02/25/2021 | | MINUTE ORDER granting 14 Motion to Unseal Case as to ETHAN NORDEAN, DIRECTING the Clerk's Office to unseal this case. SO ORDERED. Signed by Chief Judge Beryl A. Howell on 2/25/2021. (ztg) [1:21−mj−00195−ZMF] (Entered: 02/25/2021) |
| 02/25/2021 | | Case unsealed as to ETHAN NORDEAN (bb) [1:21−mj−00195−ZMF] (Entered: 02/25/2021) |
| 02/26/2021 | 15 | MOTION for Release from Custody *pursuant to 18 U.S.C. s. 3060* by ETHAN NORDEAN. (Smith, Nicholas) [1:21−mj−00195−ZMF] (Entered: 02/26/2021) |
| 02/26/2021 | 16 | Rule 5(c)(3) Documents Received as to ETHAN NORDEAN from US District Court Western District of Washington Case Number 21−mj−67 (bb) [1:21−mj−00195−ZMF] (Entered: 02/26/2021) |
| 02/26/2021 | | NOTICE OF HEARING ON MOTIONS in case as to ETHAN NORDEAN re 13 Motion to Lift Stay on Release Order and 15 Motion to Release from Custody Pursuant to 18 U.S.C. § 3060. The parties shall take notice that, unless this case is assigned to another Judge upon the filing of an indictment or information, a Motions Hearing is scheduled for 3/2/2021, at 11:00 AM via videoconference before Chief Judge Beryl A. Howell. Signed by Chief Judge Beryl A. Howell on February 26, 2021. (lcbah2) [1:21−mj−00195−ZMF] (Entered: 02/26/2021) |
| 02/27/2021 | | MINUTE ORDER (paperless) as to ETHAN NORDEAN DIRECTING the government to submit, by March 1, 2021 at 4:00 PM, a response to defendant's pending 13 Motion to Lift Stay and 15 Motion to Release from Custody Pursuant to 18 U.S.C. § 3060. Signed by Chief Judge Beryl A. Howell on February 27, 2021. (lcbah2) [1:21−mj−00195−ZMF] (Entered: 02/27/2021) |
| 03/01/2021 | | Set/Reset Hearings as to ETHAN NORDEAN: Motion Hearing set for 3/2/2021 at 11:00 AM via videoconference before Chief Judge Beryl A. Howell. (ztg) [1:21−mj−00195−ZMF] (Entered: 03/01/2021) |
| 03/01/2021 | 17 | Memorandum in Opposition by USA as to ETHAN NORDEAN re 13 MOTION Defendant's Motion to Lift Stay on Release Order re 7 Order on Motion to Stay, Order |

| | | |
|---|---|---|
| | | on Motion for Review (Nelson, James) [1:21−mj−00195−ZMF] (Entered: 03/01/2021) |
| 03/01/2021 | 18 | Memorandum in Opposition by USA as to ETHAN NORDEAN re 15 MOTION for Release from Custody *pursuant to 18 U.S.C. s. 3060* (Attachments: # 1 Defendant's Waiver)(Nelson, James) [1:21−mj−00195−ZMF] (Entered: 03/01/2021) |
| 03/01/2021 | 19 | REPLY TO OPPOSITION to Motion by ETHAN NORDEAN re 15 MOTION for Release from Custody *pursuant to 18 U.S.C. s. 3060*, 13 MOTION Defendant's Motion to Lift Stay on Release Order re 7 Order on Motion to Stay, Order on Motion for Review (Smith, Nicholas) [1:21−mj−00195−ZMF] (Entered: 03/01/2021) |
| 03/02/2021 | | NOTICE VACATING HEARING as to ETHAN NORDEAN. The parties shall take notice that the motion hearing scheduled to take place today, March 2, 2021, at 11:00 AM is VACATED. A new hearing date and time will be provided by the deputy clerk by the close of business today.(ztg) [1:21−mj−00195−ZMF] (Entered: 03/02/2021) |
| 03/02/2021 | | NOTICE OF HEARING as to ETHAN NORDEAN. The parties shall take notice that a Motion Hearing is scheduled for 3/3/2021, at 3:00 PM via videoconference before Chief Judge Beryl A. Howell. Connection details for the hearing will be provided to the parties by the deputy clerk.(ztg) [1:21−mj−00195−ZMF] (Entered: 03/02/2021) |
| 03/02/2021 | 20 | SUPPLEMENT by ETHAN NORDEAN re 13 MOTION Defendant's Motion to Lift Stay on Release Order re 7 Order on Motion to Stay, Order on Motion for Review *Declaration of Cory Nordean* (Smith, Nicholas) [1:21−mj−00195−ZMF] (Entered: 03/02/2021) |
| 03/02/2021 | 21 | SUPPLEMENT by USA as to ETHAN NORDEAN re 19 Reply to opposition to Motion, 20 Supplement to any document, 17 Memorandum in Opposition (Attachments: # 1 Exhibits)(Nelson, James) [1:21−mj−00195−ZMF] (Entered: 03/02/2021) |
| 03/03/2021 | 22 | RESPONSE by ETHAN NORDEAN re 21 Supplement to any document *re: New Evidence Submitted by the Government* (Smith, Nicholas) [1:21−mj−00195−ZMF] (Entered: 03/03/2021) |
| 03/03/2021 | | Minute Entry for proceedings held before Chief Judge Beryl A. Howell:Motion Hearing as to ETHAN NORDEAN held via videoconference on 3/3/2021. Defendant not present due to an institutional emergency. Defense counsel's oral motion for a waiver under Rule 43, heard and granted. 15 MOTION for Release from Custody pursuant to 18 U.S.C. s. 3060 filed by ETHAN NORDEAN, denied as moot; 6 MOTION for Review of Release Order filed by USA, denied; 13 Defendant's Motion to Lift Stay on Release Order, denied as moot. Magistrate's Release Order AFFIRMED. Defendant released on personal recognizance bond with a condition of home detention, he will be supervised by Western District of Washington. Bond Status of Defendant: personal recognizance with home detention condition/release issued. Present via videoconference: Defense Attorneys: David B. Smith and Nicholas D. Smith; US Attorney: James B. A. McCullough and James B. Nelson; Pretrial Officer: Masharia Holman. Court Reporter: Elizabeth Saint−Loth. (ztg) [1:21−mj−00195−ZMF] (Entered: 03/03/2021) |
| 03/03/2021 | 23 | ORDER Setting Conditions of Release with Global Positioning System Monitoring. Signed by Chief Judge Beryl A. Howell on 3/3/2021. (Attachments: # 1 Appearance Bond) (ztg) [1:21−mj−00195−ZMF] (Entered: 03/03/2021) |
| 03/03/2021 | 24 | |

| | | |
|---|---|---|
| | | INDICTMENT as to ETHAN NORDEAN (1) count(s) 1, 2, 3, 4. (zltp) (Entered: 03/04/2021) |
| 03/04/2021 | | MINUTE ORDER as to ETHAN NORDEAN: Pursuant to the Due Process Protections Act, the Court hereby ORDERS that all government counsel shall review their disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, as set forth in Local Criminal Rule 5.1, and comply with those provisions. The failure to comply could result in dismissal of the indictment or information, dismissal of individual charges, exclusion of government evidence or witnesses, continuances, Bar discipline, or any other remedy that is just under the circumstances. Signed by Judge Timothy J. Kelly on 3/4/2021. (lctjk1) (Entered: 03/04/2021) |
| 03/08/2021 | | NOTICE OF HEARING as to ETHAN NORDEAN. VTC Arraignment set for 3/16/2021 at 2:00 PM before Judge Timothy J. Kelly. The parties shall contact the Courtroom Deputy at (202) 354–3495 at least one business day in advance to make arrangements to participate. (zkh) (Entered: 03/08/2021) |
| 03/10/2021 | 26 | (FIRST SUPERSEDING INDICTMENT) filed by USA as to ETHAN NORDEAN (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, JOSEPH RANDALL BIGGS (2) count(s) 1, 2, 3, 4, 5, 6, ZACHARY REHL (3) count(s) 1, 2, 3, 4, 5, 6, CHARLES DONOHOE (4) count(s) 1, 2, 3, 4, 5, 6 (This document is SEALED and only available to authorized persons.) (zltp) Modified sealing on 3/19/2021 (bb). Modified on 3/19/2021 (zltp). (Entered: 03/12/2021) |
| 03/10/2021 | | Counts added: ETHAN NORDEAN (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, JOSEPH RANDALL BIGGS (2) count(s) 1, 2, 3, 4, 5, 6, ZACHARY REHL (3) count(s) 1, 2, 3, 4, 5, 6, CHARLES DONOHOE (4) count(s) 1, 2, 3, 4, 5, 6 (zltp) (Entered: 03/19/2021) |
| 03/12/2021 | 29 | MOTION TO CONTINUE THE ARRAIGNMENT filed by USA as to ETHAN NORDEAN.(This document is SEALED and only available to authorized persons.) (zltp) Modified sealing on 3/19/2021 (bb). (Entered: 03/19/2021) |
| 03/15/2021 | 27 | MOTION for Bill of Particulars *as to Count Two of the Indictment* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 03/15/2021) |
| 03/15/2021 | | MINUTE ORDER as to ETHAN NORDEAN: It is hereby ORDERED that the arraignment set for March 16, 2021, is hereby CONTINUED to March 23, 2021, at 2:00 p.m. via videoconference. The parties shall contact the Courtroom Deputy at (202) 354–3495 at least one business day in advance to make arrangements to participate. Signed by Judge Timothy J. Kelly on 3/15/2021. (lctjk1) (Entered: 03/15/2021) |
| 03/17/2021 | 28 | Government's MOTION to Unseal Superseding Indictment and Related Documents by USA as to ETHAN NORDEAN. (Attachments: # 1 Text of Proposed Order)(bb) (Entered: 03/18/2021) |
| 03/19/2021 | | MINUTE ORDER as to ETHAN NORDEAN granting the Government's 28 Motion to Unseal. It is hereby ORDERED that 26 First Superseding Indictment and 29 Motion to Continue be UNSEALED. The Clerk of Court is instructed to unseal ECF Nos. 26 and 29. Signed by Judge Timothy J. Kelly on 3/19/2021. (lctjk1) (Entered: 03/19/2021) |
| 03/19/2021 | | Document unsealed as to ETHAN NORDEAN. 29 SEALED MOTION filed by USA as to ETHAN NORDEAN.(This document is SEALED and only available to authorized persons.), 26 Sealed Document (bb) (Entered: 03/19/2021) |

| 03/20/2021 | 30 | MOTION to Revoke *Pretrial Release* by USA as to ETHAN NORDEAN. (Nelson, James) (Entered: 03/20/2021) |
|---|---|---|
| 03/21/2021 | 32 | Memorandum in Opposition by ETHAN NORDEAN re 30 MOTION to Revoke *Pretrial Release* (Attachments: # 1 Exhibit Statement of Nordean's Probation Officer)(Smith, Nicholas) (Entered: 03/21/2021) |
| 03/23/2021 | 34 | SUPPLEMENT by ETHAN NORDEAN re 30 MOTION to Revoke *Pretrial Release Government Statements to Media about this Investigation* (Smith, Nicholas) (Entered: 03/23/2021) |
| 03/23/2021 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Arraignment as to ETHAN NORDEAN (1) as to Counts 1s, 2s, 3s, 4s, 5s, and 6s and JOSEPH RANDALL BIGGS (2) as to Counts 1, 2, 3, 4, 5, and 6 held on 3/23/2021. BOTH defendants appeared by video. Plea of NOT GUILTY entered by ETHAN NORDEAN (1) as to Counts 1s, 2s, 3s, 4s, 5s, and 6s and JOSEPH RANDALL BIGGS (2) as to Counts 1, 2, 3, 4, 5, and 6. Speedy Trial Excludable (XT) started 3/23/2021 through 4/1/2021, in the interest of justice, as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). Response to 31 MOTION to Revoke *Pretrial Release* by Defendant JOSEPH RANDALL BIGGS (2) due by 3/29/2021. VTC Motion Hearing/Status Conference set for 4/1/2021 at 2:00 PM before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Remains on Personal Recognizance/HISP, 2–Remains on Personal Recognizance/HISP; Court Reporter: Timothy Miller; Defense Attorneys: 1–David Benjamin Smith and Nicholas D. Smith, 2–John Daniel Hull, IV; US Attorneys: James B. Nelson, Jason Bradley Adam McCullough, and Luke Matthew Jones. (zkh) (Entered: 03/23/2021) |
| 03/29/2021 | 41 | SUPPLEMENT by ETHAN NORDEAN re 30 MOTION to Revoke *Pretrial Release Regarding New Evidence Relevant to the Government's Motion to Revoke Release Order* (Attachments: # 1 Exhibit Declaration of Michale Graves, # 2 Exhibit Declaration of Arturo Santaella, # 3 Exhibit Statement of Probation Officer)(Smith, Nicholas) (Entered: 03/29/2021) |
| 03/31/2021 | 45 | REPLY TO OPPOSITION to Motion by USA as to ETHAN NORDEAN re 30 MOTION to Revoke *Pretrial Release* (McCullough, Jason) (Entered: 03/31/2021) |
| 04/01/2021 | | NOTICE OF HEARING as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). The VTC Motion Hearing set for 4/1/2021 is **RESCHEDULED** for 4/6/2021 at 11:30 AM before Judge Timothy J. Kelly. (zkh) (Entered: 04/01/2021) |
| 04/05/2021 | 49 | MOTION for Leave to File *Sur−Reply in Response to New Arguments Raised in Government's Reply in Support of Motion to Revoke Release Order* by ETHAN NORDEAN. (Attachments: # 1 Exhibit Ethan Nordean's Sur−Reply in Response to New Arguments Raised in Government's Reply in Support of Motion to Revoke Release Order, # 2 Exhibit Transcript of Couy Griffin Detention Hearing)(Smith, Nicholas) (Entered: 04/05/2021) |
| 04/06/2021 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Motion Hearing as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2) held on 4/6/2021. Both defendants appeared by video. Oral argument on 30 MOTION to Revoke *Pretrial Release* and 31 MOTION to Revoke *Pretrial Release*, heard and taken under advisement. Speedy Trial Excludable (XT) started nunc pro tunc 4/1/2021 through 4/9/2021, in the interest of justice, as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). Any supplemental memoranda due by 4/6/2021. VTC Oral Ruling set for 4/9/2021 at 2:00 PM before Judge Timothy J. Kelly. Bond |

| | | |
|---|---|---|
| | | Status of Defendants: 1–Remains on Personal Recognizance/HISP, 2–Remains on Personal Recognizance/HISP; Court Reporter: Timothy Miller; Defense Attorneys: 1–David Benjamin Smith and Nicholas D. Smith, 2–John Daniel Hull, IV; US Attorneys: James B. Nelson, Jason Bradley Adam McCullough, and Luke Matthew Jones; Pretrial Officer: John Copes. (zkh) (Entered: 04/06/2021) |
| 04/06/2021 | 51 | NOTICE *of Delivery of Video Evidence* by USA as to ETHAN NORDEAN, JOSEPH RANDALL BIGGS re Motion Hearing,,,, Speedy Trial – Excludable Start,,,, Set Deadlines/Hearings,,, 46 Reply to opposition to Motion, 45 Reply to opposition to Motion (McCullough, Jason) (Entered: 04/06/2021) |
| 04/06/2021 | 52 | NOTICE *of Submission of Evidence Referenced in April 6 Detention Hearing* by ETHAN NORDEAN re 51 Notice (Other), (Smith, Nicholas) (Entered: 04/06/2021) |
| 04/08/2021 | 54 | NOTICE *of Evidence Relevant to the Government's Detention Motion, Produced to Nordean on April 7, 2021* by ETHAN NORDEAN re 45 Reply to opposition to Motion (Smith, Nicholas) (Entered: 04/08/2021) |
| 04/09/2021 | | MINUTE ORDER as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). The Oral Ruling currently set for April 9, 2021, is hereby **VACATED**. Signed by Judge Timothy J. Kelly on 4/9/2021. (zkh) (Entered: 04/09/2021) |
| 04/13/2021 | 57 | NOTICE *of Brady Evidence Produced to Nordean on April 13, 2021* by ETHAN NORDEAN re 30 MOTION to Revoke *Pretrial Release* (Smith, Nicholas) (Entered: 04/13/2021) |
| 04/14/2021 | 58 | TRANSCRIPT OF MOTION HEARING in case as to ETHAN NORDEAN before Judge Timothy J. Kelly held on 4–6–21; Page Numbers: 1–69; Date of Issuance: 4–14–21; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter r eferenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/5/2021. Redacted Transcript Deadline set for 5/15/2021. Release of Transcript Restriction set for 7/13/2021.(Miller, Timothy) (Entered: 04/14/2021) |
| 04/15/2021 | | NOTICE OF HEARING as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). VTC Oral Ruling set for 4/16/2021 at 12:00 PM before Judge Timothy J. Kelly. (zkh) (Entered: 04/15/2021) |
| 04/16/2021 | | NOTICE OF HEARING as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). The VTC Oral Ruling currently set for 4/16/2021 is **RESCHEDULED** for 4/19/2021 at 12:00 PM before Judge Timothy J. Kelly. (zkh) (Entered: 04/16/2021) |

| 04/19/2021 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Oral Ruling as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2) held on 4/19/2021. BOTH defendants appeared by video. For the reasons stated on the record, Government's 30 and 31 MOTION to Revoke *Pretrial Release*, GRANTED. Conditions of release REVOKED for ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). Order to be entered by the court. Oral Motion by defendants ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2) for a temporary stay of detention order, heard and DENIED. Speedy Trial Excludable (XT) started nunc pro tunc 4/9/2021 through 5/4/2021, in the interest of justice, as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). VTC Status Conference set for 5/4/2021 at 11:30 AM before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Conditions of Release REVOKED/Order Pending to Report, 2–Conditions of Release REVOKED/Order Pending to Report; Court Reporter: Timothy Miller; Defense Attorneys: 1–David Benjamin Smith and Nicholas D. Smith, 2–John Daniel Hull, IV; US Attorneys: Jason Bradley Adam McCullough and Luke Matthew Jones; Pretrial Officer: Christine Schuck. (zkh) (Entered: 04/19/2021) |
| 04/19/2021 | 64 | RESPONSE TO Court Order Issued during Oral Ruling on April 19, 2021 by USA as to ETHAN NORDEAN, JOSEPH RANDALL BIGGS, ZACHARY REHL, CHARLES DONOHOE (Attachments: # 1 Filing in U.S. v. Pezzola, 1:21–cr–175, containing photograph)(Jones, Luke) Modified text on 5/21/2021 (zltp). (Entered: 04/19/2021) |
| 04/20/2021 | 65 | DETENTION ORDER as to ETHAN NORDEAN (1). See Order for details. Signed by Judge Timothy J. Kelly on 4/20/2021. (lctjk1) (Entered: 04/20/2021) |
| 04/22/2021 | 69 | NOTICE OF APPEAL – Final Judgment by ETHAN NORDEAN re Status Conference,,,,, Speedy Trial – Excludable Start,,,,, Set Hearings,,,, Motion Hearing,,,, Speedy Trial – Excludable Start,,,, Set Deadlines/Hearings,,, 65 Order of Detention Pending Trial– Defendant HWOB. Fee Status: No Fee Paid. Parties have been notified. (Smith, Nicholas) (Entered: 04/22/2021) |
| 04/23/2021 | 70 | NOTICE *of Conditions of Confinement following April 20 Detention Order* by ETHAN NORDEAN re 65 Order of Detention Pending Trial– Defendant HWOB (Smith, Nicholas) (Entered: 04/23/2021) |
| 04/23/2021 | 71 | TRANSCRIPT OF ORAL RULING in case as to ETHAN NORDEAN before Judge Timothy J. Kelly held on 4–19–21; Page Numbers: 1–83; Date of Issuance: 4–23–21; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter ref erenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 5/14/2021. Redacted Transcript Deadline set for 5/24/2021. Release of Transcript Restriction set for 7/22/2021.(Miller, Timothy) (Entered: 04/23/2021) |
| 04/26/2021 | 73 | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. Defendant is represented by CJA, as to ETHAN NORDEAN re 69 Notice of Appeal – Final Judgment,. (zltp) (Entered: 04/26/2021) |
| 04/26/2021 | | USCA Case Number as to ETHAN NORDEAN 21–3022 for 69 Notice of Appeal – Final Judgment, filed by ETHAN NORDEAN. (zltp) (Entered: 04/27/2021) |
| 04/29/2021 | 79 | NOTICE *of Government's Violation of the Due Process Protections Act and Local Criminal Rule 5.1* by ETHAN NORDEAN (Smith, Nicholas) (Entered: 04/29/2021) |
| 05/03/2021 | | NOTICE OF HEARING **(Time Change)** as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2). VTC Status Conference set for 5/4/2021 at **12:00 PM** before Judge Timothy J. Kelly. (zkh) (Entered: 05/03/2021) |
| 05/04/2021 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Status Conference as to ETHAN NORDEAN (1), JOSEPH RANDALL BIGGS (2), and CHARLES DONOHOE (4) held on 5/4/2021. ALL defendants appeared by video. Speedy Trial Excludable (XT) started 5/4/2021 through 6/3/2021, in the interest of justice, as to ETHAN NORDEAN (1), JOSEPH RANDALL BIGGS (2), and CHARLES DONOHOE (4). Government Response to 81 MOTION to Revoke due by 5/17/2021. Defendant DONOHOE (4) Reply due by 5/24/2021. VTC Status Conference set for 6/3/2021 at 2:00 PM before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 4–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–David Benjamin Smith and Nicholas D. Smith, 2–John Daniel Hull, IV, 4–Lisa S. Costner; US Attorneys: Jason Bradley Adam McCullough and Luke Matthew Jones. (zkh) (Entered: 05/04/2021) |
| 05/13/2021 | 84 | REPLY by USA as to ETHAN NORDEAN re 79 Notice (Other) (McCullough, Jason) (Entered: 05/13/2021) |
| 05/16/2021 | 85 | REPLY by ETHAN NORDEAN *Regarding the Government's Violation of the Due Process Protections Act and Rule 5.1* (Attachments: # 1 Declaration of Daniel Arellano)(Smith, Nicholas) (Entered: 05/16/2021) |
| 05/19/2021 | 88 | MOTION to Compel *the production of evidence and for a bill of particulars* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 05/19/2021) |
| 05/19/2021 | 89 | MOTION for a Bill of Particulars by ETHAN NORDEAN. (See docket entry 88 to view document.) (zltp) (Entered: 05/21/2021) |
| 06/02/2021 | 92 | MOTION for Protective Order by USA as to ETHAN NORDEAN. (Attachments: # 1 Declaration of Thomas DiBiase (with attachments), # 2 Text of Proposed Order)(Jones, Luke) (Entered: 06/02/2021) |
| 06/02/2021 | 93 | Memorandum in Opposition by USA as to ETHAN NORDEAN re 89 MOTION for Bill of Particulars, 88 MOTION to Compel *the production of evidence and for a bill of particulars* (Jones, Luke) (Entered: 06/03/2021) |
| 06/03/2021 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Status Conference as to ETHAN NORDEAN (1), JOSEPH RANDALL BIGGS (2), and CHARLES DONOHOE (4) held on 6/3/2021. Defendants NORDEAN (1) and BIGGS (2) appeared by video. For the reasons stated on the record, Defendant DONOHOE'S |

| | | |
|---|---|---|
| | | (4) appearance was WAIVED. Speedy Trial Excludable (XT) started 6/3/2021 through 7/15/2021, in the interest of justice, as to ETHAN NORDEAN (1), JOSEPH RANDALL BIGGS (2), and CHARLES DONOHOE (4). VTC Motion Hearing set for 6/9/2021 at 11:00 AM before Judge Timothy J. Kelly for Defendant DONOHOE (4). VTC Status Conference set for 7/15/2021 at 2:00 PM before Judge Timothy J. Kelly for Defendants NORDEAN (1), BIGGS (2) and DONOHOE (4). Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 4–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–David Benjamin Smith and Nicholas D. Smith, 2–John Daniel Hull, IV, 4–Lisa S. Costner; US Attorneys: Jason Bradley Adam McCullough, Luke Matthew Jones, and Nadia Moore. (zkh) (Entered: 06/03/2021) |
| 06/03/2021 | 94 | First MOTION to Dismiss Case by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 06/03/2021) |
| 06/03/2021 | 95 | MOTION for Leave to File Excess Pages *re Motion to Dismiss the First Superseding Indictment* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 06/03/2021) |
| 06/08/2021 | 97 | Unopposed MOTION for Extension of Time to File Response/Reply *to Defendant Nordean's Motion to Dismiss (Doc. 83)* by USA as to ETHAN NORDEAN. (Attachments: # 1 Text of Proposed Order)(Jones, Luke) (Entered: 06/08/2021) |
| 06/08/2021 | 98 | Unopposed MOTION for Extension of Time to File Response/Reply *to File Response to Defendant Nordean's Motion to Dismiss (Doc. 94) (Amended to Reflect Correct Docket Number of Motion to Dismiss))* by USA as to ETHAN NORDEAN. (Attachments: # 1 Text of Proposed Order)(Jones, Luke) (Entered: 06/08/2021) |
| 06/09/2021 | | MINUTE ORDER as to ETHAN NORDEAN (1) granting the Government's 98 Unopposed Motion for Extension of Time. It is hereby ORDERED, for good cause shown, that the Government's motion is GRANTED. The Government shall file its opposition to Defendant Nordean's 94 Motion to Dismiss by July 1, 2021. Defendant shall file any reply in support of his motion to dismiss by July 15, 2021. Further, because the Government filed ECF No. 98 as a corrected version of ECF No. 97 and requests the same relief in both motions, it is hereby ORDERED that the Government's 97 Unopposed Motion for Extension of Time is DENIED AS MOOT. Signed by Judge Timothy J. Kelly on 6/9/2021. (lctjk1) (Entered: 06/09/2021) |
| 06/10/2021 | 99 | REPLY in Support by ETHAN NORDEAN re 88 MOTION to Compel *the production of evidence and for a bill of particulars* (Smith, Nicholas) (Entered: 06/10/2021) |
| 06/15/2021 | 100 | NOTICE *of additional relevant evidence produced following Nordean's detention hearings* by ETHAN NORDEAN (Attachments: # 1 Exhibit 1)(Smith, Nicholas) (Entered: 06/15/2021) |
| 06/25/2021 | 107 | JUDGMENT of USCA (certified copy) as to ETHAN NORDEAN, JOSEPH RANDALL BIGGS re 69 Notice of Appeal – Final Judgment, 67 Notice of Appeal – Final Judgment. The district courts pretrial detention ordersentered on April 20, 2021 is affirmed. USCA Case Number 21–3021; 21–3022. (zltp) (Entered: 07/02/2021) |
| 06/28/2021 | 102 | Unopposed MOTION for Protective Order *(INTERIM)* by USA as to ETHAN NORDEAN. (Attachments: # 1 Text of Proposed Order)(Jones, Luke) (Entered: 06/28/2021) |
| 06/29/2021 | 103 | ORDER granting the Government's 102 Unopposed Motion for Protective Order as to ETHAN NORDEAN (1). See Order for details. Signed by Judge Timothy J. Kelly on |

| | | |
|---|---|---|
| | | 6/29/2021. (lctjk1) (Entered: 06/29/2021) |
| 07/01/2021 | | NOTICE OF HEARING **(Time Change)** as to ETHAN NORDEAN (1), JOSEPH RANDALL BIGGS (2), and CHARLES DONOHOE (4). VTC Status Conference set for 7/15/2021 at **11:00 AM** before Judge Timothy J. Kelly. (zkh) (Entered: 07/01/2021) |
| 07/01/2021 | 106 | Memorandum in Opposition by USA as to ETHAN NORDEAN re 94 First MOTION to Dismiss Case (McCullough, Jason) (Entered: 07/01/2021) |
| 07/11/2021 | 113 | REPLY in Support by ETHAN NORDEAN re 94 First MOTION to Dismiss Case (Smith, Nicholas) (Entered: 07/11/2021) |
| 07/13/2021 | 116 | TRANSCRIPT OF STATUS CONFERENCE in case as to ETHAN NORDEAN before Judge Timothy J. Kelly held on 6–3–21; Page Numbers: 1–36; Date of Issuance: 7–13–21; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporte r referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/3/2021. Redacted Transcript Deadline set for 8/13/2021. Release of Transcript Restriction set for 10/11/2021.(Miller, Timothy) (Entered: 07/13/2021) |
| 07/14/2021 | 119 | NOTICE *Regarding Discovery Correspondence* by USA as to ETHAN NORDEAN, JOSEPH RANDALL BIGGS, ZACHARY REHL, CHARLES DONOHOE (Attachments: # 1 4/21/2021 Letter (All Defendants), # 2 4/30/2021 Letter (Nordean), # 3 5/5/2021 Letter (Rehl), # 4 5/19/2021 Letter (Nordean), # 5 6/2/2021 Letter (All Defendants), # 6 6/2/2021 Letter (Nordean), # 7 6/2/2021 Letter (Biggs), # 8 6/2/2021 Letter (Rehl), # 9 6/2/2021 Letter (Donohoe), # 10 6/3/2021 Letter (Biggs, Rehl, Donohoe), # 11 6/3/2021 Letter (Rehl), # 12 7/1/2021 Letter (Nordean), # 13 7/2/2021 Letter (Biggs, Rehl, Donohoe), # 14 7/2/2021 Letter (Nordean), # 15 7/6/2021 Letter (All Defendants), # 16 7/6/2021 Letter (Nordean), # 17 7/7/2021 Letter (Nordean), # 18 7/7/2021 Letter (All Defendants), # 19 7/9/2021 Letter (All Defendants), # 20 7/13/2021 Letter (All Defendants), # 21 7/13/2021 Letter (All Defendants), # 22 7/14/2021 Letter (All Defendants))(Jones, Luke) (Attachment 5 replaced on 7/14/2021) (zltp). (Entered: 07/14/2021) |
| 07/14/2021 | 120 | NOTICE *of Filing of Memorandum Regarding Status of Discovery in January 6, 2021 Cases* by USA as to ETHAN NORDEAN, JOSEPH RANDALL BIGGS, ZACHARY REHL, CHARLES DONOHOE (Attachments: # 1 Memorandum Regarding Status of Discovery)(Jones, Luke) (Entered: 07/14/2021) |
| 07/14/2021 | 121 | |

| | | |
|---|---|---|
| | | Unopposed MOTION for Leave to File *Sur−Reply and Set Further Briefing Schedule* by USA as to ETHAN NORDEAN. (Attachments: # 1 Text of Proposed Order)(McCullough, Jason) (Entered: 07/14/2021) |
| 07/15/2021 | | MINUTE ORDER as to ETHAN NORDEAN (1) granting the United States' 121 Unopposed Motion for Leave to File Sur−Reply and Set Further Briefing Schedule. It is hereby ORDERED, for good cause shown, that the motion is GRANTED. It is further ORDERED that the United States shall file any sur−reply to Defendant Nordean's 94 Motion to Dismiss by July 29, 2021, and Defendant Nordean shall file any response to the sur−reply by August 5, 2021. Signed by Judge Timothy J. Kelly on 7/15/2021. (lctjk1) (Entered: 07/15/2021) |
| 07/15/2021 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Status Conference as to ETHAN NORDEAN (1), JOSEPH RANDALL BIGGS (2), and CHARLES DONOHOE (4) held on 7/15/2021. ALL Defendants appeared by video. Oral argument heard on 88 MOTION to Compel and 89 MOTION for a Bill of Particulars, and taken under advisement. Speedy Trial Excludable (XT) started 7/15/2021 through 9/21/2021, in the interest of justice, as to ETHAN NORDEAN (1), JOSEPH RANDALL BIGGS (2), and CHARLES DONOHOE (4). Joint Status Report as to Defendant NORDEAN (1) due by 7/26/2021. VTC Status Conference/Motion Hearing set for 9/21/2021 at 11:00 AM before Judge Timothy J. Kelly. Bond Status of Defendants: 1−Remains Committed, 2−Remains Committed, 4−Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1−David Benjamin Smith and Nicholas D. Smith, 2−John Daniel Hull, IV, 4−Lisa S. Costner; US Attorneys: Jason Bradley Adam McCullough and Luke Matthew Jones. (zkh) (Entered: 07/15/2021) |
| 07/15/2021 | | Set/Reset Deadlines as to ETHAN NORDEAN (1): Joint Status Report due by 7/26/2021. (zkh) (Entered: 07/15/2021) |
| 07/20/2021 | 122 | MOTION for Bond *and to reopen Detention Decision pursuant to § 3142(f)* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 07/20/2021) |
| 07/26/2021 | 126 | STATUS REPORT by USA as to ETHAN NORDEAN (Attachments: # 1 Exhibit)(McCullough, Jason) (Entered: 07/26/2021) |
| 07/27/2021 | 127 | RESPONSE by ETHAN NORDEAN re 126 Status Report (Smith, Nicholas) (Entered: 07/27/2021) |
| 07/29/2021 | 129 | MOTION for Protective Order *Removal of Sensitivity Designation* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 07/29/2021) |
| 07/29/2021 | 130 | SURREPLY by USA as to ETHAN NORDEAN re 94 First MOTION to Dismiss Case , 105 MOTION to Dismiss Case *Unopposed Motion to Join Nordean Motion to Dismiss* (McCullough, Jason) Modified event title on 8/12/2021 (znmw). Modified text on 8/16/2021 (zltp). (Entered: 07/29/2021) |
| 07/29/2021 | 131 | NOTICE *of Delivery of Video Evidence* by USA as to ETHAN NORDEAN re 129 MOTION for Protective Order *Removal of Sensitivity Designation* (McCullough, Jason) (Entered: 07/29/2021) |
| 07/29/2021 | 132 | RESPONSE by ETHAN NORDEAN re 131 Notice (Other) *re: Capitol CCTV video evidence improperly designated Highly Sensitive by the government* (Smith, Nicholas) (Entered: 07/29/2021) |
| 08/01/2021 | 133 | ERRATA by USA as to ETHAN NORDEAN re 94 First MOTION to Dismiss Case filed by ETHAN NORDEAN, 105 MOTION to Dismiss Case *Unopposed Motion to* |

| | | |
|---|---|---|
| | | *Join Nordean Motion to Dismiss* filed by JOSEPH RANDALL BIGGS (Attachments: # 1 Refiled Surreply)(McCullough, Jason) Modified text on 8/16/2021 (zltp). (Entered: 08/01/2021) |
| 08/03/2021 | 134 | Memorandum in Opposition by USA as to ETHAN NORDEAN re 122 MOTION for Bond *and to reopen Detention Decision pursuant to § 3142(f)* (Jones, Luke) (Entered: 08/03/2021) |
| 08/04/2021 | 135 | REPLY in Support by ETHAN NORDEAN re 94 First MOTION to Dismiss Case *re: Response to the Government's Surreply Brief* (Smith, Nicholas) (Entered: 08/04/2021) |
| 08/08/2021 | 136 | REPLY TO OPPOSITION to Motion by ETHAN NORDEAN re 122 MOTION for Bond *and to reopen Detention Decision pursuant to § 3142(f)* (Attachments: # 1 Exhibit Declaration of Michael Nordean)(Smith, Nicholas) (Entered: 08/08/2021) |
| 08/09/2021 | 138 | MEMORANDUM OPINION AND ORDER as to ETHAN NORDEAN (1) denying Defendant's 88 Motion to Compel and for Bill of Particulars. See document for details. Signed by Judge Timothy J. Kelly on 8/9/2021. (lctjk1) (Entered: 08/09/2021) |
| 08/10/2021 | 139 | NOTICE *of Second Declaration of Michael Nordean* by ETHAN NORDEAN re 136 Reply to opposition to Motion (Smith, Nicholas) (Entered: 08/10/2021) |
| 08/11/2021 | 140 | NOTICE *of Recent Authority re Government's Motions to Revoke Release Orders in January 6 Cases* by ETHAN NORDEAN re 122 MOTION for Bond *and to reopen Detention Decision pursuant to § 3142(f)* (Attachments: # 1 Exhibit 1)(Smith, Nicholas) (Entered: 08/11/2021) |
| 08/12/2021 | 142 | Memorandum in Opposition by USA as to ETHAN NORDEAN re 129 MOTION for Protective Order *Removal of Sensitivity Designation* (Jones, Luke) (Entered: 08/12/2021) |
| 08/18/2021 | 145 | MANDATE of USCA as to ETHAN NORDEAN, JOSEPH RANDALL BIGGS re 69 Notice of Appeal – Final Judgment, 67 Notice of Appeal – Final Judgment. In accordance to the judgment of 6/25/2021, the district court's pretrial detention orders entered on April 20, 2021 be affirmed. USCA Case Number 21–3021, 21–3022. (Attachments: # 1 USCA Judgment of 6/25/2021)(zltp) (Entered: 08/19/2021) |
| 08/19/2021 | 146 | REPLY TO OPPOSITION to Motion by ETHAN NORDEAN re 129 MOTION for Protective Order *Removal of Sensitivity Designation on Capitol CCTV videos* (Attachments: # 1 Exhibit Press Coalition's Motion to Intervene)(Smith, Nicholas) (Entered: 08/19/2021) |
| 08/25/2021 | 152 | NOTICE *of Ongoing Discovery Dispute Concerning Material Bearing on Pending Bail Motion* by ETHAN NORDEAN re 122 MOTION for Bond *and to reopen Detention Decision pursuant to § 3142(f)* (Smith, Nicholas) (Entered: 08/25/2021) |
| 09/01/2021 | 154 | TRANSCRIPT OF STATUS CONFERENCE in case as to ETHAN NORDEAN before Judge Timothy J. Kelly held on 7–15–21; Page Numbers: 1–88; Date of Issuance: 9–1–21; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporte r referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/22/2021. Redacted Transcript Deadline set for 10/2/2021. Release of Transcript Restriction set for 11/30/2021.(Miller, Timothy) (Entered: 09/01/2021) |
| 09/07/2021 | [160](#) | NOTICE *of Submission of Video Clip Evidence Produced by the Government on August 31* by ETHAN NORDEAN re [122](#) MOTION for Bond *and to reopen Detention Decision pursuant to § 3142(f)* (Smith, Nicholas) (Entered: 09/07/2021) |
| 09/08/2021 | | NOTICE OF HEARING as to ETHAN NORDEAN (1) and JOSEPH R. BIGGS (2): VTC Motion Hearing set for 9/13/2021 at 2:00 PM before Judge Timothy J. Kelly. (zkh) (Entered: 09/08/2021) |
| 09/08/2021 | | Attorney update in case as to ETHAN NORDEAN. Attorney Charles D. Tobin,Maxwell S. Mishkin,Lauren Russell for WP COMPANY LLC,Charles D. Tobin,Maxwell S. Mishkin,Lauren Russell for TEGNA, INC.,Charles D. Tobin,Maxwell S. Mishkin,Lauren Russell for PRO PUBLICA, INC.,Charles D. Tobin,Maxwell S. Mishkin,Lauren Russell for NEW YORK TIMES COMPANY,Charles D. Tobin,Maxwell S. Mishkin,Lauren Russell for NBCUNIVERSAL MEDIA, LLC,Charles D. Tobin,Maxwell S. Mishkin,Lauren Russell for NATIONAL PUBLIC RADIO, INC.,Charles D. Tobin,Maxwell S. Mishkin,Lauren Russell for LOS ANGELES TIMES COMMUNICATIONS LLC,Charles D. Tobin,Maxwell S. Mishkin,Lauren Russell for GRAY MEDIA GROUP, INC.,Charles D. Tobin,Maxwell S. Mishkin,Lauren Russell for GANNETT CO., INC.,Charles D. Tobin,Maxwell S. Mishkin,Lauren Russell for E.W. SCRIPPS COMPANY,Charles D. Tobin,Maxwell S. Mishkin,Lauren Russell for DOW JONES & COMPANY, INC.,Charles D. Tobin,Maxwell S. Mishkin,Lauren Russell for CBS BROADCASTING INC.,Charles D. Tobin,Maxwell S. Mishkin,Lauren Russell for BUZZFEED INC. added. (zltp) (Entered: 09/20/2021) |
| 09/08/2021 | [176](#) | MOTION to Intervene by WP COMPANY LLC, TEGNA, INC., PRO PUBLICA, INC., NEW YORK TIMES COMPANY, NBCUNIVERSAL MEDIA, LLC, NATIONAL PUBLIC RADIO, INC., LOS ANGELES TIMES COMMUNICATIONS LLC, GRAY MEDIA GROUP, INC., GANNETT CO., INC., E.W. SCRIPPS COMPANY, DOW JONES & COMPANY, INC., CBS BROADCASTING INC., BUZZFEED INC., ASSOCIATED PRESS, AMERICAN BROADCASTING COMPANIES, INC., CABLE NEWS NETWORK, INC. as to ETHAN NORDEAN. "Leave to File Granted" by Judge Timothy J. Kelly on 9/8/2021. (Attachments: # [1](#) Text of Proposed Order)(zltp) (Additional attachment(s) added on 9/28/2021: # [2](#) Corporate Disclosure Statement) (zltp). (Entered: 09/20/2021) |
| 09/10/2021 | [162](#) | NOTICE *of Recent Authority in The Dream Defenders v. Ron DeSantis (N.D. Fla. Sept. 9, 2021)* by ETHAN NORDEAN re [94](#) First MOTION to Dismiss Case (Attachments: # [1](#) Exhibit 1)(Smith, Nicholas) (Entered: 09/10/2021) |
| 09/13/2021 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Motion Hearing as to ETHAN NORDEAN (1) and JOSEPH R. BIGGS (2) held on 9/13/2021. Defendant NORDEAN (1) appeared by telephone. Defendant BIGGS (2) appeared by |

| | | |
|---|---|---|
| | | video. Oral argument heard and taken under advisement as to <u>122</u> MOTION for Bond *and to reopen Detention Decision pursuant to § 3142(f)* filed by NORDEAN (1) and on 137 MOTION for Bond *and to Reopen Detention Hearing 18 USC 3142 (f)* filed by BIGGS (2). Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–David Benjamin Smith and Nicholas D. Smith, 2–John Daniel Hull, IV; US Attorneys: Jason Bradley Adam McCullough and Luke Matthew Jones; Pretrial Officer: Christine Schuck. (zkh) (Entered: 09/13/2021) |
| 09/14/2021 | <u>164</u> | MOTION to Access *Sealed Portion of 9/13/21 Hearing Transcript* by ETHAN NORDEAN. (Attachments: # <u>1</u> Text of Proposed Order)(Smith, Nicholas) (Entered: 09/14/2021) |
| 09/15/2021 | <u>166</u> | NOTICE *of Additional Unproduced Brady Material* by ETHAN NORDEAN re <u>122</u> MOTION for Bond *and to reopen Detention Decision pursuant to § 3142(f)* (Smith, Nicholas) (Entered: 09/15/2021) |
| 09/15/2021 | | **ENTERED IN ERROR.....** MINUTE ORDER as to ETHAN NORDEAN (1) and JOSEPH RANDALL BIGGS (2) granting Nordean's <u>164</u> Motion to Access *Sealed Portion of 9/13/21 Hearing Transcript*, joined 165 by Biggs. For good cause shown, it is hereby ORDERED that the court reporter's notes and transcription of the sealed portion of the proceeding of September 13, 2021, be made available to Nordean and Biggs, while otherwise remaining under seal. Signed by Judge Timothy J. Kelly on 9/15/2021. (lctjk1) Modified to mark entry as error on 9/16/2021 (zkh). (Entered: 09/15/2021) |
| 09/16/2021 | | MINUTE ORDER as to ETHAN NORDEAN (1) and JOSEPH R. BIGGS (2) granting Nordean's <u>164</u> Motion to Access *Sealed Portion of 9/13/21 Hearing Transcript*, joined 165 by Biggs. For good cause shown, it is hereby ORDERED that the court reporter's notes and transcription of the sealed portion of the proceeding of September 13, 2021, be made available to Nordean and Biggs, while otherwise remaining under seal. Signed by Judge Timothy J. Kelly on 9/16/2021. (lctjk1) (Entered: 09/16/2021) |
| 09/16/2021 | <u>168</u> | NOTICE *of Filing of Memorandum Regarding Status of Discovery in January 6, 2021 Cases* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE re <u>120</u> Notice (Other), (Attachments: # <u>1</u> Memorandum Regarding Status of Discovery in January 6, 2021 Cases)(McCullough, Jason) (Entered: 09/16/2021) |
| 09/17/2021 | <u>170</u> | NOTICE *of Recent Authority Relevant to Motions to Dismiss* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, CHARLES DONOHOE (Attachments: # <u>1</u> Exhibit Opinion and Order in U.S. v. Phomma (D. Or. Sept. 15, 2021))(Jones, Luke) (Entered: 09/17/2021) |
| 09/17/2021 | <u>171</u> | NOTICE *of Correspondence to Defendants in Advance of September 21, 2021, Hearing on Motions to Dismiss* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE (Attachments: # <u>1</u> Exhibit Sept. 17, 2021 Letter to Defense Counsel)(Jones, Luke) (Entered: 09/17/2021) |
| 09/19/2021 | <u>174</u> | RESPONSE by ETHAN NORDEAN re <u>171</u> Notice (Other), *re Government's Notice of New Section 231(a)(3) Argument and Effort to Transfer Defendant Rehl to D.C. Jail* (Attachments: # <u>1</u> Exhibit 1)(Smith, Nicholas) (Entered: 09/19/2021) |
| 09/20/2021 | <u>177</u> | RESPONSE by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS re <u>174</u> and 175 *Notice of Information Relevant to Bail Proceedings (ECF 174, 175)* (Jones, Luke) |

| | | |
|---|---|---|
| | | Modified to add links on 9/21/2021 (znmw). (Entered: 09/20/2021) |
| 09/20/2021 | 178 | REDACTED TRANSCRIPT OF MOTION HEARING in case as to ETHAN NORDEAN before Judge Timothy J. Kelly held on 9–13–21; Page Numbers: 1–102; Date of Issuance: 9–20–21; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/11/2021. Redacted Transcript Deadline set for 10/21/2021. Release of Transcript Restriction set for 12/19/2021.(Miller, Timothy) (Entered: 09/20/2021) |
| 09/20/2021 | 180 | NOTICE *Regarding Discovery Correspondence* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE (Attachments: # 1 7/28/2021 Letter (All Defendants), # 2 7/28/2021 Letter (All Defendants), # 3 7/28/2021 Letter (All Defendants), # 4 7/29/2021 Letter (All Defendants), # 5 8/9/2021 Letter (Biggs), # 6 8/24/2021 Letter (All Defendants), # 7 9/9/2021 Letter (Biggs), # 8 9/9/2021 Letter (Nordean, Donohoe), # 9 9/11/2021 Letter (Nordean, Biggs, Donohoe), # 10 9/16/2021 Letter (Nordean), # 11 9/16/2021 Letter (Biggs, Rehl, Donohoe), # 12 9/16/2021 Letter (Rehl), # 13 9/16/2021 Letter (Rehl), # 14 9/20/2021 Letter (All Defendants), # 15 9/20/2021 Letter (Donohoe), # 16 9/20/2021 Letter (Nordean, Biggs, Rehl))(Jones, Luke) (Entered: 09/20/2021) |
| 09/20/2021 | 181 | RESPONSE by USA as to ETHAN NORDEAN re 166 Notice (Other) (McCullough, Jason) (Entered: 09/20/2021) |
| 09/21/2021 | 182 | SUPPLEMENT by ETHAN NORDEAN re 122 MOTION for Bond *and to reopen Detention Decision pursuant to § 3142(f) DECLARATION of Hendrik Block dated 9/21/21* (Smith, Nicholas) (Entered: 09/21/2021) |
| 09/21/2021 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Status Conference/Motion Hearing as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4) held on 9/21/2021. Defendant NORDEAN appeared by audio. Defendants BIGGS and DONOHOE appeared by video. Defendant REHL's Appearance was Waived. Oral argument heard on Defendant Nordean's 94 First MOTION to Dismiss Case, and taken under advisement. Speedy Trial Excludable (XT) started 9/21/2021 through 10/26/2021, in the interest of justice, as to ALL defendants. VTC Status Conference set for 10/26/2021 at 11:00 AM before Judge Timothy J. Kelly. Jury Selection/Trial set to commence on 5/18/2022 at 9:00 AM in the Ceremonial Courtroom before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 3–Remains Committed, 4–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–David |

| | | |
|---|---|---|
| | | Benjamin Smith and Nicholas D. Smith, 2–John Daniel Hull, IV, 3–Jonathon Alden Moseley, 4–Lisa S. Costner and Ira Knight; US Attorneys: Jason Bradley Adam McCullough, Luke Matthew Jones, and James Pearce; Pretrial Officer: Christine Schuck. (zkh) (Entered: 09/21/2021) |
| 09/28/2021 | | MINUTE ORDER as to ETHAN NORDEAN (1) denying as moot Nordean's 27 Motion for Bill of Particulars. In March, Nordean filed a motion for a bill of particulars regarding the first indictment, but the Government filed around the same time 26 the First Superseding Indictment. Nordean then filed in May a motion to compel and for a bill of particulars that this Court denied. *See* ECF 138 . Given both the First Superseding Indictment and this Court's 138 order, it is hereby ORDERED that Nordean's 27 Motion is DENIED AS MOOT. Signed by Judge Timothy J. Kelly on 9/28/2021. (lctjk1) (Entered: 09/28/2021) |
| 09/28/2021 | | MINUTE ORDER as to ETHAN NORDEAN (1) denying as moot the Government's 92 Motion for Protective Order. Because this Court granted the Government's later filed Motion for Protective Order (*INTERIM*), *see* ECF 103 , it is hereby ORDERED that the Government's 92 Motion is DENIED AS MOOT. Signed by Judge Timothy J. Kelly on 9/28/2021. (lctjk1) (Entered: 09/28/2021) |
| 09/28/2021 | | MINUTE ORDER as to ETHAN NORDEAN (1) granting Nordean's 49 Motion for Leave to File *Sur–Reply in Response to New Arguments Raised in Government's Reply in Support of Motion to Revoke Release Order*. It is hereby ORDERED, for good cause shown and *nunc pro tunc*, that Nordean's 49 motion for leave to file a sur–reply is GRANTED. The Clerk is directed to docket Nordeans sur–reply, ECF No. [49–1], with exhibit, ECF No. [49–2]. Signed by Judge Timothy J. Kelly on 9/28/2021. (lctjk1) Modified to provide additional instruction on 9/28/2021 (zkh). (Entered: 09/28/2021) |
| 09/28/2021 | 189 | SUR–REPLY by ETHAN NORDEAN re 30 MOTION to Revoke *Pretrial Release* (Attachments: # 1 Exhibit #1)(zltp) (Entered: 09/29/2021) |
| 09/30/2021 | | MINUTE ORDER as to ETHAN NORDEAN (1): Currently pending before the Court are Nordean's 129 Motion to Remove Sensitivity Designation From Certain Capitol Videos Produced in Discovery, and the Press Coalition's 176 Motion to Intervene regarding the same. As noted in Chief Judge Howell's recent decision in *United States v. Torrens*, No. 21–cr–204, ECF No. 83 at 12, "many videos taken from the U.S. Capitol CCV system have been disclosed both through proceedings in the Capitol cases, and during former President Donald Trumps second impeachment proceedings." This Court therefore ORDERS the Government to file a status report by October 7, 2021, addressing whether the videos at issue have been released, if other footage from the same cameras has been released, if footage depicting the same area of the U.S. Capitol building has been released, and whether the Government still opposes Nordean's 129 Motion to Remove Sensitivity Designation. Signed by Judge Timothy J. Kelly on 9/30/2021. (lctjk1) (Entered: 09/30/2021) |
| 10/05/2021 | 197 | NOTICE *of Brady material produced after September 13 bail hearing* by ETHAN NORDEAN re 122 MOTION for Bond *and to reopen Detention Decision pursuant to § 3142(f)* (Smith, Nicholas) (Entered: 10/05/2021) |
| 10/07/2021 | 199 | MOTION for Extension of Time to *File Status Report in re ECF 129* by USA as to ETHAN NORDEAN. (McCullough, Jason) (Entered: 10/07/2021) |
| 10/08/2021 | | MINUTE ORDER as to ETHAN NORDEAN (1) granting the Government's 199 Motion for Extension of Time to File Status Report in re ECF 129 . It is hereby |

| | | |
|---|---|---|
| | | ORDERED, *nunc pro tunc* and for good cause shown, that the Government's motion for an extension is GRANTED. It is further ORDERED that the Government shall file the status report today, October 8, 2021. Signed by Judge Timothy J. Kelly on 10/8/2021. (lctjk1) (Entered: 10/08/2021) |
| 10/08/2021 | 201 | NOTICE *of Multiple Government Plea Agreements Concerning Parading in the Capitol Offenses Involving Conduct More Serious Than Nordean's* by ETHAN NORDEAN as to ETHAN NORDEAN re 94 First MOTION to Dismiss Case (Smith, Nicholas) Modified text to remove unassociated defendants on 10/12/2021 (zltp). (Entered: 10/08/2021) |
| 10/08/2021 | 202 | RESPONSE TO ORDER OF THE COURT by USA as to ETHAN NORDEAN re Order on Motion for Extension of Time,, Set/Reset Deadlines, (McCullough, Jason) (Entered: 10/08/2021) |
| 10/11/2021 | | MINUTE ORDER as to ETHAN NORDEAN (1), DIRECTING the government, after consultation with and consent of the parties, promptly to make the videos at issue in Nordean's 129 Motion to Remove Sensitivity Designation, and the Press Coalition's 176 Motion to Intervene regarding the same, publicly available without restrictions by providing access using the "drop box" technical solution described in Standing Order 21–28, In re: Media Access to Video Exhibits in Pretrial Capitol Cases. It is further ORDERED that Nordean's 129 Motion to Remove Sensitivity Designation is GRANTED, and the Press Coalition's 176 Motion to Intervene is DENIED AS MOOT. Signed by Judge Timothy J. Kelly on 10/11/2021. (lctjk1) (Entered: 10/11/2021) |
| 10/13/2021 | 206 | NOTICE *of Judge Lamberth's Contempt Order against Warden of D.C. Jail for Civil Rights Violation re January 6 Detainee* by ETHAN NORDEAN as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE re 122 MOTION for Bond *and to reopen Detention Decision pursuant to § 3142(f)* (Smith, Nicholas) (Entered: 10/13/2021) |
| 10/14/2021 | 207 | NOTICE *of Comprehensive January 6 Plea Agreement Database Published on 10/13/21* by ETHAN NORDEAN re 94 First MOTION to Dismiss Case (Attachments: # 1 Exhibit Jan 6 Plea Agreement Chart)(Smith, Nicholas) (Entered: 10/14/2021) |
| 10/15/2021 | 209 | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney Kenerson, Erik Michael added. (Kenerson, Erik) (Entered: 10/15/2021) |
| 10/25/2021 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), CHARLES DONOHOE (4): It is hereby ORDERED that the status conferences scheduled for tomorrow, October 26, 2021, at 10:00 a.m. and 11:00 a.m. are VACATED. The parties shall contact the Courtroom Deputy at (202) 354–3495 to set a new date. Signed by Judge Timothy J. Kelly on 10/25/2021. (lctjk1) (Entered: 10/25/2021) |
| 10/25/2021 | 214 | STATUS REPORT *Regarding Discovery as of October 21, 2021* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE (Jones, Luke) (Entered: 10/25/2021) |
| 10/27/2021 | | NOTICE OF HEARING as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4): VTC Status Conference set for 11/3/2021 at 11:00 AM before Judge Timothy J. Kelly. (zkh) (Entered: 10/27/2021) |

| 11/02/2021 | <u>216</u> | NOTICE *Regarding Discovery Correspondence* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE (Attachments: # <u>1</u> 9/21/2021 Letter (All Defendants), # <u>2</u> 10/15/2021 Letter (All Defendants), # <u>3</u> 10/21/2021 Letter (All Defendants))(Jones, Luke) (Entered: 11/02/2021) |
|---|---|---|
| 11/03/2021 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Status Conference as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4) held on 11/3/2021. Defendant NORDEAN appeared by audio. Defendants BIGGS and DONOHOE appeared by video. Defendant REHL's Appearance was Waived. Scheduling Order to be entered by the court. Speedy Trial Excludable (XT) started nunc pro tunc 10/26/2021 through 12/7/2021, in the interest of justice, as to ALL defendants. VTC Status Conference set for 12/7/2021 at 10:00 AM before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 3–Remains Committed, 4–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–David Benjamin Smith and Nicholas D. Smith, 2–John Daniel Hull, IV, 3–Jonathon Alden Moseley, 4–Lisa S. Costner and Ira Knight; US Attorneys: Luke Matthew Jones and Erik Michael Kenerson. (zkh) (Entered: 11/03/2021) |
| 11/03/2021 | <u>217</u> | NOTICE *of Declaration of Judy Nordean re Additional Commitments Concerning Nordean's Proposed Release Conditions* by ETHAN NORDEAN re <u>122</u> MOTION for Bond *and to reopen Detention Decision pursuant to § 3142(f)* (Smith, Nicholas) (Entered: 11/03/2021) |
| 11/03/2021 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH RANDALL BIGGS (2), CHARLES DONOHOE (4): It is hereby ORDERED that the parties shall submit supplemental briefing on two issues related to the pending <u>94</u> First Motion to Dismiss. The parties' briefs shall address the following issues: First, as Defendant Nordean notes, several courts have construed "corruptly" to mean acting "with the intent to secure an unlawful advantage or benefit either for one's self or for another." *See* ECF No. 113 at 19 (citing cases); *see also United States v. Aguilar*, 515 U.S. 593, 616 (1995) (Scalia, J., concurring in part). Is this an appropriate definition of "corruptly" as the word is used in Section 1512(c)? And if the Court adopted that definition, would Section 1512(c)(2) cover the conduct alleged in the First Superseding Indictment? Second, the Government has argued that "corruptly" means acting "wrongfully" and "with an intent to obstruct." ECF No. 133–1 at 8. What does it mean to act "wrongfully"? Does someone act "wrongfully" merely acting "unlawfully," as the Government appears to suggest in its sur–reply, ECF No. 133–1 at 8, or is something more required? The Government shall submit its brief by November 17, 2021; Defendants shall file any response to the Government's brief by November 24, 2021; and the Government shall file any reply by December 3, 2021. Signed by Judge Timothy J. Kelly on 11/3/2021. (lctjk1) (Entered: 11/03/2021) |
| 11/03/2021 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4): It is hereby ORDERED, for the reasons explained on the record at the status conference today, that the time period from October 26, 2021 to December 7, 2021 is EXCLUDED under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* The Court finds that the ends of justice served by this continuance outweigh the best interests of the public and Defendants in a speedy trial under 18 U.S.C. § 3161(h)(7)(A), for the reasons explained on the record: (1) the Government's ongoing production of voluminous discovery to Defendants; and (2) the public health limitations on the Court's ability to try a multi–defendant, six–week trial, as reflected in Standing Order No. 21–62: *In Re: Updated Status of Court Operations,* |

| | | |
|---|---|---|
| | | *including Jury Trials, and Speedy Trial Act Exclusions in Light of the Current Circumstances Relating to the COVID−19 Pandemic*, the findings of which the Court adopts after consideration of the specific circumstances of this case, and the Court's Continuity of Operations Plan referenced in that Order. The Court also notes, as acknowledged by the parties, that time is also excluded under the Speedy Trial Act during this time, in light of the Court's request for additional briefing on the pending 94 First Motion to Dismiss. *See* 18 U.S.C. § 3161(h)(1)(D). Signed by Judge Timothy J. Kelly on 11/3/2021. (lctjk1) (Entered: 11/03/2021) |
| 11/05/2021 | 218 | STATUS REPORT *Regarding Discovery as of November 5, 2021* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE (Jones, Luke) (Entered: 11/05/2021) |
| 11/10/2021 | 219 | TRANSCRIPT OF STATUS CONFERENCE in case as to ETHAN NORDEAN before Judge Timothy J. Kelly held on 11−3−21; Page Numbers: 1−36; Date of Issuance: 11−10−21; Court Reporter: Timothy R. Miller, Telephone Number (202) 354−3111. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court repor ter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 12/1/2021. Redacted Transcript Deadline set for 12/11/2021. Release of Transcript Restriction set for 2/8/2022.(Miller, Timothy) (Entered: 11/10/2021) |
| 11/17/2021 | 224 | SUPPLEMENT by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, CHARLES DONOHOE re 130 Memorandum in Opposition, 106 Memorandum in Opposition *to 94 First Motion to Dismiss* (Kenerson, Erik) (Entered: 11/17/2021) |
| 11/18/2021 | 226 | RESPONSE by ETHAN NORDEAN re 224 Supplement to any document *re The Government's Supplemental Brief on the Meaning of the Term "Corruptly" in the Context of Obstruction of Congress* (Smith, Nicholas) (Entered: 11/18/2021) |
| 11/19/2021 | 227 | SUPPLEMENT by ZACHARY REHL as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE re Order,,,,,,, Set Deadlines,,,,,, *Supplemental Brief In Support Of 94 Ethan Nordeans Motion To Dismiss The First Superseding Indictment* (Attachments: # 1 Exhibit A: Memorandum of Attorney John Eastman, publicly released by CNN, requiring that Joint Session of Congress meet)(Moseley, Jonathon) Modified to include linkage on 11/30/2021 (zltp). (Entered: 11/19/2021) |
| 11/30/2021 | | NOTICE OF HEARING as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4): The VTC Status Conference currently set for 12/7/2021 is **RESCHEDULED** for 12/14/2021 at 10:00 AM before Judge Timothy J. Kelly. (zkh) (Entered: 11/30/2021) |

| 12/03/2021 | 236 | REPLY by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE *Reply To The Defendants' Responses To 224 The United States' Supplemental Brief On 18 U.S.C. § 1512(C)(2)* (Jones, Luke) Modified to include linkage on 12/7/2021 (zltp). (Entered: 12/03/2021) |
|---|---|---|
| 12/06/2021 | 238 | REPLY by ETHAN NORDEAN re 236 Reply to document *re The Government's Supplemental "Reply" re the Meaning of the Term "Corruptly" in the Context of Obstruction of Congress* (Smith, Nicholas) Modified to remove unassociated defendants on 12/16/2021 (zltp). (Entered: 12/06/2021) |
| 12/08/2021 | 243 | NOTICE *of Nordean's Placement in the SHU without Explanation* by ETHAN NORDEAN (Smith, Nicholas) (Entered: 12/08/2021) |
| 12/12/2021 | 248 | NOTICE *of and Response to New Authority in US v. Sandlin, 21−cr−88−DLF, and US v. Reffitt, 21−cr−32−DLF* by ETHAN NORDEAN (Smith, Nicholas) (Entered: 12/12/2021) |
| 12/14/2021 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Status Conference as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4) held on 12/14/2021. Defendant NORDEAN appeared by audio. Defendants BIGGS and DONOHOE appeared by video. Defendant REHL's Appearance was Waived. For the reasons stated on the record, the 122 MOTION for Bond by defendant NORDEAN, 137 MOTION for Bond by defendant BIGGS, 190 MOTION for Release from Custody and 192 MOTION to Re−Open Detention Hearing both by defendant REHL, are all DENIED. Speedy Trial Excludable (XT) started 12/14/2021 through 1/11/2022, in the interest of justice, as to ALL defendants. Government Submission due by 12/21/2021. Defense Responses due by 12/30/2021. Government Reply due by 1/6/2022. VTC Status Conference set for 1/11/2022 at 10:00 AM before Judge Timothy J. Kelly. Bond Status of Defendants: 1−Remains Committed, 2−Remains Committed, 3−Remains Committed, 4−Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1−David Benjamin Smith and Nicholas D. Smith, 2−John Daniel Hull, IV, 3−Carmen D. Hernandez, 4−Lisa S. Costner and Ira Knight; US Attorneys: Luke Matthew Jones, Jason Bradley Adam McCullough, Erik Michael Kenerson and James Pearce. (zkh) (Entered: 12/14/2021) |
| 12/14/2021 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), and ZACHARY REHL (3), denying Defendants' 122 137 190 Motions to Reopen Bail Proceedings. It is hereby ORDERED, for the reasons set forth on the record today and below, that Defendants Nordean, Biggs, and Rehl's motions to reopen bail proceedings are DENIED. Further, the Court notes that even if the conditions proposed by Nordean included a ban on his possession of electronic devices−−a ban that could make it hard for him to review electronic evidence in the case−−and even if he abided by that condition, he would still have access to less sophisticated means of communication, such as the use of a land−line telephone or the regular mail, that he could use to exercise leadership, conduct planning, and communicate with associates. Signed by Judge Timothy J. Kelly on 12/14/2021. (lctjk1) (Entered: 12/14/2021) |
| 12/17/2021 | 252 | TRANSCRIPT OF STATUS CONFERENCE in case as to ETHAN NORDEAN before Judge Timothy J. Kelly held on 12−14−21; Page Numbers: 1−47; Date of Issuance: 12−17−21; Court Reporter: Timothy R. Miller, Telephone Number (202) 354−3111. Transcripts may be ordered by submitting the Transcript Order Form |

| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court repo rter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/7/2022. Redacted Transcript Deadline set for 1/17/2022. Release of Transcript Restriction set for 3/17/2022.(Miller, Timothy) (Entered: 12/17/2021) |
|---|---|---|
| 12/21/2021 | 257 | NOTICE *Government's Submission Regarding Defendants' Ability to Confer with Counsel and Prepare for Trial* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE (Jones, Luke) (Entered: 12/21/2021) |
| 12/22/2021 | 258 | RESPONSE by ETHAN NORDEAN re 257 Notice (Other) *re Nordean's Ability to Confer with Counsel and Prepare for Trial* (Smith, Nicholas) (Entered: 12/22/2021) |
| 12/27/2021 | 259 | NOTICE *of DC Jail Covid–19 Lockdown* by ETHAN NORDEAN (Smith, Nicholas) (Entered: 12/27/2021) |
| 12/27/2021 | 260 | NOTICE OF APPEAL (Interlocutory) by ETHAN NORDEAN re Status Conference,,,,,, Speedy Trial – Excludable Start,,,,,, Set Deadlines/Hearings,,,,, Order on Motion for Bond,,,, Order on Motion for Hearing,,,, Order on Motion for Release from Custody,,,, Order on Motion for Miscellaneous Relief,,,,,,,. Fee Status: No Fee Paid. Parties have been notified. (Smith, Nicholas) (Entered: 12/27/2021) |
| 12/28/2021 | 262 | ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4), denying Defendants' 94 105 128 225 Motion to Dismiss. See Order for details. Signed by Judge Timothy J. Kelly on 12/28/2021. (lctjk1) (Entered: 12/28/2021) |
| 12/28/2021 | 263 | MEMORANDUM OPINION as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4), in support of 262 ORDER denying Defendants' 94 105 128 225 Motion to Dismiss. Signed by Judge Timothy J. Kelly on 12/28/2021. (lctjk1) (Entered: 12/28/2021) |
| 12/29/2021 | 265 | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The fee was not paid as the defendant is represented by a CJA appointed attorney as to ETHAN NORDEAN re 260 Notice of Appeal – Interlocutory. (zltp) (Entered: 12/29/2021) |
| 12/29/2021 | 267 | MOTION for Discovery *and for an Evidentiary Hearing in Support of Nordean's Claim of Selective Enforcement and Selective Prosecution* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 12/29/2021) |
| 12/29/2021 | 271 | MOTION for an Evidentiary Hearing by ETHAN NORDEAN. (See docket entry 267 to view document.) (zltp) (Entered: 01/05/2022) |

| 01/03/2022 | | USCA Case Number as to ETHAN NORDEAN 21–3096 for <u>260</u> Notice of Appeal – Interlocutory, filed by ETHAN NORDEAN. (zltp) (Entered: 01/04/2022) |
|---|---|---|
| 01/06/2022 | <u>272</u> | REPLY by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE re: <u>257</u> *Regarding Defendants' Ability to Confer With Counsel and Prepare for Trial* (Jones, Luke) Modified text to include linkage on 1/26/2022 (zltp). (Entered: 01/06/2022) |
| 01/11/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Status Conference as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4) held on 1/11/2022. Defendant NORDEAN (1) appeared by audio. Defendants BIGGS (2), and DONOHOE (4) appeared by video. Defendant REHL (3) NOT PRESENT. Oral argument heard and taken under advisement. VTC Status Conference set for 2/8/2022 at 10:00 AM before Judge Timothy J. Kelly. Government's notification to defendants of any 404(b) evidence due by 2/11/2022. Pretrial Motions due by 3/16/2022. Responses due by 3/30/2022. Replies due by 4/6/2022. Pretrial Statement due by 4/13/2022. VTC Pretrial Conference set for 4/22/2022 at 9:30 AM before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 3–Remains Committed, 4–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–David Benjamin Smith and Nicholas D. Smith, 2–John Daniel Hull, IV, 3–Carmen D. Hernandez, 4–Lisa S. Costner and Ira Knight; US Attorneys: Luke Matthew Jones, Jason Bradley Adam McCullough, Erik Michael Kenerson. (zkh) (Entered: 01/11/2022) |
| 01/11/2022 | <u>274</u> | TRANSCRIPT OF STATUS CONFERENCE/MOTION HEARING in case as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE before Judge Timothy J. Kelly held on 9–21–21; Page Numbers: 1–83; Date of Issuance: 1–11–22; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the <u>Transcript Order Form</u> For the first 90 days after this filing date, the transcript may be viewed at the cou rthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due 2/1/2022. Redacted Transcript Deadline set for 2/11/2022. Release of Transcript Restriction set for 4/11/2022.(Miller, Timothy) (Entered: 01/11/2022) |
| 01/12/2022 | <u>279</u> | Memorandum in Opposition by USA as to ETHAN NORDEAN re 271 MOTION for Hearing, <u>267</u> MOTION for Discovery *and for an Evidentiary Hearing in Support of Nordean's Claim of Selective Enforcement and Selective Prosecution* (Jones, Luke) (Entered: 01/12/2022) |
| 01/18/2022 | <u>280</u> | REPLY TO OPPOSITION to Motion by ETHAN NORDEAN re <u>267</u> MOTION for |

| | | |
|---|---|---|
| | | Discovery *and for an Evidentiary Hearing in Support of Nordean's Claim of Selective Enforcement and Selective Prosecution* (Smith, Nicholas) (Entered: 01/18/2022) |
| 01/21/2022 | 281 | ORDER as to ETHAN NORDEAN (1) and JOSEPH R. BIGGS (2) denying Defendants Nordean and Biggs's 258 259 270 renewed motions for release under 18 U.S.C. § 3142(i) and ordering that Nordean and Biggs be transported to the District of Columbia. See Order for details. Signed by Judge Timothy J. Kelly on 1/21/2022. (lctjk1) (Entered: 01/21/2022) |
| 01/21/2022 | 282 | **PRETRIAL MOTIONS BRIEFING SCHEDULE VACATED PURSUANT TO ORDER FILED 3/9/2022.....** SCHEDULING ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4). See Order for details. Signed by Judge Timothy J. Kelly on 1/21/2022. (lctjk1) Modified to vacate schedule on 3/9/2022 (zkh). (Entered: 01/21/2022) |
| 02/04/2022 | | NOTICE OF HEARING (**Time Change**) as to ETHAN NORDEAN (1): VTC Status Conference set for 2/8/2022 at **11:00 AM** before Judge Timothy J. Kelly. (zkh) (Entered: 02/04/2022) |
| 02/07/2022 | 285 | NOTICE *Regarding Discovery Correspondence* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE (Attachments: # 1 11/30/2021 Letter (Nordean), # 2 12/3/2021 Letter (Biggs), # 3 12/13/2021 Letter (Donohoe), # 4 12/14/2021 Letter (All Defendants), # 5 12/17/2021 Letter (All Defendants), # 6 12/23/2021 Letter (All Defendants), # 7 12/27/2021 Letter (All Defendants), # 8 1/14/2022 Letter (All Defendants), # 9 1/21/2022 Letter (Rehl), # 10 1/26/2022 Letter (Rehl), # 11 1/28/2022 Letter (All Defendants), # 12 1/30/2022 Letter (All Defendants), # 13 1/31/2022 Letter (All Defendants), # 14 2/1/2022 Letter (All Defendants), # 15 2/1/2022 Letter (All Defendants), # 16 2/1/2022 Letter (All Defendants), # 17 2/4/2022 Letter (All Defendants), # 18 2/4/2022 Letter (All Defendants))(Jones, Luke) (Main Document 285 replaced on 2/8/2022) (zltp). (Entered: 02/07/2022) |
| 02/08/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Status Conference as to ETHAN NORDEAN (1) held on 2/8/2022. Defendant appeared by audio. Oral argument on Defendant NORDEAN's 266 SEALED MOTION and 267 MOTION for Discovery, heard and taken under advisement. Speedy Trial Excludable (XT) started 2/8/2022 through 3/8/2022, in the interest of justice, as to ETHAN NORDEAN (1). VTC Status Conference set for 3/8/2022 at 10:00 AM before Judge Timothy J. Kelly. Bond Status of Defendant: Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: David Benjamin Smith and Nicholas D. Smith; US Attorneys: Luke Matthew Jones, Jason Bradley Adam McCullough, and Erik Michael Kenerson. (zkh) (Entered: 02/08/2022) |
| 02/09/2022 | 287 | MOTION for Order Limited Unsealing of Transcript for Provision to the Parties by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE. (Attachments: # 1 Text of Proposed Order)(Jones, Luke) (Entered: 02/09/2022) |
| 02/09/2022 | 288 | MOTION to Continue *the Deadline to Submit Its Update on USMS Transport of Nordean and Biggs* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS. (Attachments: # 1 Text of Proposed Order)(McCullough, Jason) (Entered: 02/09/2022) |
| 02/09/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1) and JOSEPH R. BIGGS (2) granting the Government's 288 Motion to Continue. It is hereby ORDERED, for good cause shown, that the Government's motion is GRANTED. It is further ORDERED that the |

| | | |
|---|---|---|
| | | Government shall provide an update on the status of the transport of Defendants Nordean and Biggs by February 11, 2022. Signed by Judge Timothy J. Kelly on 2/9/2022. (lctjk1) (Entered: 02/09/2022) |
| 02/09/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4) granting the Government's [287](#) Motion for Limited Unsealing of the Transcript of the Hearing on February 8, 2022. It is hereby ORDERED that, for good cause shown, the sealed transcript from the February 8, 2022, hearing is unsealed for the limited purpose of allowing the court reporter to provide copies of the sealed transcript to the parties in this case. It is further ORDERED that the transcript shall remain sealed for all other purposes. Signed by Judge Timothy J. Kelly on 2/9/2022. (lctjk1) (Entered: 02/09/2022) |
| 02/10/2022 | 290 | STATUS REPORT *Regarding Discovery as of February 9, 2022* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE (Jones, Luke) (Entered: 02/10/2022) |
| 02/11/2022 | 291 | NOTICE *of Correspondence Pursuant To Federal Rule of Evidence 404(b)* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE (Kenerson, Erik) (Entered: 02/11/2022) |
| 02/11/2022 | 292 | STATUS REPORT *Regarding Transport of Defendants to the District of Columbia* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS (Jones, Luke) (Entered: 02/11/2022) |
| 03/04/2022 | | NOTICE OF HEARING (**Time Change**) as to ETHAN NORDEAN (1): VTC Status Conference set for 3/8/2022 at **2:00 PM** before Judge Timothy J. Kelly. (zkh) (Entered: 03/04/2022) |
| 03/06/2022 | 300 | OPPOSITION *Nordean's Opposition to the Government's Motion to Continue March 8, 2022 Status Conference* by ETHAN NORDEAN (Smith, Nicholas) Modified text on 3/9/2022 (zltp). (Entered: 03/06/2022) |
| 03/07/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4) granting in part and denying in part the Government's [299](#) Motion to Continue. The Government moved to continue the status conferences scheduled for March 8, 2022, to March 15, 2022. But Nordean's counsel is unavailable March 15, 2022. *See* ECF No. 300 at 2. Accordingly, it is hereby ORDERED that the status conferences scheduled for tomorrow, March 8, 2022, are VACATED and will be rescheduled promptly. Signed by Judge Timothy J. Kelly on 3/7/2022. (lctjk1) (Entered: 03/07/2022) |
| 03/07/2022 | 305 | SECOND SUPERSEDING INDICTMENT as to ETHAN NORDEAN (1) count(s) 1ss, 2ss, 3ss, 4ss–5ss, 6ss–7ss, JOSEPH R. BIGGS (2) count(s) 1s, 2s, 3s, 4s–5s, 6s–7s, ZACHARY REHL (3) count(s) 1s, 2s, 3s, 4s–5s, 6s–7s, CHARLES DONOHOE (4) count(s) 1s, 2s, 3s, 4s–5s, 6s–7s, ENRIQUE TARRIO (5) count(s) 1, 2, 3, 4–5, 6–7, DOMINIC J. PEZZOLA (6) count(s) 1, 2, 3, 4–5, 6–7, 8. (zltp) Modified on 3/8/2022 to correct counts.(ztnr) (Entered: 03/08/2022) |
| 03/07/2022 | 307 | MOTION to Seal Case by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Attachments: # 1 Text of Proposed Order)(zltp) (Entered: 03/08/2022) |
| 03/07/2022 | 308 | ORDER granting 307 Motion to Seal Case as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), CHARLES DONOHOE (4), ENRIQUE TARRIO |

| | | |
|---|---|---|
| | | (5), DOMINIC J. PEZZOLA (6). Signed by Magistrate Judge Zia M. Faruqui on 3/7/2022. (zltp) (Entered: 03/08/2022) |
| 03/08/2022 | | Case unsealed as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA (zltp) (Entered: 03/08/2022) |
| 03/09/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4): In light of the filing of the 305 Second Superseding Indictment, which joins several new Defendants and includes new allegations and charges, it is hereby ORDERED that pretrial motions briefing schedule set in the 282 Scheduling Order is VACATED. Signed by Judge Timothy J. Kelly on 3/9/2022. (lctjk1) (Entered: 03/09/2022) |
| 03/09/2022 | | Terminate Deadlines and Hearings as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4). (zkh) (Entered: 03/09/2022) |
| 03/09/2022 | | Set/Reset Hearings as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4). VTC Pretrial Conference/Motion Hearing set for 4/22/2022 at 9:30 AM before Judge Timothy J. Kelly. Jury Selection/Trial set to commence on 5/18/2022 at 9:00 AM in the Ceremonial Courtroom before Judge Timothy J. Kelly. (zkh) (Entered: 03/09/2022) |
| 03/13/2022 | 312 | REDACTED TRANSCRIPT OF STATUS CONFERENCE in case as to ETHAN NORDEAN before Judge Timothy J. Kelly held on 2−8−22; Page Numbers: 1−66; Date of Issuance: 3−13−22; Court Reporter: Timothy R. Miller, Telephone Number (202) 354−3111. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the cour t reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/3/2022. Redacted Transcript Deadline set for 4/13/2022. Release of Transcript Restriction set for 6/11/2022.(Miller, Timothy) (Entered: 03/13/2022) |
| 03/14/2022 | | NOTICE OF HEARING as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), CHARLES DONOHOE (4), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): VTC Arraignment/Status Conference set for 3/22/2022 at 11:00 AM before Judge Timothy J. Kelly. (zkh) (Entered: 03/14/2022) |
| 03/21/2022 | 314 | MOTION to Vacate *Trial Date*, MOTION to Exclude *Time under the Speedy Trial Act* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Attachments: # 1 Text of Proposed Order)(Kenerson, Erik) (Entered: 03/21/2022) |

| | | |
|---|---|---|
| 03/22/2022 | | NOTICE OF HEARING as to ETHAN NORDEAN (1): The VTC Arraignment/Status Conference currently set for 3/22/2022 is **RESCHEDULED** for 3/23/2022 at 10:00 AM before Judge Timothy J. Kelly. (zkh) (Entered: 03/22/2022) |
| 03/23/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Arraignment as to ETHAN NORDEAN (1) as to Counts 1ss, 2ss, 3ss, 4ss−5ss, and 6ss−7ss and as to ZACHARY REHL (3) as to Counts 1s, 2s, 3s, 4s−5s, and 6s−7s held on 3/23/2022. Defendant NORDEAN (1) appeared in person. Defendant REHL (3) appeared by video. Plea of NOT GUILTY entered by ETHAN NORDEAN (1) as to Counts 1ss, 2ss, 3ss, 4ss−5ss, and 6ss−7ss and by ZACHARY REHL (3) as to Counts 1s, 2s, 3s, 4s−5s, and 6s−7s. Speedy Trial Excludable (XT) started 3/23/2022 through 4/5/2022, in the interest of justice, as to ETHAN NORDEAN (1) and ZACHARY REHL (3). Any response to Government's 314 MOTION to Vacate *Trial Date* due by 3/25/2022. Any reply by the government due by 3/30/2022. VTC Status Conference set for 4/5/2022 at 11:00 AM before Judge Timothy J. Kelly. Bond Status of Defendants: 1−Remains Committed, 3−Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 2−Nicholas D. Smith, 3−Carmen D. Hernandez; US Attorneys: Luke Matthew Jones and Erik Michael Kenerson. (zkh) (Entered: 03/23/2022) |
| 03/24/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and CHARLES DONOHOE (4): Defendants Nordean, Biggs, Rehl, and Donohoe have orally opposed the Government's 314 Motion to Vacate Trial Date. It is hereby ORDERED that these Defendants shall file by tomorrow, March 25, 2022, in addition to any written opposition to the motion they may file, a status report representing whether they would be prepared to go forward with trial on May 18, 2022, if the Court denied the Government's 314 Motion. Signed by Judge Timothy J. Kelly on 3/24/2022. (lctjk1) (Entered: 03/24/2022) |
| 03/25/2022 | 320 | Memorandum in Opposition by ETHAN NORDEAN re 314 MOTION to Vacate *Trial Date* MOTION to Exclude *Time under the Speedy Trial Act And Motion to Sever Defendants Tarrio and Pezzola Pursuant to Rule 14(a)* (Smith, Nicholas) Modified text to remove unassociated defendants on 3/30/2022 (zltp). (Entered: 03/25/2022) |
| 03/25/2022 | 321 | MOTION to Sever Defendant *Nordean's trial from that of Defendants Pezzola and Tarrio Pursuant to Rule 14(a)* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 03/25/2022) |
| 03/25/2022 | 322 | TRANSCRIPT OF ARRAIGNMENT & STATUS CONFERENCE in case as to ETHAN NORDEAN, ZACHARY REHL before Judge Timothy J. Kelly held on 3−23−22; Page Numbers: 1−41; Date of Issuance: 3−25−22; Court Reporter: Timothy R. Miller, Telephone Number (202) 354−3111. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or pur chased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at |

| | | |
|---|---|---|
| | | www.dcd.uscourts.gov.<br><br>Redaction Request due 4/15/2022. Redacted Transcript Deadline set for 4/25/2022. Release of Transcript Restriction set for 6/23/2022.(Miller, Timothy) (Entered: 03/25/2022) |
| 03/30/2022 | 326 | NOTICE *of Waiver of Presence at April 5, 2022 Status Conference* by ETHAN NORDEAN (Smith, Nicholas) (Entered: 03/30/2022) |
| 03/30/2022 | 327 | REPLY in Support by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 314 MOTION to Vacate *Trial Date* MOTION to Exclude *Time under the Speedy Trial Act* (Kenerson, Erik) (Entered: 03/30/2022) |
| 04/03/2022 | 328 | REPLY in Support by ETHAN NORDEAN re 321 MOTION to Sever Defendant *Nordean's trial from that of Defendants Pezzola and Tarrio Pursuant to Rule 14(a)* (Smith, Nicholas) (Entered: 04/03/2022) |
| 04/05/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Status Conference as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), CHARLES DONOHOE (4), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 4/5/2022. Defendants BIGGS (2), TARRIO (5), and PEZZOLA (6)appeared by video. Presence waived for defendants NORDEAN (1), REHL (3), and DONOHOE (4). For the reasons stated on the record, order to be entered by the court vacating the current Jury Selection/Trial set for May 18, 2022. Speedy Trial Excludable (XT) started 4/5/2022 through 4/21/2022, in the interest of justice, as to ALL defendants. VTC Status Conference set for 4/21/2022 at 2:00 PM before Judge Timothy J. Kelly. Discovery due by 6/17/2022. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 3–Remains Committed, 4–Remains Committed, 5–Remains Committed, 6–Remains Committed; Court Reporter: Nancy Meyer; Defense Attorneys: 1–David Benjamin Smith and Nicholas D. Smith, 2–John Daniel Hull, IV, 3–Carmen D. Hernandez, 4–Ira Knight and Lisa S. Costner, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Luke Matthew Jones, Erik Michael Kenerson, and Jason Bradley Adam McCullough. (zkh) (Entered: 04/05/2022) |
| 04/05/2022 | 331 | MOTION for Bond *and Mandatory Release Pursuant to 18 USC § 3164* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 04/05/2022) |
| 04/06/2022 | 332 | STATUS REPORT *Regarding Due Date for Report and Recommendation* by SANTHA SONENBERG as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA (Sonenberg, Santha) (Entered: 04/06/2022) |
| 04/06/2022 | 333 | TRANSCRIPT OF STATUS CONFERENCE in case as to ETHAN NORDEAN, JOSEPH R. BIGGS, CHARLES DONOHOE before Judge Timothy J. Kelly held on 5–4–21; Page Numbers: 1–24; Date of Issuance: 4–6–22; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/27/2022. Redacted Transcript Deadline set for 5/7/2022. Release of Transcript Restriction set for 7/5/2022.(Miller, Timothy) (Entered: 04/06/2022) |
| 04/07/2022 | 334 | NOTICE *of Trial Availability* by ETHAN NORDEAN as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA (Smith, Nicholas) (Entered: 04/07/2022) |
| 04/12/2022 | 338 | ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), CHARLES DONOHOE (4), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) granting the Government's 314 Motion to Vacate Trial Date and to Exclude Time Under the Speedy Trial Act. See Order for details. Signed by Judge Timothy J. Kelly on 4/12/2022. (lctjk1) (Entered: 04/12/2022) |
| 04/12/2022 | 339 | ORDER as to ETHAN NORDEAN (1) denying without prejudice Defendant's 321 Motion to Sever. See Order for details. Signed by Judge Timothy J. Kelly on 4/12/2022. (lctjk1) (Entered: 04/12/2022) |
| 04/13/2022 | | Terminate Deadlines and Hearings as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), CHARLES DONOHOE (4), ENRIQUE TARRIO(5), and DOMINIC J. PEZZOLA (6). (zkh) (Entered: 04/13/2022) |
| 04/15/2022 | 340 | TRANSCRIPT OF STATUS CONFERENCE in case as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE before Judge Timothy J. Kelly held on 1−11−22; Page Numbers: 1−59; Date of Issuance: 4−15−22; Court Reporter: Timothy R. Miller, Telephone Number (202) 354−3111. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a pu blic terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/6/2022. Redacted Transcript Deadline set for 5/16/2022. Release of Transcript Restriction set for 7/14/2022.(Miller, Timothy) (Entered: 04/15/2022) |
| 04/19/2022 | 342 | Memorandum in Opposition by USA as to ETHAN NORDEAN re 331 MOTION for Bond *and Mandatory Release Pursuant to 18 USC § 3164* (Attachments: # 1 Exhibit 1 − Speedy Trial Tolling Chart)(Kenerson, Erik) (Entered: 04/19/2022) |

| 04/20/2022 | 343 | REPLY TO OPPOSITION to Motion by ETHAN NORDEAN re 331 MOTION for Bond *and Mandatory Release Pursuant to 18 USC § 3164* (Smith, Nicholas) (Entered: 04/20/2022) |
|---|---|---|
| 04/21/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Status Conference as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 4/21/2022. Appearance by ALL defendants WAIVED. Scheduling order to be entered by the court. Speedy Trial Excludable (XT) started 4/21/2022 through 5/19/2022, in the interest of justice, as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). VTC Control Status Hearing set for 5/19/2022 at 2:00 PM before Judge Timothy J. Kelly. VTC Pretrial Conference/Motion Hearing set for 7/13/2022 at 10:00 AM before Judge Timothy J. Kelly. Jury Selection/Trial set to commence on 8/8/2022 at 9:00 AM in the Ceremonial Courtroom before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 3–Remains Committed, 5–Remains Committed, 6–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–David Benjamin Smith and Nicholas D. Smith, 2–John Daniel Hull, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorney: Luke Matthew Jones, Erik Michael Kenerson, and Jason Bradley Adam McCullough. (zkh) (Entered: 04/21/2022) |
| 04/22/2022 | 346 | **VACATED PURSUANT TO ORDER FILED 6/24/2022.....** SCHEDULING ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). See Order for details. Signed by Judge Timothy J. Kelly on 4/22/2021. (lctjk1) Modified to vacate on 6/24/2022 (zkh). (Entered: 04/22/2022) |
| 04/22/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Because Defendants in this case made their initial appearances in different district courts across the country, it is not clear based on the docket that the Government was given the warnings the Due Process Protections Act requires. Due to the Due Process Protections Act, the Court hereby ORDERS that all government counsel shall review their disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, as set forth in Local Criminal Rule 5.1, and comply with those provisions. The failure to comply could result in dismissal of the indictment or information, dismissal of individual charges, exclusion of government evidence or witnesses, continuances, Bar discipline, or any other remedy that is just under the circumstances. Signed by Judge Timothy J. Kelly on 4/22/2022. (lctjk1) (Entered: 04/22/2022) |
| 04/22/2022 | | Set/Reset Deadlines as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Joint Pretrial Statement due by 7/6/2022. (zkh) (Entered: 04/22/2022) |
| 04/28/2022 | | NOTICE OF HEARING as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): VTC Discovery Hearing set for 5/2/2022 at 3:00 PM before Judge Timothy J. Kelly. (zkh) (Entered: 04/28/2022) |
| 04/28/2022 | 347 | TRANSCRIPT OF STATUS CONFERENCE in case as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA before Judge Timothy J. Kelly held on 4–21–22; Page Numbers: 1–79; |

|  |  | Date of Issuance: 4–28–22; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/19/2022. Redacted Transcript Deadline set for 5/29/2022. Release of Transcript Restriction set for 7/27/2022.(Miller, Timothy) (Entered: 04/28/2022) |
| 04/29/2022 | <u>348</u> | NOTICE *Regarding Discovery Correspondence* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA (Attachments: # <u>1</u> 2/18/2022 Letter (All Defendants), # <u>2</u> 2/21/2022 Letter (All Defendants), # <u>3</u> 3/1/2022 Letter (All Defendants), # <u>4</u> 3/1/2022 Letter (All Defendants), # <u>5</u> 3/2/2022 Letter (All Defendants), # <u>6</u> 3/2/2022 Letter (All Defendants), # <u>7</u> 3/4/2022 Letter (All Defendants), # <u>8</u> 3/14/2022 Letter (All Defendants), # <u>9</u> 4/7/2022 Letter (All Defendants), # <u>10</u> 4/13/2022 Letter (All Defendants), # <u>11</u> 4/20/2022 Letter (Tarrio, Pezzola), # <u>12</u> 4/21/2022 Letter (All Defendants), # <u>13</u> 4/22/2022 Letter (All Defendants), # <u>14</u> 4/28/2022 Letter (All Defendants))(Jones, Luke) (Entered: 04/29/2022) |
| 05/02/2022 | <u>349</u> | MOTION to Change Venue by ENRIQUE TARRIO. (Jauregui, Sabino) (Entered: 05/02/2022) |
| 05/02/2022 |  | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Discovery Hearing as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 5/2/2022. Defendants NORDEAN (1), BIGGS (2), TARRIO (5), and PEZZOLA (6) appeared by video. The appearance of REHL (3) was WAIVED. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 3–Remains Committed, 5–Remains Committed, 6–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Luke Matthew Jones, Erik Michael Kenerson, Jason Bradley Adam McCullough, and Emily Miller; USMS: Derek Haywood, Charles Miracle, and Lamont Ruffin. (zkh) (Entered: 05/02/2022) |
| 05/13/2022 | <u>355</u> | NOTICE OF WITHDRAWAL OF APPEARANCE *of Assistant U.S. Attorney Luke M. Jones* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA (Jones, Luke) (Entered: 05/13/2022) |
| 05/13/2022 | <u>356</u> | NOTICE OF ATTORNEY APPEARANCE Nadia Moore appearing for USA. (Moore, |

| | | |
|---|---|---|
| | | Nadia) (Entered: 05/13/2022) |
| 05/13/2022 | 357 | NOTICE OF ATTORNEY APPEARANCE Conor Mulroe appearing for USA. (Mulroe, Conor) (Entered: 05/13/2022) |
| 05/19/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Control Status Hearing as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 5/19/2022. Defendants NORDEAN (1), BIGGS (2), TARRIO (5), and PEZZOLA (6) appeared by video. The appearance of REHL (3) was WAIVED. Oral argument heard on Defendant REHL's 344 MOTION to Compel, and taken under advisement. Speedy Trial Excludable (XT) started 5/19/2022 through 6/2/2022, in the interest of justice, as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). VTC Control Status Hearing set for 6/2/2022 at 2:00 PM before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 3–Remains Committed, 5–Remains Committed, 6–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Erik Michael Kenerson, Jason Bradley Adam McCullough, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 05/19/2022) |
| 05/19/2022 | 365 | MOTION for Order Order Directing the Government to Identify Brady Material by ETHAN NORDEAN as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Smith, Nicholas) (Entered: 05/19/2022) |
| 05/25/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): It is hereby ORDERED that, at the June 2, 2022, status conference, the parties shall be prepared to address a potential motion from Defendant Pezzola to substitute his counsel. Signed by Judge Timothy J. Kelly on 5/25/2022. (lctjk1) (Entered: 05/25/2022) |
| 05/28/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1) granting Nordean's 95 Motion for Leave to File Excess Pages re Motion to Dismiss First Superseding Indictment. It is hereby ORDERED that, nunc pro tunc and for good cause shown, Nordean's motion is GRANTED. Signed by Judge Timothy J. Kelly on 5/28/2022. (lctjk1) (Entered: 05/28/2022) |
| 06/02/2022 | 374 | RESPONSE by USA as to ETHAN NORDEAN re 365 MOTION for Order Order Directing the Government to Identify Brady Material (Attachments: # 1 Exhibit Partially Redacted Discovery Index)(Kenerson, Erik) (Entered: 06/02/2022) |
| 06/02/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Control Status Hearing as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 6/2/2022. Defendants BIGGS (2), TARRIO (5), and PEZZOLA (6) appeared by video. The appearance of NORDEAN (1) and REHL (3) was WAIVED. Oral Motion by Defendants BIGGS (2), REHL (3), and PEZZOLA (6) to join Defendant NORDEAN's 365 MOTION for Order Directing the Government to Identify Brady Material, heard and GRANTED. Speedy Trial Excludable (XT) started 6/2/2022 through 6/9/2022, in the interest of justice, as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). |

| | | |
|---|---|---|
| | | VTC Motion Hearing set for 6/9/2022 at 2:30 PM before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 3–Remains Committed, 5–Remains Committed, 6–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, and Nadia Moore. (zkh) (Entered: 06/02/2022) |
| 06/03/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): It is hereby ORDERED that, for the reasons explained on the record at the status conference yesterday, the time period from June 2, 2022, until June 9, 2022, is EXCLUDED under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. The Court finds that the ends of justice served by this continuance outweigh the best interests of the public and Defendants in a speedy trial under 18 U.S.C. § 3161(h)(7)(A), for the reasons explained on the record, specifically the Government's ongoing production of voluminous discovery to Defendants. In addition, the Court finds that the period is part of a "reasonable period of delay" when the defendants are "joined for trial with a codefendant as to whom the time for trial as not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Signed by Judge Timothy J. Kelly on 6/3/2022. (lctjk1) (Entered: 06/03/2022) |
| 06/06/2022 | 380 | THIRD SUPERSEDING INDICTMENT as to ETHAN NORDEAN (1) count(s) 1sss, 2sss, 3sss, 4sss, 5sss, 6sss–7sss, 8sss–9ssss, JOSEPH R. BIGGS (2) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss–7ss, 8ss–9ss, ZACHARY REHL (3) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss–7ss, 8ss–9ss, ENRIQUE TARRIO (5) count(s) 1s, 2s, 3s, 4s, 5s, 6s–7s, 8s–9s, DOMINIC J. PEZZOLA (6) count(s) 1s, 2s, 3s, 4s, 5s, 6s–7s, 8s–9s, 10s. (zltp) (Entered: 06/08/2022) |
| 06/07/2022 | 378 | ORDER as to ETHAN NORDEAN (1) denying Nordean's 267 271 Motion for Discovery and for an Evidentiary Hearing. See Order for details. Signed by Judge Timothy J. Kelly on 6/7/2022. (lctjk1) (Entered: 06/07/2022) |
| 06/07/2022 | 379 | REPLY TO OPPOSITION to Motion by ETHAN NORDEAN as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 365 MOTION for Order Order Directing the Government to Identify Brady Material (Smith, Nicholas) (Entered: 06/07/2022) |
| 06/08/2022 | 382 | NOTICE of Exhibit (Government's Global Discovery Production Letter) by ETHAN NORDEAN re 379 Reply to opposition to Motion, (Attachments: # 1 Exhibit 1)(Smith, Nicholas) (Entered: 06/08/2022) |
| 06/09/2022 | 385 | MOTION for Leave to File Sur Reply by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Attachments: # 1 United States Sur Reply in re ECF 379)(McCullough, Jason) (Entered: 06/09/2022) |
| 06/09/2022 | 386 | MOTION to Join Defendant Tarrio's Motion to Change Venue re 349 MOTION to Change Venue by JOSEPH R. BIGGS as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Hull, John) Modified event type on 6/10/2022 (zltp). (Entered: 06/09/2022) |
| 06/09/2022 | 387 | |

| | | |
|---|---|---|
| | | Joint MOTION to Modify *Scheduling Order* by JOSEPH R. BIGGS as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Hull, John) (Entered: 06/09/2022) |
| 06/09/2022 | 388 | RESPONSE by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 387 Joint MOTION to Modify *Scheduling Order* (McCullough, Jason) (Entered: 06/09/2022) |
| 06/09/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Motion Hearing as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 6/9/2022. Defendants BIGGS (2), TARRIO (5), and PEZZOLA (6) appeared by video. The appearances of NORDEAN (1) and REHL (3) were WAIVED. Oral argument heard and taken under advisement as to defendant NORDEAN's 365 MOTION for Order Directing the Government to Identify Brady Material. Oral Motion by defendant REHL to renew his 344 MOTION to Compel. Speedy Trial Excludable (XT) started 6/9/2022 through 6/16/2022, in the interest of justice, as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). Government Response to 377 MOTION due by 6/13/2022. Defendant REHL's Reply due by 6/15/2022. VTC Control Status Hearing set for 6/16/2022 at 2:00 PM before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 3–Remains Committed, 5–Remains Committed, 6–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf; US Attorneys: Jason Bradley Adam McCullough and Conor Mulroe. (zkh) (Entered: 06/10/2022) |
| 06/10/2022 | | MINUTE ORDER as to ETHAN NORDEN (1) granting the Government's 385 Motion for Leave to File Sur Reply. It is hereby ORDERED that, for good cause shown, the Government's motion is GRANTED. It is further ORDERED that the Clerk of Court shall docket ECF No. 385–1 as the Government's Sur–Reply. Signed by Judge Timothy J. Kelly on 6/10/2022. (lctjk1) (Entered: 06/10/2022) |
| 06/10/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Before the Court is the parties' 387 388 request to modify the Court's scheduling order. Before the Court rules on that request, it must consider the nature of the pretrial motions the parties anticipate filing, and whether any such motion will require testimony to resolve. Thus, it is hereby ORDERED that the Government and each Defendant shall file, jointly or separately, by tomorrow, June 11, 2022, a status report or reports indicating what pretrial motions each party anticipates filing and whether the motion will require testimony. Signed by Judge Timothy J. Kelly on 6/10/2022. (lctjk1) (Entered: 06/10/2022) |
| 06/10/2022 | 398 | SUR–REPLY by USA as to ETHAN NORDEAN re 365 MOTION for Order Order Directing the Government to Identify Brady Material (zltp) (Entered: 06/14/2022) |
| 06/11/2022 | 393 | STATUS REPORT *Regarding Motions* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA (Kenerson, Erik) (Entered: 06/11/2022) |
| 06/12/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): |

|  |  | The parties 387 388 request that the Court modify its scheduling order in this case. But before it ruled on that request, the Court ordered the parties to file, jointly or separately, by yesterday, June 11, 2022, a status report or reports indicating what pretrial motions each party anticipates filing and whether the motion will require testimony. Only the Government and Tarrio have filed such a status report. It is hereby ORDERED that the 387 388 request is HELD IN ABEYANCE until Defendants Nordean, Biggs, Rehl, and Pezzola comply with this Court's order. Signed by Judge Timothy J. Kelly on 6/12/2022. (lctjk1) (Entered: 06/12/2022) |
| 06/12/2022 |  | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) granting in part Defendant Biggs's 387 Joint Motion to Modify Scheduling Order. Based on Defendant Rehl's representation, *see* ECF No. 394 , that all Defendants joined Defendant Tarrio's 392 Joint Status Report, and for good cause shown, it is hereby ORDERED that the 387 motion is GRANTED IN PART. It is further ORDERED that the following dates set forth in the Government's 388 response to the motion, and agreed to by all parties, shall govern: Pretrial motions, including motions to suppress and motions in limine, shall be filed by June 29, 2022; oppositions to the motions shall be filed by July 11, 2022; and replies shall be filed by July 18, 2022. The Joint Pretrial Statement, *see* ECF No. 346 , shall be filed by July 20, 2022. The parties shall appear for a motions hearing and pretrial conference on July 27, 2022, at 11:00 a.m. in a courtroom to be determined. Finally, jury selection and trial shall commence on August 8, 2022, at 9:00 a.m. It is further ORDERED that if, contrary to Defendant Rehl's representation and the Court's understanding, Defendant Tarrio's 392 Joint Status Report does not represent the position of all Defendants, then any such Defendant shall so advise the Court immediately. Signed by Judge Timothy J. Kelly on 6/12/2022. (lctjk1) (Entered: 06/12/2022) |
| 06/15/2022 | 400 | TRANSCRIPT OF STATUS CONFERENCE (held remotely via Zoom) in case as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA before the Honorable Timothy J. Kelly held on 04/05/2022. Page Numbers: 1–43. Date of Issuance: 06/12/2022. Stenographic Court Reporter: Nancy J. Meyer. Telephone Number: 202–354–3118. Transcripts may be ordered by going to www.dcd.uscourts.gov. For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/16/2022. Release of Transcript Restriction set for 9/13/2022.(Meyer, Nancy) (Entered: 06/15/2022) |
| 06/15/2022 |  | NOTICE OF HEARING as to ETHAN NORDEAN (1): VTC Arraignment set for 6/16/2022 at 2:00 PM before Judge Timothy J. Kelly. (zkh) (Entered: 06/15/2022) |

| 06/15/2022 | <u>402</u> | TRANSCRIPT OF DISCOVERY CONFERENCE in case as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA before Judge Timothy J. Kelly held on 5–2–22; Page Numbers: 1–66; Date of Issuance: 6–15–22; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at t he courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**<span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS:</span>** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/16/2022. Release of Transcript Restriction set for 9/13/2022.(Miller, Timothy) (Entered: 06/15/2022) |
| 06/16/2022 | <u>404</u> | RESPONSE by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 403 MOTION to Continue *Trial* (Attachments: # <u>1</u> Exhibit Letter Dated June 15, 2022)(McCullough, Jason) (Entered: 06/16/2022) |
| 06/16/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Arraignment as to ETHAN NORDEAN (1) as to Counts 1sss, 2sss, 3sss, 4sss, 5sss, 6sss, 7sss, 8sss, and 9sss, held on 6/16/2022. Defendant appeared by video. Plea of NOT GUILTY entered as to Counts 1sss, 2sss, 3sss, 4sss, 5sss, 6sss, 7sss, 8sss, and 9sss. Bond Status of Defendant: Remains Committed; Court Reporter: Timothy Miller; Defense Attorney: Nicholas D. Smith; US Attorneys: Jason Bradley Adam McCullough and Nadia Moore. (zkh) (Entered: 06/16/2022) |
| 06/16/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Control Status Hearing as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 6/16/2022. Defendants NORDEAN (1), BIGGS (2), TARRIO (5), and PEZZOLA (6) appeared by video. The appearance of REHL (3) was WAIVED. VTC Motion Hearing set for 6/22/2022 at 1:00 PM before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 3–Remains Committed, 5–Remains Committed, 6–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf; US Attorneys: Jason Bradley Adam McCullough and Nadia Moore. (zkh) (Entered: 06/16/2022) |
| 06/16/2022 | <u>406</u> | SUPPLEMENT by JOSEPH R. BIGGS as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re <u>349</u> MOTION to Change Venue (zltp) (Entered: 06/17/2022) |

| 06/17/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): As discussed on the record yesterday, it is hereby ORDERED that any responses to Biggs and Pezzola's 403 Motion to Continue, including any related requests to sever, shall be filed by Monday, June 20, 2022. It is further ORDERED that any responses to those filings shall be filed by Tuesday, June 21, 2022. Signed by Judge Timothy J. Kelly on 6/17/2022. (lctjk1) (Entered: 06/17/2022) |
|---|---|---|
| 06/17/2022 | 407 | NOTICE *Regarding Discovery Correspondence* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA (Attachments: # 1 5/12/22 letter, # 2 6/17/22 letter)(Mulroe, Conor) (Entered: 06/17/2022) |
| 06/20/2022 | 408 | MEMORANDUM OPINION AND ORDER as to ETHAN NORDEAN (1) denying Nordean's 331 Motion for Release Pursuant to 18 U.S.C. § 3164. See Order for details. Signed by Judge Timothy J. Kelly on 6/20/2022. (lctjk1) (Main Document 408 replaced to correct dates mandates were issued on 6/24/2022) (zkh). (Entered: 06/20/2022) |
| 06/20/2022 | 409 | RESPONSE by ETHAN NORDEAN as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 403 MOTION to Continue *Trial* (Smith, Nicholas) (Entered: 06/20/2022) |
| 06/21/2022 | 414 | REPLY in Support by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 403 MOTION to Continue *Trial* (McCullough, Jason) (Entered: 06/21/2022) |
| 06/22/2022 | 416 | RESPONSE by ENRIQUE TARRIO as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 403 MOTION to Continue *Trial* (Jauregui, Sabino) (Entered: 06/22/2022) |
| 06/22/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Motion Hearing as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 6/22/2022. Defendants BIGGS (2), TARRIO (5), and PEZZOLA (6) appeared by video. The appearances of NORDEAN (1) and REHL (3) were WAIVED. For the reasons stated on the record, Defendant BIGGS' 403 MOTION to Continue is GRANTED. Order to be entered by the court. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 3–Remains Committed, 5–Remains Committed, 6–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf; US Attorneys: Jason Bradley Adam McCullough and Conor Mulroe. (zkh) (Entered: 06/22/2022) |
| 06/22/2022 | 418 | MOTION for Extension of Time to File *Report and Recommendation* by SANTHA SONENBERG as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Sonenberg, Santha) (Entered: 06/22/2022) |
| 06/24/2022 | 419 | MEMORANDUM ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) granting Biggs and Pezzola's 403 Motion to Continue Trial. See Order for details. Signed by Judge Timothy J. Kelly on 6/24/2022. (lctjk1) (Entered: 06/24/2022) |

| 06/24/2022 | | Set/Reset Hearings as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Jury Selection/Trial set to commence on 12/12/2022 at 9:00 AM in the Ceremonial Courtroom before Judge Timothy J. Kelly. (zkh) (Entered: 06/24/2022) |
|---|---|---|
| 06/24/2022 | | Terminate Deadlines and Hearings as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). (zkh) (Entered: 06/24/2022) |
| 06/28/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1) denying without prejudice Nordean's 365 Motion for Order Directing the Government to Identify Brady Material. Under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the government has "an affirmative duty to disclose exculpatory evidence to the defense, even if no request has been made by the accused." *United States v. Borda*, 848 F.3d 1044, 1066 (D.C. Cir. 2017). That said, the "general rule" is that "the government is under no duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence." *United States v. Saffarinia*, 424 F. Supp. 3d 46, 85 n.15 (D.D.C. 2020) (cleaned up). Nordean seeks an exception from this general rule, asking the Court to order the government to identify *Brady* material included in the discovery it has produced. Although a departure from the norm, such an order is not unheard of. "In certain circumstances and acting under their discretionary authority to manage the cases before them, some courts have required prosecutors to identify *Brady* material contained in a previously disclosed but 'voluminous' production of discovery and data." *United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 825 F. Supp. 2d 451, 454 (S.D.N.Y. 2011); *see also Saffarinia*, 424 F. Supp. 3d at 86. And no one denies that Nordean and his co–defendants are dealing with an extraordinary volume of discovery. Nonetheless, at this time the Court does not find such an order appropriate here. This is not a case in which the government has dumped millions of files on a defendant, provided him no help in sorting through them, and then told him "to find the exculpatory information in the haystack." *United States v. Hsia*, 24 F. Supp. 2d 14, 29 (D.D.C. 1998). The government has provided three categories of discovery: case–specific, cross discovery, and global discovery. Productions of the first two are "accompanied by transmittal letters describing their contents." ECF No. 374 at 3. And while the latter category includes an exceptionally large amount of material, the government has provided searchable indexes *and* provided the material on searchable platforms, even if the parties debate to some degree how well the platforms work. *Id.* at 4–5. In addition, given the parties' focus on the large amount of video produced, the government has agreed to run its "comprehensive facial recognition software" against all the videos and then provide each defendant "the report of any of those videos where they could find their client." June 9, 2022 Tr. at 56–57. In other words, Nordean and his co–defendants "should have a roadmap to all the videos where [they] are captured." *Id.* at 57. Finally, to the extent that Nordean's motion is predicated on a lack of manpower to review the discovery, the Court has made clear that it is open to discussing the "need to authorize [defense counsel] more resources." June 16, 2022 Tr. at 35. In the end, it may be that all of the above is insufficient from the defense perspective, and if so, the motion may be renewed. But for now, the Court will provide Nordean and his co–defendants the opportunity to use the above tools and, if necessary, request additional resources. Accordingly, it is hereby ORDERED that Nordean's motion is DENIED WITHOUT PREJUDICE. Signed by Judge Timothy J. Kelly on 6/28/2022. (lctjk1) (Entered: 06/28/2022) |
| 06/29/2022 | 420 | Joint STATUS REPORT *AND PROPOSED PRETRIAL SCHEDULE* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, |

| | | |
|---|---|---|
| | | DOMINIC J. PEZZOLA (Attachments: # 1 Text of Proposed Order)(McCullough, Jason) (Entered: 06/29/2022) |
| 06/29/2022 | 423 | ERRATA by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 420 Status Report filed by USA (McCullough, Jason) (Entered: 06/29/2022) |
| 06/30/2022 | 424 | RESPONSE by ETHAN NORDEAN re 420 Status Report (Smith, Nicholas) (Entered: 06/30/2022) |
| 07/06/2022 | 426 | SCHEDULING ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). See Order for details. Signed by Judge Timothy J. Kelly on 7/6/2022. (lctjk1) (Entered: 07/06/2022) |
| 07/07/2022 | | Set/Reset Deadlines/Hearings as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Motions due by 8/19/2022. Responses due by 9/2/2022. Replies due by 9/12/2022. Motion in Limine due by 10/14/2022. Prior Convictions/Objections due by 10/28/2022. Proposed Jury Instructions/Verdict Form due by 10/28/2022. Pretrial Statement due by 10/28/2022. VTC Motion Hearings set for 9/29/2022 at 9:30 AM and 10/28/2022 at 9:30 AM before Judge Timothy J. Kelly. In Person Motion Hearing set for 11/14/2022 at 9:30 AM in Courtroom 11 before Judge Timothy J. Kelly. In Person Pretrial Conference/Motion Hearing set for 11/18/2022 at 9:30 AM in Courtroom 11 before Judge Timothy J. Kelly. (zkh) (Entered: 07/07/2022) |
| 07/15/2022 | 429 | TRANSCRIPT OF MOTION HEARING in case as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA before Judge Timothy J. Kelly held on 6–9–22; Page Numbers: 1–85; Date of Issuance: 7–15–22; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/5/2022. Redacted Transcript Deadline set for 8/15/2022. Release of Transcript Restriction set for 10/13/2022.(Miller, Timothy) (Entered: 07/15/2022) |
| 08/19/2022 | 434 | MOTION to Dismiss Count *One, Two, Three, Four, Five, Seven, Eight, and Nine of the Third Superseding Indictment and, in the Alternative, Motion for a Bill of Particulars* by ETHAN NORDEAN. (Attachments: # 1 Exhibit Redline comparison of Second and Third Superseding Indictments)(Smith, Nicholas) (Entered: 08/19/2022) |
| 08/25/2022 | 444 | |

| | | |
|---|---|---|
| | | MOTION for Extension of Time to File Response/Reply as to 439 MOTION to Dismiss Case *on First Amendment Grounds*, 442 MOTION to Dismiss Count *Two and Count Three*, 437 MOTION to Dismiss Count *One, Two and Four*, 443 MOTION to Dismiss Count *One Failure to State an Offense, as Unconstitutionally Vague and under the Rule of Lenity*, 434 MOTION to Dismiss Count *One, Two, Three, Four, Five, Seven, Eight, and Nine of the Third Superseding Indictment and, in the Alternative, Motion for a Bill of Particulars*, 440 MOTION to Dismiss Case *for a Violation of the Presentment Clause of the Fifth Amendment* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Attachments: # 1 Text of Proposed Order)(Kenerson, Erik) (Entered: 08/25/2022) |
| 08/26/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), ZACHARY REHL (3), and ENRIQUE TARRIO (5): Upon consideration of the Government's 444 Motion for Extension of Time, it is hereby ORDERED that Defendants Nordean and Tarrio shall file any opposition to the 444 motion no later than noon on August 29, 2022. Signed by Judge Timothy J. Kelly on 8/26/2022. (lctjk1) (Entered: 08/26/2022) |
| 08/30/2022 | | MINUTE ORDER as to as to ETHAN NORDEAN (1), ZACHARY REHL (3), and ENRIQUE TARRIO (5) granting the Government's 444 Unopposed Motion for Extension of Time. It is hereby ORDERED that, for good cause shown, the Government's motion is GRANTED. It is further ORDERED that the Government shall respond to ECF Nos. 434, 437, 439, 440, 442, and 443 by September 7, 2022. It is FURTHER ORDERED that Defendants shall file any reply in support of ECF Nos. 434, 437, 439, 440, 442, and 443 by September 15, 2022. Signed by Judge Timothy J. Kelly on 8/30/2022. (lctjk1) (Entered: 08/30/2022) |
| 09/07/2022 | 454 | Memorandum in Opposition by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO re 439 Motion to Dismiss Case, 442 Motion to dismiss count(s), 437 Motion to dismiss count(s), 443 Motion to dismiss count(s), 434 Motion to dismiss count(s), 440 Motion to Dismiss Case (Attachments: # 1 Exhibit A – Jury Instructions)(Kenerson, Erik) (Entered: 09/07/2022) |
| 09/07/2022 | 455 | MOTION for Leave to File Excess Pages by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO. (Attachments: # 1 Text of Proposed Order)(Kenerson, Erik) (Entered: 09/07/2022) |
| 09/08/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and ENRIQUE TARRIO (5) treating as opposed and granting the Government's 455 Motion for Leave to File Excess Pages re the United States' Response to Defendants' Motions to Dismiss Part or All of the Third Superseding Indictment. It is hereby ORDERED that, nunc pro tunc and for good cause shown, the Government's motion is GRANTED. Signed by Judge Timothy J. Kelly on 9/8/2022. (lctjk1) (Entered: 09/08/2022) |
| 09/12/2022 | 458 | REPLY TO OPPOSITION to Motion by ETHAN NORDEAN re 434 MOTION to Dismiss Count *One, Two, Three, Four, Five, Seven, Eight, and Nine of the Third Superseding Indictment and, in the Alternative, Motion for a Bill of Particulars* (Smith, Nicholas) (Entered: 09/12/2022) |
| 09/14/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): As reflected in the 426 Scheduling Order, the Court will hear argument on various motions on September 29, 2022 and October 28, 2022, via videoconference. The Court |

| | | |
|---|---|---|
| | | understands that, despite the efforts of the parties and the Court, certain Defendants may not be able to appear remotely due to the policies or logistical limitations at their respective detention facilities. Counsel for each Defendant are hereby ORDERED to contact the Courtroom Deputy ten days before either hearing if they do not agree to waive their clients' presence for the hearing, should he be unable to appear remotely. Signed by Judge Timothy J. Kelly on 9/14/2022. (lctjk1) Modified to correct grammatical error on 9/14/2022 (zkh). (Entered: 09/14/2022) |
| 09/29/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Motion Hearing as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 9/29/2022. Defendants BIGGS (2), TARRIO (5), and PEZZOLA (6) appeared by video. The appearances of NORDEAN (1) and REHL (3) were waived. Oral arguments heard on Motions to Dismiss, and taken under advisement. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 3–Remains Committed, 5–Remains Committed, 6–Remains Committed; Court Reporter: Lisa Bankins; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, Nadia Moore, and James Pearce. (zkh) (Entered: 09/29/2022) |
| 09/30/2022 | 471 | MOTION for Joinder by ETHAN NORDEAN re: 349 Defendant Tarrio's Motion to Change Venue, re: 406 Defendant Biggs Supplements (Smith, Nicholas) Modified event type and text on 10/3/2022 (zltp). Modified on 10/4/2022 (ztnr). (Entered: 09/30/2022) |
| 10/03/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), AND DOMINIC J. PEZZOLA (6) granting Defendants' 470 Consent Motion for an Extension of Time. It is hereby ORDERED that, *nunc pro tunc* and for good cause shown, Defendants' motion is GRANTED. It is further ORDERED that Defendants shall file any supplement to the motion to change venue, ECF No. 349, by October 10, 2022. It is further ORDERED that the Government shall file any response by October 21, 2022, and Defendants shall reply by October 24, 2022. The October 28, 2022, hearing on the motion to change venue will proceed as scheduled. Signed by Judge Timothy J. Kelly on 10/3/2022. (lctjk1) (Entered: 10/03/2022) |
| 10/04/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1) granting Defendant's 471 Motion to Join Defendants' Motion to Transfer Venue. It is hereby ORDERED that, for good cause shown, Defendant's motion is GRANTED. Signed by Judge Timothy J. Kelly on 10/4/2022. (lctjk1) (Entered: 10/04/2022) |
| 10/07/2022 | 475 | MOTION in Limine *to Admit Statements* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Mulroe, Conor) (Entered: 10/07/2022) |
| 10/07/2022 | 476 | NOTICE *of Expert Witness* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA (Attachments: # 1 Expert Notice)(Kenerson, Erik) (Entered: 10/07/2022) |
| 10/14/2022 | 489 | First MOTION in Limine *to exclude proposed government exhibits* by ETHAN NORDEAN. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Smith, Nicholas) (Entered: 10/14/2022) |
| 10/14/2022 | 490 | |

| | | |
|---|---|---|
| | | MOTION in Limine *to exclude the government's proposed expert testimony* by ETHAN NORDEAN. (Attachments: # 1 Exhibit 1)(Smith, Nicholas) (Entered: 10/14/2022) |
| 10/14/2022 | 494 | MOTION in Limine *(Omnibus)* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Mulroe, Conor) (Entered: 10/14/2022) |
| 10/19/2022 | 499 | Memorandum in Opposition by ETHAN NORDEAN re 475 Motion in Limine *and Motion to Direct the Government to Identify Co−Conspirator Statements It Intends to Move into Evidence* (Smith, Nicholas) (Entered: 10/19/2022) |
| 10/21/2022 | 502 | RESPONSE by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO *to 477 Supplement to Motion to Change Venue* (Attachments: # 1 Exhibit 1 – Excerpt of Transcript, # 2 Exhibit 2 – Jury Questionnaire from United States v. Rhodes, et. al.)(Kenerson, Erik) (Entered: 10/21/2022) |
| 10/26/2022 | 505 | Memorandum in Opposition by ETHAN NORDEAN re 494 Motion in Limine (Smith, Nicholas) (Entered: 10/26/2022) |
| 10/28/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Motion Hearing as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 10/28/2022. Defendant TARRIO (5) appeared by video. The appearances of NORDEAN (1), BIGGS (2), REHL (3), and PEZZOLA (6) were waived. Oral argument heard on Defendants' 349 MOTION to Change Venue, and taken under advisement. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 3–Remains Committed, 5–Remains Committed, 6–Remains Committed; Court Reporter: Nancy Meyer; Defense Attorneys: 1–Nicholas D. Smith, 2–Norman A Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, and Conor Mulroe. (zkh) (Entered: 10/28/2022) |
| 10/28/2022 | 511 | Memorandum in Opposition by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 498 Motion to Exclude, 490 Motion in Limine (McCullough, Jason) (Entered: 10/28/2022) |
| 10/28/2022 | 512 | REPLY TO OPPOSITION to Motion by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 475 MOTION in Limine *to Admit Statements* (McCullough, Jason) (Entered: 10/28/2022) |
| 10/28/2022 | 515 | RESPONSE by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 491 MOTION in Limine *to Exclude Proposed Government Exhibits*, 489 First MOTION in Limine *to exclude proposed government exhibits* (Attachments: # 1 Exhibit 1 – August exhibits transmittal email, # 2 Exhibit 2 – August Preliminary Exhibit List (redacted))(Mulroe, Conor) (Entered: 10/28/2022) |
| 11/01/2022 | | **ENTERED IN ERROR.....** MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): On December 5, 2022, potential jurors will appear for a special panel in this case. Pursuant to the U.S. District Court for the District of Columbia's Jury Selection Plan, the Court will authorize the Clerk, "[e]xcept where the |

| | | |
|---|---|---|
| | | Clerk believes an exercise of judicial discretion is necessary...to exempt and excuse persons" listed in certain categories specified in 10–14 of the Jury Selection Plan, including to excuse jurors on the grounds of "undue hardship" or "extreme inconvenience" under 28 U.S.C. § 1866(c). U.S. District Court for the District of Columbia, *Jury Selection Plan for the Random Selection of Grand and Petit Jurors* (amended May 17, 2022), https://www.dcd.uscourts.gov/sites/dcd/files/D.D.C.JurySelectionPlan−20220517.pdf. Should any party wish to review such requests before the Clerk's office grants them, they may file a notice so informing the Court by Wednesday, November 2, 2022. Signed by Judge Timothy J. Kelly on 11/1/2022. (lctjk1) Modified to mark as error on 11/1/2022 (zkh). (Entered: 11/01/2022) |
| 11/01/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): On December 5, 2022, potential jurors will appear for a special panel in this case. Pursuant to the U.S. District Court for the District of Columbia's Jury Selection Plan, the Court will authorize the Clerk, "[e]xcept where the Clerk believes an exercise of judicial discretion is necessary...to exempt and excuse persons" listed in certain categories specified in &para&para 10–14 of the Jury Selection Plan, including to excuse jurors on the grounds of "undue hardship" or "extreme inconvenience" under 28 U.S.C. § 1866(c). U.S. District Court for the District of Columbia, Jury Selection Plan for the Random Selection of Grand and Petit Jurors (amended May 17, 2022), https://www.dcd.uscourts.gov/sites/dcd/files/D.D.C.JurySelectionPlan−20220517.pdf. Should any party wish to review such requests before the Clerk's office grants them, they may file a notice so informing the Court by Wednesday, November 2, 2022. Signed by Judge Timothy J. Kelly on 11/1/2022. (lctjk1) (Entered: 11/01/2022) |
| 11/01/2022 | 518 | Joint MOTION to Dismiss Count *One, Two and Four of the Third Superseding Indictment and Supplement to Motion to Change Venue* by ETHAN NORDEAN as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Smith, Nicholas) (Entered: 11/01/2022) |
| 11/04/2022 | 520 | TRANSCRIPT OF MOTION HEARING (via Zoom) in the case as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA before the Honorable Timothy J. Kelly held on 10/28/2022. Page Numbers: 1–71. Date of Issuance: 10/31/2022. Stenographic Court Reporter: Nancy J. Meyer. Telephone Number: 202−354−3118. Transcripts may be ordered by going to www.dcd.uscourts.gov. For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/25/2022. Redacted Transcript Deadline set for 12/5/2022. Release of Transcript Restriction set for 2/2/2023.(Meyer, Nancy) (Entered: 11/04/2022) |

| 11/04/2022 | 522 | REPLY in Support by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 494 MOTION in Limine *(Omnibus)* (Mulroe, Conor) (Entered: 11/04/2022) |
|---|---|---|
| 11/04/2022 | 524 | REPLY TO OPPOSITION to Motion by ETHAN NORDEAN re 489 First MOTION in Limine *to exclude proposed government exhibits* (Smith, Nicholas) (Entered: 11/04/2022) |
| 11/06/2022 | 525 | MOTION to Compel *Production of Defense Witness List, Exhibit List, and Rule 16 Discovery* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Attachments: # 1 Text of Proposed Order)(Kenerson, Erik) (Entered: 11/06/2022) |
| 11/09/2022 | 531 | MEMORANDUM OPINION AND ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) denying without prejudice Defendants' 349 Motion to Transfer Venue. See Order for details. Signed by Judge Timothy J. Kelly on 11/8/2022. (lctjk1) Modified to correct entry on 11/9/2022 (zkh). (Entered: 11/09/2022) |
| 11/10/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): The parties shall be prepared to address the issues raised in Defendant Rehl's 533 Motion at the hearing scheduled for Monday, November 14, 2022, at 9:30 A.M. The Government shall file any written response to the motion by November 13, 2022 at noon. Signed by Judge Timothy J. Kelly on 11/10/2022. (lctjk1) (Entered: 11/10/2022) |
| 11/11/2022 | 535 | MOTION to Dismiss Case *and Motion to Join Defendant Rehl's Motion to Dismiss Case and For Sanctions on Account of Brady Violations* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 11/11/2022) |
| 11/13/2022 | 539 | REPLY TO OPPOSITION to Motion by ETHAN NORDEAN re 535 MOTION to Dismiss Case *and Motion to Join Defendant Rehl's Motion to Dismiss Case and For Sanctions on Account of Brady Violations* (Smith, Nicholas) (Entered: 11/13/2022) |
| 11/14/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Motion Hearing as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 11/14/2022. The appearance of Defendant TARRIO (5) was waived. Oral argument heard on defendants' 533 534 535 536 537 and 540 MOTIONS, and taken under advisement. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Remains Committed, 6–Committed/Commitment Issued; Court Reporter: Sara Wick; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–John Daniel Hull, IV (Stand In); US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, Nadia Moore, and Jocelyn Ballantine. (zkh) (Entered: 11/14/2022) |
| 11/14/2022 | 541 | Memorandum in Opposition by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 518 Motion to dismiss count(s), (Kenerson, Erik) (Entered: 11/14/2022) |
| 11/15/2022 | | NOTICE OF HEARING as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Motion Hearing set for 11/17/2022 at 9:30 AM in Courtroom 11 before Judge |

| | | |
|---|---|---|
| | | Timothy J. Kelly. **Because this proceeding will be held in person, no public telephone access will be available. The public is welcome to attend the proceeding in the E. Barrett Prettyman U.S. Courthouse, located at 333 Constitution Avenue, NW, Washington, DC.** (zkh) (Entered: 11/15/2022) |
| 11/15/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) granting the Government's 525 Motion to Compel. It is hereby ORDERED that the Government's 525 Motion to Compel Witness and Exhibit Lists is GRANTED. It is further ORDERED that Defendants shall, by November 28, 2022, (1) satisfy their reciprocal discovery obligations, if any, under Rule 16(b) (except as to experts, as described in the Court's 426 Scheduling Order); (2) produce to the Government a list of exhibits they anticipate they may introduce during their case–in–chief; and (3) produce to the Government a list identifying the witnesses they anticipate they may call during their case–in–chief. Only upon leave of court and a showing of good cause will Defendants be permitted to withhold a witnesss identity. Signed by Judge Timothy J. Kelly on 11/15/2022. (lctjk1) (Entered: 11/15/2022) |
| 11/15/2022 | 542 | MOTION to Access *Certain Sealed Records & Transcript of Sealed Motions Hearing* by WP COMPANY LLC, TEGNA, INC., PRO PUBLICA, INC., NEW YORK TIMES COMPANY, NBCUNIVERSAL MEDIA, LLC, NATIONAL PUBLIC RADIO, INC., LOS ANGELES TIMES COMMUNICATIONS LLC, GRAY MEDIA GROUP, INC., GANNETT CO., INC., E.W. SCRIPPS COMPANY, DOW JONES & COMPANY, INC., CBS BROADCASTING INC., BUZZFEED INC., ASSOCIATED PRESS, AMERICAN BROADCASTING COMPANIES, INC., CABLE NEWS NETWORK, INC. as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Attachments: # 1 Text of Proposed Order)(Tobin, Charles) (Entered: 11/15/2022) |
| 11/17/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Motion Hearing as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 11/17/2022. The appearances of Defendants REHL (3) and TARRIO (5) were waived. Oral argument heard on Government's 475 MOTION in Limine and Defendants' 489 and 491 MOTION in Limine, and taken under advisement. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Remains Committed, 5–Remains Committed, 6–Committed/Commitment Issued; Court Reporter: Maria Weinbeck; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 11/17/2022) |
| 11/18/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Pretrial Conference as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 11/18/2022. Defendant TARRIO (5) appeared by video. Oral argument heard on Government's 494 MOTION and on Defendants' 473 MOTION and 492 MOTION, and taken under advisement. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Remains Committed, 6–Committed/Commitment Issued; Court Reporter: Nancy Meyer; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan, 6–Steven Alan Metcalf, II; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, |

| | | |
|---|---|---|
| | | and Nadia Moore; Press Coalition Attorney: Maxwell S. Mishkin. (zkh) (Entered: 11/18/2022) |
| 11/21/2022 | 547 | NOTICE *of Supplemental Memorandum re Government's Rule 404(b) Evidence, "Tools" Evidence, and the First Amendment Defense* by ETHAN NORDEAN re 494 MOTION in Limine *(Omnibus)*, 515 Response to motion, (Smith, Nicholas) (Entered: 11/21/2022) |
| 11/22/2022 | 548 | MOTION to Permit *Transfer of Nordean to Alexandria City Jail Through Trial to Preserve Defendant's Right to Participate in His Own Defense* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 11/22/2022) |
| 11/23/2022 | 550 | RESPONSE by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 547 Notice (Other), *546 Memorandum in Opposition* (Attachments: # 1 Exhibit 1 – Proposed Trial Exhibit, # 2 Exhibit 2 – Proposed Trial Exhibit, # 3 Exhibit 3 – Proposed Trial Exhibit, # 4 Exhibit 4 – Proposed Trial Exhibit, # 5 Exhibit 5 – Proposed Trial Exhibit)(Kenerson, Erik) (Entered: 11/23/2022) |
| 11/25/2022 | 551 | Joint MOTION for Extension of Time to *Produce Witness and Exhibit Lists* by ETHAN NORDEAN as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Smith, Nicholas) (Entered: 11/25/2022) |
| 11/28/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) treating as opposed and granting Defendants' 551 Joint Motion to Extend Time. It is hereby ORDERED that, for good cause shown, Defendants' motion is GRANTED. It is further ORDERED that Defendants shall, by December 2, 2022, produce to the Government a list identifying the witnesses they anticipate they may call during their case–in–chief. It is further ORDERED that Defendants shall, by December 8, 2022, satisfy their reciprocal discovery obligations, if any, under Rule 16(b) and produce to the Government a list of exhibits they anticipate they may introduce during their case–in–chief. Signed by Judge Timothy J. Kelly on 11/28/2022. (lctjk1) (Entered: 11/28/2022) |
| 11/28/2022 | 552 | MEMORANDUM ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) denying Defendants' 518 Motion to Dismiss Counts One, Two, and Four. See Order for details. Signed by Judge Timothy J. Kelly on 11/28/2022. (lctjk1) (Entered: 11/28/2022) |
| 11/29/2022 | 556 | TRANSCRIPT OF PRETRIAL CONFERENCE (partially sealed – with redactions) in the case as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA before the Honorable Timothy J. Kelly held on 11/18/2022. Page Numbers: 1–163. Date of Issuance: 11/22/2022. Stenographic Court Reporter: Nancy J. Meyer. Telephone Number: 202–354–3118. Transcripts may be ordered by going to www.dcd.uscourts.gov. For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/20/2022. Redacted Transcript Deadline set for 12/30/2022. Release of Transcript Restriction set for 2/27/2023.(Meyer, Nancy) Modified hearing date on 11/29/2022 (znmw). (Entered: 11/29/2022) |
| 11/29/2022 | 558 | MOTION for Order for Lesser–Included Offense Instruction on Section1512(d)(1) by ETHAN NORDEAN. (Attachments: # 1 Exhibit US v Reffit, 11/19/21 Hr'g Tr.)(Smith, Nicholas) (Entered: 11/29/2022) |
| 11/29/2022 | 559 | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): In order to facilitate the orderly resolution of remaining pretrial matters, the Court, *sua sponte*, proposes the attached Scheduling Order, including a one–week trial continuance until December 19, 2022. See Order for details. If the Government or any Defendant objects to this proposed Scheduling Order, they shall file a notice stating their objection by November 30, 2022, at 12:00 p.m. Signed by Judge Timothy J. Kelly on 11/29/2022. (lctjk1) (Entered: 11/29/2022) |
| 11/30/2022 | | Set/Reset Hearings as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): VTC Status Conference set for 12/2/2022 at 9:30 AM before Judge Timothy J. Kelly. Oral Ruling set for 12/12/2022 at 1:00 PM in Courtroom 11 before Judge Timothy J. Kelly. (zkh) (Entered: 11/30/2022) |
| 11/30/2022 | 562 | SCHEDULING ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). See Order for details. Signed by Judge Timothy J. Kelly on 11/30/2022. (lctjk1) (Entered: 11/30/2022) |
| 12/02/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1) granting Defendant's 548 Motion to Permit Transfer. On November 22, 2022, Defendant Nordean moved the Court to recommend to the United States Marshals Service that he be transferred to the custody of the Alexandria Detention Center pending and through the conclusion of trial. It is hereby ORDERED that Defendant's motion is GRANTED. The Court understands that both Defendant Nordean and Defendant Rehl have been transferred there for the duration of the trial. Signed by Judge Timothy J. Kelly on 12/2/2022. (lctjk1) (Entered: 12/02/2022) |
| 12/02/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: VTC Status Conference as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 12/2/2022. The appearance of ALL Defendants was WAIVED. Defense Submissions due by 12/5/2022. Government Responses due by 12/7/2022. Bond Status of Defendants: 1–Remains Committed, 2–Remains Committed, 3–Remains Committed, 5–Remains Committed, 6–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. |

| | | |
|---|---|---|
| | | (zkh) (Entered: 12/02/2022) |
| 12/02/2022 | 565 | MOTION to Access *Trial Exhibits* by WP COMPANY LLC, TEGNA, INC., PRO PUBLICA, INC., NEW YORK TIMES COMPANY, NBCUNIVERSAL MEDIA, LLC, NATIONAL PUBLIC RADIO, INC., LOS ANGELES TIMES COMMUNICATIONS LLC, GRAY MEDIA GROUP, INC., GANNETT CO., INC., E.W. SCRIPPS COMPANY, DOW JONES & COMPANY, INC., CBS BROADCASTING INC., BUZZFEED INC., ASSOCIATED PRESS, AMERICAN BROADCASTING COMPANIES, INC., CABLE NEWS NETWORK, INC. as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Tobin, Charles) (Entered: 12/02/2022) |
| 12/02/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) granting in part Defendant Rehl's oral motion for extension of Defendants' deadline to disclose their witness lists. "[D]istrict court judges enjoy wide discretion in managing the discovery process," including "the latitude to set deadlines" and "resolve disputes." *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 223 (D.D.C. 2015). The Court previously ordered Defendants to provide their witness list to the Government and the Court by today, December 2, 2022, to assist in the *voir dire* process. The Court finds that such purpose can be accomplished by receiving their witness list by December 16, 2022. Thus, the Court ORDERS that Defendants shall disclose to the Government a list identifying the witnesses they may call during their case–in–chief by December 16, 2022. It is further ORDERED that Defendants shall, at the same time, provide their list to the Court at Kelly_Chambers@dcd.uscourts.gov. Finally, it is further ORDERED that the Government shall provide its witness list to the Court at Kelly_Chambers@dcd.uscourts.gov by December 3, 2022, for inclusion in the Juror Questionnaire. Signed by Judge Timothy J. Kelly on 12/2/2022. (lctjk1) (Entered: 12/02/2022) |
| 12/03/2022 | 566 | TRANSCRIPT OF STATUS CONFERENCE in case as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA before Judge Timothy J. Kelly held on 12–2–22; Page Numbers: 1–80; Date of Issuance: 12–3–22; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/24/2022. Redacted Transcript Deadline set for 1/3/2023. Release of Transcript Restriction set for 3/3/2023.(Miller, Timothy) (Entered: 12/03/2022) |

| 12/05/2022 | 568 | NOTICE *of Nordean's Sealed Supplemental Filing Re Jencks Material Bearing on Motions in Limine and Sealed Motion to Lift Sensitivity Designation (ECF No. 567)* by ETHAN NORDEAN (Smith, Nicholas) (Entered: 12/05/2022) |
|---|---|---|
| 12/07/2022 | 577 | RESPONSE by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 558 MOTION for Order for Lesser–Included Offense Instruction on Section1512(d)(1) (Kenerson, Erik) (Entered: 12/07/2022) |
| 12/08/2022 | 578 | REPLY TO OPPOSITION to Motion by ETHAN NORDEAN re 558 MOTION for Order for Lesser–Included Offense Instruction on Section1512(d)(1) (Smith, Nicholas) (Entered: 12/08/2022) |
| 12/08/2022 | 579 | NOTICE *of Government's Intimidation of Defense Witness* by ETHAN NORDEAN (Attachments: # 1 Exhibit Declaration)(Smith, Nicholas) (Entered: 12/08/2022) |
| 12/09/2022 | 580 | RESPONSE by USA as to ETHAN NORDEAN re 579 Notice (Other) (Kenerson, Erik) (Entered: 12/09/2022) |
| 12/10/2022 | 584 | MOTION Join and Supplement Defendant Tarrio's Motion to Dismiss (ECF No 572) and Defendant Rehl's Motion to Dismiss (ECF No 581) by ETHAN NORDEAN as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Smith, Nicholas) Modified event types on 12/29/2022 (zltp). Modified on 1/5/2023 (ztnr). (Entered: 12/10/2022) |
| 12/11/2022 | 585 | ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) denying Defendants' 434 , 437 , 439 , 440 , 442 , 443 , and 473 Motions to Dismiss. See Order for details. Signed by Judge Timothy J. Kelly on 12/11/2022. (lctjk1) (Entered: 12/11/2022) |
| 12/11/2022 | 586 | MEMORANDUM OPINION as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), DOMINIC J. PEZZOLA (6) in support of 585 Order denying Defendants' 434 , 437 , 439 , 440 , 442 , 443 , and 473 Motions to Dismiss. Signed by Judge Timothy J. Kelly on 12/11/2022. (lctjk1) (Entered: 12/11/2022) |
| 12/11/2022 |  | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): In light of the motions filed last week, including those filed on December 9, 2022, it is hereby ORDERED that the hearing scheduled for December 12, 2022 at 1:00 p.m. is CONTINUED until December 14, 2022 at 9:30 a.m. in Courtroom 11. It is further ORDERED that the parties shall be prepared to address the motions filed last week at the hearing. The Court will also rule on the pending motions *in limine* at that time. Signed by Judge Timothy J. Kelly on 12/11/2022. (lctjk1) (Entered: 12/11/2022) |
| 12/13/2022 | 590 | REPLY TO OPPOSITION to Motion by USA as to ETHAN NORDEAN, ZACHARY REHL re 584 MOTION Join and Supplement Defendant Tarrio's Motion to Dismiss (ECF No 572) and Defendant Rehl's Motion to Dismiss (ECF No 581) (McCullough, Jason) (Entered: 12/13/2022) |
| 12/13/2022 | 591 | ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). Trial is set to commence in this matter on December 19, 2022. The attached Order sets forth various schedule, location, seating, access, media, masking, and other logistics. See Order for |

| | | |
|---|---|---|
| | | details. Signed by Judge Timothy J. Kelly on 12/13/2022. (lctjk1) (Entered: 12/13/2022) |
| 12/14/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Oral Ruling/Status Conference as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 12/14/2022. For the reasons stated on the records, the ruling on ECF 475 is RESRVED, ECF 489 is GRANTED in part, DENIED in part, and RESERVED ruling in part, ECF 491 is GRANTED in part, DENIED in part, and RESERVED ruling in part, ECF 492 is DENIED, ECF 494 is GRANTED in part and RESERVED ruling in part, ECF 495 is DENIED, ECF 567 is DENIED, ECF 582 is DENIED without prejudice, and ECF 588 is DENIED without prejudice. Bond Status of Defendant:s 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorney:s 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 12/14/2022) |
| 12/15/2022 | 592 | Joint MOTION to Clarify *that Opening Statements Will Be Made on or After January 3, 2023 (Government Joins Relief Sought by Motion)* by ETHAN NORDEAN as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Smith, Nicholas) (Entered: 12/15/2022) |
| 12/16/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) granting the parties' 592 Joint Motion for Clarification. For the reasons discussed on the record at the December 14, 2022, hearing, it is hereby ORDERED that opening statements in this matter will begin no earlier than January 3, 2023. Signed by Judge Timothy J. Kelly on 12/16/2022. (lctjk1) (Entered: 12/16/2022) |
| 12/19/2022 | 594 | REDACTED TRANSCRIPT OF ORAL RULING & STATUS CONFERENCE in case as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA before Judge Timothy J. Kelly held on 12–14–22; Page Numbers: 1–169; Date of Issuance: 12–19–22; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 1/9/2023. Redacted Transcript Deadline set for 1/19/2023. Release of Transcript Restriction set for 3/19/2023.(Miller, Timothy) (Entered: 12/19/2022) |
| 12/19/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Selection as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s, held on 12/19/2022. Jury Selection begun and continued to 12/20/2022 at 10:30 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 12/19/2022) |
| 12/19/2022 | 595 | TRIAL PROCEDURES ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). See Order for details. Signed by Judge Timothy J. Kelly on 12/19/2022. (lctjk1) (Entered: 12/19/2022) |
| 12/20/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Selection as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s, held on 12/20/2022. Jury Selection resumed and continued to 12/21/2022 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lisa Edwards (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 12/20/2022) |
| 12/21/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Selection as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s, held on 12/21/2022. Jury Selection resumed and continued to 12/22/2022 at 9:30 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lorraine Herman (PM); Defense Attorney: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 12/21/2022) |
| 12/22/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Selection as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts |

| | | |
|---|---|---|
| | | 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s, held on 12/22/2022. Jury Selection resumed and continued to 12/23/2022 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 12/22/2022) |
| 12/22/2022 | 599 | MOTION to Take Deposition *of Eddie Block, via video, the Week of December 26* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 12/22/2022) |
| 12/23/2022 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Selection as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s, held on 12/23/2022. Jury Selection resumed and continued to 1/3/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 12/23/2022) |
| 12/26/2022 | 603 | Memorandum in Opposition by USA as to ETHAN NORDEAN re 599 Motion to Take Deposition (Kenerson, Erik) (Entered: 12/26/2022) |
| 12/26/2022 | 604 | REPLY TO OPPOSITION to Motion by ETHAN NORDEAN re 599 MOTION to Take Deposition *of Eddie Block, via video, the Week of December 26* (Smith, Nicholas) (Entered: 12/26/2022) |
| 12/28/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): In light of the pace of jury selection, it is hereby ORDERED that the Court's 595 Trial Procedures Order is amended as follows: the parties shall provide any exhibits, charts, summaries, or demonstratives intended for use in connection with their opening statements to all counsel no later than January 2, 2023 at 1:00 p.m. Any objection to any party's proposed use of an exhibit, chart, summary, or demonstrative in their opening statement must be submitted to the Court for resolution by January 3, 2023. Signed by Judge Timothy J. Kelly on 12/28/2022. (lctjk1) (Entered: 12/28/2022) |
| 12/28/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): It is hereby ORDERED that by December 29, 2022, the Government shall produce to the Defendants, via USAfx, copies of all exhibits provided to the Court. It is further ORDERED that, by January 4, 2023, the Government shall produce one hard copy set of the same to any Defendant who so requests. Defense counsel are encouraged to confer about the possibility of sharing hard copy sets so as to minimize the number of sets that must be reproduced. Signed by Judge Timothy J. Kelly on 12/28/2022. |

| | | |
|---|---|---|
| | | (lctjk1) (Entered: 12/28/2022) |
| 12/28/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1) denying without prejudice Defendant's 599 Motion to Take Deposition. Defendant Ethan Nordean has moved to depose a witness, Hendrik "Eddie" Block, by video under Federal Rule of Criminal Procedure 15(a)(1). "In criminal cases, depositions may be taken only to preserve testimony for trial and because of exceptional circumstances and in the interest of justice." *United States v. Vo*, 53 F. Supp. 3d 77, 80 (D.D.C. 2014) (cleaned up). The moving party "bears the burden of showing that exceptional circumstances require the preservation of [the witness's] testimony through a deposition." *Id.* (cleaned up). When the moving party is a defendant, he "must (1) establish that the testimony sought is material, (2) prove that the witnesses are unavailable to testify at trial, and (3) make some showing, beyond unsubstantiated speculation, that the evidence exculpates him." *United States v. Straker*, 567 F. Supp. 2d 174, 180 (D.D.C. 2008) (cleaned up). On the first element, "[c]ourts do not require a very strong showing of unavailability," and "a prospective deponent will be unavailable...if a substantial likelihood exists that he or she will not testify at trial." *Vo*, 53 F. Supp. 3d at 81 (cleaned up). Courts retain considerable discretion to decide whether deposing a witness under Rule 15 is appropriate. *See id.* at 80. To demonstrate Block's unavailability, Nordean asserts (1) Block is "paraplegic and confined to a specialized wheelchair"; (2) Block lives in California; (3) Block "must be accompanied at all times by a therapy dog and a human assistant," and "major airlines cannot accommodate" his dog; and (4) it would cost over $5,000 for Block to travel to the District of Columbia by car. *See* ECF No. 599 at 3. And Nordean cites a number of out–of–circuit cases where courts have held a witness was likely to be unavailable at trial due to medical issues that made travel virtually impossible. *See id.* at 2 (collecting cases). But even assuming Block's testimony would be material and exculpatory to Nordean's defense, on the record before it, the Court cannot conclude that Nordean has met his burden of showing that Block is likely to be unavailable for trial such that a deposition should be authorized. To start, the record is undeveloped as to what medical problems require Block to be accompanied by a therapy dog. The Court has no evidence, such as affidavits from Block or any medical professional, substantiating that medical claim, unlike at least one case cited by Nordean. *See United States v. Dumas*, No. 91–cr–321–01 (JCW), 1991 WL 274857, at *1 (E.D. Pa. Dec. 17, 1991). This seems especially important here, given the evidence the Government cites that Block successfully traveled to the District of Columbia to attend rallies on December 12, 2020 and January 6, 2021, and that at least for the latter, he traveled by air. *See* ECF No. 603 at 2–3. Thus, the Court is left to wonder how the witness's medical condition changed from then to now. Further, that the witness initially did not raise these concerns with Nordean's counsel, *see* ECF No. 599 at 3, and may have other reasons to want to avoid testifying, *see* ECF No. 604 at 3, only underscores the need for more detailed, authoritative information about his medical diagnosis. Similarly, the Court has no information about the specific efforts Block took to try to book travel by air, or exactly why it would cost $5,000 for him to drive to the District of Columbia. Perhaps most importantly, Nordean has not represented that, in light of all the above, Block has said he would be unwilling or unable to comply with a trial subpoena. And on top of all that, Nordean has not cited any case in which a court has held that a financial burden alone––as opposed to a significant threat to the witness's health that travel itself could pose––was a basis to hold that a witness was substantially likely to be unavailable. All things considered, the Court cannot conclude, on the record before it, that it is substantially likely Block will "refuse to comply with the subpoena" to testify at trial. *See United States v. Jefferson*, 594 F. Supp. 2d 655, 666 (E.D. Va. 2009). So Nordean has not met his |

| | | |
|---|---|---|
| | | burden to show "exceptional circumstances" justifying taking Block's deposition. Therefore, it is hereby ORDERED that Nordean's 599 Motion is DENIED WITHOUT PREJUDICE. Signed by Judge Timothy J. Kelly on 12/28/2022. (lctjk1) (Entered: 12/28/2022) |
| 12/28/2022 | 606 | MOTION for Order for Witness Fees of Eddie Block Pursuant to Rule 17(b) by ETHAN NORDEAN. (Attachments: # 1 Exhibit 1 – Detailed Description of Witness Fees)(Smith, Nicholas) (Entered: 12/28/2022) |
| 12/30/2022 | 609 | MOTION to Exclude *Government Exhibits Identified on 12/29/22* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 12/30/2022) |
| 12/30/2022 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Upon consideration of the parties' submissions at ECF Nos. 607 and 608, the Court's December 28, 2022 Minute Order requiring the Government to produce hard copy binders of its exhibits to defense counsel is hereby temporarily STAYED. It is further ORDERED that the parties shall appear for trial at 8:45 a.m. on Tuesday, January 3, 2023 to discuss this and other outstanding matters. Signed by Judge Timothy J. Kelly on 12/30/2022. (lctjk1) (Entered: 12/30/2022) |
| 01/01/2023 | 616 | Joint MOTION for Extension of Time to *Provide Defense Exhibit Binders* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 01/01/2023) |
| 01/02/2023 | 619 | Memorandum in Opposition by USA as to ETHAN NORDEAN re 609 Motion to Exclude *Government Exhibits* (Kenerson, Erik) (Entered: 01/02/2023) |
| 01/02/2023 | 621 | MOTION to Compel *Expert Notice* by USA as to ETHAN NORDEAN. (Attachments: # 1 Text of Proposed Order)(Kenerson, Erik) (Entered: 01/02/2023) |
| 01/02/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) treating as opposed and granting in part Defendants' 616 Joint Motion for Extension of Time. Upon consideration of Defendants' joint motion and the issues surrounding the Government's exhibit numbering conventions, it is hereby ORDERED that Defendants' motion is GRANTED in part. It is further ORDERED that Defendants shall, by January 6, 2023, furnish the Court with two sets of binders containing their exhibit lists and copies of their premarked exhibits. Signed by Judge Timothy J. Kelly on 1/2/2023. (lctjk1) (Entered: 01/02/2023) |
| 01/03/2023 | | Set/Reset Deadlines as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Defendants' Exhibit Lists and copies of premarked exhibits due by 1/6/2023. (zkh) (Entered: 01/03/2023) |
| 01/03/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Selection as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s, held on 1/3/2023. Jury Selection resumed and continued to 1/4/2023 at 8:45 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller (AM) and Lorraine Herman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel |

| | | |
|---|---|---|
| | | Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 01/03/2023) |
| 01/04/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Selection as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s, held on 1/4/2023. Jury Selection resumed and continued to 1/5/2023 at 8:45 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lisa Edwards (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 01/04/2023) |
| 01/05/2023 | 625 | MEMORANDUM ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), and ENRIQUE TARRIO (5) denying Defendants' 569 , 572 , 581 , 611 , and 612 motions to dismiss and for other relief. See Order for details. Signed by Judge Timothy J. Kelly on 1/5/2023. (lctjk1) (Entered: 01/05/2023) |
| 01/05/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly:Jury Selection as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s, held on 1/5/2023. For the reasons stated on the record, Defendant PEZZOLA's 598 MOTION for Additional Defense Peremptory Challenges, heard and DENIED. Jury Selection resumed and continued to 1/6/2023 at 8:45 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lorraine Herman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 01/05/2023) |
| 01/06/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Selection as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s, held on 1/6/2023. Jury Selection resumed and continued to 1/9/2023 at 9:30 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 01/06/2023) |

| 01/07/2023 | 626 | MOTION for Release from Custody *under § 3142(i)* by ETHAN NORDEAN. (Smith, Nicholas) Modified text to remove unassociated defendants on 1/17/2023 (zltp). (Entered: 01/07/2023) |
|---|---|---|
| 01/07/2023 | 627 | ENTTERED IN ERROR.....MOTION to Quash by ETHAN NORDEAN as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (English, Gregory) Modified on 1/17/2023 (zltp). (Entered: 01/07/2023) |
| 01/07/2023 | | NOTICE OF ERROR as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA regarding 627 MOTION to Quash . The following error(s) need correction: Leave to file not yet requested and/or granted. Counsel has been contacted with further instructions. (zltp) (Entered: 01/17/2023) |
| 01/09/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Selection as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s, held on 1/9/2023. Jury Selection resumed and continued to 1/10/2023 at 9:30 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller and Lisa Edwards; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 01/09/2023) |
| 01/09/2023 | 629 | Memorandum in Opposition by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 628 Motion for Miscellaneous Relief (McCullough, Jason) (Entered: 01/09/2023) |
| 01/09/2023 | 630 | RESPONSE by USA as to ETHAN NORDEAN re 626 MOTION for Release from Custody *under § 3142(i)* (Mulroe, Conor) (Entered: 01/09/2023) |
| 01/10/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Selection as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s, held on 1/10/2023. Jury Selection resumed and continued to 1/11/2023 at 09:00 AM in Courtroom 24A– In Person before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 01/10/2023) |
| 01/10/2023 | 633 | NOTICE *of Nordean's Opposition to a Trial Continuance Under Any Circumstance* by ETHAN NORDEAN re 629 Memorandum in Opposition (Smith, Nicholas) (Entered: |

| | | |
|---|---|---|
| | | 01/10/2023) |
| 01/11/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Selection as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s, held on 1/11/2023. Jury Selection resumed and continued to 1/12/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lisa Edwards (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 01/11/2023) |
| 01/12/2023 | | MINUTE ORDER: The Court having impaneled the jury in this action, it is hereby ORDERED that during trial and deliberations all meals for said jury shall be paid by the Clerk of the Court for the U.S. District Court for the District of Columbia. Approved by Judge Timothy J. Kelly on 1/12/2023. (zkh) (Entered: 01/12/2023) |
| 01/12/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Selection/Trial resumed and held on 1/12/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Twelve (12) jurors and three (3) alternates selected and sworn. Jury Trial begun and continued to 1/13/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lorraine Herman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 01/12/2023) |
| 01/13/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 1/13/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 1/17/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Lisa Edwards; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. Government Witness: Inspector Thomas Loyd (testimony begun and continued). (zkh) (Entered: 01/13/2023) |
| 01/16/2023 | 637 | Memorandum in Opposition by ETHAN NORDEAN re 621 Motion to Compel (Smith, Nicholas) (Entered: 01/16/2023) |

| | | |
|---|---|---|
| 01/17/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 1/17/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 1/18/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lorraine Herman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: Inspector Thomas Loyd (testimony resumed and concluded). (zkh) (Entered: 01/17/2023) |
| 01/18/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 1/18/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 1/19/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lisa Edwards (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witnesses: FBI Special Agent Nicholas Kaiser (testimony begun and concluded), MPD Investigator Joshua Koble (testimony begun and concluded), USSS Agent Lenelle Hawa (testimony begun and continued). (zkh) (Entered: 01/18/2023) |
| 01/19/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 1/19/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 1/20/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lorraine Herman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witnesses: USSS Agent Lenelle Hawa (testimony resumed and concluded) and Nicholas Quested (testimony begun and continued). (zkh) (Entered: 01/19/2023) |
| 01/20/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 1/20/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, |

| | | |
|---|---|---|
| | | ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Initial filings by parties due by 5:00PM on 1/21/2023. Any Responses due by 1:00PM on 1/22/2023. Jury Trial continued to 1/23/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: Nicholas Quested (testimony resumed and continued). (zkh) (Entered: 01/20/2023) |
| 01/20/2023 | | Set/Reset Deadlines as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), AND DOMINIC J. PEZZOLA (6): Filings due by 1/21/2023. Responses due by 1/22/2023. (zkh) (Entered: 01/20/2023) |
| 01/21/2023 | 640 | Response to Court's Order for Briefing on Quested Impeachment Material by ETHAN NORDEAN (Smith, Nicholas) Modified text on 1/23/2023 (zstd). (Entered: 01/21/2023) |
| 01/21/2023 | 641 | MOTION to Exclude *Hearsay* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (McCullough, Jason) (Entered: 01/21/2023) |
| 01/22/2023 | 642 | Memorandum in Opposition by ETHAN NORDEAN re 641 Motion to Exclude (Smith, Nicholas) (Entered: 01/22/2023) |
| 01/23/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 1/23/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 1/24/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Jan Dickman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witnesses: Nicholas Quested (testimony resumed and concluded) and FBI Special Agent Timothy Klapec (testimony begun and concluded). (zkh) (Entered: 01/23/2023) |
| 01/24/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 1/24/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 1/25/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and |

| | | |
|---|---|---|
| | | Lorraine Herman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: Matthew Greene (testimony begun and continued). (zkh) (Entered: 01/24/2023) |
| 01/25/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 1/25/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 1/26/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Jan Dickman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. Government Witness: Matthew Greene (testimony resumed and continued). (zkh) (Entered: 01/25/2023) |
| 01/26/2023 | | NOTICE OF HEARING as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): The Jury Trial currently set for 1/26/2023 is **RESCHEDULED** for 1/30/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. (zkh) (Entered: 01/26/2023) |
| 01/27/2023 | 652 | NOTICE of Attorney Appearance by HENDRICK BLOCK as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. "Leave to file GRANTED" by Judge Timothy J. Kelly on 1/27/2023. (zltp) (Entered: 02/01/2023) |
| 01/27/2023 | 653 | MOTION for Leave to File by HENDRICK BLOCK as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. "Leave to file GRANTED" by Judge Timothy J. Kelly on 1/27/2023. (Attachments: # 1 Text of Proposed Order for Leave to File, # 2 Motion to Quash Subpoena, # 3 Text of Proposed Order to Quash Subpoena)(zltp) (Entered: 02/01/2023) |
| 01/27/2023 | 696 | MOTION to Quash by HENDRICK BLOCK as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. "Leave to file GRANTED" by Judge Timothy J. Kelly on 1/27/2023. (Attachments: # 1 Text of Proposed Order)(zltp) (Entered: 03/14/2023) |
| 01/28/2023 | 644 | MOTION to Exclude *Improper Impeachment* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Kenerson, Erik) (Entered: 01/28/2023) |
| 01/28/2023 | 646 | MOTION in Limine *to Admit Telegram Exhibits* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Mulroe, Conor) (Entered: 01/28/2023) |
| 01/29/2023 | 647 | Memorandum in Opposition by ETHAN NORDEAN re 646 Motion in Limine, 644 Motion to Exclude (Smith, Nicholas) (Entered: 01/29/2023) |

| | | |
|---|---|---|
| 01/30/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 1/30/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 1/31/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lorraine Herman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witnesses: Matthew Greene (testimony resumed and concluded) and FBI Special Agent Kathryn Camiliere (testimony begun and continued). (zkh) (Entered: 01/30/2023) |
| 01/31/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 1/31/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 2/1/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Jan Dickman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witnesses: FBI Special Agent Kathryn Camiliere (testimony resumed and continued). (zkh) (Entered: 01/31/2023) |
| 02/01/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 2/1/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 2/2/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Lorraine Herman; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witnesses: FBI Special Agent Kathryn Camiliere (testimony resumed and concluded) and FBI Special Agent Elizabeth DeAngelo (testimony begun and continued). (zkh) (Entered: 02/01/2023) |
| 02/02/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 2/2/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE |

| | | |
|---|---|---|
| | | TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 2/6/2023 at 11:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Jan Dickman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witnesses: FBI Special Agent Elizabeth DeAngelo (testimony resumed and concluded), FBI Special Agent Anne Borgertpoepping (testimony begun and concluded), and USCP Officer Shae Cooney (testimony begun and concluded). (zkh) (Entered: 02/02/2023) |
| 02/05/2023 | 656 | MOTION for Order Leave to Recross–Examine Shae Cooney by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 02/05/2023) |
| 02/06/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 2/6/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Defendant PEZZOLA (6) NOT PRESENT (appearance waived). Jury panel not present. Oral argument heard and taken under advisement. Jury Trial continued to 9:30 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Remains Committed; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 02/06/2023) |
| 02/07/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 2/7/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 2/8/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lorraine Herman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witnesses: USCP Officer Shae Cooney (testimony begun and concluded), Former USCP Officer Mark Ode (testimony begun and concluded), and FBI Sr. Digital Forensic Examiner Jennifer "Kate" Cain (testimony begun and continued). (zkh) (Entered: 02/07/2023) |
| 02/08/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 2/8/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. |

| | | |
|---|---|---|
| | | BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 2/9/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Lisa Edwards (AM) and Jan Dickman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witnesses: FBI Sr. Digital Forensic Examiner Jennifer "Kate" Cain (testimony resumed and concluded) and FBI Special Agent Peter Dubrowski (testimony begun and continued). (zkh) (Entered: 02/08/2023) |
| 02/09/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 2/9/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 2/10/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lorraine Herman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: FBI Special Agent Peter Dubrowski (testimony resumed and continued). (zkh) (Entered: 02/09/2023) |
| 02/10/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 2/10/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 2/13/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: FBI Special Agent Peter Dubrowski (testimony resumed and continued). (zkh) (Entered: 02/10/2023) |
| 02/10/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): In light of the discussion on the record at the close of today's proceedings, it is hereby ORDERED that any Defendant who seeks to admit any portion of Government's Exhibit 613 on cross–examination of Special Agent Dubrowski shall identify those portions for the Government and the Court, via Kelly_Chambers@dcd.uscourts.gov, |

| | | |
|---|---|---|
| | | by February 12, 2023 at 12:00 noon, so that the Court may prepare to rule on their admissibility. Signed by Judge Timothy J. Kelly on 2/10/2023. (lctjk1) (Entered: 02/10/2023) |
| 02/13/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 2/13/2023 as to ETHAN NORDEAN (1) on Counts 1sss−9sss, JOSEPH R. BIGGS (2) on Counts 1ss−9ss, ZACHARY REHL (3) on Counts 1ss−9ss, ENRIQUE TARRIO (5) on Counts 1s−9s, and DOMINIC J. PEZZOLA (6) on Counts 1s−10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 2/14/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1−Committed/Commitment Issued, 2−Committed/Commitment Issued, 3−Committed/Commitment Issued, 5−Committed/Commitment Issued, 6−Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Jan Dickman (PM); Defense Attorneys: 1−Nicholas D. Smith, 2−John Daniel Hull, IV and Norman A. Pattis, 3−Carmen D. Hernandez, 5−Nayib Hassan and Sabino Jauregui, 6−Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: FBI Special Agent Peter Dubrowski (testimony resumed and continued). (zkh) (Entered: 02/13/2023) |
| 02/14/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 2/14/2023 as to ETHAN NORDEAN (1) on Counts 1sss−9sss, JOSEPH R. BIGGS (2) on Counts 1ss−9ss, ZACHARY REHL (3) on Counts 1ss−9ss, ENRIQUE TARRIO (5) on Counts 1s−9s, and DOMINIC J. PEZZOLA (6) on Counts 1s−10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 2/15/2023 at 9:30 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1−Committed/Commitment Issued, 2−Committed/Commitment Issued, 3−Committed/Commitment Issued, 5−Committed/Commitment Issued, 6−Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lorraine Herman (PM); Defense Attorneys: 1−Nicholas D. Smith, 2−John Daniel Hull, IV and Norman A. Pattis, 3−Carmen D. Hernandez, 5−Nayib Hassan and Sabino Jauregui, 6−Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: FBI Special Agent Peter Dubrowski (testimony resumed and continued). (zkh) (Entered: 02/14/2023) |
| 02/15/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 2/15/2023 as to ETHAN NORDEAN (1) on Counts 1sss−9sss, JOSEPH R. BIGGS (2) on Counts 1ss−9ss, ZACHARY REHL (3) on Counts 1ss−9ss, ENRIQUE TARRIO (5) on Counts 1s−9s, and DOMINIC J. PEZZOLA (6) on Counts 1s−10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 2/16/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1−Committed/Commitment Issued, 2−Committed/Commitment Issued, 3−Committed/Commitment Issued, 5−Committed/Commitment Issued, 6−Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Jan Dickman (PM); Defense Attorneys: 1−Nicholas D. Smith, 2−John Daniel Hull, IV and Norman A. Pattis, 3−Carmen D. Hernandez, 5−Nayib Hassan and Sabino Jauregui, 6−Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: FBI Special Agent Peter Dubrowski (testimony resumed and continued). (zkh) (Entered: 02/15/2023) |
| 02/16/2023 | | |

| | | |
|---|---|---|
| | | Minute Entry for proceedings held before Judge Timothy J. Kelly:Jury Trial resumed and held on 2/16/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Jury panel not present. For the reasons stated on the record, Defendant's 648 MOTION For Mistrial is DENIED. Jury Trial continued to 2/21/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 02/16/2023) |
| 02/21/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 2/21/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 2/22/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lorraine Herman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witnesses: FBI Special Agent Peter Dubrowski (testimony resumed and concluded) and Jeremy Bertino (testimony begun and continued). (zkh) (Entered: 02/21/2023) |
| 02/22/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 2/22/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 2/23/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Jan Dickman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: Jeremy Bertino (testimony resumed and continued). (zkh) (Entered: 02/22/2023) |
| 02/22/2023 | 669 | Emergency MOTION to Clarify *Order that Defendants Produce All Potential Prior Inconsistent Statements to the Government Before Cross–Examination of Government Witness* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 02/22/2023) |
| 02/22/2023 | 670 | |

| | | |
|---|---|---|
| | | Memorandum in Opposition by ETHAN NORDEAN re <u>653</u> Motion for Leave to File, *re Eddie Block Motion to Quash* (Smith, Nicholas) (Entered: 02/22/2023) |
| 02/23/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 2/23/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Jury panel not present. Jury Trial continued to 2/24/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 02/23/2023) |
| 02/24/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 2/24/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 2/27/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: Jeremy Bertino (testimony resumed and continued). (zkh) (Entered: 02/24/2023) |
| 02/27/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 2/27/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 2/28/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lorraine Herman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: Jeremy Bertino (testimony resumed and continued). (zkh) (Entered: 02/27/2023) |
| 02/27/2023 | <u>674</u> | LEAVE TO FILE DENIED– Ethan Nordean; Notice as to ETHAN NORDEAN This document is unavailable as the Court denied its filing. Signed by Judge Timothy J. Kelly on 2/27/2023. (zltp) (Entered: 03/02/2023) |
| 02/28/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed |

| | | |
|---|---|---|
| | | and held on 2/28/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/1/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Lisa Edwards (AM) and Maria Weinbeck (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: Jeremy Bertino (testimony resumed and concluded). (zkh) (Entered: 02/28/2023) |
| 03/01/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/1/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/2/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lisa Edwards (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witnesses: Jason McIntyre (testimony begun and concluded) and USCP Officer David Riggleman (testimony begun and continued). (zkh) (Entered: 03/01/2023) |
| 03/02/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/2/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/6/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Lorraine Herman (AM) and Maria Weinbeck (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witnesses: USCP Officer David Riggleman (testimony begun and concluded), Kevin McCumber (testimony begun and concluded), and Edgar C. Tippett (testimony begun and concluded). (zkh) (Entered: 03/02/2023) |
| 03/03/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): In light of evidentiary disputes raised on March 2, 2023 and upon consideration of the parties' joint proposal, it is hereby ORDERED that the parties shall meet and confer on the disputes at issue by Sunday, March 5, 2023. It is further ORDERED that the jury |

| | | |
|---|---|---|
| | | trial scheduled for Monday, March 6, 2023 is CONVERTED to a motions hearing at 10:00 a.m. in Courtroom 24. It is further ORDERED that trial will resume on Tuesday, March 7, 2023. Signed by Judge Timothy J. Kelly on 3/3/2023. (lctjk1) (Entered: 03/03/2023) |
| 03/05/2023 | 676 | MOTION for Order to Impose Additional Trial Procedures by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (McCullough, Jason) (Entered: 03/05/2023) |
| 03/06/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Motion Hearing as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 3/6/2023. Oral argument heard and taken under advisement. Jury Trial to resume on 3/7/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 03/06/2023) |
| 03/07/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Upon consideration of Mr. Eddie Block's 653 and Mr. Kenny Lizardo's 651 motions to quash defendants' subpoenas, the latter of which is filed under seal, it is hereby ORDERED that, by March 9, 2023, any defendant intending to question either movant shall file, *ex parte* and under seal, a proffer outlining the information the defendant intends to elicit from the movant. It is further ORDERED that, also by March 9, 2023, the Government shall file the same, *ex parte* and under seal, outlining information on which it would anticipate cross examining each movant. It is further ORDERED that, by the same date, both Mr. Block and Mr. Lizardo shall file, *ex parte* and under seal, a proffer outlining the factual basis supporting their Fifth Amendment privilege claims. Finally, it is further ORDERED that Mr. Block shall appear for a VTC hearing, *ex parte* and under seal, at 11:00 a.m. on Friday, March 10, 2023, and Mr. Lizardo shall appear for the same at 12:00 p.m. on Friday, March 10, 2023. Signed by Judge Timothy J. Kelly on 3/7/2023. (lctjk1) (Entered: 03/07/2023) |
| 03/07/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/7/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/8/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Jan Dickman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: FBI Special Agent Nicole Miller (testimony begun and continued). (zkh) (Entered: 03/07/2023) |

| 03/07/2023 | 677 | Exparte document, RESPONSE TO ORDER OF THE COURT by HENDRICK BLOCK as to ETHAN NORDEAN re Order,,,,, Set Deadlines/Hearings,,,, (English, Gregory) (Entered: 03/07/2023) |
|---|---|---|
| 03/08/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/8/2023 as to ETHAN NORDEAN (1) on Counts 1sss−9sss, JOSEPH R. BIGGS (2) on Counts 1ss−9ss, ZACHARY REHL (3) on Counts 1ss−9ss, ENRIQUE TARRIO (5) on Counts 1s−9s, and DOMINIC J. PEZZOLA (6) on Counts 1s−10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/9/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1−Committed/Commitment Issued, 2−Committed/Commitment Issued, 3−Committed/Commitment Issued, 5−Committed/Commitment Issued, 6−Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lisa Edwards (PM); Defense Attorneys: 1−Nicholas D. Smith, 2−John Daniel Hull, IV and Norman A. Pattis, 3−Carmen D. Hernandez, 5−Nayib Hassan and Sabino Jauregui, 6−Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: FBI Special Agent Nicole Miller (testimony resumed and continued). (zkh) (Entered: 03/08/2023) |
| 03/09/2023 | 678 | NOTICE *of Argument in Support of Impeachment of Witness with Jencks−Related Communications* by ETHAN NORDEAN (Smith, Nicholas) (Entered: 03/09/2023) |
| 03/09/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/9/2023 as to ETHAN NORDEAN (1) on Counts 1sss−9sss, JOSEPH R. BIGGS (2) on Counts 1ss−9ss, ZACHARY REHL (3) on Counts 1ss−9ss, ENRIQUE TARRIO (5) on Counts 1s−9s, and DOMINIC J. PEZZOLA (6) on Counts 1s−10s. Jury panel not present. Oral argument heard, including examination of witness, and taken under advisement. Jury Trial continued to 3/13/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1−Committed/Commitment Issued, 2−Committed/Commitment Issued, 3−Committed/Commitment Issued, 5−Committed/Commitment Issued, 6−Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1−Nicholas D. Smith, 2−John Daniel Hull, IV and Norman A. Pattis, 3−Carmen D. Hernandez, 5−Nayib Hassan and Sabino Jauregui, 6−Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: FBI Special Agent Nicole Miller. (zkh) (Entered: 03/09/2023) |
| 03/10/2023 | 685 | MOTION to Continue *Deadline for Filings Regarding Scope of Cross−Examination* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Attachments: # 1 Text of Proposed Order)(Kenerson, Erik) (Entered: 03/10/2023) |
| 03/10/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) treating as opposed and granting the Government's 685 Motion to Continue. It is hereby ORDERED that, for good cause shown, the Government's 685 motion to continue the deadline for filings regarding the scope of cross−examination of Special Agent Miller is GRANTED. It is further ORDERED that any party wishing to file any briefing related to the scope of cross−examination, per the Court's instruction on the record on March 9, 2023, shall do so by March 12, 2023 at 12:00 noon. Signed by Judge Timothy J. Kelly on 3/10/2023. (lctjk1) (Entered: 03/10/2023) |

| | | |
|---|---|---|
| 03/10/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Upon consideration of the Government's 676 Motion for Order to Impose Additional Trial Procedures, it is hereby ORDERED that any Defendant who objects to the 676 motion shall file his opposition by Wednesday, March 15, 2023. Signed by Judge Timothy J. Kelly on 3/10/2023. (lctjk1) (Entered: 03/10/2023) |
| 03/12/2023 | 687 | RESPONSE by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA *to Court's Order Regarding Scope of Examination Filings* (Attachments: # 1 Exhibit A – Trulincs Login Banner)(Kenerson, Erik) (Entered: 03/12/2023) |
| 03/12/2023 | 688 | NOTICE *of Argument in Support of His Ability to Cross–Examine Witness on Credibility and Opposition to the Government's Email Motion to Communicate Information to Witness in the Middle of Cross–Examination* by ETHAN NORDEAN (Smith, Nicholas) (Entered: 03/12/2023) |
| 03/12/2023 | 690 | NOTICE *of Corrected Brief* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA (Attachments: # 1 Exhibit 1 – Corrected Brief, # 2 Exhibit A – Trulincs Login Banner)(Kenerson, Erik) (Entered: 03/12/2023) |
| 03/12/2023 | 691 | RESPONSE by ETHAN NORDEAN re 690 Notice (Other) *Nordean's Response to the Government's Motion to Preclude Cross–Examination and Motion to Strike Testimony* (Smith, Nicholas) (Entered: 03/12/2023) |
| 03/12/2023 | 692 | MOTION for Order Leave to Call One (1) Defense Witness on March 20, 2023 or, in the Alternative, to Depose Witness by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 03/12/2023) |
| 03/13/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/13/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/14/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lisa Edwards (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, and Conor Mulroe; Government Witness: FBI Special Agent Nicole Miller (testimony resumed and continued). (zkh) (Entered: 03/13/2023) |
| 03/14/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), DOMINIC J. PEZZOLA (6) denying as moot Eddie Block's 696 Motion to Quash his subpoena. Mr. Block's counsel has represented that the 696 motion is withdrawn. Thus, it is hereby ORDERED that it is DENIED AS MOOT. Signed by Judge Timothy J. Kelly on 3/14/2023. (lctjk1) (Entered: 03/14/2023) |
| 03/14/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/14/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH |

| | | |
|---|---|---|
| | | R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/15/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Jan Dickman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: FBI Special Agent Nicole Miller (testimony resumed and continued). (zkh) (Entered: 03/14/2023) |
| 03/15/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/15/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/16/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lisa Edwards (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: FBI Special Agent Nicole Miller (testimony resumed and concluded). (zkh) (Entered: 03/15/2023) |
| 03/15/2023 | 701 | MOTION for Order Permitting Witness to Testify Accompanied by His Service Dog Pursuant to the D.C. Code by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 03/15/2023) |
| 03/16/2023 | 702 | ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) granting the Government's 676 Motion for Additional Trial Procedures. See Order for details. Signed by Judge Timothy J. Kelly on 3/16/2023. (lctjk1) (Entered: 03/16/2023) |
| 03/16/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/16/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/17/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Jan Dickman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witnesses: FBI Special Agent Peter Dubrowski (recall testimony begun and |

| | | |
|---|---|---|
| | | concluded) and USCP Officer Marc Carrion (testimony begun and continued). (zkh) (Entered: 03/16/2023) |
| 03/17/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/17/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/20/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Government Witness: USCP Officer Marc Carrion (testimony resumed and concluded). (zkh) (Entered: 03/17/2023) |
| 03/19/2023 | 707 | RESPONSE by USA as to ETHAN NORDEAN re 701 MOTION for Order Permitting Witness to Testify Accompanied by His Service Dog Pursuant to the D.C. Code (Kenerson, Erik) (Entered: 03/19/2023) |
| 03/20/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1) granting Defendant's 701 Motion for Order Permitting Witness to Testify Accompanied by His Service Dog. It is hereby ORDERED that defense witness Eddie Block shall be permitted to testify in this matter while accompanied by his service dog. Signed by Judge Timothy J. Kelly on 3/20/2023. (lctjk1) (Entered: 03/20/2023) |
| 03/20/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/20/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Government rests its case–in–chief. Oral motion by ALL Defendants for Rule 29 Judgment of Acquittal, HEARD and ruling RESERVED. Jury Trial continued to 3/21/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Stacy Heavenridge (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Nordean Witnesses: Michael Emanuel (Graves) (testimony begun and concluded) and Travis Nugent (testimony begun and concluded). (zkh) (Entered: 03/20/2023) |
| 03/21/2023 | 714 | MEMORANDUM ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) granting Kenneth Lizardo's 712 Motion to Quash his trial subpoena. See Order for details. Signed by Judge Timothy J. Kelly on 3/21/2023. (lctjk1) (Entered: 03/21/2023) |
| 03/21/2023 | | |

| | | |
|---|---|---|
| | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/21/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/22/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Nordean Witness: Henrick Edward Block (testimony begun and continued). (zkh) (Entered: 03/22/2023) |
| 03/22/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/22/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/23/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Nordean Witness: Henrick Edward Block (testimony resumed and concluded). (zkh) (Entered: 03/22/2023) |
| 03/22/2023 | 716 | ENTERED IN ERROR.....MOTION TO COMPEL DISCLOSURE OF ALL FBI INTERVIEW REPORTS AND ALL DOJ MEMOS RELATING TO THE RECORDING AND REPORTING OF THE DEFENSE TEAM by ZACHARY REHL as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Hernandez, Carmen) Modified on 3/22/2023 (zltp). (Entered: 03/22/2023) |
| 03/22/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Upon consideration of Defendant Rehl's 717 Motion to Compel, which Rehl represents his codefendants join, it is hereby ORDERED that the Government shall file any response by 9:00 a.m. on March 23, 2023. Signed by Judge Timothy J. Kelly on 3/22/2023. (lctjk1) (Entered: 03/22/2023) |
| 03/22/2023 | | NOTICE OF ERROR as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA regarding 716 MOTION TO COMPEL DISCLOSURE OF ALL FBI INTERVIEW REPORTS AND ALL DOJ MEMOS RELATING TO THE RECORDING AND REPORTING OF THE DEFENSE TEAM . The following error(s): Incorrect document/case/district. Counsel refiled amended motion as docket entry 717 . (zltp) (Entered: 03/22/2023) |

| 03/22/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): In light of Defendant Rehl's 717 Motion to Compel and the parties' proposals, the Government's deadline to respond to the motion is hereby EXTENDED to 1:00 p.m. tomorrow, March 23, 2023. It is further ORDERED that the jury trial scheduled for tomorrow, March 23, is CONVERTED to a motions hearing at 3:00 p.m. in Courtroom 24. It is further ORDERED that the trial will resume on Friday, March 24, 2023. Signed by Judge Timothy J. Kelly on 3/22/2023. (lctjk1) (Entered: 03/22/2023) |
|---|---|---|
| 03/23/2023 | 719 | MOTION to Access *to the March 23, 2023 Hearing* by WP COMPANY LLC, TEGNA, INC., PRO PUBLICA, INC., NEW YORK TIMES COMPANY, NBCUNIVERSAL MEDIA, LLC, NATIONAL PUBLIC RADIO, INC., LOS ANGELES TIMES COMMUNICATIONS LLC, GRAY MEDIA GROUP, INC., GANNETT CO., INC., E.W. SCRIPPS COMPANY, DOW JONES & COMPANY, INC., CBS BROADCASTING INC., BUZZFEED INC., ASSOCIATED PRESS, AMERICAN BROADCASTING COMPANIES, INC., CABLE NEWS NETWORK, INC. as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Attachments: # 1 Text of Proposed Order)(Tobin, Charles) (Entered: 03/23/2023) |
| 03/23/2023 | 721 | TRANSCRIPT OF Jury Trial in case as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA before Judge Timothy J. Kelly held on 3/20/23; Page Numbers: 14509 – 14724. Date of Issuance:3/23/23. Court Reporter/Transcriber Stacy Heavenridge, Telephone number 2023543243, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/13/2023. Redacted Transcript Deadline set for 4/23/2023. Release of Transcript Restriction set for 6/21/2023.(Heavenridge, Stacy) (Entered: 03/23/2023) |
| 03/23/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Motion Hearing as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 3/23/2023. Jury Trial set to resume on 3/24/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley |

| | | |
|---|---|---|
| | | Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 03/23/2023) |
| 03/23/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): In light of the discussion on the record at today's hearing, it is hereby ORDERED that any Defendant with factual information that may aid the Court's resolution of the parties' dispute shall proffer that information––under seal and, if appropriate, *ex parte*––to the Court by 7:00 a.m. on March 24, 2023. Signed by Judge Timothy J. Kelly on 3/23/2023. (lctjk1) (Entered: 03/23/2023) |
| 03/24/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/24/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/27/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Lisa Edwards; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Tarrio Witness: George Mesa (Ash Barkoziba)(testimony begun and continued). (zkh) (Entered: 03/24/2023) |
| 03/27/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/27/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/28/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Jan Dickman; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Tarrio Witnesses: George Mesa (Ash Barkoziba) (testimony resumed and concluded) and Fernando Alonzo (testimony begun and concluded). (zkh) (Entered: 03/27/2023) |
| 03/28/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Status Conference as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 3/28/2023. Case called for Jury Trial but not held. Defendant REHL (3) NOT PRESENT. Jury panel not present. Jury Trial set to resume 3/29/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Remains Committed, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley |

| | | |
|---|---|---|
| | | Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 03/28/2023) |
| 03/29/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/29/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/30/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lisa Edwards (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Nordean Witness: Aaron (testimony begun and concluded) and Defendant Rehl Witness: USCP Sgt. Blane Endale (testimony begun and concluded). (zkh) (Entered: 03/29/2023) |
| 03/30/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 3/30/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 3/31/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Stacy Heavenridge (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Rehl Witnesses: Amanda Rehl (testimony begun and concluded), Jeffery Finley (testimony begun and concluded), and Anthony Guiffre (testimony begun and concluded). (zkh) (Entered: 03/30/2023) |
| 03/31/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Status Conference as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 3/31/2023. Case called for Jury Trial but not held. Jury panel not present. Jury Trial set to resume 4/3/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Jan Dickman; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 03/31/2023) |
| 04/03/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly:Jury Trial as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on |

| | | |
|---|---|---|
| | | Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 4/4/2023, at 9:00 AM in Courtroom 24A– In Person before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Janice Dickman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Jocelyn Balentine; Defendant Rehl Witness: Demetrious Robins. (ztg) (Entered: 04/03/2023) |
| 04/04/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 4/4/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 4/5/2023, at 9:00 AM in Courtroom 24A– In Person before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lisa Edwards (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Rehl's Witnesses: Demetrious Robins (testimony resumed and concluded), Jonathon L. Nguyen, and Henry McGill; Defendant Pezzola's Witness: Patrick Reiley. (ztg) (Entered: 04/04/2023) |
| 04/05/2023 | 733 | MOTION to Access *April 5, 2023 Hearing* by WP COMPANY LLC, TEGNA, INC., PRO PUBLICA, INC., NEW YORK TIMES COMPANY, NBCUNIVERSAL MEDIA, LLC, NATIONAL PUBLIC RADIO, INC., LOS ANGELES TIMES COMMUNICATIONS LLC, GRAY MEDIA GROUP, INC., GANNETT CO., INC., E.W. SCRIPPS COMPANY, DOW JONES & COMPANY, INC., CBS BROADCASTING INC., BUZZFEED INC., ASSOCIATED PRESS, AMERICAN BROADCASTING COMPANIES, INC., CABLE NEWS NETWORK, INC. as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (Tobin, Charles) (Entered: 04/05/2023) |
| 04/05/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 4/5/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 4/6/2023, at 9:00 AM in Courtroom 24A– In Person before Judge Timothy J. Kelly. Press Coalition Motion, ECF 733, heard and denied. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Janice Dickman (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf II and Roger Roots; US Attorneys: Jason Bradley Adam |

| | | |
|---|---|---|
| | | McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Pezzola's Witness: Lisa Magee. (ztg) Modified to correct name of witness on 4/6/2023 (ztg). (Entered: 04/05/2023) |
| 04/06/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 4/6/2023 as to ETHAN NORDEAN (1) on Counts 1sss−9sss, JOSEPH R. BIGGS (2) on Counts 1ss−9ss, ZACHARY REHL (3) on Counts 1ss−9ss, ENRIQUE TARRIO (5) on Counts 1s−9s, and DOMINIC J. PEZZOLA (6) on Counts 1s−10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 4/11/2023, at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1−Committed/Commitment Issued, 2−Committed/Commitment Issued, 3−Committed/Commitment Issued, 5−Committed/Commitment Issued, 6−Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Lisa Edwards (PM); Defense Attorneys: 1−Nicholas D. Smith, 2−John Daniel Hull IV and Norman A. Pattis, 3−Carmen D. Hernandez, 5−Nayib Hassan and Sabino Jauregui, 6−Steven Alan Metcalf II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Pezzola's Witness: Steven K. Hill; Defendant Tarrio's Witness: Jaclyn Kosinski (reader of exhibits into the record). (ztg) (Entered: 04/06/2023) |
| 04/07/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Upon consideration of the D.C. Circuit's opinion in *United States v. Fischer*, No. 22−3038, any party who wishes to supplement their arguments related to the Court's proposed jury instruction for 18 U.S.C. § 1512(c)(2) in light of that opinion may do so by Monday, April 10th at 12:00 noon. Signed by Judge Timothy J. Kelly on 4/7/2023. (lctjk1) (Entered: 04/07/2023) |
| 04/08/2023 | 742 | MOTION for Order for Order on Jury Instructions Consistent with Holding in United States v. Fischer, and in the Alternative, for an Order Dismissing Counts Two and Three by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 04/08/2023) |
| 04/10/2023 | 750 | RESPONSE TO ORDER OF THE COURT by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re Order,, Set Deadlines, (Attachments: # 1 Proposed Jury Instruction)(McCullough, Jason) (Entered: 04/10/2023) |
| 04/10/2023 | 752 | REPLY TO OPPOSITION to Motion by ETHAN NORDEAN re 742 MOTION for Order for Order on Jury Instructions Consistent with Holding in United States v. Fischer, and in the Alternative, for an Order Dismissing Counts Two and Three (Smith, Nicholas) (Entered: 04/10/2023) |
| 04/11/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 4/11/2023 as to ETHAN NORDEAN (1) on Counts 1sss−9sss, JOSEPH R. BIGGS (2) on Counts 1ss−9ss, ZACHARY REHL (3) on Counts 1ss−9ss, ENRIQUE TARRIO (5) on Counts 1s−9s, and DOMINIC J. PEZZOLA (6) on Counts 1s−10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 4/12/2023 at 9:30 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1−Committed/Commitment Issued, 2−Committed/Commitment Issued, 3−Committed/Commitment Issued, 5−Committed/Commitment Issued, 6−Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Stacy Heavenridge (PM); Defense Attorneys: 1−Nicholas D. Smith, 2−John Daniel Hull, IV and Norman A. Pattis, 3−Carmen D. Hernandez, 5−Nayib Hassan and Sabino Jauregui, 6−Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley |

| | | |
|---|---|---|
| | | Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Rehl Witnesses: David Jones (testimony begun and concluded) and Zachary Rehl (testimony begun and continued). (zkh) (Entered: 04/11/2023) |
| 04/12/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 4/12/2023 as to ETHAN NORDEAN (1) on Counts 1sss−9sss, JOSEPH R. BIGGS (2) on Counts 1ss−9ss, ZACHARY REHL (3) on Counts 1ss−9ss, ENRIQUE TARRIO (5) on Counts 1s−9s, and DOMINIC J. PEZZOLA (6) on Counts 1s−10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 4/13/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1−Committed/Commitment Issued, 2−Committed/Commitment Issued, 3−Committed/Commitment Issued, 5−Committed/Commitment Issued, 6−Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Sara Wick (PM); Defense Attorneys: 1−Nicholas D. Smith, 2−John Daniel Hull, IV and Norman A. Pattis, 3−Carmen D. Hernandez, 5−Nayib Hassan and Sabino Jauregui, 6−Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Rehl Witness: Zachary Rehl (testimony resumed and continued). (zkh) (Entered: 04/12/2023) |
| 04/13/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 4/13/2023 as to ETHAN NORDEAN (1) on Counts 1sss−9sss, JOSEPH R. BIGGS (2) on Counts 1ss−9ss, ZACHARY REHL (3) on Counts 1ss−9ss, ENRIQUE TARRIO (5) on Counts 1s−9s, and DOMINIC J. PEZZOLA (6) on Counts 1s−10s. The appearances of Defendants NORDEAN (1), BIGGS (2), and PEZZOLA (6) were WAIVED. Jury panel not present. Other trial matters addressed. Jury Trial continued to 4/17/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1−Remains Committed, 2−Remains Committed, 3−Committed/Commitment Issued, 5−Committed/Commitment Issued, 6−Remains Committed; Court Reporters: Timothy Miller (AM) and Stacy Heavenridge (PM); Defense Attorneys: 1−Nicholas D. Smith, 2−John Daniel Hull, IV and Norman A. Pattis, 3−Carmen D. Hernandez, 5−Nayib Hassan and Sabino Jauregui, 6−Steven Alan Metcalf, II; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 04/13/2023) |
| 04/17/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 4/17/2023 as to ETHAN NORDEAN (1) on Counts 1sss−9sss, JOSEPH R. BIGGS (2) on Counts 1ss−9ss, ZACHARY REHL (3) on Counts 1ss−9ss, ENRIQUE TARRIO (5) on Counts 1s−9s, and DOMINIC J. PEZZOLA (6) on Counts 1s−10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 4/18/2023 at 9:30 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1−Committed/Commitment Issued, 2−Committed/Commitment Issued, 3−Committed/Commitment Issued, 5−Committed/Commitment Issued, 6−Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Stacy Heavenridge (PM); Defense Attorneys: 1−Nicholas D. Smith, 2−John Daniel Hull, IV and Norman A. Pattis, 3−Carmen D. Hernandez, 5−Nayib Hassan and Sabino Jauregui, 6−Steven Alan Metcalf, II; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Rehl Witness: Zachary Rehl (testimony resumed and continued). (zkh) (Entered: 04/17/2023) |
| 04/18/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 4/18/2023 as to ETHAN NORDEAN (1) on Counts 1sss−9sss, JOSEPH R. BIGGS (2) on Counts 1ss−9ss, ZACHARY REHL (3) on Counts 1ss−9ss, |

| | | |
|---|---|---|
| | | ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 4/19/2023 at 9:15 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Sara Wick (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Rehl Witness: Zachary Rehl (testimony resumed and concluded); Defendant Pezzola Witness: Dominic J. Pezzola (testimony begun and continued). (zkh) (Entered: 04/18/2023) |
| 04/19/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 4/19/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 4/20/2023 at 9:15 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Stacy Heavenridge (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Pezzola Witness: Dominic J. Pezzola (testimony resumed and continued). (zkh) (Entered: 04/19/2023) |
| 04/20/2023 | 757 | Memorandum in Opposition by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 745 Motion to Strike, Motion for Declaration of Mistrial (Kenerson, Erik) (Entered: 04/20/2023) |
| 04/20/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 4/20/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. The Defense rests its case. Jury Trial continued to 4/21/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Stacy Heavenridge (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore; Defendant Pezzola Witness: Dominic J. Pezzola (testimony resumed and concluded). (zkh) (Entered: 04/20/2023) |
| 04/21/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 4/21/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on |

| | | |
|---|---|---|
| | | 1s–10s. Same twelve (12) jurors and three (3) alternates. Government presents a joint stipulation for its rebuttal case and then rests. Defendants' renewed oral motion for Judgment of Acquittal, HEARD and ruling RESERVED by the Court. Jury Trial continued to 4/24/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Stacy Heavenridge (AM) and Sara Wick (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 04/21/2023) |
| 04/21/2023 | 760 | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): As discussed at the close of today's proceedings, it is hereby ORDERED that, by April 22, 2023 at 5:00 p.m., the parties shall submit a joint proposed jury instruction on the use of statements to Kelly_Chambers@dcd.uscourts.gov. The Court will not entertain further argument on any other aspect of the jury instructions. Signed by Judge Timothy J. Kelly on 4/21/2023. (lctjk1) (Entered: 04/21/2023) |
| 04/24/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 4/24/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury Trial continued to 4/25/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Sara Wick (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 04/24/2023) |
| 04/25/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and held on 4/25/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same twelve (12) jurors and three (3) alternates. Jury trial concluded. Three (3) alternate jurors discharged. Jury Deliberations set to commence on 4/26/2023 at 9:00 AM in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporters: Timothy Miller (AM) and Sara Wick (PM); Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 04/25/2023) |
| 04/25/2023 | 763 | |

| | | |
|---|---|---|
| | | MOTION Curative Instructions or, failing that, a mistrial declaration by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 04/25/2023) |
| 04/26/2023 | 764 | ATTORNEYS' ACKNOWLEDGMENT OF TRIAL EXHIBITS as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). (zkh) (Entered: 04/26/2023) |
| 04/26/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial resumed and Deliberations begun and held on 4/25/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same panel of twelve (12) jurors deliberating. Jury Deliberation continued to 4/27/2023 at 9:00 AM. Any proceedings shall take place in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Roger Roots; US Attorney: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 04/26/2023) |
| 04/26/2023 | 765 | Jury Note #1 as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). (zkh) (Entered: 04/26/2023) |
| 04/26/2023 | 766 | **Signature Page of Foreperson**<br><br>as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) on Jury Note #1. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (zkh) (Entered: 04/26/2023) |
| 04/26/2023 | 767 | Jury Instructions as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). (zkh) (Entered: 04/26/2023) |
| 04/26/2023 | 768 | Court's Response to Jury Note 765 of April 26, 2023 at 4:35 PM as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). Signed by Judge Timothy J. Kelly on 4/26/2023. (Attachments: # 1 Attachment) (zkh) (Entered: 04/27/2023) |
| 04/27/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): The parties have each provided their respective exhibits to the jury either digitally or in hard copy. The Government has requested that it be permitted to provide certain exhibits that have already been provided to the jury digitally in hard copy as well. This request is DENIED, except insofar as the parties agree that all parties will provide copies of all the exhibits in the alternative format. Signed by Judge Timothy J. Kelly on 4/27/2023. (lctjk1) (Entered: 04/27/2023) |
| 04/27/2023 | 769 | Jury Note #2 as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). (zkh) (Entered: 04/27/2023) |

| 04/27/2023 | 770 | **Signature Page of Foreperson** <br><br> as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE J. PEZZOLA (6) on Jury Note #2. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (zkh) (Entered: 04/27/2023) |
|---|---|---|
| 04/27/2023 | 771 | Court's Response to Jury Note 769 of April 27, 2023 at 10:20 AM as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). Signed by Judge Timothy J. Kelly on 4/27/2023. (zkh) (Entered: 04/27/2023) |
| 04/27/2023 | 772 | Jury Note #3 as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). (zkh) (Entered: 04/27/2023) |
| 04/27/2023 | 773 | **Signature Page of Foreperson** <br><br> as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) on Jury Note #3. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (zkh) (Entered: 04/27/2023) |
| 04/27/2023 | 774 | Court's Response to Jury Note 772 of April 27, 2023 at 11:45 AM as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). Signed by Judge Timothy J. Kelly on 4/27/2023. (zkh) (Entered: 04/27/2023) |
| 04/27/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Trial/Deliberation resumed and held on 4/27/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same panel of twelve (12) jurors deliberating. Jury Deliberation continued to 4/28/2023 at 1:30 PM. Any proceedings shall take place in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 04/27/2023) |
| 04/28/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Deliberation resumed and held on 4/27/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same panel of twelve (12) jurors deliberating. Jury Deliberation continued to 5/1/2023 at 9:00 AM. Any proceedings shall take place in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino |

| | | |
|---|---|---|
| | | Jauregui, 6–Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 04/28/2023) |
| 05/01/2023 | 777 | Jury Note #4 as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). (zkh) (Entered: 05/01/2023) |
| 05/01/2023 | 778 | **Signature Page of Foreperson** as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) on Jury Note #4. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (zkh) (Entered: 05/01/2023) |
| 05/01/2023 | 779 | Jury Note #5 as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). (zkh) (Entered: 05/01/2023) |
| 05/01/2023 | 780 | **Signature Page of Foreperson** as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) on Jury Note #5. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (zkh) (Entered: 05/01/2023) |
| 05/01/2023 | 781 | Court's Response to Jury Note 779 of May 1, 2023 at 3:19 PM as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). Signed by Judge Timothy J. Kelly on 5/1/2023. (zkh) (Entered: 05/01/2023) |
| 05/01/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Deliberation resumed and held on 5/1/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same panel of twelve (12) jurors deliberating. Jury Deliberation continued to 5/2/2023 at 9:00 AM. Any proceedings shall take place in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 05/01/2023) |
| 05/02/2023 | 782 | Jury Note #6 as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). (zkh) (Entered: 05/02/2023) |
| 05/02/2023 | 783 | **Signature Page of Foreperson** as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) on Jury Note #6. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (zkh) (Entered: 05/02/2023) |

| 05/02/2023 | 784 | Jury Note #7 as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). (zkh) (Entered: 05/02/2023) |
|---|---|---|
| 05/02/2023 | 785 | **Signature Page of Foreperson**<br><br>as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) on Jury Note #7. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (zkh) (Entered: 05/02/2023) |
| 05/02/2023 | 786 | Court's Response to Jury Note 782 of May 2, 2023 at 10:47 AM as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). Signed by Judge Timothy J. Kelly on 5/2/2023. (zkh) (Entered: 05/02/2023) |
| 05/02/2023 | 787 | Court's Response to Jury Note 784 of May 2, 2023 at 11:54 AM as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). Signed by Judge Timothy J. Kelly on 5/2/2023. (zkh) (Entered: 05/02/2023) |
| 05/02/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Deliberation resumed and held on 5/2/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same panel of twelve (12) jurors deliberating. Jury Deliberation continued to 5/3/2023 at 9:00 AM. Any proceedings shall take place in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 05/02/2023) |
| 05/03/2023 | 788 | Jury Note #8 as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). (zkh) (Entered: 05/03/2023) |
| 05/03/2023 | 789 | **Signature Page of Foreperson**<br><br>as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) on Jury Note #8. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (zkh) (Entered: 05/03/2023) |
| 05/03/2023 | 790 | Court's Response to Jury Note 788 of May 3, 2023 at 9:11 AM as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). Signed by Judge Timothy J. Kelly on 5/3/2023. (Attachments: # 1) (zkh) (Entered: 05/03/2023) |
| 05/03/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Deliberation resumed and held on 5/3/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts |

| | | |
|---|---|---|
| | | 1s–10s. Same panel of twelve (12) jurors deliberating. Jury Deliberation continued to 5/4/2023 at 9:00 AM. Any proceedings shall take place in Courtroom 24A before Judge Timothy J. Kelly. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 05/03/2023) |
| 05/04/2023 | 792 | MEMORANDUM as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), DOMINIC J. PEZZOLA (6) regarding the Court's evidentiary rulings. See Memorandum for details. Signed by Judge Timothy J. Kelly on 5/4/2023. (lctjk1) (Entered: 05/04/2023) |
| 05/04/2023 | 794 | Jury Note #9 as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). (zkh) (Entered: 05/04/2023) |
| 05/04/2023 | 795 | **Signature Page of Foreperson**<br><br>as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) on Jury Note #9. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (zkh) (Entered: 05/04/2023) |
| 05/04/2023 | 796 | Jury Note #10 as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). (zkh) (Entered: 05/05/2023) |
| 05/04/2023 | 797 | **Signature Page of Foreperson**<br><br>as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) on Jury Note #10. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (zkh) (Entered: 05/05/2023) |
| 05/04/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Jury Deliberation resumed and concluded on 5/4/2023 as to ETHAN NORDEAN (1) on Counts 1sss–9sss, JOSEPH R. BIGGS (2) on Counts 1ss–9ss, ZACHARY REHL (3) on Counts 1ss–9ss, ENRIQUE TARRIO (5) on Counts 1s–9s, and DOMINIC J. PEZZOLA (6) on Counts 1s–10s. Same panel of twelve (12) jurors deliberating. JURY VERDICT as to ETHAN NORDEAN (1) GUILTY on Counts 1sss, 2sss, 3sss, 4sss, 5sss, and 6sss. MISTRIAL DECLARED BY COURT on Counts 7sss and 8sss. NOT GUILTY on Count 9sss. JURY VERDICT as to JOSEPH R. BIGGS (2) GUILTY on Counts 1ss, 2ss, 3ss, 4ss, 5ss, and 6ss. MISTRIAL DECLARED BY COURT on Counts 7ss and 8ss. NOT GUILTY on Count 9ss. JURY VERDICT as to ZACHARY REHL (3) GUILTY on Counts 1ss, 2ss, 3ss, 4ss, 5ss, and 6ss. MISTRIAL DECLARED BY COURT on Counts 7ss and 8ss. NOT GUILTY on Count 9ss. JURY VERDICT as to ENRIQUE TARRIO (5) GUILTY on Counts 1s, 2s, 3s, 4s, 5s, and 6s. MISTRIAL DECLARED BY COURT on Counts 7s and 8s. NOT GUILTY on Count 9s. JURY VERDICT as to DOMINIC J. PEZZOLA (6) GUILTY on Counts 3s, 4s, 5s, 6s, 7s, 9s, and 10s. NOT GUILTY on Count 1s. MISTRIAL DECLARED BY COURT on Counts 2s and 8s. Jury polled with unanimous verdict. All twelve (12) |

| | | |
|---|---|---|
| | | jurors discharged without any further consideration of this case. Joint Proposed Scheduling Order due by 5/11/2023. Bond Status of Defendants: 1–Committed/Commitment Issued, 2–Committed/Commitment Issued, 3–Committed/Commitment Issued, 5–Committed/Commitment Issued, 6–Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1–Nicholas D. Smith, 2–John Daniel Hull, IV and Norman A. Pattis, 3–Carmen D. Hernandez, 5–Nayib Hassan and Sabino Jauregui, 6–Steven Alan Metcalf, II; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, Conor Mulroe, and Nadia Moore. (zkh) (Entered: 05/05/2023) |
| 05/04/2023 | 798 | EXHIBIT LIST by USA as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). All admitted exhibits sent into jury 4/26/2023 at 2:45 PM. (zkh) (Entered: 05/05/2023) |
| 05/04/2023 | 799 | EXHIBIT LIST by ETHAN NORDEAN (1). All admitted exhibits sent into jury 4/26/2023 at 2:45 PM. (zkh) (Entered: 05/05/2023) |
| 05/04/2023 | 804 | VERDICT FORM as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). (zkh) (Entered: 05/05/2023) |
| 05/04/2023 | 805 | **Signature Page of Foreperson** as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) in Jury Verdict. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (zkh) (Entered: 05/05/2023) |
| 05/11/2023 | 806 | NOTICE *of Government's Proposed Post–Trial Schedule* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA (Kenerson, Erik) (Entered: 05/11/2023) |
| 05/12/2023 | 807 | RESPONSE by ETHAN NORDEAN re 806 Notice (Other) *re Post–Trial Schedule* (Smith, Nicholas) (Entered: 05/12/2023) |
| 05/16/2023 | 808 | SCHEDULING ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6). See Order for details. Signed by Judge Timothy J. Kelly on 5/16/2023. (lctjk1) (Entered: 05/16/2023) |
| 05/17/2023 | | Terminate Deadlines and Hearings as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), CHARLES DONOHOE (4), ENRIQUE TARRIO (5), AND DOMINIC J. PEZZOLA (6). (zkh) (Entered: 05/17/2023) |
| 05/31/2023 | 809 | Application For Access To Trial Exhibits by LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. "Leave to file GRANTED" by Judge Timothy J. Kelly on 5/31/2023. (Attachments: # 1 Text of Proposed Order)(zltp) (Entered: 06/02/2023) |
| 06/07/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Upon consideration of Defendant Rehl's 811 motion for an extension of time to file post–trial motions, the Government's 815 initial response, and Defendant Pezzola's 813 motion for an extension of time to do the same, it is hereby ORDERED that |

| | | |
|---|---|---|
| | | today's deadline for all defendants to file post–trial motions is STAYED. It is further ORDERED that the Government shall file its supplemental response regarding the conflict posed by Attorney Pattis's simultaneous representation of codefendants Biggs and Rehl for purposes of post–trial motions and sentencing by June 9, 2023. It is further ORDERED that Attorney Pattis shall file any response to the Government's filing by June 12, 2023. It is further ORDERED that the parties shall file a joint status report proposing, jointly or individually, a schedule or schedules for post–trial proceedings in this matter in light of Attorney Pattis's conflict by June 12, 2023. Signed by Judge Timothy J. Kelly on 6/7/2023. (lctjk1) (Entered: 06/07/2023) |
| 06/07/2023 | | Set/Reset Deadlines as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Joint Status Report due by 6/12/2023. (zkh) (Entered: 06/07/2023) |
| 06/12/2023 | 817 | RESPONSE TO ORDER OF THE COURT by JOSEPH R. BIGGS, ZACHARY REHL as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re Order,,,,, Set Deadlines,,,, (Pattis, Norman) (Entered: 06/12/2023) |
| 06/12/2023 | 819 | REPLY by ETHAN NORDEAN *to Government's Proposed Post–Trial Schedule* (Smith, Nicholas) (Entered: 06/12/2023) |
| 06/15/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Upon consideration of the Government's and Defendants' recent filings, ECF Nos. 816, 817, 818, and 819, it is hereby ORDERED that the Government and Defendants Biggs and Rehl shall appear for a hearing on the potential conflict presented by Attorney Pattis's representation of Rehl on Wednesday, June 21, 2023 at 9:30 a.m. in Courtroom 11. It is further ORDERED that the post–trial briefing schedule for Defendants Nordean, Tarrio, and Pezzola is modified as follows: Defendants shall file any post–trial motions, including any motions under Fed. R. Crim. P. 29 and 33, by June 21, 2023; the Government shall file its opposition(s) by July 12, 2023; and Defendants shall reply by July 28, 2023. The Court does not anticipate any further extensions to this briefing schedule. It is further ORDERED that the post–trial briefing deadlines for Defendants Biggs and Rehl shall remain STAYED pending the conflicts hearing on June 21. Signed by Judge Timothy J. Kelly on 6/15/2023. (lctjk1) (Entered: 06/15/2023) |
| 06/16/2023 | | Terminate Deadlines and Hearings as to ETHAN NORDEAN (1). (zkh) (Entered: 06/16/2023) |
| 06/16/2023 | | Set/Reset Deadlines as to ETHAN NORDEAN (1): Motions due by 6/21/2023. Responses due by 7/12/2023 Replies due by 7/28/2023. (zkh) (Entered: 06/16/2023) |
| 06/21/2023 | 822 | MOTION for Acquittal *under Rule 29(c)* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 06/21/2023) |
| 06/26/2023 | 825 | STATUS REPORT *regarding Post–Trial Motions Schedule* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA (McCullough, Jason) (Entered: 06/26/2023) |
| 06/27/2023 | 826 | ORDER as to JOSEPH R. BIGGS (2) and ZACHARY REHL (3) granting Defendant Rehl's 811 Motion to Withdraw and 812 Motion for Leave to Appear. See Order for details. Signed by Judge Timothy J. Kelly on 6/27/2023. (lctjk1) (Entered: |

| | | |
|---|---|---|
| | | 06/27/2023) |
| 06/27/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): Upon consideration of the Government's 825 status report proposing a revised briefing schedule for posttrial motions and Defendants' consent thereto, it is hereby ORDERED that Defendants Biggs and Rehl shall file any posttrial motions by July 6, 2023; the Government shall respond to all posttrial motions filed by all defendants by July 20, 2023; and Defendants shall reply by August 4, 2023. Signed by Judge Timothy J. Kelly on 6/27/2023. (lctjk1) (Entered: 06/27/2023) |
| 07/17/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): To allow sufficient time for the Court to resolve all necessary matters and hear all relevant testimony in advance of imposing sentence on defendants, it is hereby ORDERED that the parties shall appear for a hearing on Tuesday, August 29, 2023 at 9:30 a.m. in Courtroom 24. It is further ORDERED that the hearing shall proceed as follows: first, the Court will orally rule on outstanding post–trial motions; second, the Court will hear any victim impact statements or testimony applicable to all defendants; third, the Court will hear argument on significant disputes raised in the parties' sentencing memoranda related to the application of the U.S. Sentencing Guidelines that are common to all defendants. Signed by Judge Timothy J. Kelly on 7/17/2023. (lctjk1) (Entered: 07/17/2023) |
| 07/20/2023 | 832 | MOTION for Extension of Time to File Response/Reply as to 824 MOTION for Acquittal *and New Trial , and 822 , 823 , 828* by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA. (McCullough, Jason) (Entered: 07/20/2023) |
| 07/20/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) granting the Government's 832 Motion to Extend Time and for Relief from Local Criminal Rule 47(e). Before the Court is the Government's 832 motion for a one–day extension to respond to Defendants' posttrial motions and for relief from Local Criminal Rule 47(e), which limits any opposition to a motion to 45 pages. For good cause shown, and because the Government represents that each defendant besides Defendant Nordean (from whom it has not heard back) consents, it is hereby ORDERED that the Government's 832 motion is GRANTED. It is further ORDERED that the Government may file its opposition to the Defendants' posttrial motions by tomorrow, July 21, 2023, and it shall not be bound by LCrR 47(e). Signed by Judge Timothy J. Kelly on 7/20/2023. (lctjk1) (Entered: 07/20/2023) |
| 07/21/2023 | 833 | Memorandum in Opposition by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA re 823 Motion for Joinder, Motion for Rule, 824 Motion for Acquittal, 828 Motion for Acquittal, Motion for New Trial, 822 Motion for Acquittal (Attachments: # 1 Exhibit A, # 2 Exhibit B)(McCullough, Jason) (Entered: 07/21/2023) |
| 08/07/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) granting Defendants' 840 Unopposed Motion to Extend Time. Upon consideration of Defendant Pezzola's 840 unopposed motion for a two–day extension of time to file a reply in support of his 824 motion for judgment of acquittal and for a new trial, which he represents the other defendants join with respect to their own motions, it is hereby |

| | | |
|---|---|---|
| | | ORDERED, *nunc pro tunc*, that the motion is GRANTED. Any such reply filed by August 6, 2023 is timely. Signed by Judge Timothy J. Kelly on 8/7/2023. (lctjk1) (Entered: 08/07/2023) |
| 08/16/2023 | 853 | SENTENCING MEMORANDUM by ETHAN NORDEAN (Smith, Nicholas) (Entered: 08/16/2023) |
| 08/17/2023 | 855 | SENTENCING MEMORANDUM by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, ENRIQUE TARRIO, DOMINIC J. PEZZOLA (Attachments: # 1 Attachment A (Tarrio Additional Arguments), # 2 Attachment B (Nordean), # 3 Attachment C (Biggs), # 4 Attachment D (Rehl), # 5 Attachment E (Pezzola))(McCullough, Jason) (Entered: 08/17/2023) |
| 08/17/2023 | 857 | NOTICE *of Sentencing Exhibits* by USA as to ETHAN NORDEAN re 855 Sentencing Memorandum, (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(McCullough, Jason) (Entered: 08/17/2023) |
| 08/21/2023 | 864 | RESPONSE by ETHAN NORDEAN re 855 Sentencing Memorandum, (Smith, Nicholas) (Entered: 08/21/2023) |
| 08/24/2023 | 874 | RESPONSE by USA as to ETHAN NORDEAN, JOSEPH R. BIGGS, ZACHARY REHL, CHARLES DONOHOE, ENRIQUE TARRIO, DOMINIC J. PEZZOLA *Sentencing Memoranda (ECF 853, 854, 861, 862)* (McCullough, Jason) (Entered: 08/24/2023) |
| 08/28/2023 | | MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMININC J. PEZZOLA (6): It is hereby ORDERED that, pursuant to the Court's Minute Order of July 17, 2023, the Court will hear argument on the following Sentencing Guidelines disputes at tomorrow's hearing: (1) the most analogous guideline to apply to the conspiracy convictions on Counts 1 and 4, pursuant U.S.S.G. § 2X5.1; (2) whether and to which offenses the Court should apply the terrorism adjustment under U.S.S.G. § 3A1.4; and (3) whether to apply the aggravated assault guideline, U.S.S.G. § 2A2.2, to Defendants' convictions on Count 5 pursuant to the cross−reference provision in § 2A2.4. Signed by Judge Timothy J. Kelly on 8/28/2023. (lctjk1) (Entered: 08/28/2023) |
| 08/29/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Omnibus Hearing as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6) held on 8/29/2023. For the reasons stated on the record, Defendant TARRIO's 823 MOTION for Joinder is GRANTED and the Defendants' Rule 29 MOTIONS are all DENIED. Bond Status of Defendants: 1−Committed/Commitment Issued, 2−Committed/Commitment Issued, 3−Committed/Commitment Issued, 5−Committed/Commitment Issued, 6−Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorneys: 1−Nicholas D. Smith, 2−Norman A. Pattis, 3−Norman A. Pattis, 5−Nayib Hassan and Sabino Jauregui, 6−Steven Alan Metcalf, II and Roger Roots; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, and Conor Mulroe; Government Speakers: USCP Officer Shae Cooney and USCP Inspector Thomas Loyd. (zkh) (Entered: 08/30/2023) |
| 08/30/2023 | | NOTICE OF HEARING as to ETHAN NORDEAN (1): The Sentencing currently set for 8/30/2023 is **RESCHEDULED** for 9/1/2023 at 2:00 PM in Courtroom 11 before Judge Timothy J. Kelly. (zkh) (Entered: 08/30/2023) |

| 09/01/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Sentencing held on 9/1/2023 as to ETHAN NORDEAN (1) as to Counts 1sss, 2sss, 3sss, 4sss, 5sss, and 6sss. **Count 1sss:** Defendant sentenced to two hundred sixteen (216) months of Incarceration on Count 1sss, to run concurrently with Counts 2sss, 3sss, 4sss, 5sss, and 6sss, followed by thirty–six (36) months of Supervised Release (with conditions) on Count 1sss to run concurrently with Counts 2sss, 3sss, 4sss, 5sss, and 6sss. $100 Special Assessment. **Count 2sss:** Defendant sentenced to two hundred sixteen (216) months of Incarceration on Count 2sss, to run concurrently with Counts 1sss, 3sss, 4sss, 5sss, and 6sss, followed by thirty–six (36) months of Supervised Release (with conditions) on Count 2sss to run concurrently with Counts 1sss, 3sss, 4sss, 5sss, and 6sss. $100 Special Assessment. **Count 3sss:** Defendant sentenced to two hundred sixteen (216) months of Incarceration on Count 3sss, to run concurrently with Counts 1sss, 2sss, 4sss, 5sss, and 6sss, followed by thirty–six (36) months of Supervised Release (with conditions) on Count 3sss to run concurrently with Counts 1sss, 2sss, 4sss, 5sss, and 6sss. $100 Special Assessment. **Count 4sss:** Defendant sentenced to seventy–two (72) months of Incarceration on Count 4sss, to run concurrently with Counts 1sss, 2sss, 3sss, 5sss, and 6sss, followed by thirty–six (36) months of Supervised Release (with conditions) on Count 4sss to run concurrently with Counts 1sss, 2sss, 3sss, 5sss, and 6sss. $100 Special Assessment. **Count 5sss:** Defendant sentenced to sixty (60) months of Incarceration on Count 5sss, to run concurrently with Counts 1sss, 2sss, 3sss, 4sss, and 6sss, followed by thirty–six (36) months of Supervised Release (with conditions) on Count 5sss to run concurrently with Counts 1sss, 2sss, 3sss, 4sss, and 6sss. $100 Special Assessment. **Count 6sss:** Defendant sentenced to two hundred sixteen (216) months of Incarceration on Count 6sss, to run concurrently with Counts 1sss, 2sss, 3sss, 4sss, and 5sss, followed by thirty–six (36) months of Supervised Release (with conditions) on Count 6sss to run concurrently with Counts 1sss, 2sss, 3sss, 4sss, and 5sss. $100 Special Assessment. ALL Remaining Counts DISMISSED ON ORAL MOTION OF THE GOVERNMENT. Bond Status of Defendant: Committed/Commitment Issued; Court Reporter: Timothy Miller; Defense Attorney: Nicholas D. Smith; US Attorneys: Jason Bradley Adam McCullough, Erik Michael Kenerson, and Conor Mulroe; Prob Officer: Renee Moses–Gregory; Defense Witnesses: Stephanie George and Cory Nordean. (zkh) (Entered: 09/01/2023) |
| 09/06/2023 | 889 | NOTICE *of Trial Materials Submitted Directly to Chambers via Email* by ETHAN NORDEAN (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Smith, Nicholas) (Entered: 09/06/2023) |
| 09/06/2023 | 890 | NOTICE OF APPEAL – Final Judgment by ETHAN NORDEAN Filing fee $ 505, receipt number ADCDC–10330643. Fee Status: Fee Paid. Parties have been notified. (Smith, Nicholas) (Entered: 09/06/2023) |

# United States District Court for the District of Columbia

UNITED STATES OF AMERICA     )
                                )
             vs.           )     Criminal No. **21-cr-175**
                                )
Ethan Nordean, et al.          )

## NOTICE OF APPEAL

Name and address of appellant:    Ethan Nordean
                                   DC Central Detention Facility
                                   1901 D St SE
                                   Washington, DC 20003

Name and address of appellant's attorney:    Nicholas Smith
                                   1123 Broadway
                                   Suite 909
                                   New York, NY 10010

Offense:  § 2384; § 1512(k); § 1512(c)(2); § 372; § 231(a)(3); § 1361

Concise statement of judgment or order, giving date, and any sentence:

    Order dated 12/28/2021; Order dated 12/11/2022; Sentence of 216 months'
    incarceration entered on 9/1/2023; judgment.

Name and institution where now confined, if not on bail:  DC Jail

        I, the above named appellant, hereby appeal to the United States Court of Appeals for the
District of Columbia Circuit from the above-stated judgment.

    9/6/2023                     /s/ Ethan Nordean
_____     _____
DATE                          APPELLANT  *Nicholas Smith*
                                        _____
                                       ATTORNEY FOR APPELLANT

GOVT. APPEAL, NO FEE  ☐
CJA, NO FEE
PAID USDC FEE         ☑
PAID USCA FEE
Does counsel wish to appear on appeal?         YES ☑    NO ☐
Has counsel ordered transcripts?             YES ☑    NO ☐
Is this appeal pursuant to the 1984 Sentencing Reform Act?  YES ☑    NO ☐

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 21-175 (TJK) |
| ETHAN NORDEAN et al., | |
| *Defendants*. | |

**<u>ORDER</u>**

For the reasons set forth in the Court's accompanying Memorandum Opinion, it is hereby

**ORDERED** that Defendants' Motion to Dismiss, ECF Nos. 94, 105, 128, 225, is **DENIED**.

**SO ORDERED**.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 28, 2021

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

ETHAN NORDEAN et al.,

*Defendants*.

Criminal Action No. 21-175 (TJK)

<u>**MEMORANDUM OPINION**</u>

Defendants Ethan Nordean, Joseph R. Biggs, Zachary Rehl, and Charles Donohoe are alleged, among other things, to have conspired to stop, delay, or hinder Congress's certification of the Electoral College vote on January 6, 2021, and to obstruct and interfere with law enforcement officers engaged in their official duties that day.  They move to dismiss the First Superseding Indictment, arguing that the various statutes at issue do not apply to their alleged conduct, and that even if they do, the laws are unconstitutional as applied to them.  They also argue that the First Superseding Indictment otherwise fails to adequately allege certain offenses.  For the reasons explained below, the Court will deny the motion.

I.      **Background**

In March 2021, a grand jury returned the First Superseding Indictment charging Defendants for their alleged roles in the events of January 6, 2021.  According to the First Superseding Indictment, the month after the 2020 United States presidential election on November 3, 2020, the presidential electors of the United States Electoral College met in the state capital of each state and the District of Columbia.  ECF No. 26 ¶ 3.  Their task was to formalize the results of the election: that Joe Biden and Kamala Harris had won enough votes to be the next president and vice

president of the United States.  *Id*.  And on January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened in the United States Capitol to certify the Electoral College's vote.  *Id.* ¶ 4.  But, the First Superseding Indictment alleges, Congress was attacked by a crowd that breached barriers erected by the United States Capitol Police and entered the Capitol by breaking windows and ramming open doors, forcing the evacuation of members of Congress and the halting of the Joint Session until later that evening.  *Id*. ¶ 20–22.  By the time law enforcement regained control over the Capitol and its grounds, about 81 members of the Capitol Police and 58 members of the Metropolitan Police Department had been assaulted, and the Capitol building had suffered millions of dollars in damage.  *Id.* ¶ 23.

The First Superseding Indictment alleges that Defendants helped plan and orchestrate the events of January 6.  Count One charges them with conspiracy under 18 U.S.C. § 371.  ECF No. 26 ¶ 27.  Defendants allegedly conspired "to stop, delay, or hinder Congress's certification of the Electoral College vote," in violation of 18 U.S.C. § 1512(c)(2), and "to obstruct and interfere with law enforcement officers engaged in their official duties to protect the Capitol and its occupants from those who had unlawfully advanced onto Capitol grounds," in violation of 18 U.S.C. § 231(a)(3).  *Id.*  Defendants—who allegedly held leadership positions or planning roles with the "Proud Boys" organization—purportedly carried out this conspiracy by, among other things, encouraging other Proud Boys to attend the protest on January 6; "[u]sing websites, social media, and other electronic communications to raise funds to support travel and equipment purchases for the visit to Washington, D.C."; "[o]btaining paramilitary gear and supplies—including tactical vests, protective equipment, and radio equipment—for the January 6 attack"; "[s]cheming to evade detection by law enforcement by dressing 'incognito' rather than wearing Proud Boys colors";

traveling to Washington, D.C., "prior to the attack"; using "programmable handheld radios, encrypted messaging applications, and other communications equipment to communicate and coordinate the January 6 attack"; "[d]ismantling" police barricades, and "[s]torming past" those barricades and law enforcement officers "in efforts to disrupt the proceedings at the Capitol"; and obtaining "entry into the Capitol building as a result of damage to windows and doors that otherwise would have precluded entry." *Id.* ¶ 28.  The First Superseding Indictment also alleges that Defendants engaged in a series of detailed overt acts in furtherance of the conspiracy, described below.

In November 2020, Nordean, Biggs, and Rehl allegedly described what would happen if the election were "stolen." ECF No. 26 ¶¶ 31–36.  Two days after Election Day, Biggs posted on social media, "It's time for fucking War if they steal this shit." *Id.* ¶ 31.  Nordean supposedly said, "What's more disturbing to me than the Dems trying to steal this election, is how many people . . . just accepted Biden won, despite the obvious corruption[.]" *Id.* ¶ 32 (ellipsis in original).  And he allegedly later warned, "We tried playing nice and by the rules, now you will deal with the monster you created." *Id.* ¶ 34.  Rehl posted: "Hopefully the firing squads are for the traitors that are trying to steal the election from the American people." *Id*. ¶ 35.  And Rehl allegedly described January 6 as "the day where Congress gets to argue the legitimacy of the [E]lectoral [C]ollege votes, and yes, there will be a big rally on that day." *Id.* ¶ 36 (alterations in original).

By December, Nordean and Rehl started to raise funds for January 6. ECF No. 26 ¶¶ 37–38.  Nordean allegedly created an online crowdfunding campaign, soliciting money not only for "communications" but also for "[p]rotective gear" for Proud Boys who would attend.  *Id.* ¶ 37.  And he supposedly "shared a link to this crowdsourcing campaign on his social media page and

encouraged others to share it" as well.  *Id.*  Rehl also allegedly shared a link to an online fundraiser with the name "Travel Expenses for upcoming Patriot Events."  *Id.* ¶ 38.

In the days before January 6, Defendants allegedly communicated covertly to plan for the events of that day.  ECF No. 26 ¶¶ 39–48.  On January 5, Defendants all joined a specific encrypted messaging channel called "Boots on the Ground," which "was created for communications by Proud Boys members in Washington, D.C."  *Id.* ¶ 42.  The channel had been created after Donohoe expressed concern that a prior channel might be compromised by law enforcement.  *Id.* ¶ 39.  Not long afterward, a co-conspirator allegedly posted on the channel: "We had originally planned on breaking the guys into teams.  Let's start divying them up and getting baofeng channels picked out."  *Id.* ¶ 41.  "Baofeng" is a "manufacturer of handheld radios and other communications equipment," according to the First Superseding Indictment.  *Id.* ¶ 41 n.1.  Biggs allegedly posted a message shortly after the channel was created, noting that he was with Nordean and that "[t]omorrow's the day."  *Id.* ¶ 42.  He then apparently asked for "numbers" so that he and others could "plan accordingly for tonight and go over tomorrow's plan."  *Id.* ¶ 43.  Biggs later posted in one of the encrypted messaging channels, "We have a plan."  *Id.* ¶ 48.  When Donohoe asked what the plan was so he could pass it on, Biggs allegedly responded that he had given a plan to the Proud Boys Chairman.  *Id.*

On the morning of January 6, "a group of Proud Boys members gathered near the Washington Monument."  ECF No. 26 ¶ 51.  Early that morning, Donohoe communicated that he "had the keys until [Nordean] and [Rehl] show up."  *Id.* at 50 (cleaned up).  Nordean, Biggs, and Rehl allegedly "led the group, which included Donohoe, to the east side of the Capitol."  *Id.* ¶ 52 (capitalization altered).  The group with Defendants "were not wearing Proud Boys colors of black and yellow," *id.* ¶ 53, consistent with an earlier directive given by Defendants and others, *id.* ¶ 12.  Just

before 1:00 p.m.—when "the Joint Session convened in the Capitol to certify the Electoral College vote," *id.* ¶ 17—the group, allegedly led again by Nordean, Biggs, and Rehl, and including Donohoe, moved to the Capitol entrance on First Street, "which was secured by a small number of Capitol Police who were standing behind waist height metal barriers," *id.* ¶ 54.

According to the First Superseding Indictment, shortly after Defendants got to the First Street entrance, the metal barriers were "violently disassembled and trampled by the crowd." ECF No. 26 ¶ 55. Defendants crossed over the same barriers, and "charged" toward the Capitol. *Id.* As Defendants moved toward the building, individuals who had arrived with them apparently continued to remove metal barriers. *Id.* ¶ 56. Eventually, Defendants came to the "west plaza of the Capitol where additional metal barricades and law enforcement were deployed to protect the Capitol and its occupants from the advancing crowd." *Id.* ¶ 57. Nordean and Biggs allegedly shook one of the barricades until they and others "were able to knock it down." *Id.* ¶ 58. Defendants and the rest of the crowd then advanced past it, toward the Capitol. *Id.*

Arriving at the west plaza, Nordean and Biggs allegedly "positioned themselves at or near the front of the crowd." ECF No. 26 ¶ 59. Biggs then recorded a video, announcing, "we've just taken the Capitol." *Id.* Donohoe helped the crowd "advance up a flight of stairs towards the Capitol," overwhelming law enforcement officers trying to contain it. *Id.* ¶ 61. Fellow Proud Boys member Dominic Pezzola used a riot shield to break a window, which "allowed rioters to enter the building and force open an adjacent door from the inside." *Id.* ¶ 62. Biggs allegedly entered the building through that adjacent door before leaving and, 30 minutes later, "forcibly" re-entered the building on the opposite side, "pushing past at least one law enforcement officer" and eventually making his way to the Senate chamber. *Id.* ¶¶ 62–65. A few minutes after Biggs first entered, a member of the "Boots on the Ground" channel posted "We just stormed the capitol."

*Id.* ¶ 62.  Rehl entered the Capitol through the same door as Biggs.  *Id.* ¶ 67.  And Nordean "entered and remained in the Capitol, including in the Rotunda, before exiting the Capitol with another member of the Proud Boys."  *Id.* ¶ 66.  Later, close to 4:00 p.m., Donohoe announced on one of the encrypted messaging platforms that some were "regrouping with a second force."  *Id.* ¶ 68.

As these events took place, "members of the House and Senate (including Vice President Pence) . . . were evacuated from their respective chambers.  The Joint Session was halted while Capitol Police and other law-enforcement officers worked to restore order and clear the Capitol building and grounds of the unlawful occupants."  *Id.* ¶ 21.  It was not until 8:00 p.m. that night that the "Joint Session reconvened, presided over by Vice President Pence, who had remained within the Capitol building in a secure location throughout these events."  *Id.* ¶ 22.

In the end, as asserted in the First Superseding Indictment, almost "81 members of the Capitol Police and 58 members of the Metropolitan Police Department were assaulted," as were members of the media.  ECF No. 26 ¶ 23.  And the Capitol building "suffered millions of dollars in damage—including broken windows and doors, graffiti, and residue from pepper spray, tear gas, and fire extinguishers deployed both by crowd members who stormed the Capitol and by Capitol Police officers trying to restore order."  *Id.*  Meanwhile, Defendants allegedly "celebrated the events" of that day "through communications on social media and in encrypted chat messages." *Id.* ¶ 24.

Besides conspiring to violate 18 U.S.C. §§ 1512(c)(2) and 231(a)(3), Counts Two and Three of the First Superseding Indictment also charge Defendants with violating those statutes, either as principals or under an aiding and abetting theory.  ECF No. 26 ¶¶ 69–72.  Defendants are alleged to have corruptly obstructed, influenced, and impeded an official proceeding, and aided and abetted others to do the same—that is, they allegedly "unlawfully entered the Capitol grounds

6

or the Capitol building to . . . stop, delay, and hinder Congress's certification of the Electoral College vote," and succeeded in doing so—in violation of 18 U.S.C. § 1512(c)(2). *Id.* ¶ 70. And as for the substantive 18 U.S.C. 231(a)(3) charge, Defendants purportedly "committed and attempted to commit an act to obstruct, impede, and interfere with law enforcement officers lawfully engaged in official duties incident to and during the commission of a civil disorder," and aided and abetted others to do the same. *Id.* ¶ 72. As alleged in the First Superseding Indictment, "the civil disorder obstructed, delayed, and adversely affected the conduct and performance of a federally protected function." *Id.*

Defendants are also charged with violating three other statutes. Count Five alleges that they unlawfully and knowingly entered and remained in a restricted building and grounds—*i.e.*, "any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President and Vice President-Elect were temporarily visiting"—without lawful authority to do so, in violation of 18 U.S.C. § 1752(a)(1). ECF No. 26 ¶ 76. Count Six charges them with "knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions," engaging in "disorderly and disruptive conduct in and within such proximity to" the same restricted building and grounds, in violation of 18 U.S.C. § 1752(a)(2). *Id.* ¶ 78. Finally, in Count Four, they are charged with willfully injuring and committing depredation against property of the United States, and aiding and abetting others to do so, in violation of 18 U.S.C. § 1361. *Id.* ¶ 74. Defendants, "together and with others known and unknown, aided and abetted others known and unknown to forcibly enter the Capitol," thus causing more than $1,000 in damage to the building. *Id.*

Defendant Nordean moved to dismiss the First Superseding Indictment. ECF No. 94. Defendants Biggs, Donohoe, and Rehl later joined the motion. ECF Nos. 105, 128, 225. Defendants

argue that the Section 1512(c)(2), Section 231(a)(3), and Section 1752 charges should be dismissed because the statutes do not apply to Defendants' alleged conduct, and if the statutes do apply, they are unconstitutional.  Defendants also contend that the Section 231(a)(3) and Section 1361 charges are otherwise inadequately alleged.

## II.    Legal Standard

Before trial, a criminal defendant may move to dismiss a count of the indictment based on a "defect in the indictment."  Fed. R. Crim. P. 12(b)(3)(B).  Defects can include "lack of specificity" and "failure to state an offense."  *Id*.  A "failure to state an offense" argument includes constitutional challenges to the statute creating the charged offenses.  *See United States v. Stone*, 394 F. Supp. 3d 1, 7 (D.D.C. 2019); *United States v. Seuss*, 474 F.2d 385, 387 n.2 (1st Cir. 1973).  When considering a challenge to the indictment, "a district court is limited to reviewing the *face of the indictment*"; the Court must "presume the allegations [in the] indictment to be true."  *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (internal quotation marks omitted).  "The operative question is whether [those] allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed."  *United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 107 (D.D.C. 2012).

## III.    Analysis

### A.    18 U.S.C. § 1512(c)(2)

Defendants first challenge the application of Section 1512(c)(2) to their alleged conduct both preceding January 6, 2021, and on that day.  In full, Section 1512(c) reads:

Whoever corruptly—

    (1) alters destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

    (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c).  According to Defendants, Section 1512(c)(2) does not apply here because Congress's certification was not an "official proceeding," and the phrase "otherwise obstructs, influences, or impedes" is limited to conduct like the destruction or alteration of documents and other records.  In addition, if the statute is not read as they propose, Defendants argue that it is vague as applied; contravenes the rule of lenity; conflicts with the novel-construction principle; and violates the First Amendment.  None of these arguments succeeds.

    **1.    Congress's Certification of the Electoral College Vote Was an "Official Proceeding" Under Section 1512(c)(2)**

Defendants start by arguing that Congress's certification of the Electoral College vote was not an "official proceeding" because it did not involve "Congress's implied power of investigation in aid of legislation but instead formalized the result of the 2020 U.S. Presidential election."  ECF No. 94 at 19 (internal quotation marks omitted).  The Court is not persuaded.

Section 1515 of title 18 defines terms used in Section 1512.  It specifically provides that "the term 'official proceeding' means," among other things, "a proceeding before the Congress." 18 U.S.C. § 1515(a)(1)(B).  Although the statute does not go further to define "proceeding," the dictionary does.  The term refers to "[t]he carrying on of an action or series of actions; action; course of action; conduct, behaviour."  *Proceeding*, def. 2a, Oxford English Dictionary (3d ed. 2021), *available at* https://www.oed.com.  Under that straightforward definition, Congress's certification was a "proceeding."  According to the Electoral Count Act of 1887, a Joint Session of the Senate and House of Representatives must convene at "the hour of 1 o'clock in the afternoon"

on "the sixth day of January succeeding every meeting of the electors."  3 U.S.C. § 15; *see also*

U.S. Const. art. II, § 1, cl. 3; U.S. Const. amend. XII.   And the Joint Session must follow specific

steps: the President of the Senate (the Vice President) must open the votes, hand them to two tellers

from each House, ensure the votes are properly counted, and then call for written objections, which

must be signed "by at least one Senator and one Member of the House of Representatives."

3 U.S.C. § 15.   Once any objections are "received and read," they must be "submitted" to both the

Senate and the House of Representatives for their decision.  *Id.*  "When the two Houses separate

to decide upon an objection . . . each Senator and Representative may speak to such objection or

question five minutes, and not more than once."  *Id.* § 17.   The presiding officer must end the

debate after two hours.  *Id.*  The Senate and House "concurrently may reject the vote or votes when

they agree that such vote or votes have not been so regularly given by electors whose appointment

has been so certified."  *Id.* § 15.   In sum, that the certification of the Electoral College vote consists

of these "series of actions" strongly suggests that is a "proceeding" under the statute.

That said, the Court agrees with the court in *United States v. Sandlin* that not everything

that falls under this general definition of "proceeding" qualifies as a Section 1515(a)(1)(B) "pro-

ceeding" because the phrase "before the Congress" suggests that the "proceeding" must involve

"some formal convocation" of the Legislative Branch.[1]  --- F. Supp. 3d ---- , 2021 WL 5865006,

---

[1] Defendants point out in a recent filing that the *Ramos* court stated that a proceeding "before" an
agency implies not just "some formal convocation of the agency" but one "in which parties are
directed to appear."  ECF No. 248 at 3.  They argue that this "defeats the [*Sandlin* court's] formality
per se definition" because "'parties' are by definition those opposed in an adjudicatory proceed-
ing."  *Id.*  But the Fifth Circuit's description of the relevant actors in an *agency* proceeding as
"parties" means little in the context of defining a "proceeding before the Congress."  Indeed, it is
hard to imagine how there would be ever "parties" to a "proceeding before the Congress" in the
sense Defendants describe—save for maybe an impeachment.  And while they were not "parties"
in the sense described by Defendants, the relevant actors here—Vice President Pence and the
members of Congress—were "directed to appear" by both statute and the Constitution.  3 U.S.C.
§ 15; *see also* U.S. Const. art. II, § 1, cl. 3; U.S. Const. amend. XII.

at *3 (D.D.C. Dec. 10, 2021) (internal quotation marks omitted) (quoting *United States v. Ramos*, 537 F.3d 439, 462–63 (5th Cir. 2008)).  But even so, Congress's certification makes the grade. Once again, the certification process mandated under the Constitution requires the Senate and House to "convene[]" in Joint Session.  ECF No. 26 ¶ 4; U.S. Const. art. II, § 1, cl. 3; U.S. Const. amend. XII.  And by statute, the Joint Session must happen on a specific day, at a precise time, in a particular location.  3 U.S.C. § 15.  For all these reasons, the certification is therefore a "series of actions" that requires "some formal convocation," making it a "proceeding before the Congress," 18 U.S.C. § 1515(a)(1)(B), and thus an "official proceeding," *id.* § 1512(c)(2).

Defendants argue that "official proceeding" refers to something more specific than a "series of actions" before a formally convened Congress.  In their view, an "official proceeding" must be in some sense adjudicative or judicial.  ECF No. 94 at 21.  But the text of the statute does not suggest such an interpretation.  To repeat, the law defines "official proceeding" simply as a "proceeding before the Congress."  18 U.S.C. § 1515.  And the cases Defendants cite are not very helpful for them in this context.  They address whether *other* activities—like FBI investigations— constitute *other* types of proceedings—like "a proceeding before a Federal Government agency which is authorized by law."  18 U.S.C. § 1515(a)(1)(C); *see* ECF No. 94 at 21–22 (discussing *United States v. Ermoian*, 752 F.3d 1165 (9th Cir. 2013)); ECF No. 105 at 3.

Besides, if Congress wanted to define "official proceeding" in a way that required something more like an adjudicative setting—rather than simply "a proceeding before the Congress"— it could have imported the language it used in 18 U.S.C. § 1505.  That section criminalizes obstruction of the "due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee

of the Congress." *Id.* But Congress did not do so, and courts presume that choice was intentional.[2] *See Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 391 (2015) ("Congress generally acts intentionally when it uses particular language in one section of a statute but omits it in another.").

And finally, even if an "official proceeding" had to be quasi-adjudicative or quasi-judicial in some way—a requirement missing from the plain text of the statute—because Congress's certification of the Electoral College vote has *some* of those features, it would pass the test. As explained above, it is a formal process. *See Ermoian*, 752 F.3d at 1170 ("[T]he descriptor 'official' indicates a sense of formality normally associated with legal proceedings[.]"); *United States v. Perez*, 575 F.3d 164, 169 (2d Cir. 2009) (concluding that an agency's "detailed process of review and decision-making" was "sufficiently formal" to qualify as an "'official proceeding'"). In addition, the Vice President, as President of the Senate, serves as "presiding officer" while the votes cast by Electors are counted. 3 U.S.C. § 15. As in a court of law, members of Congress may object, which in turn causes the Senate and House of Representative to separately consider and render their separate "decision[s]" on the objection." *Id.* Further, after the count is finished, the certification must end with a "result declared."[3] *Id.* § 16.

---

[2] If, as Defendants argue, ECF No. 248 at 4–5, there needed to be some sort of "clear[]" proof that Congress meant a "proceeding before the Congress" to be different from a proceeding before a different type of governmental body—*i.e.*, not necessarily adjudicative or investigatory—this choice would do the trick. *See, e.g.*, *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348, 1355 (2018) ("Congress's choice to depart from the model of a closely related statute is a choice neither we nor the agency may disregard.").

[3] Whether the Electoral Count Act is "interpreted as a hortatory House internal rule" or a statutory requirement, there is no question that it sets forth a list of official procedures. ECF No. 135 at 6. And that Congress has long followed those procedures—including on January 6, 2021— illustrates the formality of the certification process and why it qualifies as a "proceeding before the Congress." This Court need not, as Defendants argue, "answer nonjusticiable political questions" to come to these conclusions. *Id.* at 7.

### 2.     Section 1512(c)(2) Prohibits Conduct That Need Not Impair Evidence

Defendants next argue that Section 1512(c)(2) should be limited by the subsection that comes before it—*i.e.*, Section 1512(c)(1).   That section covers "corruptly . . . alter[ing], destroy[ing], multilat[ing] or conceal[ing] a record, document, or other object, or attempt[ing] to do so, with the intent to impair the object's integrity or availability for use in an official proceeding." 18 U.S.C. § 1512(c)(1).  Given Section 1512(c)(1)'s focus on the impairment of evidence, Defendants say, Section 1512(c)(2) should be construed to apply only to the same.  But that interpretation cannot be squared with Section 1512's statutory text or structure.

Section 1512(c)(2) prohibits conduct that "corruptly . . . obstructs, influences, or impedes" congressional proceedings.  Those verbs—"obstruct," "influence," and "impede"—cover a wide range of conduct.  "[O]bstruct" and "impede" can "refer to anything that blocks, makes difficult, or hinders."  *Marinello v. United States* 138 S. Ct. 1101, 1106 (2018) (cleaned up).  And "influence" includes "affect[ing] the condition of" or "hav[ing] an effect on." *Influence*, def. 1b, Oxford English Dictionary (3d ed. 2021), *available at* http://www.oed.com.  This language is plainly "expansive" in scope, *United States v. Burge*, 711 F.3d 803, 809 (7th Cir. 2013), and does not suggest a limitation along the lines Defendants propose.

The structure of the statute confirms Section 1512(c)(2)'s broad reach.  Section 1512(c)(1) focuses on the destruction of documents and other records.  *See* 18 U.S.C. § 1512(c)(1).  Section 1512(c)(2) follows, and applies to conduct that "*otherwise* obstructs, influences, or impedes." *Id.* § 1512(c)(2) (emphasis added).  The use of the word "otherwise" suggests that Section 1512(c)(2) was intended to target something different than (c)(1)—that is, conduct "beyond simple document destruction." *Burge*, 711 F.3d at 809; *see also United States v. Petruk*, 781 F.3d 438, 446–47 (8th Cir. 2015) (citing Webster's New World College Dictionary 1021 (4th ed. 2007), which defines

13

"otherwise" as "in another manner; differently").  In this way, Section 1512(c)(2) "operates as a catch-all."[4]  *Burge*, 711 F.3d at 809.

Consistent with this reading, at least one Court of Appeals has affirmed the application of Section 1512(c)(2) to obstructive conduct without requiring that conduct to have impaired evidence.  In *United States v. Phillips*, the Tenth Circuit upheld the application of Section 1512(c)(2) to a defendant's "disclos[ure] [of] the true identity of an undercover officer to a subject of" several investigations.  583 F.3d 1261, 1262 (10th Cir. 2009).  The court never mentioned the impairment of evidence or testimony.  It simply explained that "a reasonable jury could conclude that the natural and probable effect of" such disclosure "was impeding a federal grand jury investigation." *Id.* at 1265.  In fact, the court held, "a jury could find that [the defendant] had no purpose other than to thwart such an investigation."  *Id.*  Similarly, there is no reason to think that Section 1512(c)(2) does not apply to Defendants' conduct charged in the First Superseding Indictment, which was allegedly intended to "stop, delay, or hinder Congress's certification of the Electoral College vote," ECF No. 26 ¶ 27, even if it did not involve the impairment of evidence.

Defendants' argument that Section 1512(c)(2)'s scope is more limited leans primarily on the canon of statutory interpretation known as *ejusdem generis*, Latin for "of the same kind."  *Ass'n of Am. R. R. v. United States*, 603 F.2d 953, 963 n.28 (D.C. Cir. 1979).  That canon teaches that "'when a general term follows a specific one, the general term should be understood as a reference

---

[4] The Court need not turn to legislative history for guidance, given this unambiguous text.  *See Chamber of Commerce of U.S. v. Whiting*, 563 U.S. 582, 599 (2011) ("Congress's authoritative statement is the statutory text, not the legislative history." (quotation marks omitted)).  That said, the legislative history cited by Defendants does not conflict with the Court's interpretation of Section 1512(c)(2).  The comments of various Senators to which Defendants point address additional conduct Section 1512(c) would punish—*i.e.*, what "loopholes" it would close—but these comments do not suggest that Subsection (c)(2) is *limited* to those examples.  ECF No. 94 at 5–6.

to subjects akin to the one with specific enumeration.'"  *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 223 (2008) (quoting *Norfolk & Western R. Co. v. Train Dispatchers*, 499 U.S. 117, 129 (1991)).  But that canon has no force here.

*Yates v. United States*—a case in which a plurality of the Court applied *ejusdem generis*— illustrates why.  574 U.S. 528 (2015) (plurality opinion).  In that case, the Supreme Court considered the meaning of the term "tangible object" as it appeared in 18 U.S.C. § 1519, which punishes anyone who "knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter" before a federal department or agency. *Id.* at 531.  In concluding that "tangible object" does not cover "fish," a plurality of the Supreme Court applied the *ejusdem generis* canon and read "tangible object" in light of the terms preceding it.  *Id.* at 545–46.  The plurality reasoned that "[w]here general words follow specific words in a statutory enumeration, the general words are usually construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *Id.* at 545 (quotation marks omitted).  And Section 1519 lists first two specific things—"records" and "documents"—followed by "tangible object[s]," a more general term that encompasses both records and documents.  "Had Congress intended 'tangible object' . . . to be interpreted so generically as to capture physical objects as dissimilar as documents and fish, Congress would have had no reason to refer specifically to 'record' or 'document.'"  *Id.* at 546.  Indeed, other courts applying the canon have explained that when Congress uses "a list of specific items separated by commas and followed by a general or collective term," it signals that Congress "remained focused on [a] common attribute" when promulgating the statute.  *Ali*, 552 U.S. at 225; *see also Begay v. United States*, 553 U.S. 137 (2008) (applying *ejusdem generis* to a statute with a similar structure).

Section 1512(c)(2) is different than Section 1519 because it has no "list of specific items separated by commas and followed by a general or collective term." *Ali*, 552 U.S. at 225 (noting that the "absence of a list . . . undercuts the inference embodied in *ejusdem generis*"). Section 1512(c) has two separate clauses: Section 1512(c)(1) and Section 1512(c)(2). Section 1512(c)(1) refers to the destruction or manipulation of documents or other records. Then, set apart by a semicolon, and set off in different subsection, is the catch-all for all other efforts to obstruct an official proceeding—Section 1512(c)(2). The two subsections "have separate numbers, line breaks before, between, and after them, and equivalent indentation . . . placing the clauses visually on an equal footing." *Sandlin*, 2021 WL 5865006, at *6 (quoting *Loughrin v. United States*, 573 U.S. 351, 359 (2014)). Such "circumstances" suggest "separate meanings." *Id.*; *see also NACS v. Bd. of Governors of Fed. Rsrv. Sys.*, 746 F.3d 474, 486 (D.C. Cir. 2014) ("Even if punctuation is sometimes a minor element in interpreting the meaning of language, punctuation is often crucial. . . . After all, Congress communicates through written language, and one component of written language is grammar, including punctuation.").

Defendants also invoke the *noscitur a sociis* canon of statutory interpretation. *Noscitur a sociis* is the principle that "a word is known by the company it keeps." *Yates*, 574 U.S. at 543. The canon is used to "avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words, thus giving unintended breadth to the Acts of Congress." *Id.* (quoting *Gustagson v. Alloyd Co.*, 513 U.S. 561, 575 (1995)). Defendants point to the *Yates* plurality's use of this canon, along with *ejusdem generis*, to limit the meaning of the term "tangible object" in 18 U.S.C. § 1519. But once again, the plurality's reasoning is inapplicable here. In *Yates*, the plurality concluded that it would be "unnatural" to apply some verbs Congress used in Section 1519— "alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry"—to objects that

were not something like the records or documents specifically listed in the statute.  *Yates*, 574 U.S. at 544.  But while Section 1512(c)(1) employs verbs much like Section 1519, those in *Section 1512(c)(2)*—"obstruct[]," "influence[]," and "impede[]"—suggest no such limitation.

As for the potential for superfluity, admittedly, that gives the Court some pause.  But the "preference for avoiding surplusage constructions is not absolute."  *Lamie v. U.S. Tr.*, 540 U.S. 526, 536 (2004).  In fact, "overlap . . . is not uncommon in criminal statutes."  *Loughrin*, 573 U.S. at 358 n.4.  This Court agrees with the court in *Sandlin* that reading Section 1512(c)(2) to extend beyond the impairment of evidence does not "create[] *intolerable* overlap."[5]  2021 WL 5865006, at *7.  As that court explained*, "*a broad interpretation of [Section] 1512(c)(2) does not entirely subsume numerous provisions with[in] the chapter.  For instance, [Section] 1512(a)(1)(C), (a)(2)(C), (b)(3), and (d)(2)–(4) proscribe conduct unrelated to an 'official proceeding.'"  *Id.*  The same is true with Section 1505, which concerns congressional inquiries and investigations.  18 U.S.C. § 1505.  Defendants counter that these "sub-sub-sections" in Section 1512 are not "unconnected to an official proceeding" because they prohibit conduct that *could* affect an official proceeding.  ECF No. 248 at 10.  But that is a far cry from prohibiting conduct that *must* affect such a proceeding.[6]

---

[5] Defendants argue that the Supreme Court "has rejected the 'mere overlap' counter-canon in the context of 'catchall' provisions in obstruction statutes."  ECF No. 248 at 11–12.  But the cases they cite do not hold that any overlap is forbidden.  In fact, in one of the cases, the Court noted that "[s]ome overlap in criminal provisions is, of course, inevitable."  *Marinello*, 138 S. Ct. at 1107.

[6] As part of this argument, Defendants contend that a congressional inquiry or investigation would necessarily qualify as a "proceeding before the Congress."  ECF No. 248 at 11.  But as defined above—*i.e.*, a series of actions before a formally convened Congress—that is not necessarily so.

Thus, even if there is *some* overlap in these provisions without Defendants' limiting construction, it is still the better reading.  The "cardinal canon" to which "a court should always turn" to "first" is that "a legislature says in a statute what it means and means in a statute what it says there."  *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992); *see also Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 881 (2019) ("Redundancy is not a silver bullet. . . . Sometimes the better overall reading of the statute contains some redundancy.").  Reading Section 1512(c)(2) to include conduct unrelated to the impairment of evidence is most consistent with the text and structure of the statute, so the "'rule[] of thumb'" of trying to avoid superfluity when construing statutes must "give way."  *Sebelius v. Cloer*, 569 U.S. 369, 381 (2013) (quoting *Conn. Nat'l Bank*, 503 U.S. at 253–54).

### 3.      Section 1512(c)(2) Is Not Unconstitutionally Vague

Defendants next argue that Section 1512(c)(2) is unconstitutionally vague in several ways.  The "void for vagueness" doctrine prevents the enforcement of a criminal statute that is "so vague that it fails to give ordinary people fair notice of the conduct it punishes" or is "so standardless that it invites arbitrary enforcement."  *Johnson v. United States*, 576 U.S. 591, 595 (2015).  Courts "are not concerned with vagueness in the sense that the term 'requires a person to conform his conduct to an imprecise but comprehensible normative standard,' whose satisfaction may vary depending upon whom you ask."  *United States v. Bronstein*, 849 F.3d 1101, 1108 (D.C. Cir. 2017) (quoting *Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971)).  Indeed, the doctrine does "not doubt the constitutionality of laws that call for the application of a qualitative standard . . . to real-world conduct"; after all, "the law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree."  *Johnson*, 576 U.S. at 603–04 (quotation marks omitted).  "[T]erms

void for vagueness lack statutory definitions, narrowing context, or settled legal meanings." *Bronstein*, 849 F.3d at 1106 (internal quotation marks omitted) (quoting *United States v. Williams*, 553 U.S. 285, 306 (2008)).  As the D.C. Circuit has put it, "a statute's vagueness is either susceptible to judicial construction or is void for vagueness based on the application of traditional rules for statutory interpretation." *Id.*

Defendants argue that Section 1512(c)(2) is impermissibly vague in three ways.  First, they argue, the term "official proceeding" is vague if it is applied to Congress's certification.  Second, they say that applying the phrase "otherwise obstructs, influences, or impedes" to conduct other than the "impairment of evidence" is vague.  Finally, they assert that, as applied to them, the word "corruptly" renders the entire section vague.  They are wrong on all counts.

### a.    "Official proceeding"

To start, the term "official proceeding" is not vague as applied to Congress's certification of the Electoral College vote.  As explained above, an "official proceeding" is defined in the statute as a "proceeding before the Congress," 18 U.S.C. § 1515(a)(1)(B), and Congress's certification of the Electoral College vote qualifies as such.  That the statute has not been applied to Congress's certification before does not mean that someone of "ordinary intelligence" would not be forewarned of this application of the statute's plain language.  *Hill v. Colorado*, 530 U.S. 703, 732 (2000).  Nor does it signal that the statute invites arbitrariness.  Applying a straightforward reading of a statute to a novel set of facts is not "discriminatory."  ECF No. 94 at 26; *cf. United States v. Hammond*, 354 F. Supp. 3d 28, 47 (D.D.C. 2018) ("[A] court does not create a new rule if it only applies a general standard to yet another factual situation.") (quotation marks omitted).  At bottom,

applying this statute to new—even unprecedented—facts "does not, standing alone, render a statutory application so novel as to be unconstitutional for vagueness." *United States v. Harmon*, No. 19-cr-395 (BAH), 2021 WL 1518344, at *8 (D.D.C. Apr. 16, 2021).

### b.      "Otherwise obstructs, influences, or impedes"

The phrase "otherwise obstructs, influences, or impedes" is not vague as applied to Defendants' conduct for similar reasons.  As explained above, that language is best read broadly, not as constrained by the subsection preceding it.  And so read, "otherwise obstructs, influences, or impedes" plainly encompasses the conduct alleged here, even if no court has had the occasion to apply Section 1512(c)(2) to similar facts.

### c.      "Corruptly"

Defendants' vagueness argument centered on the term "corruptly" also fails.  They argue that because the D.C. Circuit found the term unconstitutionally vague in 18 U.S.C. § 1505 as applied to the defendant in *United States v. Poindexter*, 951 F.2d 369 (D.C. Cir. 1991), the Court must also find it infirm in Section 1512(c)(2) as applied to them.  The Court disagrees.

In *Poindexter*, the defendant was charged with violating Section 1505 by, among other things, lying to Congress.  Section 1505 bars "corruptly, or by threats or force, or by any threatening letter or communication influenc[ing], obstruct[ing], or impede[ing] or endeavor[ing] to influence, obstruct, or impede . . . the due and proper exercise of" Congress's "power of inquiry." 18 U.S.C. § 1505.  Poindexter argued that "the term 'corruptly' [was] too vague to provide constitutionally adequate notice that it prohibits lying to the Congress." *Poindexter*, 951 F.2d at 379.  The Circuit agreed.  The court explained that the term's dictionary definitions like "depraved, evil, immoral, wicked, and improper," did not clarify the word's meaning. *Id.* 378–79 (internal quotation marks omitted).  Nor did the statute's legislative history. *Id.* at 380–84.  Even so, the Court

did not declare "corruptly" unconstitutionally vague in all legal or factual contexts. *Id.* at 377–78, 385. In fact, it "approved" of one interpretation of the word as used in Section 1505. *United States v. Morrison*, 98 F.3d 619, 630 (D.C. Cir. 1996) (discussing *Poindexter*). The *Poindexter* court explained that Section 1505 "favors the transitive reading" of "corruptly"—*i.e.*, the word refers to "corrupting another" rather than "acting oneself 'in a corrupt or depraved manner.'" *Poindexter*, 951 F.2d at 379. Thus, the court approved of interpreting "corruptly" in Section 1505 to mean "'corrupting' another person by influencing him to violate his legal duty." *Id.* (emphasis removed). But because that interpretation did not cover lying to Congress, the court held that the word was still impermissibly vague as applied to Poindexter's conduct.

In the 30 years it has been on the books, courts have not applied *Poindexter* widely to render impotent the many obstruction statutes that use the word "corruptly." Rather, as other judges in this district pointed out recently, courts have recognized "the narrow reasoning used in *Poindexter*" and "cabined that vagueness holding to its unusual circumstances." *United States v. Edwards*, 869 F.3d 490, 502 (7th Cir. 2017) (citing cases); *see Sandlin*, 2021 WL 5865006, at *11; *United States v. Caldwell*, --- F. Supp. 3d ---- , 2021 WL 6062718, at *9 (D.D.C. Dec. 20, 2021). That trend could only have been reinforced by the Supreme Court's later decision in *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005). *See, e.g.*, *Edwards*, 869 F.3d at 502. There, in addressing the meaning of "corruptly" in Section 1512(b), the Supreme Court held that "corrupt" and "corruptly" were associated with "wrongful, immoral, depraved, or evil" behavior. *Arthur Andersen*, 544 U.S. at 705 (citing dictionaries). In that context, the Court suggested that the word meant "wrongdoing," without suggesting that it was unconstitutionally vague. *Id.* at 705–06 ("consciousness of wrongdoing" joins the meanings of "knowingly" and "corruptly" together); *see Edwards*, 869 F.3d at 502.

In any event, a key reason *Poindexter* does not control the outcome here is because of an important textual difference between Section 1505 and Section 1512(c):  Section 1512(c) favors an *intransitive* reading of the word "corruptly."   That is so because, unlike Section 1505, "corruptly" in Section 1512(c) is not linked to a "disjunctive series" of terms—"by threats," "[by] force," and "by any threatening letter or communication"—which are transitive and "take as their object a natural person."  *Poindexter*, 951 F.2d at 379.  Instead, "corruptly" in Section 1512(c) modifies two sets of open-ended verbs: "alter, destroy, mutilate, or conceal" and "obstruct, influence, or impede."  18 U.S.C. § 1512(c) (verb tense altered).   Under this structure, the focus of "corruptly" is how a defendant acts, not how he causes another person to act.[7]  As a result, "the concern that animated *Poindexter*—that a transitive reading of corruptly under [S]ection 1505 did not reach the making of false statements to Congress—is simply not present in this prosecution under [S]ection 1512(c)(2)."  *Caldwell*, 2021 WL 6062718, at *10.

For these reasons, *Poindexter* does not mandate that the Court hold Section 1512(c) unconstitutionally vague in this case.  And for those that follow, the Court finds that applying "corruptly" in Section 1512(c)(2) to Defendants' alleged conduct does not render the statute infirm in that way.  For these Defendants are alleged to have acted (1) intentionally and (2) wrongfully, in this case by unlawful means.

To begin with, the Court notes that the parties do not contest that Section 1512(c)—either through the term "corruptly" or otherwise—requires a defendant to specifically intend to obstruct, influence, or impede an official proceeding.  *See United States v. Delgado*, 984 F.3d 435, 452 (5th

---

[7] *Cf*. Kyle R. Taylor, Note, *The Obstruction of Justice Nexus Requirement After Arthur Andersen and Sarbanes-Oxley*, 93 Cornell L. Rev. 401, 423 (2008) ("[Section] 1512(c)(2) is intransitive—it applies to obstructive activity that the defendant directly performs, rather than obstructive activity that the defendant somehow encourages.").

Cir. 2021); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011) (to act "corruptly" is to

act "with an improper purpose" and "with the specific intent to subvert, impede or obstruct") (quot-

ing *United States v. Mintmire*, 507 F.3d 1273, 1289 (11th Cir. 2007)); *United States v. Gordon*,

710 F.3d 1124, 1151 (10th Cir. 2013) (same).  Some courts have held that the "nexus" requirement

in obstruction statutes—the requirement that "the obstructive conduct be connected to a specific

official proceeding"—is best understood as an articulation of this intent requirement.  *United

States v. Young*, 916 F.3d 368, 385 & n.12 (4th Cir. 2019) (citing cases); *see also United States v.

Hawkins*, 185 F. Supp. 3d 114, 127 (D.D.C. 2016).  But either way, the parties do not contest that

the statute requires a specific intent to obstruct.

Against that backdrop, the Court turns to the word "corruptly."  As Judge Silberman has

observed, that word must mean something more than an intent to obstruct when a statute like this

one criminalizes merely "influenc[ing]" a proceeding before the Congress.[8]  *See United States v.

North*, 910 F.2d 843, 942 (D.C. Cir. 1990) (Silberman, J., concurring in part and dissenting in

part), *withdrawn and superseded in part on reh'g*, 920 F.2d 940 (D.C. Cir. 1990).  The Supreme

---

[8] Unlike many other obstruction statutes, Section 1512(c)(2) covers not just judicial proceedings, but "proceeding[s] before the Congress." 18 U.S.C. § 1515(a)(1)(C).  And while there are "'very few non-corrupt ways to or reasons for intentionally obstructing a judicial proceeding,'" "[o]ne can imagine any number of non-corrupt ways in which an individual can intend to impede the work of an agency or congressional committee." *United States v. Russo*, 104 F.3d 431, 436 (D.C. Cir. 1997) (quoting *United States v. North*, 910 F.2d 843, 882 (D.C. Cir. 1990), *withdrawn and superseded in part on reh'g*, 920 F.2d 940 (D.C. Cir. 1990)).  On top of that, Section 1512(c) criminalizes merely "influenc[ing]" such a proceeding.  Whatever it means to be charged with "corruptly influencing" a proceeding before the Congress, "it must require more than merely acting with the purpose of influencing the congressional committee." *North*, 910 F.2d at 942 (Silberman, J., concurring in part and dissenting in part) (discussing the meaning of "corruptly" in Section 1505).  As Judge Silberman put it, "If attempting to influence a congressional committee by itself is a crime, we might as well convert all of Washington's office buildings into prisons.  Some might not think that such a bad idea, but I doubt that Congress so intended." *Id*.

23

Court in *Arthur Andersen* provided a starting point when it explained that "corrupt" and "corruptly" were associated with "wrongful, immoral, depraved, or evil" behavior.  *Arthur Andersen*, 544 U.S. at 705 (citing dictionaries).  True, the Circuit in *Poindexter* cautioned that words like "evil" and "immoral" offer no more specificity than "corrupt."  951 F.2d at 379.  But this Court agrees with the court in *Sandlin* that reading "corruptly" to mean "wrongfully" in this context does not present the same concerns.  2021 WL 5865006, at *12–13.  That is so because wrongfully provides another well-settled meaning applicable here: "contrary to law, statute, or established rule."  *Id.* at *13 (citing *Wrongful*, def. 3(a), Oxford English Dictionary (2d ed. 1989)).

Many courts have, in one way or another, applied this definition in the context of alleged obstructive conduct.  As some have noted, a defendant can act "wrongfully"—*i.e.*, "corruptly"—through either his means or his purpose.  *See Sandlin*, 2021 WL 5865006, at *11; *see also North*, 910 F.2d at 942–43 (Silberman, J., concurring in part and dissenting in part) ("[T]o say that someone corruptly endeavors to obstruct an inquiry might mean (1) that he does so with a corrupt purpose, or (2) that he does so by independently corrupt means, or (3) both.").  Here, the Court need not wade into Section 1512(c)'s application to corrupt purposes because "*independently criminal*" means qualify as corrupt.  *North*, 910 F.2d at 943.  Indeed, "[u]nlawful activities clearly fall within the meaning of 'corrupt' acts under any plain construction of the term."  *United States v. Bailey*,

72 F.3d 138 (Table), 1995 WL 716276, at *3 (10th Cir. Nov. 22, 1995).[9]  Even courts that have

not described "corruptly" specifically in terms of unlawful means have used similar definitions.[10]

      With this definition of "corruptly" in hand, the Court has little problem finding that the use

of the word "corruptly" does not render Section 1512(c)(2) unconstitutionally vague as applied to

Defendants, whose alleged conduct involved helping to plan and orchestrate the attack on the Cap-

itol.  The First Superseding Indictment charges Defendants with obstructing Congress's certifica-

tion of the Electoral College vote through means that involved: (1) willfully injuring and commit-

ting depredation against property of the United States, and aiding and abetting others to do so, in

violation of 18 U.S.C. § 1361; (2) unlawfully and knowingly entering and remaining in the Capitol

and its grounds without lawful authority to do so, in violation of 18 U.S.C. § 1752(a)(1); (3) know-

ingly, and with intent to impede and disrupt the orderly conduct of Government business and of-

ficial functions, engaging in disorderly and disruptive conduct in the Capitol and on its grounds,

in violation of 18 U.S.C. § 1752(a)(2); and (4) steps intending to obstruct law enforcement during

a civil disorder, in violation of 18 U.S.C. § 231(a)(3).  Defendants had fair notice that this conduct

---

[9] *Accord United States v. Erickson*, 561 F.3d 1150, 1160 (10th Cir. 2009) (noting the definition of "corruptly" as "[s]omething against law") (quoting *United States v. Ogle*, 613 F.2d 233, 238 (10th Cir. 1979)); *United States v. Liebo*, 923 F.2d 1308, 1312 (8th Cir. 1991) ("[A]n act . . . 'corruptly' done" is an act "done voluntarily and intentionally, and with a bad purpose of accomplishing either an unlawful end or result, or a lawful end or result by some unlawful method or means.") (cleaned up).

[10] For example, as noted above, in *Poindexter*, the D.C. Circuit "expressly approved of" reading "corruptly" in the transitive sense to mean "corrupting another person by influencing him *to violate his legal duty*."  *Morrison*, 98 F.3d at 630 (internal quotation marks omitted) (quoting *Poindexter*, 951 F.2d at 379); *see also Edwards*, 869 F.3d at 502 ("'transitive' corruption" includes trying "to persuade another person to lie when the other person has a legal duty to tell the truth") (cleaned up).  Thus, it follows that when used in the intransitive sense, "corruptly" can mean to violate one's *own* legal duty.  *See Hawkins*, 185 F. Supp. 3d at 126 (observing that the defendant could "be said to have acted 'corruptly'" under Section 1512(c)(2) because he "made false statements to FBI agents and the U.S. Attorney's Office in an attempt to influence the grand jury investigation").

was proscribed by Section 1512(c)(2).  And applying Section 1512(c)(2) to the facts alleged does not make it so standardless that it calls for discriminatory or arbitrary enforcement, either.  The statute requires (1) intent to obstruct, influence, or impede an official proceeding and (2) wrong-fulness, in this case, the use of unlawful means to do so.  These requirements provide the "minimal guidelines" necessary "to govern law enforcement."  *Kolender v. Lawson*, 461 U.S. 352, 358 (1983) (quoting *Smith v. Goguen*, 415 U.S. 566, 574 (1974)).

Arguing that the statute invites discriminatory enforcement, Defendants repeatedly point to charging decisions and plea deals related to other January 6 defendants, *see* ECF No. 226 at 12–13, and the uncharged protestors on the Capitol steps during Justice Kavanaugh's confirmation hearings, *see* ECF No. 113 at 13–16.  But neither provides evidence of vagueness.  Both merely show "the Executive's exercise of discretion over charging determinations."  *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 741 (D.C. Cir. 2016).  And "Supreme Court precedent teaches that the presence of enforcement discretion alone does not render a statutory scheme unconstitutionally vague."  *Kincaid v. Gov't of D.C.*, 854 F.3d 721, 729 (D.C. Cir. 2017); *see also United States v. Griffin*,  --- F. Supp. 3d ---- , 2021 WL 2778557, at *7 (D.D.C. July 2, 2021) (rejecting argument that defendant's prosecution was discriminatory given large numbers of similarly situated, un-charged individuals from January 6 and uncharged protestors at Justice Kavanaugh's confirmation hearings).  "As always, enforcement requires the exercise of some degree of police judgment, but, as confined, that degree of judgment here is permissible."  *Grayned v. City of Rockford*, 408 U.S. 104, 114 (1972).

### 4.    Applying Section 1512(c)(2) To Defendants Does Not Violate the Rule of Lenity

Defendants next claim that even if Section 1512(c)(2) is not unconstitutionally vague as applied, "any ambiguities in the statute should be resolved in [their] favor under the rule of lenity."

26

ECF No. 94 at 30.  The rule of lenity stands "for the principle that if a criminal statute is subject to multiple meanings, the court should resolve any ambiguity in favor of the defendant."  *United States v. Sun-Diamond Growers of Cal.*, 941 F. Supp. 1262, 1268 n.8 (D.D.C. 1996).  But the rule "only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended." *Barber v. Thomas*, 560 U.S. 474, 488 (2010) (cleaned up).  As explained above, Section 1512(c)(2) is not ambiguous after application the ordinary canons of statutory construction.  Thus, the rule of lenity does not apply.

### 5.    Applying Section 1512(c)(2) To Defendants Is Not a Novel Construction

Defendants also insist that applying Section 1512(c)(2) to the facts alleged here amounts to a novel construction of the statute in violation of due process, because no court has applied it to a proceeding like Congress's certification.  ECF No. 94 at 31–32.  Not so.  "[D]ue process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." *United States v. Lanier*, 520 U.S. 259, 266 (1997).  That is because when a court "unexpectedly broadens a statute which on its face had been definite and precise," that "judicial enlargement . . . , applied retroactively, operates precisely like an ex post facto law." *Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964).  True, no court has interpreted Section 1512(c)(2) to include the precise allegations made here.  But that does not mean that this reading "unexpectedly broadens" it.  *Id.*; *see also United States v. E-Gold, Ltd.*, 550 F. Supp. 2d 82, 101 (D.D.C. 2008) (rejecting argument "that because no court has ever construed Section 1960 to deem a business that does not transact in cash to be a money trans-mitting business, such a construction would be novel" and thus unconstitutional).  As discussed above, Section 1512(c)(2)'s application to the allegations in the First Superseding Indictment is

"fairly disclosed" by the text.  *Lanier*, 520 U.S. at 266.  Thus, the Due Process Clause does not require dismissal.

In advancing this argument, Defendants rely heavily on *Bouie*, but the statute addressed in that case is quite different than Section 1512(c)(2).  In *Bouie*, the Supreme Court considered a challenge to a South Carolina law that "was admirably narrow and precise."  378 U.S. at 351. Thus, the Court found, it "lull[ed] . . . potential defendant[s] into a false sense of security, giving [them] no reason even to suspect that" certain conduct could be "brought within it by an act of judicial construction."  *Id.* at 352.  In contrast, as described above, Section 1512(c)(2) is not "narrow" at all.  It sweeps broadly—punishing a host of "corrupt" conduct.  Thus, it hardly lulled Defendants into a false sense of security, giving them no reason to suspect that the conduct charged in the First Superseding Indictment was prohibited under Section 1512(c)(2).  *Id.*; *see also McDonald v. Champion*, 962 F.2d 1455, 1458–59 (10th Cir. 1992).

### 6.   Applying Section 1512(c)(2) To Defendants Does Not Violate the First Amendment

Finally, Defendants argue that, as applied to them, Section 1512(c)(2) violates the First Amendment.  According to Defendants, the statute's "incidental restriction on alleged First Amendment freedoms is . . . greater than is essential to the furtherance of" the Government's interest.  ECF No. 94 at 32 (quoting *United States v. O'Brien*, 391 U.S. 367, 377 (1968)).  But "to prevail on an as-applied First Amendment challenge," Defendants "must demonstrate that the statute is unconstitutional as applied to [their] particular expressive activity."  *United States v. Caputo*, 201 F. Supp. 3d 65, 71 (D.D.C. 2016).  The Court easily concludes that it is not.

The Court first turns to the threshold question of whether the conduct with which Defendants are charged is protected by the First Amendment at all.  *See Caputo*, 201 F. Supp. 3d at 71

(explaining that "[t]he Court must first assess whether [the defendant's] conduct is, in fact, expressive"); *see also Texas v. Johnson*, 491 U.S. 397, 403 (1989) ("We must first determine whether Johnson's burning of the flag constituted expressive conduct, permitting him to invoke the First Amendment in challenging his conviction.").  It is not.  Defendants are alleged to have "corruptly" obstructed, influenced, and impeded an official proceeding, and aided and abetted others to do the same—that is, they allegedly "unlawfully entered the Capitol grounds or the Capitol building to . . . stop, delay, and hinder Congress's certification of the Electoral College vote," and succeeded in doing so.  ECF No. 26 ¶ 70.  And more specifically, they are charged with conduct involving acts of trespass, depredation of property, and interference with law enforcement, all intended to obstruct Congress's performance of its constitutional duties.  No matter Defendants political motivations or any political message they wished to express, this alleged conduct is simply not protected by the First Amendment.  Defendants are not, as they argue, charged with anything like burning flags, wearing black armbands, or participating in mere sit-ins or protests.  ECF No. 94 at 33.  Moreover, even if the charged conduct had some expressive aspect, it lost whatever First Amendment protection it may have had.  *See Grayned*, 408 U.S. at 116 ("[W]here demonstrations turn violent, they lose their protected quality as expression under the First Amendment."); *Cameron v. Johnson*, 390 U.S. 611, 617 (1968) (government may punish physical obstruction); *Cox v. Louisiana*, 379 U.S. 536, 555 (1965) (The First Amendment does not allow a "group of demonstrators" to "insist upon the right to cordon off a street, or entrance to a public or private building, and allow no one to pass who did not agree to listen to their exhortations."); *United States v. Gregg*, 226 F.3d 253, 267-68 (3d Cir. 2000) ("Activities that injure, threaten, or obstruct are not protected by the First Amendment, whether or not such conduct communicates a message.").

Even assuming some aspect of Defendants' charged conduct warranted First Amendment protection, applying Section 1512(c)(2) to them still passes muster.  The Supreme Court has "held that when speech and nonspeech elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms."  *O'Brien*, 391 U.S. at 376 (cleaned up).  The Government has a weighty interest in protecting Congress's ability to function without "corrupt" interference, and that interest is unrelated to the suppression of free expression.  18 U.S.C. § 1512(c)(2). And here, given that Congress was convened in Joint Session to undertake one of its most solemn and important constitutional duties, that interest could hardly have been more important.  In addition, applying the statute to Defendants imposes no more than an incidental limitation on First Amendment freedoms, if even that.  In fact, by focusing on "corrupt" actions, the statute does not even reach free speech.  *See United States v. Thompson*, 76 F.3d 442, 452 (2d Cir. 1996) ("By targeting only such persuasion as is corrupt, Section 1512(b) does not proscribe lawful or constitutionally protected speech[.]") (cleaned up); *United States v. Jeter*, 775 F.2d 670, 679 (6th Cir. 1985) (statute limited to those who "corruptly endeavor to interfere with the due administration of justice . . . is clearly limited to . . . constitutionally unprotected and purportedly illicit activity").  Finally, the statute "leave[s] open ample alternative channels for communication of the information."  *Am. Libr. Ass'n v. Reno*, 33 F.3d 78, 88 (D.C. Cir. 1994) (*quoting Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)).  Quite obviously, there were many avenues for Defendants to express their opinions about the 2020 presidential election, or their views about how Congress should perform its constitutional duties on January 6, without resorting to the conduct with which they have been charged.

**B.**    18 U.S.C. § 231(a)(3)

Defendants next challenge the applicability and constitutionality of 18 U.S.C. § 231(a)(3).

Section 231(a)(3) prohibits "commit[ting] or attempt[ing] to commit any act to obstruct, impede,

or interfere with any fireman or law enforcement officer lawfully engaged in the lawful perfor-

mance of his official duties incident to and during the commission of a civil disorder." 18 U.S.C.

§ 231(a)(3).  But for the statute to apply, the "civil disorder" at issue has to in some way "obstruct[],

delay[], or adversely affect[] commerce or the movement of any article or commodity in commerce

or the conduct or performance of any federally protected function."  *Id*.  The First Superseding

Indictment alleges that the civil disorder at issue "obstructed, delayed, and adversely affected the

conduct and performance of a federally protected function."  ECF No. 26 ¶ 72.  Defendants say

these charges must be dismissed because the First Superseding Indictment does not identify any

adversely affected "federally protected function."  On top of that, Defendants claim that the statute

is both unconstitutionally vague and facially overbroad.  The Court disagrees.

> **1.    The First Superseding Indictment Identifies a Federally Protected Function That Was Obstructed, Delayed or Adversely Affected by a Civil Disorder**

According to Defendants, Congress's certification of the 2020 election is not a "federally

protected function," and because it is not, the First Superseding Indictment fails to identify one

affected by the events of January 6, 2021.  They are right on the former, but wrong on the latter.

To begin with, the Court agrees with Defendants that Congress's certification of the 2020

election was not a "federally protected function," for purposes of Section 231(a)(3).  A "federally

protected function" is defined in the statute as a "function, operation, or action carried out, under

the laws of the United States, by any department, agency, or instrumentality of the United States

or by an officer or employee thereof; and such term shall specifically include, but not be limited

to, the collection and distribution of the United States mails." 18 U.S.C. § 232(3).  The issue, then,

is whether the Congress is a "department, agency or instrumentality" for purposes of the statute. The Government argues it is a "department," ECF No. 133-1 at 13, but the Court disagrees.  That term is not defined in 18 U.S.C. § 232, but it is elsewhere in Title 18 as "one of the executive departments enumerated in section 1 of Title 5, unless the context shows that such term was intended to describe the executive, legislative, or judicial branches of government."  18 U.S.C. § 6. Of course, Congress is not an "executive department."  *Id*.  And the Court is unconvinced that the context here shows that the word "department" includes the legislative branch.  The Supreme Court has said that "fairly powerful" contextual evidence is needed to rebut the presumption that the term "department" has the ordinary meaning set forth in 18 U.S.C. § 6.  *Hubbard v. United States*, 514 U.S. 695, 700 (1995).  Like the statute in *Hubbard*, "there is nothing in the text of [Section 231(a)(3)], or in any related legislation, that even suggests—let alone 'shows'—that the normal definition . . . was not intended."  *Id*. at 701.  The only specific "federally protected function" the statute references is "the collection and distribution of the United States mails," which is carried out by the executive branch.  18 U.S.C. § 232(3).

The question of whether the First Superseding Indictment identifies a federally protected function under Section 231(a)(3) does not end there, though.  In the alternative, the Government argues that the United States Secret Service's protection of the Vice President and Vice President-elect on January 6 is also a federally protected function.  ECF No. 133-1 at 15.  And here, the Government is on firmer ground.  Unlike Congress, the Secret Service is plainly an executive department.  It is part of the Department of Homeland Security, which is one of the "executive departments enumerated in section 1 of Title 5." 18 U.S.C. § 6; *see* 5 U.S.C. § 101; 18 U.S.C. § 3056.  Further, the Court has no trouble concluding that the Secret Service's statutorily prescribed responsibility to protect the Vice President and Vice President-elect, 18 U.S.C. § 3056(a)(1), both

of whom the First Superseding Indictment describes as present at the Joint Session on January 6, *see* ECF No. 26 ¶ 17, counts as a function carried out "under the laws of the United States," 18 U.S.C. § 232(3).

Defendants counter that interpreting "federally protected function" to include the actions of federal law enforcement officers like the Secret Service would write the term "federally protected function" out of the statute. ECF No. 135 at 26. They argue that, under that reading, "the 'law enforcement officers' referenced in the statute would constitute both the entities *protecting* the 'function' adversely affected by the civil disorder but also the 'federally *protected* function at the same time.'" ECF No. 113 at 30; *see also* ECF No. 135 at 26. But that is not necessarily so. For instance, here, the federally protected function with which the civil disorder interfered was the Secret Service's statutorily required protection of the Vice President and Vice President-elect. But the statute prohibits a defendant from obstructing any "law enforcement officer" performing official duties "incident to and during" the civil disorder, which in this case would also include the members of the Capitol Police and Metropolitan Police Department who responded to the Capitol and its grounds that day.[11] ECF No. 26 ¶ 23. And even if Defendants are right in some cases, that

---

[11] Defendants also rely on *United States v. Rupert*, No. 20-cr-104 (NEB/TNL), 2021 WL 1341632 (D. Minn. Jan. 6, 2021) (Report & Recommendation), *adopted*, 2021 WL 942101 (D. Minn. Mar. 12, 2021), for the proposition that a "federally protected function" cannot include the efforts of federal law enforcement officers. Defendants claim that, in *Rupert*, the court "reject[ed] [the] government's argument that it could simply point to law enforcement officers interfered with during a civil disorder to satisfy the 'federally protected function' element." ECF No. 135 at 24–25. But there, the Government did not argue that federal law enforcement officers were engaging in any action that constituted a federally protected function beyond responding to the civil disorder— like the Secret Service was here. *Rupert*, 2021 WL 1341632, at *17. And in any event, the court did not have to address the merits of this issue in *Rupert*. In response to the defendant's motion to dismiss in that case, the Government essentially abandoned its "federally protected function" theory and instead argued that the civil disorders interfered with commerce. *Id.* ("[T]he Government did not address Defendant's federally-protected-function argument at all."). Thus, the Court found the Government's federally-protected-function argument moot. *Id.*

does not make the term "federally protected function" a nullity.  "Language in a statute is not rendered superfluous merely because in *some* contexts that language may not be pertinent."  *United States v. Turkette*, 452 U.S. 576, 583 n.5 (1981) (emphasis added).

Besides, "no canon of construction justifies construing the actual statutory language beyond what the terms can reasonably bear."  *Pub. Citizen, Inc. v. Rubber Mfrs. Ass'n*, 533 F.3d 810, 816 (D.C. Cir. 2008) (cleaned up).  Defendants effectively ask the Court "to do just that, by adding words that are not in the statute that the legislature enacted," *id.* at 816–17—*i.e.*, that "[t]he term 'federally protected function' means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States [*except law enforcement agencies*]."  That construction makes no sense, especially given that "department" includes the Department of Defense, the Department of Justice, and the Department of Homeland Security—all of which include component law enforcement agencies.  *See* 5 U.S.C. § 101; 18 U.S.C. § 6 (defining "department" as any executive department in 5 U.S.C. § 101).

Finally, the Court's construction of "federally protected function" is nothing new, even if cases interpreting the phrase are scarce.  For example, in *United States v. Dodge*, the Eighth Circuit described law enforcement officers responding to a civil disorder on a federal enclave as "engag[ing] in a federally-protected function."  538 F.2d 770, 780 (8th Cir. 1976).  And a district court in Nevada upheld a conviction under Section 231(a)(3) for interfering with agents from the Federal Bureau of Investigation when they responded to the occupation of a reservation; according to that court, both the "investigating of reported crimes and the operation of the post office were federally protected functions."  *United States v. Jaramillo*, 380 F. Supp. 1375, 1377–78 (D. Neb. 1974).  Defendants try to distinguish these cases by pointing out that they occurred on American Indian reservations.  ECF No. 135 at 27–28.  But regardless of the location, these courts still concluded

that the efforts of federal law enforcement agencies qualified as federally protected functions under the statute.[12]

### 2.    Section 231(a)(3) Is Not Unconstitutionally Vague or Overbroad

Defendants also attack to the constitutionality of Section 231(a)(3), arguing that it is both vague and facially overbroad.[13]  Neither argument succeeds.  As explained above, a statute is impermissibly vague if it either (1) "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or (2) "authorizes or even encourages arbitrary and discriminatory enforcement."  *Hill*, 530 U.S. at 732 (citing *City of Chicago v. Morales*, 527 U.S. 41, 56-57 (1999)).

Section 231(a)(3) does not carry the potential for misunderstanding or arbitrary enforcement like the statutes in the cases Defendants cite.  It prohibits any "act" done "to obstruct, impede, or interfere" with law enforcement responding to a "civil disorder."  18 U.S.C. 231(a)(3).  These terms are not "dependent on the subjective reaction of others," ECF No. 94 at 43—as with others like "annoying," *Coates*, 402 U.S. at 611, "unjust or unreasonable," *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 86 (1921), or "indecent," *Williams*, 553 U.S. at 306.  Indeed, there are

---

[12] Defendants also argue that adopting this interpretation creates a "Fifth Amendment[] present-ment" issue because "it is almost surely the case" that the Secret Service's actions were not "presented to the Grand Jury."  ECF No. 135 at 27.  But "if the facts alleged in the indictment warrant an inference that the jury found probable cause to support all the necessary elements of the charge, the indictment is not fatally deficient on Fifth Amendment grounds."  *Sunia*, 643 F. Supp. 2d at 78 (quoting *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998)).  While the Secret Service's protection of the Vice President and Vice President-elect at the Capitol on January 6 is "perhaps not explicitly alleged in the indictment," it is "necessarily implied by" the allegations that the Vice President and Vice President-elect were present at the Joint Session.  *Id.*; ECF No. 26 ¶¶ 17, 21; *see also United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 860 (7th Cir. 1998) ("The indictment must be 'read to include facts which are necessarily implied' and 'construed according to common sense.'") (quoting *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993)).

[13] Throughout briefing, Defendants seem to conflate "vagueness" and "overbreadth."  The two doctrines, however, are "distinct."  *United States v. Hite*, 896 F. Supp. 2d 17, 21 (D.D.C. 2012).  Thus, the Court addresses each argument separately.

specific fact-based ways to determine whether a "defendant's conduct interferes with or impedes others," or if a law enforcement officer is performing his official duties "incident to and during" a civil disorder.  ECF No. 94 at 44.  Plus, this Court must consider vagueness "as applied to the particular facts at issue, for a [defendant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applies to the conduct of others."  *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010) (cleaned up).  The First Superseding Indictment alleges that Defendants schemed to "evade detection by law enforcement on January 6," and they themselves charged over metal barriers and past law enforcement officers toward the Capitol that day.  ECF No. 26 ¶¶ 28, 55–61.  "This alleged conduct would fit within the type of conduct prohibited by [Section] 231(a)(3).  The statute sufficiently gives th[ese] defendant[s] notice of the conduct it prohibits."  *United States v. Phomma*, No. 20-cr-465 (JO), 2021 WL 4199961, at *6 (D. Or. Sept. 15, 2021).

Defendants' overbreadth argument fares no better.  "[I]n a facial challenge to the overbreadth . . . of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct."  *City of Houston, Tex. v. Hill*, 482 U.S. 451, 458 (1987) (quoting *Hoffman Estates v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982)).  "[T]he mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge."  *Members of the City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984).  A defendant must show "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court."  *Id.* at 801.  "Rarely, if ever, will an overbreadth challenge

succeed against a law or regulation that is not specifically addressed to speech or to conduct necessarily associated with speech (such as picketing or demonstrating)."  *Virginia v. Hicks*, 539 U.S. 113, 124 (2003).

Section 231(a)(3) "applies to persons who commit or attempt to commit 'any act to obstruct, impede, or interfere' with law enforcement or firefighters.  The words 'any act' imply that the statute is directed towards conduct, not speech."  *Phomma*, 2021 WL 4199961, at *5.  In fact, Section 231(a)(3) does not even mention speech, and it simply does not prohibit peaceful expression or association.  For these reasons, several courts have rejected arguments that Section 231(a)(3) is overbroad on its face.[14]  *See id.*; *United States v. Howard*, No. 21-cr-28 (PP), 2021 WL 3856290, at *11–12 (E.D. Wis. Aug. 30, 2021); *United States v. Wood*, No. 20-cv-56 (MN), 2021 WL 3048448, at *8 (D. Del. July 20, 2021); *United States v. Mechanic*, 454 F.2d 849, 852 (8th Cir. 1971); *see also United States v. Hoffman*, 334 F. Supp. 504, 509 (D.D.C. 1971) (rejecting First Amendment challenge to Section 231(a)(3)).  For the same reasons, this Court joins them.[15]

---

[14] Defendants also argue that the Section 231(a)(3) charges against them must be dismissed because they are not alleged to have committed violent acts, and the statute only reaches such acts. In doing so, they rely on *United States v. Mechanic*, in which they say the Eighth Circuit found that Section 231(a)(3) "applies only to violent physical acts." 454 F.2d 849, 852 (8th Cir. 1971). But at least one court has found that to be a misreading of *Mechanic*.  In *United States v. Howard*, the court explained that "[i]t appears that the Eighth Circuit was considering the specific 'acts' committed by the defendants in that case . . . when it referenced 'violent acts.'" No. 21-cr-28 (PP), 2021 WL 3856290, at *11 (E.D. Wis. Aug. 30, 2021).  In any event, there is no basis in the text of the statute for such a limitation.  The Court "conclude[s] that the statute is targeted primarily if not exclusively at conduct, *whether violent or not*." *Phomma*, 2021 WL 4199961, at *5 (emphasis added); *Howard*, 2021 WL 3856290, at *11 ("Section 231(a)(3) criminalizes *acts*—violent or otherwise—not speech."); *United States v. Wood*, No. 20-cv-56 (MN), 2021 WL 3048448, at *7 (D. Del. July 20, 2021) ("Although it may be likely that violent conduct will be at issue with a defendant charged under the statute, it is possible for nonviolent acts to also fall within the statute's prohibition.").

[15] In a recent filing, Defendants bring to the Court's attention the Northern District of Florida's decision in *Dream Defenders v. DeSantis*, --- F. Supp. 3d ---- , 2021 WL 4099437 (N.D. Fla. 2021).

C.      18 U.S.C. § 1752

Defendants argue that they could not have violated Section 1752 without entering an area restricted by the Secret Service, and the First Superseding Indictment does not allege that the Secret Service restricted either the Capitol or its grounds on January 6. ECF No. 94 at 46. They are right that the First Superseding Indictment alleges that the United States Capitol Police Board "closed" the area. ECF No. 26 ¶ 15. And the Government does not argue that any law enforcement agency other than the Capitol Police restricted the area. *See* ECF No. 106 at 32–36. But Defendants are wrong that the Secret Service must have restricted the Capitol building and its grounds for

---

That case does not change the Court's conclusion that Section 231(a)(3) is neither vague nor overbroad. In *Dream Defenders*, the court found that the plaintiffs were likely to succeed in showing that a new Florida law was unconstitutionally vague and overbroad. *Id.* at *28–29. That law defines rioting in part as "willfully participat[ing] in a violent public disturbance involving an assembly of three or more persons, acting with a common intent to assist each other in violent and disorderly conduct." § 870.01(2), Fla. Stat. (2021). As Defendants point out, "civil disorder" in Section 231(a)(3) is defined using some of the same words: "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1). But there the similarities end. Most obviously, relevant to a vagueness analysis, the language from the Florida law defines the behavior the statute prohibits, unlike the definition of "civil disorder" in Section 231(a)(3), which is only a part of the broader statute. And Section 231(a)(3)'s definition of civil disorder does not use the same "violent public disturbance" phrase found in the Florida law, which the court in *Dream Defenders* thought left unclear how and when violence needed to be involved. *See* 2021 WL 4099437, at *21 ("Is a violent public disturbance a peaceful protest that later turns violent? Is it a protest that creates an imminent risk of violence?"). "Civil disorder" in Section 231(a)(3) is defined explicitly as "involving" affirmative "acts of violence." 18 U.S.C. § 232(1). As for overbreadth, Section 231(a)(3) does not criminalize "participat[ing]" in a civil disorder, which could "consume[] vast swaths of core First Amendment speech." 2021 WL 4099437, at *29. It prohibits "act[s]" that "obstruct, impede, or interfere," which do not. 18 U.S.C. § 231(a)(3); *see also Dream Defenders*, 2021 WL 4099437, at *29 (distinguishing Florida riot law from those that criminalize "disobeying a lawful order, . . . obstructing justice, [and] . . . actively joining in violent or destructive conduct").

Section 1752 to apply.  As several other courts in this district have already found, the statute im-
poses no such requirement.  *See, e.g.*, *Griffin*, 2021 WL 2778557, at *2; *United States v. Caldwell*,
No. 21-cr-28 (APM), ECF No. 415 (D.D.C. Sept. 14, 2021).

Section 1752 prohibits "knowingly enter[ing] or remain[ing] in any restricted building or
grounds without lawful authority to do so," as well as "knowingly" and intentionally "engag[ing]
in disorderly or disruptive conduct in, or within such proximity to, any restricted building or
grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Gov-
ernment business or official functions."  18 U.S.C. § 1752(a)(1)–(2).  The statute defines "re-
stricted building or grounds" to include "any posted, cordoned off, or otherwise restricted area . . .
of a building or grounds where the President or other person protected by the Secret Service is or
will be temporarily visiting."  *Id*. § 1752(c)(1)(B).  Thus, "someone can violate the statute by
knowingly 'entering without lawful authority to do so in any posted, cordoned off, or otherwise
restricted area of a building or grounds where a person protected by the Secret Service is or will
be temporarily visiting.'"  *Griffin*, 2021 WL 2778557, at *3 (quoting *Wilson v. DNC Servs. Corp*.,
417 F. Supp. 3d 86, 98 (D.D.C. 2019), *aff'd,* 831 F. App'x 513 (D.C. Cir. 2020)).

At bottom, nothing in the statute's text dictates that the Secret Service must restrict the area
at issue.  The statute's focus is on *where* a defendant enters, not *who* does the restricting.  Indeed,
"Section 1752 says nothing about who must do the restricting."  *Griffin*, 2021 WL 2778557, at *4.
And "the only reference in the statute to the Secret Service is to its protectees."  *Id*.  Thus, the
statute is not ambiguous as to who may restrict an area under it.  ECF No. 113 at 35–36; *see also*
*Griffin*, 2021 WL 2778557, at *4 ("Just because Congress left this part of the statute open-ended
does not mean any word or phrase is ambiguous or that the statute is inoperable unless the Court
fills in the blank.").  And given the "straightforward" text of the statute, "there is no reason to

resort to legislative history" to discern its meaning on this point.  *United States v. Gonzales*, 520 U.S. 1, 6 (1997).

None of Defendants' other arguments that the statute requires the Secret Service to do the restricting are persuasive, either.  First, the "absurdities" of which Defendants warn amount to nothing.  The Court in *Griffin* already rejected the notion that this interpretation would allow the Postal Service to "resolve[], unilaterally, that the 'restricted area' of the White House should extend from the State Department to the west, and to the E. Barrett Prettyman U.S. Courthouse, to the east." ECF No. 94 at 47.  "The USPS could not extend the 'restricted area' to indefinite bounds because then it would no longer be an area 'of the White House or its grounds.'"  *Griffin*, 2021 WL 2778557, at *5.  For a similar reason, if a "Secret Service protectee . . . is 'temporarily visiting' a place[,] . . . any local police unit could" not "decide to extend the 'restricted area' to 20 blocks" around the protectee.  ECF No. 113 at 35 (internal citation omitted).   "[U]nder [Section] 1752(c)(1)(B), the restricted area could never encompass an area wider than the building or grounds where the Secret Service protectee was present."  *Griffin*, 2021 WL 2778557, at *5.

Second, the statute is not unconstitutionally vague such that Defendant's preferred construction is necessary.[16]  The text is clear and gives fair notice of the conduct it punishes, and it is not standardless enough to invite arbitrary enforcement.  Put simply, "[t]his law is no trap awaiting the unwary."  *Griffin*, 2021 WL 2778557, at *6.  On top of that, the First Superseding Indictment

---

[16] Defendants' vagueness arguments are no more persuasive when focused on Section 1752(a)(2) specifically.  That subsection concerns "disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds."  18 U.S.C. § 1752(a)(2).  Defendants claim that "within such proximity to" is unconstitutionally vague.  ECF No. 94 at 51.  But the First Superseding Indictment alleges that Defendants were *in* the restricted area.  ECF No. 26 ¶¶ 59–68, 78.  So whatever "fuzzy boundary standard[]" that phrase may introduce is irrelevant here.  ECF No. 94 at 52.

alleges that the Capitol grounds were restricted in a highly visible way, by being cordoned off by metal barricades and a row of Capitol Police officers.  ECF No. 26 ¶¶ 54–56, 58.

Third, neither the rule of lenity nor the "novel construction principle" require the Secret Service to have restricted the area in question.  For both doctrines "the touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal."  *Lanier*, 520 U.S. at 267.  As explained above, lenity only comes into play "when a court has exhausted all canons of statutory construction" but ambiguity remains.  *Griffin*, 2021 WL 2778557, at *6.  And the novel construction principle "applies only where the judicial 'construction unexpectedly broadens a statute which on its face had been definite and precise.'"  *E-Gold, Ltd.*, 550 F. Supp. 2d at 101 (quoting *Bouie*, 378 U.S. at 353).  Here, the statute is not ambiguous, nor does applying it to Defendants' alleged conduct unexpectedly broaden it.

### D.    The First Superseding Indictment Otherwise Adequately Alleges Violations of 18 U.S.C. §§ 231(a)(3) and 1361

Finally, Defendants argue that the First Superseding Indictment does not state offenses under Section 231(a)(3) and Section 1361 because it includes no relevant "specific acts or circumstances."  ECF No. 94 at 55.  Once again, the Court disagrees.  Under Federal Rule of Criminal Procedure 7(c)(1), an indictment need be only "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  And the constitutional requirements are twofold:  first, the indictment must "contain the elements of the offense charged and fairly inform a defendant of the charge against which he must defend," and, second, it must allow the defendant "to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *United*

*States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (cleaned up).  The First Superseding Indictment satisfies these requirements for both the civil disorder charges and the destruction of government property charges.

The Court explained why the Section 231(a)(3) charges hold up when it denied Nordean's motion for a bill of particulars.  *See* ECF No. 138.  As explained there, "[t]he First Superseding Indictment specifies in great detail how [Defendants] are alleged to have" "'commit[ted] or attempt[ed] to commit any act to obstruct, impede, or interfere with'" a "'law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects . . . the conduct or performance of any federally protected function,'" either as a principal or under an aiding and abetting theory.  *Id.* at 4–5 (ellipses in original) (quoting 18 U.S.C. § 231(a)(3)); *see also id.* at 5 (detailing allegations related to civil disorder charges).  These allegations meet the standards above, which the Court notes do not require the Government to disclose all its evidence or *how* it will prove its case.

The Section 1361 charge also passes muster.  The First Superseding Indictment alleges that "[o]n January 6, 2021," Defendants "attempted to, and did, willfully injure and commit depredation against property of the United States, and did aid and abet other known and unknown to do so."  ECF No. 26 ¶ 74.  It also charges that Defendants "together and with others known and unknown, aided and abetted others known and unknown to forcibly enter the Capitol and thereby caused damage to the building in an amount more than $1,000."  *Id.*  And the Section 1361 count incorporates earlier paragraphs in the document, which include allegations that a Capitol building "door was opened after a Proud Boys member, Dominic Pezzola, charged elsewhere, used a riot shield at 2:13 p.m. to break a window that allowed rioters to enter the building and force open an

adjacent door from the inside." *Id.* ¶ 62.  These allegations, taken together and with the rest of the First Superseding Indictment, are enough to withstand a motion to dismiss.

None of this is to say that the First Superseding Indictment is a model of clarity on Section 1361.  It does not specifically allege, as the Government has since represented in response to Nordean's motion for a bill of particulars, that the depredation at issue "was Pezzola's breaking of the Capitol window."  ECF No. 138 at 7.  As the Court noted in denying the motion, that is information it would have required the Government to provide in a bill of particulars had it not already done so.  *Id.*  But the First Superseding Indictment is not deficient just because it lacks this information.  *See United States v. Brantley*, 461 F. App'x 849, 852 (11th Cir. 2012) ("The sufficiency of the indictment was also not undermined by the filing of a more detailed bill of particulars.").  Dismissal is required only when an omitted fact "is a material element of the offense." *United States v. Thomas*, 444 F.2d 919, 922 (D.C. Cir. 1971).  And the identification of the exact property depredated is not that.  Nor does guilt "depend so crucially upon" that clarification.  *Resendiz-Ponce*, 549 U.S. at 110 (cleaned up).  The First Superseding Indictment alleges the required facts here.  *See United States v. Conlon*, 628 F.2d 150, 156 n.33 (D.C. Cir. 1980) ("There is a difference . . . between failing to state an element of the offense and being less specific than one could be in spelling out the acts that constitute the offense.").

## IV.   Conclusion

For all the above reasons, the Court will deny Defendants' motion to dismiss.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 28, 2021

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| UNITED STATES OF AMERICA, |
| |
| v. |
| |
| ETHAN NORDEAN et al., |
| |
| *Defendants.* |

Criminal Action No. 21-175 (TJK)

**ORDER**

For the reasons set forth in the Court's accompanying Memorandum Opinion, it is hereby

**ORDERED** that Defendants' Motions to Dismiss, ECF Nos. 434, 437, 439, 440, 442, 443, and

473, are **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 11, 2022

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

ETHAN NORDEAN et al.,

*Defendants*.

Criminal Action No. 21-175 (TJK)

<u>**MEMORANDUM OPINION**</u>

Defendants Ethan Nordean, Joseph R. Biggs, Zachary Rehl, Enrique Tarrio, and Dominic J. Pezzola are charged with various conspiracy and other offenses in connection with the attack on the U.S. Capitol on January 6, 2021.  Nordean and Rehl have moved to dismiss various counts in the Third Superseding Indictment, particularly the newly added charges of seditious conspiracy, in violation of 18 U.S.C. § 2384, and conspiracy to prevent a United States officer from exercising his or her duties, in violation of 18 U.S.C. § 372.  Biggs, Tarrio, and Pezzola join them.  Pezzola has also moved to dismiss a count that charges him with robbing a riot shield from a Capitol Police officer under 18 U.S.C. § 2112.[1]  For the following reasons, the Court will deny the motions.

I.      **Background**

Defendants are associated with the Proud Boys organization, charged with playing leadership or planning roles in the attack on the U.S. Capitol on January 6, 2021.  In December 2021, the Court denied Defendants' motion to dismiss the First Superseding Indictment ("FSI").  *See United States v. Nordean*, 579 F. Supp. 3d 28, 62 (D.D.C. 2021) ("*Nordean I*").  Since then,

---

[1] To keep track of the various motions, the Court will refer to the defendant who made each argument throughout.  For example, the Court will refer to "Nordean" when discussing ECF No. 434.  But the Court's rulings apply to all defendants who joined the relevant motion.

the grand jury has returned two more superseding indictments, including the operative Third Superseding Indictment in June 2022.  ECF No. 380 ("TSI").

The Court assumes familiarity with the factual background related to these charges, as set forth in *Nordean I.  See* 579 F. Supp. 3d at 37–40.  But the TSI reflects some changes since then: As compared to the FSI, the TSI includes both Tarrio and Pezzola as defendants and omits Charles Donohoe, who pleaded guilty to violations of 18 U.S.C. §§ 1512(k) and 111(a) on April 8, 2022. *See* ECF No. 335.  It also adds new charges for seditious conspiracy under 18 U.S.C. § 2384 (Count 1) and conspiracy to prevent a federal officer from discharging his duties under 18 U.S.C. § 372 (Count 4).  Specifically, Count 1 alleges Defendants knowingly conspired "to oppose by force the authority of the Government of the United States and by force to prevent, hinder, and delay the execution of [a] law of the United States," that is, the Twelfth Amendment to the U.S. Constitution and the Electoral Count Act, 3 U.S.C. § 15.  TSI ¶¶ 26–27.  And Count 4 charges that they knowingly conspired "to prevent by force, intimidation, and threat . . . Members of the United States Congress and law enforcement officers" from discharging the "duties of [an] office, trust, and place of confidence under the United States" and to, by the same means, induce members of Congress and law enforcement "to leave the place where their duties as officers were required to be performed."  *Id.* ¶ 114.

Nordean moves to dismiss Counts 1, 4, 7, 8, and 9.  In the alternative, he requests a bill of particulars on every count but Count 6, which charges destruction of government property in violation of 18 U.S.C. § 1361.  Rehl moves to dismiss all counts on First Amendment and Presentment Clause grounds and to dismiss Counts 1 through 4 for more targeted reasons.  Pezzola moves to dismiss his robbery charge in Count 10.  The parties devote most of their briefing to

Counts 1 and 4. Thus, the Court begins there and then tackles the various other grounds Defendants argue for dismissal.[2]

## II.     Legal Standard

Before trial, a criminal defendant may move to dismiss a charge based on a "defect in the indictment." Fed. R. Crim. P. 12(b)(3)(B). One such defect is "failure to state an offense." *Id*. When considering such a challenge, "a district court is limited to reviewing the *face* of the indictment" and must assume the indictment's allegations are true. *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (cleaned up). "The operative question is whether [those] allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *United States v. Sanford, Ltd*., 859 F. Supp. 2d 102, 107 (D.D.C. 2012). Courts also treat constitutional challenges to the statute on which a charge is based as a claim for failure to state an offense. *See United States v. Stone*, 394 F. Supp. 3d 1, 7 (D.D.C. 2019); *United States v. Seuss*, 474 F.2d 385, 387 n.2 (1st Cir. 1973).

## III.    Analysis

### A.     Count 1 States an Offense Under 18 U.S.C. § 2384

Nordean and Rehl both move to dismiss Count 1, which charges Defendants with seditious conspiracy under 18 U.S.C. § 2384. Specifically, Count 1 alleges that Defendants knowingly conspired "to oppose by force the authority of the Government of the United States and by force to prevent, hinder, and delay the execution of any law of the United States." TSI ¶ 26. The TSI further alleges that "[t]he purpose of the conspiracy was to oppose the lawful transfer of

---

[2] In a footnote, Nordean also moves to dismiss Counts 2, 3, and 5 and to dismiss the TSI on Sixth Amendment Speedy Trial grounds. ECF No. 434 at 40 n.7. He does so only to preserve arguments this Court has already rejected, *see id*., and which the Court now does again for the same reasons, *see generally Nordean I*, 579 F. Supp. 3d 28; ECF No. 408.

presidential power by force, by opposing the authority of the Government of the United States and by preventing, hindering, or delaying by force the execution of the laws governing the transfer of power, including the Twelfth Amendment to the Constitution and [the Electoral Count Act]." *Id.* ¶ 27.

Nordean argues that Count 1 fails to state an offense because it does not charge Defendants with conspiring to prevent, hinder, or delay by force the execution of a law in all its applications and because it does not allege sufficient facts showing Defendants conspired to employ the statute's requisite "force." ECF No. 434 at 11–32. Rehl similarly argues that Count 1 fails to adequately state Section 2384's "force" element and that the element is unconstitutionally vague. ECF No. 443 at 2–5. On all fronts, the Court is unpersuaded.

### 1.     Statutory Background

Under Section 2384, a "seditious conspiracy" is any conspiracy

> [(1)] to overthrow, put down, or to destroy by force the Government of the United States, or [(2)] to levy war against them, or [(3)] to oppose by force the authority thereof, or [(4)] by force to prevent, hinder, or delay the execution of any law of the United States, or [(5)] by force to seize, take, or possess any property of the United States contrary to the authority thereof.

18 U.S.C. § 2384. Relevant here are clauses three and four, which the Court refers to as the "authority clause" and the "execution clause," respectively.

Some background on the statute's history, including its predecessors, informs the Court's construction of Section 2384's reach. At the outset of the Civil War, Congress passed the first precursor to Section 2384. The Conspiracies Act of 1861 made it a crime, punishable by up to six years' imprisonment, to engage in any of the conspiracies listed in Section 2384, or "by force, or intimidation, or threat to prevent any person from accepting or holding any office, or trust, or place of confidence under the United States." Act of July 31, 1861, ch. 33, 12 Stat. 284. The statute

filled a gap in the criminal law, covering crimes short of treason but greater than misdemeanor obstruction of a federal officer.  *See* Leslie Friedman Goldstein, *Legal Histories of America's Second Revolutionary War (1860–1876)*, 52 Tulsa L. Rev. 495, 504 (2017).

Ten years later, the same conspiracy provisions reemerged as part of the Enforcement Act of 1871, or the Ku Klux Klan Act.  Act of Apr. 20, 1871, ch. 22, § 2, 17 Stat. 13 (codified at Rev. Stat. title 70, ch. 2, § 5336 (1878)).  Congress reenacted these conspiracy offenses along with several provisions designed to combat private violence by the Ku Klux Klan and like organizations.  *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 722 (1989).

Materially identical provisions appeared in Title 18 for the first time in 1909.  *See* Act of Mar. 4, 1909, ch. 1, § 6, 35 Stat. 1089 (codified at 18 U.S.C. § 6 (1940)).  A series of prosecutions for these offenses followed.  After World War I broke out, several groups allegedly conspired to oppose the military draft by force.  The government brought charges under 18 U.S.C. § 6, which courts upheld consistently.  *See, e.g.*, *Isenhouer v. United States*, 256 F. 842, 843 (8th Cir. 1919); *Orear v. United States*, 261 F. 257, 260 (5th Cir. 1919); *Bryant v. United States*, 257 F. 378, 380–82 (5th Cir. 1919).

In 1948, Congress recodified these offenses in 18 U.S.C. § 2384.  With this change, Congress also adopted the term "seditious conspiracy" as the statute's title.  *See* 18 U.S.C. § 2384.  Despite its new name, the law's substance remained unchanged from the 1909 version.  *See* H.R. Rep. No. 80-304, at A148 (1947) (noting the new Section 2384 was "[u]nchanged" from the 1909 statute).  And finally, Congress raised the act's maximum penalty from six to twenty years' incarceration after the attack on the U.S. Capitol in 1954, in which armed Puerto Rican nationals opened fire in the House of Representatives' gallery, wounding five members of Congress.  *See* Act of July 24, 1956, Pub. L. No. 84-766, ch. 678, 70 Stat. 623.

2.      **The TSI Alleges that Defendants Conspired to Prevent, Hinder, or Delay by Force the Execution of a Law in All its Applications**

Nordean's first argument is that the seditious-conspiracy statute reaches "attempts to prevent the law's execution in all cases," but not "attempts to prevent the execution of a federal law in order to avoid its application to a particular set of facts." ECF No. 434 at 13.  And he contends Count 1 alleges only that "Nordean and the defendants conspired to prevent the Twelfth Amendment and [Electoral Count Act] from being *applied in a manner* they apparently sincerely believed to be mistaken," not that they intended "to prevent the execution of the Twelfth Amendment and [Electoral Count Act] *as such*."  *Id.* at 15 (emphasis added).  The Court disagrees that the TSI fails to state a seditious-conspiracy offense.

To begin, the Court finds that a seditious conspiracy under Section 2384 is one in which defendants conspire to "oppose by force the [government's] authority" or to prevent by force the execution of a law *wholesale*—that is, in all its applications.[3]  *See* 18 U.S.C. § 2384.  As the parties seem to agree, conspiring to use force to obstruct a law's application or enforcement in a particular case is insufficient.

Such a reading reflects the statute's entire text.  The Supreme Court has "stressed" that "in expounding a statute, [a court] must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy."  *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993) (cleaned up).  Thus, Section 2384's other provisions inform the execution clause's reach.  The first two clauses, which proscribe conspiracies to "overthrow, put down, or destroy" the United States government by force or to

---

[3] On this point, Nordean says little of the authority clause.  *See* ECF No. 434 at 11–17.  So the Court too will focus on the execution clause.

"levy war" against it, describe crimes against the government writ large—not those against any particular government official or action.  Thus, absent some textual indication otherwise, the remaining clauses are best read to operate similarly.

In addition, the limited guidance from courts supports such a reading.  In *Baldwin v. Franks*, 120 U.S. 678 (1887), the Supreme Court explained that "'opposing' by force the authority of the United States, or [] preventing, hindering or delaying the 'execution' of any law of the United States . . . evidently implies force against the government *as a government*."  *Id.* at 693 (emphasis added).  It "means something more than setting the laws themselves at defiance."  *Id.* Rather, "[t]here must be a forcible resistance of the authority of the United States while endeavoring to carry the laws into execution."  *Id.*  For that reason, the Court held that the defendant, who had conspired to forcibly remove Chinese laborers lawfully in the United States under a treaty, did not prevent the "execution of a law of the United States."  *See id.*  Although the United States government, under a treaty, was "bound . . . to exert [its] power to devise measures to secure the subjects of [the Chinese] government lawfully residing" in the United States, Baldwin's "conspiracy [was] for the ill treatment itself, and not for hindering or delaying the United States in the execution of their measures to prevent it."  *Id.* at 693–94.

About 30 years later, in *Bryant,* the Fifth Circuit read the statute the same way, even as it affirmed the convictions at issue.  *See* 257 F. at 387.  In that case, court explained that, consistent with *Baldwin*, "resistance or the conspiracy to resist the enforcement of the law must be general, and not limited to a particular instance, or against a particular officer, or from a private or personal motive."  *Id.*  It upheld the defendants' convictions because there was evidence "in the record, which, if believed by the jury, was sufficient to show a conspiracy on the part of the [defendants]

to prevent the enforcement of conscription under the Selective Service Act *all over the United States*, not alone in their individual cases." *Id.* (emphasis added).

With these contours of the offense in mind, the Court finds that the TSI states a seditious-conspiracy offense for conspiring to prevent, hinder, or delay the wholesale execution of a law.  In contending otherwise, Nordean's understanding of what it means to oppose a law as law is too constricted.

In the Court's view, the charged conspiracy to stop the certification of the Electoral College vote from taking place on January 6, 2021, *is* a conspiracy to hinder execution of the Twelfth Amendment and Electoral Count Act in all their applications and on a nationwide basis.  These laws, which together set out the procedures Congress must follow to facilitate the transition of executive power from one president to another, are executed after an election at only one time and in one place.  *See* U.S. Const. amend. XII; 3 U.S.C. § 15.  And when they are executed, these laws implement that transition throughout the United States.  Thus, thwarting the proceeding designed to carry out these laws' commands prevents their execution in what is effectively their *only* application and with effect "all over the United States."  *See Bryant*, 257 F. at 387.

In this way, the contrast with conspiracies designed to avoid a law's application to a particular set of facts—like where a drug dealer assaults a witness to prevent his testimony in a specific case—is obvious.  *See* ECF No. 434 at 13–14.  Nordean is right that such a crime is not a seditious conspiracy because the drug dealer does not intend to affect the nationwide enforcement of the Controlled Substances Act.  But as explained above, not so with these presidential-transition laws.

Resisting this conclusion, Nordean effectively urges the Court to read a motive element into the statute.  He argues that to oppose a law "as such," the conspirators must reject the target

8

law's "validity." ECF No. 434 at 11.  And here, he says, the TSI alleges not that the conspirators believed "Congress ha[d] forfeited its legitimacy" and "the laws of presidential election [were] void," but only that, in their view, the Vice President and Congress were misapplying otherwise valid laws. *Id.* at 15.  For the purpose of whether the TSI states a seditious-conspiracy offense under Section 2384, this is a distinction without a difference.  While evidence of a defendant's motive is often probative, it is "ordinarily not an element of a crime."  Motive, 1 Wharton's Criminal Evidence § 4:45 (15th ed. Nov. 2021 Update).  And that is the case here, as Section 2384 proscribes conspiracies to "prevent, hinder, or delay the execution of any law of the United States," not to "prevent, hinder, or delay" such execution only when the conspirators believe the law is invalid.

In addition, neither of the cases on which Nordean relies support his reasoning.  In both *Anderson v. United States*, 273 F. 20, 24 (8th Cir. 1921), and *Haywood v. United States*, 268 F. 795, 800 (7th Cir. 1920), members of a socialist organization allegedly conspired to disrupt wartime mobilization and labor laws by targeting manufacturers and striking to limit the supply of goods.  While it is true that the defendants were apparently motivated by a belief that the United States should not be ruled by "bourgeois parasites," neither court suggested that such a motive was an element of a seditious-conspiracy charge.

Thus, the TSI properly alleges a seditious conspiracy.  And because the Government has neither "collaps[ed] the sedition crime into a mine-run obstruction-of-justice offense" nor alleged that Nordean "committed seditious conspiracy by challenging a law's application to a specific set of facts," Nordean's rule-of-lenity and ex post facto arguments both fail as well. *See* ECF No. 434 at 16–17.

3.     **The TSI Need Not Allege that Defendants Directed Force at Government Officials**

Nordean also argues that Count 1 must be dismissed because it does not specifically charge Defendants with targeting government officials tasked with executing the presidential-transition laws or opposing any such officials' show of authority.  The Court disagrees.

As relevant here, a seditious conspiracy consists of two or more individuals conspiring to "oppose by force the authority" of "the Government of the United States" or by force to "prevent, hinder, or delay the execution of any law of the United States."  18 U.S.C. § 2384.  Nowhere does the statute's text require that the conspirators intended to target a specific government official or otherwise suggest that an indictment must identify such an official.   Congress knows how to write a law containing such a requirement, but it did not do so here.  *See, e.g.*, 18 U.S.C. § 372 (criminalizing conspiracies targeting "any officer of the United States"); 18 U.S.C. § 111 (assaulting, resisting, or impeding federal officers); *see also Brendsel v. Off. of Fed. Hous. Enter. Oversight*, 339 F. Supp. 2d 52, 65 (D.D.C. 2004) ("Where Congress knows how to say something but chooses not to, its silence is controlling." (quoting *In re Griffith*, 206 F.3d 1389, 1394 (11th Cir. 2000))).[4]

Nordean's arguments against the plain reading of Section 2384's text are unavailing.  First, he contends that "execution of the law" and "authority of the Government of the United States"

---

[4] Nordean insists this reading "creates unconstitutional vagueness," questioning "what constitutes using 'force' to prevent 'the government as a whole' from executing federal law" or "opposing 'authority' itself by force."  ECF No. 434 at 23.  His argument is substantially underdeveloped and conclusory.  Even so, and for reasons discussed below, the Court finds that Section 2384 is not unconstitutionally vague.  "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is."  *United States v. Williams*, 553 U.S. 285, 306 (2008).  At the margins, juries may face hard questions surrounding the force element of the seditious-conspiracy statute.  But that alone does not render the statute unconstitutionally vague.

are "abstract" functions, which cannot be the object of the offense's actus rei (to "prevent, hinder, or delay" and to "oppose"). ECF No. 434 at 18. In support, he leans on *United States v. Aguilar*, 515 U.S. 593 (1995), in which the Supreme Court held that in 18 U.S.C. § 1503 obstruction-of-justice prosecutions, "the [obstructive] act must have [had] a relationship in time, causation, or logic with the judicial proceedings." *Id.* at 599. He argues that, like Section 2384's "'execution of any law of the United States' and 'authority [of the government],' Section 1503's 'due administration of justice' is an abstract function," and that is why the *Aguilar* Court required proof of a "nexus" to "an arm of the grand jury,"—the specific individuals "'administering justice' in the grand jury." ECF No. 434 at 18 (quoting *Aguilar*, 515 U.S. at 600).

Nordean misreads *Aguilar*. The Court's ruling in that case did not turn on—and had nothing to do with—the abstract nature of the "administration of justice." Rather, the "nexus" element the Court recognized stemmed from Section 1503's limited reach—to judicial or grand jury proceedings only—and its intent requirement. Under Section 1503, "a person lacking knowledge of a pending proceeding necessarily lack[s] the evil intent to obstruct." *Aguilar*, 515 U.S. at 599. Thus, the Court embraced a rule that had emerged in the courts below, requiring that "[t]he action taken by the accused must be with an intent to influence judicial or grand jury proceedings; it is not enough that there be an intent to influence some ancillary proceeding, such as an investigation independent of the court's or grand jury's authority." *Id*. And the Court found that "uttering false statements to an investigating agent . . . who might or might not testify before a grand jury [was not] sufficient to make out a violation of the catchall provision of § 1503." *Id.* at 600. *Aguilar* is simply inapposite.

That all said, Nordean is right that it is impossible to use force against "the authority of government" or "the execution of the laws" in a metaphysical sense. The United States

11

Government can act only through its agents.  But it does not then follow that an indictment charging seditious conspiracy under Section 2384 must, at the outset, identify specific persons targeted by the conspiracy.  Rather, it means merely that *proof* of any seditious conspiracy will include the use of force or a plan to use force against people or property.[5]

Nordean's last argument on this point again directs the Court to the Seventh and Eighth Circuits' decisions in *Haywood* and *Anderson*.  And in fairness, language in both cases might be read to support the requirement Nordean urges here.  In *Haywood*, the court wrote that Section 2384's predecessor's "prima facie meaning condemns force only when a conspiracy exists to use it against some person who has authority to execute and who is immediately engaged in executing a law of the United States."  268 F. at 800.  And in *Anderson*, the court held, "There must . . . be found in the [seditious-conspiracy] count a charge that the purpose of the conspiracy was the exertion of force against those charged with the duty of executing the laws."  273 F. at 26 (emphasis added).

Still, the Court finds that the Government offers the better reading of the language in these cases.  *See* ECF No. 454 at 15.  In context, these passages merely clarify that, even where a conspiracy aims to prevent a law's execution, the force it contemplates must still be directed *at the government*.  The *Haywood* passage followed the court's observation that "Defendants' force was exerted only against producers in various localities," that is, nongovernmental entities.  268 F. at 800.  Similarly, in *Anderson* the court found the count "charge[d] that a force was to be exerted in a manner and for a purpose not within the statute" because the "force was to be exerted, not against those whose duty it should be to execute the laws . . . [but] against industrial and commercial

---

[5] Nordean argues elsewhere that "Section 2384's [execution clause] contemplates the use of force against persons, not property."  ECF No. 434 at 29.  The Court disagrees for reasons discussed below.

activities and interests." 283 F. at 26.  Read this way, *Anderson* and *Haywood* offer no basis for reading a new element into the statutory text.

For all these reasons, Count 1 need not have alleged that Defendants conspired to direct force at government officials.

### 4. Congress "Executes" the Twelfth Amendment and the Electoral Count Act, and No Feature of those Laws Warrants Dismissal

As set forth above, the TSI need not have expressly alleged that Defendants conspired to direct force against a person.  Still, the TSI *does* charge Defendants with conspiring to disrupt the execution of the Twelfth Amendment and the Electoral Count Act with force.  And Congress was—so the Government's theory goes—the entity "executing" these laws on January 6, 2021. Nordean argues that Count 1 fails to state an offense because Congress does not—and cannot— "execute" laws.  *See* ECF No. 434 at 24–27.  Thus, it follows that Congress was not "executing" either the Twelfth Amendment or the Electoral Count Act, so Defendants could not have conspired to prevent, hinder, or delay these laws' execution under Section 2384.  The Court is unconvinced.

The Court begins with the word's dictionary definition.  "Execution" refers to "[t]he act of carrying out or putting into effect."  *Execution*, Black's Law Dictionary (11th ed. 2019).  More importantly, the same meaning held sway when Congress enacted Section 2384's predecessors. *See Execution*, Webster's New Illustrated Dictionary of the English Language (1908) ("the act of executing; performance; manner of carrying anything into effect; completion"); *Execution*, 1 Alexander M. Burrill, A Law Dictionary & Glossary 584 (2d ed. 1860) ("The completion of an act or proceeding, by which it is rendered operative or effectual; a following out or carrying into effect."); *Execution*, 1 Webster's American Dictionary of the English Language (1828) ("Performance; the act of completing or accomplishing."); *see also Bostock v. Clayton Cnty.*, 140

S. Ct. 1731, 1738 (courts "normally interpret[] a statute in accord with the ordinary public meaning of its terms at the time of its enactment").

Congress "executes" the Twelfth Amendment and the Electoral Count Act within the meaning these authorities reflect. In undertaking what these laws require, Congress carries into effect their ultimate objects: the certification of the Electoral College vote and the transition of executive power from one president to the next.

Nordean argues in his reply that Congress merely *complies* with these laws. *See* ECF No. 458 at 20–21. But Congress does more than that. To "comply" is "[t]o do what is required or requested" or "to conform, submit, or adapt to (a command, demand, [or] requirement)." *Comply*, Black's Law Dictionary (11th ed. 2019). For example, one "complies" with the tax laws by paying taxes and "complies" with laws prohibiting speeding by driving the speed limit. And to be fair, Congress does something that may look like "compliance" when "[t]he Senate and House of Representatives [] meet in the Hall of the House of Representatives at the hour of 1 o'clock in the afternoon" on "the sixth day of January succeeding every meeting of the electors." *See* 3 U.S.C. § 15. But Congress's proceedings carry out or put into effect an outcome with independent legal significance: the certification of the Electoral College vote and the resulting transition of power. Nothing similar is carried out or put into effect when someone merely pays taxes or drives the speed limit. In this way, Congress "executes," rather than merely "complies with," the Twelfth Amendment and the Electoral Count Act.

Nordean also argues that the Court cannot construe Congress's role vis-à-vis the Twelfth Amendment and the Electoral Count Act as "execution" because "[t]he structure of the Constitution does not permit Congress to execute laws." ECF No. 434 at 25 (quoting *Bowsher v.*

*Synar*, 478 U.S. 714, 726 (1986)).[6]  This aspect of his argument has intuitive appeal, but it still falls short.

"The Constitution sought to divide the delegated powers of the new federal government into three defined categories, legislative, executive and judicial, to assure, as nearly as possible, that each Branch of government would confine itself to its assigned responsibility."  *INS v. Chadha*, 462 U.S. 919, 951 (1983).  And to be sure, in nearly all circumstances, it is the executive—not Congress—that executes laws.  *See Bowsher*, 478 U.S. at 726.  But that rule is not as rigid as Nordean would have it.  The Framers understood the basic separation-of-powers principle as "entirely compatible with a partial intermixture of those departments for special purposes."  The Federalist No. 66, at 401 (Alexander Hamilton) (Clinton Rossiter ed., 1961); *see also Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 635 (1952) (Jackson, J., concurring) ("While the Constitution diffuses power the better to secure liberty, it also contemplates that practice will integrate the dispersed powers into a workable government.").  And the Supreme Court's pronouncements on this topic reflect this nuance.  As the Court has instructed, "the Legislature cannot exercise either executive or judicial power" "*unless otherwise provided* or incidental to the powers conferred."  *Springer v. Gov't of the Philippine Islands*, 277 U.S. 189, 201 (1928) (emphasis added).  For example, Congress can be said to "execute" its treaty and

---

[6] The Government argues that "Nordean provides no basis in the statute's text, structure, or history to support [the] assumption" that "Congress intended to limit Section 2384's reference to 'execution of the laws' to exercises of what would be regarded as executive power in a separation-of-powers sense."  ECF No. 454 at 21.  And it is true that "the Supreme Court has not reflexively imported constitutional meanings into federal statutes."  *United States v. Rhodes*, No. 22-cr-15 (APM), 2022 WL 2315554, at *8 (D.D.C. June 28, 2022) (quoting *Thompson v. Trump*, 590 F. Supp. 3d 46, 92 (D.D.C. 2022)).  But the Court does not understand Nordean to argue that Congress intended to import a special Take Care Clause meaning of "execute" into Section 2384.  *See* ECF No. 434 at 22 ("[T]he dictionary definition of 'execution' . . . is consistent with the meaning of the same term in the Take Care Clause.").  This argument is structural—not textual.

impeachment powers.  *See Medellín v. Texas*, 552 U.S. 491, 505, 514 (2008) (describing non-self-executing treaties as "those the legislature must execute," meaning "they can only be enforced pursuant to legislation to carry them into effect" (cleaned up)); The Federalist No. 66, at 401–02 (describing Congress's impeachment power as "not only a proper but necessary" intermixture of the executive and legislative departments).

For these reasons, Nordean's insistence that Congress can *never* execute a law as a matter of constitutional structure is incorrect.  And in the Court's view, Congress may, consistent with separation-of-powers principles, "execute" the Twelfth Amendment and the Electoral Count Act for the "special purpose" of certifying presidential elections.[7]  That special purpose makes sense as a check on the executive, relieving it from the duty of certifying an election in which the sitting president may have been a candidate.

Nordean makes two more arguments for dismissing Count 1 based on Section 2384's execution clause that are more easily dispensed with.  First, he argues that the Electoral Count Act is not a "law," but a Rule of the House of Representatives.  ECF No. 434 at 26–27.  Second, he contends that even if Congress were "executing" the Twelfth Amendment, the seditious-conspiracy charge still may not stand because the Twelfth Amendment does not provide that the electoral votes must be counted on January 6, or any other specific day, or in a specific place.  *Id.* at 27–28.

Nordean's argument about the nature of the Electoral Count Act is, at least for now, purely academic.  To be sure, some have argued that the Electoral Count Act is unconstitutional because

---

[7] Congress may not, of course, award itself executive powers through legislation.  *See Bowsher*, 478 U.S. at 726.  But the Twelfth Amendment grants Congress a quasi-executive function, and so that special grant of authority carries through to the Electoral Count Act.

it violates the antibinding principle of rule-making, which prevents one Congress from binding another about its rules of proceedings.[8]  The Court need not resolve that debate here.  Congress enacted the Electoral Count Act of 1887 as *law*, and it remains law today.  Act of Feb. 3, 1887, ch. 90, 24 Stat. 373 (codified as amended at 3 U.S.C. §§ 5–6, 15–18).  Nordean does not attempt a collateral attack on the Electoral Count Act's validity, nor could he for any number of reasons.  So this argument offers no basis to dismiss Count 1.

Nordean's second argument is just as meritless.  The Constitution's silence on when and where the electoral count must occur is irrelevant for the purposes of whether Count 1 states an offense.  It suffices that the TSI alleges that Congress *was* executing the Twelfth Amendment on January 6, 2021, and that Defendants conspired to stop it.  That Congress might have certified the Electoral College vote at another time is of no moment, especially given that the offense covers "delaying" or "hindering" a law's execution along with "preventing" it altogether.  *See* 18 U.S.C. § 2384.  And whether Defendants conspired to prevent this process from ever happening or merely to delay it is for the jury to decide—not the Court on a motion to dismiss.  *See* ECF No. 434 at 28.

### 5.    The TSI Adequately Alleges that Defendants Conspired to Use "Force" Under Section 2384's Authority and Execution Clauses

In broad strokes, Nordean and Rehl both argue the Court should dismiss Count 1 for failing to state Section 2384's "force" element.  Both the authority and execution clauses require that the conspirators planned to accomplish their unlawful objective "by force."  *See* 18 U.S.C. § 2384.  Nordean argues that (1) the force element covers only force against people, not property; and

---

[8] Vasan Kesavan, *Is the Electoral Count Act Unconstitutional?*, 80 N.C. L. Rev. 1653, 1779 (2002); *see, e.g.*, *id.* at 1783 (arguing there is "little doubt that the Electoral Count Act is formally unconstitutional"); Laurence H. Tribe, *eroG .v hsuB and its Disguises: Freeing* Bush v. Gore *from its Hall of Mirrors*, 115 Harv. L. Rev. 170, 267 n.388 (2001) ("There is no constitutionally prescribed method by which one Congress may require a future Congress to interpret or discharge a constitutional responsibility in any particular way.").

(2) even if the force element includes force against property, the TSI's allegations are insufficient. *See* ECF No. 434 at 29–32.  For his part, Rehl argues that the TSI fails to allege that Defendants conspired to use force of the kind he claims Section 2384 requires.  None of these arguments prevail.

Nordean's first argument fails in part for some of the reasons already discussed. Section 2384 has no element that requires the TSI to allege that Defendants directed force at a particular person, or even property.  And his view that "taking the statute as a whole, it is plain that 'by force' [] means the use of force against persons, not merely property" ignores that Section 2384's fifth offense is itself a property crime.  ECF No. 434 at 29; *see* 18 U.S.C. § 2384 (punishing conspiracies to, "by force," "seize, take, or possess any property of the United States contrary to the authority thereof").  Thus, the allegations in the TSI about the Defendants use of force are sufficient to state a claim for seditious conspiracy.

Of course, Nordean is right that in a literal sense, only people exercise "authority" and "execute" laws.  And as he hypothesizes, a "judge may still exercise his authority" even if "a comet hits the courthouse." ECF No. 434 at 30.  But conspirators who plot to blow up a government building *for the purpose* of opposing the authority of those working inside it, or *for the purpose* of preventing them from executing a law (in all its applications), surely violate Section 2384's authority and execution clauses, respectively.  In the end, whether a seditious conspiracy proves successful—whether the people inside the building can still exercise their authority—is irrelevant to whether an indictment properly states such an offense.   Rather, it is up to the jury to decide whether any conspiracy to use force—however that force is directed—evidences an intent to oppose the government's authority or the execution of a law.

18

Nordean's second objection is that "the TSI does not allege any fact showing Nordean's agreement to use force against persons or property on which 'execution' of the Twelfth Amendment and [Electoral Count Act] depends." ECF No. 434 at 31. The TSI need not allege anything more that it does. An indictment generally satisfies the Constitution and Federal Rule of Criminal Procedure 7(c) if it "contains the elements of the offense charged," "fairly informs a defendant of the charge against which he must defend," and allows the defendant "to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (cleaned up). It need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976) (per curiam). The TSI meets this standard easily. Of course, courts in this jurisdiction have "long held that an indictment that is drawn in the generic words of a statute and that fails entirely to describe in any meaningful way the acts of the defendant that constitute the offenses charged is insufficient to notify a defendant of the nature of the accusations against him." *United States v. Hillie*, 227 F. Supp. 3d 57, 73 (D.D.C. 2017). But that can hardly describe the TSI, which painstakingly details acts in furtherance of the alleged conspiracy. *See* TSI ¶¶ 29–108. And as noted above, whether an alleged conspiracy seems likely to succeed as it is described in an indictment says nothing about whether it is properly charged. Like Nordean's first argument on the "force" requirement, this one also goes to the strength or sufficiency of the evidence at trial, not the TSI's validity.

Similarly, Rehl argues that Count 1 fails to state Section 2384's force element because "every seditious conspiracy case" of which he is aware "involves allegations that the 'force' used or contemplated by the defendants involved firearms or weapons of mass destruction." ECF No. 443 at 2. He is right that the TSI does not allege Defendants conspired to use such weapons. *Id.*

at 2–3.  But whatever the facts involved in other Section 2384 prosecutions, the statute does not require that a seditious conspiracy involve the contemplated use of firearms or weapons of mass destruction.  So Rehl's argument offers no basis for dismissing Count 1.

      **6.**       **Section 2384 Is Not Unconstitutionally Vague**

Finally, Rehl further argues that the Section 2384's force element—and therefore the overall statute—is unconstitutionally vague.  Not so.

A criminal statute is unconstitutionally vague only if it "fails to give ordinary people fair notice of the conduct it punishes" or is "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015).  But difficult questions at the margins do not render a statute unconstitutionally vague.  *See United States v. Williams*, 553 U.S. 285, 306 (2008). "Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid."  *Rose v. Locke*, 423 U.S. 48, 50 (1975) (per curiam).

Section 2384's force element easily clears this bar.  The mere fact that the word "force" is susceptible to several definitions does not render it unconstitutionally vague.  As the Government points out, several criminal statutes contain force elements that courts routinely define without vagueness issues.  *See* ECF No. 454 at 27; *see also, e.g.*, *Johnson v. United States*, 559 U.S. 133, 139–40 (2010) (defining violent force under the Armed Career Criminal Act, 18 U.S.C. § 924(e)); *United States v. Abu Khatallah*, 151 F. Supp. 3d 116, 135–37 (D.D.C. 2015) (defining physical force against property under 18 U.S.C. § 924(c)).  Rehl offers no persuasive explanation as to why this Court should break new ground by finding the force element vague.

\*     \*     \*

For all these reasons, the Court will deny Defendants' motions to dismiss Count 1.

**B.    Count 4: 18 U.S.C. § 372**

Nordean next moves to dismiss Count 4, which charges Nordean and his codefendants with conspiring to prevent members of Congress and law enforcement officers from discharging their duties, in violation of 18 U.S.C. § 372.  Section 372 provides:

> If two or more persons in any State, Territory, Possession, or District conspire to [(1)] prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof, or [(2)] to induce by like means any officer of the United States to leave the place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties, each of such persons shall be fined under this title or imprisoned not more than six years, or both.

18 U.S.C. § 372.

The TSI charges Defendants under both clauses.  In other words, it alleges that they conspired (1) "to prevent by force, intimidation, and threat, any person, that is, Members of the United States Congress and law enforcement officers, from discharging any duties of any office, trust, and place of confidence under the United States"; and (2) "to induce by force, intimidation, and threat, any officer of the United States, that is, Members of the United States Congress and law enforcement officers, to leave the place where their duties as officers were required to be performed."  TSI ¶ 114.

Nordean argues that the Court must dismiss Count 4 because neither members of Congress nor Capitol Police officers hold an "office, trust, or place of confidence under the United States."[9] Nor, he contends, are they "officers of the United States."  *See* ECF No. 434 at 32–39.  Considered

---

[9] The TSI alleges that Defendants impeded "law enforcement" generally, as opposed to Capitol Police officers.  TSI ¶ 114.  But the Government, like Nordean, limits its arguments here to whether Section 372 encompasses crimes against the Capitol Police.  *See* ECF No. 454 at 37.  Thus, the Court focuses its analysis accordingly.

21

in isolation, Nordean offers a plausible reason for construing the phrase "officers of the United States" as limited to its constitutional meaning, which would exclude members of Congress.  But ultimately, the Court finds that Section 372's entire text, structure, and history point to a broader meaning of the phrase.  As explained below, for purposes of this statute, members of Congress and Capitol Police officers occupy an "office, trust, or place of confidence under the United States" and so too are "officers of the United States."

### 1.       Statutory Background

Once again, the Court begins with a brief history of the offense codified in 18 U.S.C. § 372. The statute's first clause originally appeared alongside the seditious-conspiracy offense discussed above.  The Conspiracies Act of 1861, along with the crimes now contained in Section 2384, punished anyone who conspired "by force, or intimidation, or threat to prevent any person from accepting or holding any office, or trust, or place of confidence, under the United States."  Act of July 31, 1861, ch. 33, 12 Stat. 284.

Section 372's second clause first appeared as part of the Enforcement Act of 1871.  *See* Act of Apr. 20, 1871, ch. 22, § 2, 17 Stat. 13.  There, in the section following the first enactment of what is now 42 U.S.C. § 1983, Congress listed several conspiracies punishable by fine or imprisonment.  Among them were those that originated in the Conspiracies Act.  But the Enforcement Act added an offense for conspiring "by force, intimidation, or threat to induce any officer of the United States to leave any State, district, or place where his duties as such officer might lawfully be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office."  *Id.*  Section 372's present form mirrors its Enforcement Act predecessor in all material respects.

## 2.	Members of Congress Occupy an "Office, Trust, or Place of Confidence" Under the United States and Are "Officers of the United States"

The Court begins with the first clause—including the phrase "office, trust, or place of confidence under the United States"—which originated in the Conspiracies Act of 1861.  Again, courts "normally interpret[] a statute in accord with the ordinary public meaning of its terms at the time of its enactment."  *Bostock*, 140 S. Ct. at 1738.  Reconstruction-era definitions of "office" point decisively toward reading the clause to cover members of Congress.  For example, one legal dictionary defined "office" as "a right to exercise a public function or employment, and to take the fees and emoluments belonging to it."  *Office*, 2 John Bouvier, A Law Dictionary, 259 (5th ed. 1855).  And it defined "political office" to include "the office of the president of the United States, of the heads of departments, [and] of *the members of the legislature*."  *Id.* (emphasis added); *see Thompson v. Trump*, 590 F. Supp. 3d 46, 92 (D.D.C. 2022) (collecting more definitions to find that "office, trust, or place of confidence" in 42 U.S.C. § 1985(1), Section 372's civil counterpart, includes members of Congress); *United States v. Rhodes*, No. 22-cr-15 (APM), 2022 WL 2315554, at *15 (D.D.C. June 28, 2022) (applying the same reasoning to Section 372).

If the plain meaning of "office" leaves any doubt as to whether the phrase includes members of Congress, the meanings of "trust" and "place of confidence" resolve it.  "Trust" means "a confidence reposed in one person for the benefit of another."  *Trust*, 2 Alexander M. Burrill, A Law Dictionary and Glossary 549 (2d ed. 1867); *see Thompson*, 590 F. Supp. 3d at 92 (same).  So elected officials, in the most literal sense, occupy positions of "trust" and "confidence."  *Cf. Brown v. Hartlage*, 456 U.S. 45, 52 (1982) (recognizing a State's interest in "ensur[ing] that its governing political institutions and officials properly discharge public responsibilities and maintain public *trust* and *confidence*" (emphasis added)).

Moreover, Congress's later decision to incorporate the "office, trust, or place of confidence" clause into the Enforcement Act of 1871 confirms that courts should read those terms broadly.  "[T]he Supreme Court has urged us to give the Reconstruction Civil Rights Acts in general 'a sweep as broad as [their] language.'"  *Spagnola v. Mathis*, 809 F.2d 16, 29 (D.C. Cir. 1986) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 97 (1971)).  And in any event, "[a] textually permissible interpretation that furthers rather than obstructs the document's purpose should be favored."  Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 63 (2012).  As the *Thompson* court said, "[i]t strains credulity to think that Reconstruction-Era members of Congress," using such "decidedly expansive" words, "meant to protect low-level Executive Branch employees but not themselves."  590 F. Supp. 3d at 91.

Turning to the later-constructed second clause, the question is this: Given that members of Congress are among those who occupy an "office, trust, or place of confidence under the United States," does the phrase "officer of the United States" include them, too?  As discussed below, Nordean points out that, in certain constitutional provisions, the phrase "officer of the United States" excludes members of Congress.  Viewed in isolation, it is tempting to read the phrase the same way here.  But construing both of Section 372's clauses together, and in light of the Court's understanding of the first clause, the most sensible reading is that the second clause reaches members of Congress as well.

To start, for all the same reasons the Court finds that a member of Congress occupies an "office," so too does the word "officer" include members of Congress.  And the substantial similarity between the terms "office . . . under the United States" and "officer of the United States" counsels reading them as coextensive.  *See Shirk v. U.S. ex rel. Dep't of Interior*, 773 F.3d 999, 1004 (9th Cir. 2014) ("A basic principle of interpretation is that courts ought to interpret similar

language in the same way, unless context indicates that they should do otherwise."); *see also* Scalia & Garner, *supra*, at 170 ("A word or phrase is presumed to bear the same meaning throughout a text."). Moreover, the presumption of consistent usage carries extra weight when, as here, the terms appear in the same sentence. *See Brown v. Gardner*, 513 U.S. 115, 118 (1994) ("[T]here is a presumption that a given term is used to mean the same thing throughout a statute, . . . a presumption surely at its most vigorous when a term is repeated within a given sentence.").

These phrases, of course, are not "identical," which the consistent-usage canon often contemplates. *See, e.g.*, *Util. Air Regul. Grp. v. EPA*, 573 U.S. 302, 319 (2014) ("One ordinarily assumes that identical words used in different parts of the same act are intended to have the same meaning." (cleaned up)). But the variation here does not seem to reflect a decision to vary the scope of the terms. Rather, it appears to be a byproduct of the clauses' different grammatical structures. In the first clause, the offense is written to cover conspiracies directed at a person who will become, but is not yet, an officer of the United States. *See* 18 U.S.C. § 372 (punishing conspiracies "to prevent . . . any person from *accepting*" an office (emphasis added)). Thus, "any person" is the conspiracy's direct object, while an "office, trust, or place of confidence" is the indirect object. The second clause is not (and logically need not be) written to reach future officeholders, allowing Congress to succinctly denote the offense's direct object as "any officer of the United States."

In this context, the Court will not infer that Congress meant to omit is own members from the second clause of Section 372's protections. Doing so would ignore the two provisions' juxtaposition and interconnectedness, making hash of the law as a whole. *See* Scalia & Garner, *supra*, at 167 ("Perhaps no interpretive fault is more common than the failure to follow the whole-text canon, which calls on the judicial interpreter to consider the entire text, in view of its structure

and of the physical and logical relation of its many parts.").  If it "strains credulity" to think Congress would protect executive officers but not itself under Section 372's first clause, the suggestion that Congress would protect itself under the offense's first clause, but not the second, is similarly untenable.  *See Thompson*, 590 F. Supp. 3d at 91.

Against this backdrop, Nordean argues that both clauses must be read to exclude members of Congress.  His arguments are hardly frivolous.  But in light of the above, they cannot bear the weight he assigns them.

Nordean starts by arguing that the phrase "officer of the United States" in Section 372's second clause must reflect its constitutional meaning in the Fourteenth Amendment.  He points to the term's use in Section 3 of the Amendment:

> No person shall *be a Senator or Representative in Congress*, or elector of President and Vice President, *__or__ hold any office, civil or military, under the United States*, or under any state, who, having previously taken an oath, as *a member of Congress*, *__or__ as an officer of the United States*, or as a member of any state legislature, or as an executive or judicial officer of any state, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

U.S. Const. amend XIV, § 3 (emphasis added).  It takes little more than a glance at the Amendment's text to recognize that it treats "member[s] of Congress" as distinct from "officer[s] of the United States."  So this argument is not cut from whole cloth.

Of course, courts have "not reflexively imported constitutional meanings into federal statutes."  *Rhodes*, 2022 WL 2315554, at *8, *14–15 (quoting *Thompson*, 590 F.3d at 92).  But Nordean offers a better argument for doing so here than the *Thompson* and *Rhodes* defendants did. He says that because Congress first enacted Section 372's "officer of the United States" clause in the Enforcement Act of 1871, which was intended to enforce the Fourteenth Amendment, any

terms in the act that also appear in the Amendment should carry their constitutional meaning.  *See*
ECF No. 434 at 34–35.

Again, at first blush, this argument is compelling.   But it starts to fray upon closer
examination.   Importantly, the Fourteenth Amendment cannot persuasively supply meaning for
the comparable phrase in the statute's first clause—"office, trust, or place of confidence"—
because that clause *predates* the Fourteenth Amendment.  *See* Act of July 31, 1861, ch. 33, 12 Stat.
284.  So Nordean's argument does not account for the above analysis of the first clause's meaning
and its effect on how best to construe the second.[10]  Additionally, the parallels between the relevant
provisions of the Fourteenth Amendment and the Enforcement Act are weaker than Nordean's
argument presupposes, sapping its force.   The phrase "officer of the United States" appears only
in Section 3 of the Amendment—the Disqualification Clause.  *See* U.S. Const. amend. XIV, § 3.
Yet it does not appear that *any* provision of the Enforcement Act—let alone the provision in the
Act that ultimately became Section 372—enforces the Disqualification Clause.   Moreover, unlike
Section 1 of the Act (now amended and codified at 42 U.S.C. § 1983), which directly enforces the
Fourteenth Amendment by regulating government conduct, Section 372's predecessor targeted
private actors.   Thus, the Court does not find Section 372's Enforcement Act origins a persuasive
reason to limit its interpretation of "officer of the United States" to its Fourteenth Amendment

---

[10] To be sure, Nordean resists the broad reading of "office, trust, or place of confidence" that the
Court adopted above.  But his only response on this point directs the Court to Article II, Section 1
of the Constitution, which provides that "[e]ach State shall appoint . . . a Number of Electors . . .
but *no Senator or Representative, or Person holding an Office of Trust or Profit under the United
States*, shall be appointed an Elector."  U.S. Const. art. II, § 1, cl. 2 (emphasis added).  So, he
argues, members of Congress are distinct from any "person holding an office of trust or profit."
*See* ECF No. 434 at 37.  But again, courts have "not reflexively imported constitutional meanings
into federal statutes."  *Rhodes*, 2022 WL 2315554, at *8, *14–15 (quoting *Thompson*, 590 F.3d at
92).  Nordean offers no particular reason to do so here, especially because "office of trust or profit"
and "office, trust, or place of confidence" are not even substantially similar phrases.

definition.  A broader construction of the phrase makes sense of the text's plain meaning, reads the statute as a coherent whole, and, to boot, advances—rather than obstructs—the Enforcement Act's purpose.  *See Spagnola*, 809 F.2d at 29.

Nordean's remaining arguments fare no better.  To begin, he points to *Kush v. Rutledge*, 460 U.S. 719 (1983), a case involving 42 U.S.C. § 1985—Section 1 of which provides an identical civil counterpart to Section 372.  *Id.* at 724.  Nordean cites the *Rutledge* Court's suggestion that Section 1985(1) generally covers "federal officers."  *Id.*  From there, he argues what seems like a bank shot: Because "officers" in the Constitution's Appointments Clause excludes members of Congress, when the Supreme Court said "federal officers," it must not have meant to include members of Congress.  So then, if "officer" under Section 1985(1) excludes members of Congress, the same must be true of Section 372.

There are several problems here.  The *Rutledge* Court did not elaborate at all on what it meant by "federal officers."  *See* 460 U.S. at 724.  Thus, because "officer" is the very word this Court must construe, *Rutledge* alone provides no answer.  Instead, Nordean's discussion of *Rutledge* appears to be a convoluted way to arrive at the thrust of his argument: that the Court should read "officer of the United States" in Section 372 to carry the phrase's meaning under the Appointments Clause, which (again) excludes members of Congress.  *See* U.S. Const. art. II, § 2, cl. 2.

In support, Nordean leans on Supreme Court cases from the 1800s that limited the definition of "officer" in other statutes to its meaning in the Appointments Clause.  ECF 434 at 35–36 (citing *United States v. Mouat*, 124 U.S. 303, 307 (1888); *United States v. Smith*, 124 U.S. 525, 531–32 (1888); *United States v. Hartwell*, 73 U.S. (6 Wall.) 385, 393 (1868)).  Fair enough.  But the Court has not uniformly imported the Appointments Clause meaning of the phrase

28

"officer" into statutes.  Indeed, in *Mouat*, the Court reserved the possibility that "[C]ongress may have used the word 'officer' in some other connections in a more popular sense . . . in which case it will be the duty of the court in construing such an act of [C]ongress to ascertain its true meaning, and be governed accordingly."  124 U.S. at 308.  That is what the Court has done here.[11]

Finally, even if the Court were to look to the Supreme Court's interpretation of "officer" in other contexts, the most comparable case is *Lamar v. United States,* 240 U.S. 60 (1916) (*Lamar I*), in which it construed the term to *include* members of Congress.  *See id.* at 65.  In that case, the Court also had to interpret a law in the Criminal Code of 1909.  *See id*; *see also* Act of Mar. 4, 1909, ch. 321 § 21, 35 Stat. 1088, 1092 (1909) (Section 372's 1909 predecessor).  It reviewed the defendant's conviction for "falsely assum[ing] or pretend[ing] to be an officer or employee acting under the authority of the United States, or any Department, or any officer of the government thereof."  *Lamar v. United States*, 241 U.S. 103, 111 (1916) (*Lamar II*).  More specifically, the defendant had impersonated a member of Congress.  *Id.*  In *Lamar I*, the Court explained that "[t]he question [was] in what sense the word 'offi[c]er' [was] used in the Criminal Code of March 4, 1909, [chap]. 321, § 32."  240 U.S. at 65.  It then held that "officer" "obviously" did not carry its constitutional meaning and affirmed the defendant's conviction.  *Id*.  The Court later reiterated that holding in *Lamar II*, noting that the issue was "not a constitutional one" and explaining that "because [the statute] is penal, [it] is not to be narrowed by construction so as to fail to give full effect to its plain terms as made manifest by its text and context."  241 U.S. at 112.  So too here.

---

[11] *See also Steele v. United States*, 267 U.S. 505, 507 (1925) (noting that although "[i]t is quite true that the words 'officer of the United States,' when employed in the statutes of the United States, is to be taken usually to have the limited constitutional meaning," "this [C]ourt, *in consideration of context*, has sometimes given it an enlarged meaning, and has found it to include others than those appointed by the President, heads of departments, and courts" (emphasis added)).

For all these reasons, the Court holds that members of Congress hold an "office, trust, or place of confidence under the United States" and are "officers of the United States" under 18 U.S.C. § 372. Thus, the Court will not dismiss Count 4 on that basis.[12]

**C.      Counts 2 and 3: 18 U.S.C. § 1512(k), (c)(2)**

Next, Rehl moves to dismiss Counts 2 and 3, which charge violations of 18 U.S.C. § 1512(k), for conspiracy to obstruct an official proceeding, and 18 U.S.C. §§ 1512(c)(2) and 2, for obstructing an official proceeding (or aiding and abetting the same). As Rehl admits, Count 3 mirrors Count 2 in the FSI, which this Court already declined to dismiss.[13] *See* ECF No. 442 at 2; *Nordean I*, 579 F. Supp. 3d at 41–54. But he contends that another court's contrary ruling in *United States v. Miller*, 589 F. Supp. 3d 60 (D.D.C. 2022), warrants dismissal anyway.

The Government is correct that the law-of-the-case doctrine forecloses Rehl's argument. *See Beach TV Props., Inc. v. Solomon*, 324 F. Supp. 3d 115, 123 (D.D.C. 2018). Even so, the Court stands by its analysis in *Nordean I*—with which every court in this district besides the *Miller* court has agreed.[14] Consistent with this near-consensus, neither the vagueness doctrine nor the

---

[12] For the same reasons, the Court also finds that 18 U.S.C. § 372's protections extend to the Capitol Police. As the Government notes, Nordean's argument otherwise is "entirely derivative on his argument that Members of Congress do not qualify as officers as used in Section 372." ECF No. 454 at 37. The Court agrees. Nordean argues only that the Capitol Police "are not Executive branch officers subject to the Appointments Clause." ECF No. 434 at 38. Rather, the force is "an entity of Congress." *Id.* (quoting *Flippin v. U.S. Dep't of Interior*, 19-cv-1221 (BAH), 2019 WL 7372669, at *1 (D.D.C. Dec. 31, 2019)). But as the Court has already explained at length, neither clause in Section 372 is limited to executive branch "officers" under the Appointments Clause.

[13] Although the FSI did not charge a conspiracy under 18 U.S.C. § 1512(k), Rehl does not make any argument unique to that count.

[14] *See, e.g.*, *United States v. McCaughey*, No. 21-cr-40 (TNM), ECF No. 388 at 2 (D.D.C. July 20, 2022) (rejecting defendants' argument premised on *Miller* and observing that "*Miller* has also persuaded no other judge on this question"); *United States v. Robertson*, No. 21-cr-34 (CRC), 2022 WL 2438546, at *3–5 (D.D.C. July 5, 2022); *United States v. Williams*, No. 21-cr-618 (ABJ), 2022 WL 2237301, at *17 n.13 (D.D.C. June 22, 2022); *United States v. Fitzsimons*, No. 21-cr-158

rule of lenity requires dismissal.  So the Court declines to revisit its prior ruling and will deny

Rehl's motion to dismiss on these grounds.  ECF No. 442.

### D.    Counts 7, 8, and 9: 18 U.S.C. § 1361, 2 and 18 U.S.C. § 111(a)(1)

Nordean also moves to dismiss Counts 7, 8, and 9, which charge violations of 18 U.S.C.

§§ 1361 and 2, destruction of government property (or aiding and abetting the same) and 18 U.S.C.

§ 111(a)(1) for assaulting, resisting, or impeding a federal officer.  He argues the TSI alleges

insufficient facts to show either that Nordean acted as a principal in these offenses or that he aided

and abetted others.

The Court rejected similar arguments in *Nordean I* related to the 18 U.S.C. §§ 231(a)(3)

and 1361 charges in the FSI.  *See* 579 F. Supp. 3d at 60–61.  These counts also pass muster.  Neither

Rule 7(c) nor the Constitution "require the Government to disclose . . . *how* it will prove its case."

*Id.* at 61.  The TSI includes the elements of each offense under Counts 7, 8, and 9 and "specifies

in great detail how Defendants are alleged to have commit[ted]" the offenses as principals, aiders

and abettors, and coconspirators.  *Id.* (cleaned up).  Thus, the TSI includes all the Rules and the

Constitution require—if not more.

### E.    Count 10: 18 U.S.C. § 2112

Count 10 charges Pezzola with violating Section 2112 by robbing a Capitol Police officer

of his riot shield.  TSI ¶ 126; *see* 18 U.S.C. § 2112 ("Whoever robs or attempts to rob another of

---

(RC), 2022 WL 1698063, at *6–12 (D.D.C. May 26, 2022); *United States v. Bingert*, No. 21-cr-91 (RCL), 2022 WL 1659163, at *7–11 (D.D.C. May 25, 2022); *United States v. McHugh*, No. 21-cr-453 (JDB), 2022 WL 1302880, at *2–13 (D.D.C. May 2, 2022); *United States v. Puma*, No. 21-cr-454 (PLF), 2022 WL 823079, at *12 n.4 (D.D.C. Mar. 19, 2022); *United States v. Grider*, 585 F. Supp. 3d 21, 29–30 (D.D.C. 2022); *United States v. Montgomery*, 578 F. Supp. 3d 54, 69–80 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 11–12 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 21–34 (D.D.C. 2021); *United States v. Sandlin*, 575 F. Supp. 3d 16, 24–28 (D.D.C. 2021).

any kind or description of personal property belonging to the United States, shall be imprisoned not more than fifteen years."). He moves to dismiss that count, arguing Count 10 "fails to state an offense and lacks specificity," and the TSI's factual allegations "do not support any conclusion that [he] committed any crime." ECF No. 473 at 2, 7.

Without a doubt, Count 10 states an offense. Again, an indictment generally need only "contain[] the elements of the offense charged," "fairly inform[] a defendant of the charge against which he must defend," and allow the defendant "to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Resendiz-Ponce*, 549 U.S. at 108 (cleaned up). Count 10 does that and more. By incorporating the factual allegation in Paragraph 86, the TSI goes beyond reciting the offense's elements and alleges with specificity how Pezzola committed the robbery. *See* TSI ¶ 126; *id.* ¶ 86 ("PEZZOLA moved toward the front of the police line and ripped away a Capitol Police officer's riot shield, while the officer was physically engaging with individuals who had gathered unlawfully into the west plaza of the Capitol."). In fact, it is hard to imagine how the TSI could be any more specific.

At bottom, Pezzola does not allege any defect in the charging document. Rather, he contests the veracity of its allegations and the admissibility of the evidence against him. *See* ECF No. 473 at 7–15. These arguments are improper at the motion-to-dismiss stage. The Court will deny his motion.

### F.   Rehl's Remaining Arguments

In several motions, Rehl moves to dismiss his charges for three more reasons. He argues that (1) the TSI's conspiracy counts (Counts 1, 2, and 4) are unconstitutionally duplicitous, ECF No. 437; (2) the TSI violates his First Amendment rights, ECF No. 439; and (3) the Government's

conduct before the Grand Jury violated the Fifth Amendment's Presentment Clause, ECF No. 440. None of these arguments carry the day.

### 1.      The Conspiracy Counts in the TSI Are Not Duplicitous

Rehl first argues that the TSI is duplicitous.  That is, he says, "the government has strung together a series of acts and statements that impermissibly allege multiple, separate independent agreements into a single conspiracy."  ECF No. 437 at 6.  He is incorrect.

"Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Watt*, 911 F. Supp. 538, 549 (D.D.C. 1995) (quoting *United States v. Shorter*, 809 F.2d 54, 56 (D.C. Cir. 1987), *abrogated on other grounds by Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)).  Courts apply a three-step analysis to decide whether an indictment charges an impermissibly duplicitous count.  *Id.*  The court must determine, first, whether the challenged count in fact alleges multiple violations of a criminal statute; second, if so, whether a defendant's conduct "may legitimately be regarded as a single course of conduct and hence a single offense"; and third, again if so, whether proceeding under one count would unduly prejudice the defendant.  *See id.* at 549–50 (cleaned up).

Rehl's argument fails at step one.  The TSI does not charge several conspiracies under one count—it charges three conspiracies in three separate counts.  *See* TSI ¶¶ 25–26, 109–110, 113–14.  Yes, as the Government readily concedes, the TSI generally alleges that Rehl and his codefendants shared one overarching objective in these conspiracies—to thwart Congress's efforts to certify the 2020 presidential election results.  *See* ECF No. 454 at 40.  But the rule against duplicity does not prevent the Government from charging several different conspiracies, which violate separate statutes, in separate counts—even if the offenses share a similar objective.

Because "the count[s] in question allege[] only a single violation, . . . the court's analysis ends there." *Watt*, 911 F. Supp. at 550.

### 2.      The TSI Comports with the First Amendment

Rehl next asserts the TSI "violates the First Amendment because it rests solely on [his] political views and First-Amendment protected statements." ECF No. 439 at 1.  Not so.

This Court has already rejected a similar argument based on the Section 1512(c)(2) count in the FSI. *Nordean I*, 579 F. Supp. 3d at 52–54.  As before, the First Amendment does not protect the conduct with which Rehl is charged.  Rehl and his codefendants are charged with several conspiratorial agreements as well as "conduct involving acts of trespass, depredation of property, and interference with law enforcement, all intended to obstruct Congress's performance of its constitutional duties." *Id.* at 53; *see generally* TSI ¶¶ 25–124.  No matter Defendants' "political motivations or any political message they wished to express, this alleged conduct is simply not protected by the First Amendment." *Nordean I*, 579 F. Supp. 3d at 53; *see also Grayned v. City of Rockford*, 408 U.S. 104, 116 (1972) ("[W]here demonstrations turn violent, they lose their protected quality as expression under the First Amendment.").

Rehl's contrary arguments—to the extent the law-of-the-case doctrine does not preclude them altogether—do not cause the Court to question this reasoning.  To start, he objects that "[m]any of the alleged statements preceded the dates of the alleged conspiracy" and "there is no allegation in the Indictment that [his] statements met the clear and present danger standard." ECF No. 439 at 2.  On the second point, Rehl points to the Supreme Court's well-known decision in *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969) ("[T]he constitutional guarantees of free speech and free press do not permit a State to forbid or proscribe advocacy of the use of force or of law

violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action.").

Rehl blurs the distinction between statutes that criminalize speech itself and the Government's use of a defendant's statements as evidence of a separate crime. *Brandenburg* deals with the former, but this case involves the latter. The Government has not charged Rehl with speech crimes. Rather, Section 2384 "proscribes 'speech' only when it constitutes an agreement to use force against the United States." *United States v. Rahman*, 189 F.3d 88, 114 (2d Cir. 1999). The TSI charges Rehl and his codefendants with "conspir[ing] to *use* force, not just to *advocate* the use of force." *Id.* at 115. So it raises no concern under *Brandenburg* or related cases. And to the extent Rehl also challenges the Government's use of his statements as evidence, Supreme Court precedent forecloses his argument. *See Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993) (the First Amendment "does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent"). Thus, the First Amendment provides no basis to dismiss any count in the TSI.

### 3.      No Errors before the Grand Jury Warrant Dismissal

Finally, Rehl argues that three errors before the grand jury support dismissing the TSI under the Fifth Amendment's Presentment Clause. He presses two instructional errors and then claims that the Government provided the grand jury with inaccurate information. *See* ECF No. 440 at 9, 11–16. None of his arguments are grounds for dismissal.

Beginning with Rehl's instructional-error claims, such an error supports dismissal only if it prejudiced the defendant, meaning that it "substantially influenced the grand jury's decision to indict, or [] there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988) (cleaned up).

Rehl alleges two errors: (1) The Government "failed to instruct the jury that only speech that poses an imminent danger can be punished," again citing *Brandenburg*; and (2) "it failed to instruct the jury that . . . where speech falls within the shadow of the First Amendment, the alleged criminal intent must be judged *strictissimi juris*." ECF No. 440 at 9.

For the same reasons already discussed, Rehl's first argument identifies no instructional error. *Brandenburg* does not supply the relevant standard for this case, as the TSI charges neither Rehl nor his codefendants with crimes based on their speech. Thus, there was no reason for the Government to instruct the grand jury on *Brandenburg*.

Nor did the Government need to instruct the grand jury on the *strictissimi juris* doctrine. The doctrine usually comes into play when the Government seeks "to impose liability on an individual solely because of his association with another." *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 918–19 (1982). In such cases, the defendant's "intent must be judged according to the strictest law," i.e., *strictissimi juris*, "for otherwise there is a danger that one in sympathy with the legitimate aims of [a group having both legal and illegal aims], but not specifically intending to accomplish them by resort to violence, might be punished for his adherence to lawful and constitutionally protected purposes." *Id.* at 919 (cleaned up). Put another way, "a court must satisfy itself that there is sufficient direct or circumstantial evidence of the defendant's own advocacy of and participation in the illegal goals of the conspiracy and may not impute the illegal intent of alleged co-conspirators to the actions of the defendant." *United States v. Montour*, 944 F.2d 1019, 1024 (2d Cir. 1991).

True, in rare cases, some courts have applied *strictissimi juris* beyond membership-based prosecutions. *See United States v. Dellinger*, 472 F.2d 340, 393 (7th Cir. 1972) (antiwar protestors charged under the 1968 Anti-Riot Act); *United States v. Spock*, 416 F.2d 165, 168, 172–74 (1st

Cir. 1969) (anti-Vietnam War protestors charged with conspiracy "framed under" the Military Selective Service Act of 1967).  According to these cases, the doctrine applies "[w]hen the alleged [conspiratorial] agreement is both bifarious and political within the shadow of the First Amendment."  *Spock*, 416 F.2d at 173; *see also Dellinger*, 472 F.2d at 393 (applying the doctrine because "the acts charged against individual defendants occurred in the context of a group undertaking with legal (protest of the war and expression, generally, of dissent) and allegedly illegal (violent) branches").

But Rehl has not been charged with being a member of the Proud Boys, and the TSI's alleged conspiracies do not have both lawful and unlawful "branches."  Rather, "both the alleged ends of the group [(stopping the electoral count)], and the alleged means chosen to achieve that end [(unlawfully storming the Capitol grounds and building, damaging property, and assaulting/interfering with law enforcement)] were illegal."  *See Montour*, 944 F.2d at 1024 (distinguishing *Dellinger*).  That is why courts that have considered the issue have declined to apply *strictissimi juris* in seditious-conspiracy cases.  *See United States v. Rodriguez*, 803 F.2d 318, 322 (7th Cir. 1986); *United States v. Stone*, 848 F. Supp. 2d 719, 722–24 (E.D. Mich. 2012).

But even if *strictissimi juris* should apply here, the Government's failure to so instruct the grand jury is not grounds for dismissal.  The doctrine informs the sufficiency of evidence to convict; it "emphasizes the need for care in analyzing the evidence against a particular defendant . . . both by the jury in its fact-finding process and by the court in determining whether the evidence is capable of convincing beyond a reasonable doubt."  *Dellinger*, 472 F.2d at 393.  So even if a *strictissimi juris* instruction to the petit jury might be proper, Rehl has identified no case suggesting the same would have been required before the grand jury at the indictment stage.  And regardless, if there was an error, Rehl has not shown it "substantially influenced the grand jury's decision to

indict," as he must to satisfy the high bar for dismissal.  *See Bank of Nova Scotia*, 487 U.S. at 256 (cleaned up).

      Finally, Rehl's argument that the Government presented the grand jury with inaccurate information fares no better.  He cites six of his own statements, which he contends the Government took "out of context or truncated, making the information conveyed inaccurate."  ECF No. 440 at 11.  But as the Government counters, "Rehl does not claim that the grand jury received doctored statements that did not reflect his actual words or was based on inaccurate witness testimony." ECF No. 454 at 46.  The Government must present the grand jury with accurate information.  But it need not do so in the light most favorable to the defense.  So this claim too fails.

## IV.    Nordean's Motion for a Bill of Particulars

      Finally, as an alternative to dismissal, Nordean moves for a bill of particulars on Counts 1, 2, 3, 4, 5, 7, 8, and 9.  Specifically, he asks the Court to order the Government to detail:

> facts showing Nordean's agreement to use force against persons or property in order to prevent the execution of the Twelfth Amendment and [Electoral Count Act]; facts showing the "force, intimidation and threat" Nordean agreed to use in connection with Count Four; facts showing how Nordean agreed to prevent members of Congress and USCP officers from discharging their duties in connection with Count Four; facts showing how Nordean agreed to "induce" members of Congress and USCP officers to leave the place where their duties were required to be performed in connection with Count Four; facts showing how Nordean aided and abetted the destruction of a Capitol window in connection with Count 7; facts showing how Nordean aided and abetted the throwing of a water bottle at law enforcement in connection with Count 8; facts showing how Nordean aided and abetted Defendant Pezzola's robbery of a law enforcement officer in connection with Count 9.

ECF No. 434 at 42.  The Court will deny the motion.

      Although an indictment need include only "a plain, concise, and definite written statement of the essential facts constituting the offense charged," a court may, in its discretion, "direct the government to file a bill of particulars" clarifying an indictment's allegations.  Fed. R. Crim. P.

7(c)(1), (f).  "A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).  But it "is not a discovery tool or a devise [sic] for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999).  A bill of particulars "properly includes clarification of the indictment, not the government's proof of its case."  *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (cleaned up).

Just like the FSI, the 32-page, 126-paragraph TSI "specifies in great detail" the Government's factual basis for the charges against Defendants.  *See* ECF No. 138 at 4 (denying Nordean's motion for a bill of particulars on the FSI).  And as before, Nordean does not explain how these allegations fail to "provide him with enough information to understand the [] charge[s] against him and prepare his defense."  *Id.* at 8.  Rather, Nordean's requests—which seek "facts" showing he entered into conspiratorial agreements or aided and abetted others' conduct—are better understood as seeking the Government's legal theories and proof.  The Court will not order the Government to so "preview [its] theories [and] evidence," *Ramirez*, 54 F. Supp. 2d at 29, which in any event the parties are now litigating through motions in limine.

## V.    Conclusion

For all the above reasons, the Court will deny each of the motions to dismiss.  A separate

order will issue.


/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 11, 2022