UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-175 (TJK) |
| | : | |
| ETHAN NORDEAN, et al., | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S RESPONSE TO NORDEAN'S POSITION ON THE CALCULATION OF THE SENTENCNG GUIDELINES**

Nordean argues that the Court's imposition of an 18-year sentence on Nordean for Counts 1 – 3 should be corrected because the sentence has the effect of "applying" the Section 3A1.4 terrorism adjustment to statutes that are not federal crimes of terrorism as enumerated in 18 U.S.C. § 2332b(g)(5)(B). Nordean's argument ignores both the text of the applicable guideline itself, which plainly contemplates that convictions for violating 18 U.S.C. Section 1361 qualify as federal crimes of terrorism, and the procedures set forth in the Sentencing Guidelines for calculating the guidelines range for multiple counts of conviction.

The Court's calculation of the guidelines range was sound. As explained herein, the Sentencing Guidelines presuppose that the guidelines range may exceed the statutory maximum for any single count. The fact that the increase was driven here by the application of the Section 3A1.4 adjustment creates no novel issues. In a multi-count case, there is still a single guidelines range. *See* U.S.S.G. §§3D1.4, 5G1.2. That guidelines range can be above the statutory maximum for any single count of conviction. *See id.* at §5G1.2(d) ("If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively."). Furthermore, the application of the Section 3A1.4 adjustment in other cases, including in this Circuit, illustrates that the

application of the Section 3A1.4 adjustment can—and at times does—increase the calculation of the advisory guidelines range above the statutory maximum for the enumerated federal crime of terrorism.

The Court properly calculated the guidelines range to Nordean's counts of conviction. The Court then properly and exhaustively considered the 18 U.S.C. § 3553(a) factors and imposed a sentence sufficient, but not greater than necessary, to comply with the purposes of Section 3553(a). No further corrections to Nordean's sentence are necessary or appropriate.[1]

### *Guidelines' Application and Order of Operations*

The Court calculated the Guidelines correctly in this case in accordance with the order of operations set forth at U.S.S.G. §1B1.1 and the grouping directive set forth at §5G1.2. Nordean argues that the Court must reduce the offense level to the statutory maximum for each count of conviction *before* grouping. Nordean suggests that doing otherwise would frustrate Congress's intent. But the Guidelines do not operate in the manner suggested by Nordean. Specifically, in the case of multiple convictions, the Guidelines do not direct or otherwise countenance an adjustment

---

[1] As a procedural matter, the Court's authority for correcting the sentence in this instance is outlined in Federal Rule of Criminal Procedure 35(a), which provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Clear error "mean[s] the sort of error that is unsupportable on appeal[.]" *United States v. Aguirre*, No. 22-10368, 2023 WL 5032507 (5th Cir. Aug. 8, 2023). The scope of Rule 35 is intended to be narrow. *See Hill v. United States,* 368 U.S. 424, 430 (1962). The Rules Advisory Committee explained that Rule 35 "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." *United States v. Palmer*, 854 F.3d 39, 47-48 (D.C. Cir. 2017). *See also United States v. Rakhmatov*, 53 F.4th 258, 261 (2d Cir. 2022) ("disputes about the application of the sentencing guidelines fall outside the very narrow scope of the rule.") (quotation marks omitted); *United Staters v. Hankton*, 875 F.3d 786, 791 (5th Cir. 2017) (noting "the accepted principle that a district court may not use Rule 35(a) to reconsider the application or interpretation of the sentencing guidelines.") (quotation marks omitted). But that is exactly what the defendant is asking the Court to do here—to reconsider the application or interpretation of the sentencing guidelines.

to the offense level for each count of conviction to lower that offense level to the statutory maximum of each count prior to grouping. Rather, the order of operations directs that the Court calculate the offense level for each count of conviction (U.S.S.G. §1B1.1(a)(1)-(4)) and then group the counts (*id.* at §1B1.1(a)(4)) without regard to the statutory maxima. Then, using the combined offense level, the Court calculates the defendant's criminal history category (*id.* at §1B1.1(a)(6)).

It is only at this point that Court is directed to determine the guideline range that corresponds to the offense level and criminal history category as calculated for the grouped counts of conviction. *Id.* at §1B1.1(a)(7). As the Application Notes explain, "[u]sually, at least one of the counts will have a statutory maximum adequate to permit imposition of the sentence" but "[i]f no count carries an adequate statutory maximum, consecutive sentences are to be imposed to the extent necessary to achieve the total punishment." *Id.* at §5G1.2, n.3.

Two points are implicit in the procedures set forth in U.S.S.G. §5G1.2. First, the Guidelines presuppose that the guidelines range may be greater than the statutory maximum for any or all of the individual counts. Second, the Guidelines accept that the count that carries the highest guidelines range (and thus drives the sentencing) may not be the count with the highest statutory maximum. Thus, when there are multiple counts of conviction, the Guidelines direct that the Court should "impose maximum and consecutive sentences to the extent necessary to make the total punishment equal in severity to what the guidelines would require were it not for the statutory maxima." *United States v. Veysey*, 334 F.3d 600, 602 (7th Cir. 2003); *see also United States v. Lewis*, 594 F.3d 1270, 1275 (10th Cir. 2010) (where the guidelines recommendation was life in prison but none of the crimes of conviction allowed for a life sentence, the district court correctly imposed consecutive maximum sentences on all counts).

*Imposition of Sentences After Application of Section 3A1.4*

Courts routinely apply the Sentencing Guidelines' procedures for sentencing multiple counts without apprehension when imposing sentences well above the statutory maximum for any single count of conviction. *See United States v. Brown*, 843 F.3d 74 (2d Cir. 2016) ("The district court correctly determined that the Guidelines range was 110 years based on the stacking of maximums for the three production [of child pornography] counts, which each carried a statutory maximum of 30 years, and the two possession [of child pornography] counts, which each carried a statutory maximum of 10 years."); *United States v. Horton*, 770 F.3d 582, 584 (7th Cir. 2014) (affirming that the defendant's guidelines range was "life, subject to a statutory maximum sentence of 30 years on each count" and imposing a 90-year sentence while noting that "when there are multiple counts of conviction . . . the guidelines instruct the sentencing court to impose maximum and consecutive sentences to achieve what the guidelines sentence would have been but for the statutory maximum.") (citing, *inter alia*, U.S.S.G. § 5G1.2(d)); *United States v. Garcia*, 754 F.3d 460, 473 (7th Cir. 2014) (approving the guidelines range of life imprisonment on three offenses— "each of which carrie[d] a statutory maximum sentence of 20 years" and declaring that the imposition of a 60-year sentence was "well within" the court's authority because "[t]he imposition of consecutive sentences on separate counts of conviction does not have the effect of pushing a sentence on any one count above the statutory maximum for a single count of conviction."). The application of Section 3A1.4 receives no different treatment.

In *United States v. Abu Khatallah*, the defendant was convicted on three counts—two counts for providing and conspiring to provide material support to terrorists in violation of 18 U.S.C. § 2339A and one count of injury to a building in violation of 18 U.S.C. § 1363.  41 F.4th

4

608, 619 (D.C. Cir. 2022), *cert. denied*, 143 S. Ct. 2667 (2023).[2] The district court found that the convictions for material support carried statutory maximum penalties of 15 years[3] and the conviction for injuring a federal building carried a statutory maximum of 20 years. *United States v. Abu Khatallah*, 314 F.Supp.3d 179, 184 (D.D.C. 2018). The district court applied the Section 3A1.4 terrorism adjustment to Abu Khatallah's conviction for providing material support for terrorists. *Id.* at 202-203. The resulting guidelines range, approved by the D.C. Circuit, was at least[4] 30 years to life. *United States v. Khatallah*, 41 F.4th 608, 650 (D.C. Cir. 2022), *cert. denied*, 143 S. Ct. 2667 (2023). Far from finding that it "beggars belief to conclude that Congress somehow contemplated that the terrorism enhancement would generate a sentence nearly twice the length of the statutory maximum sentence" (ECF 901 at 3), the D.C. Circuit remanded the case because the sentence imposed was "substantially below the bottom of the Guidelines range," *i.e.*, 30 years to life. *Id.* at 648. The D.C. Circuit asserted that the district court had left "unexplained the basis on

---

[2] Abu Khatallah was also convicted at trial on one count of 18 U.S.C. § 924(c), which carries a mandatory minimum sentence of 10 years and statutory maximum of life imprisonment that must be imposed consecutively to the other sentences. Because the Section 924(c) charge was to be applied consecutively to any sentence, the district court focused its initial guidelines calculation on the other three counts of conviction. *Id.* at 645 ("Because Khatallah's Section 924(c) firearms conviction carried a statutorily mandated minimum sentence of ten years (and a maximum of life), the guidelines determination focused on the remaining three counts of conviction.").

[3] "The jury did not find beyond a reasonable doubt that Abu Khatallah's provision of material support (or his conspiracy to provide material support) 'resulted in death'—a finding that would have increased his maximum sentence on those charges to life imprisonment." 314 F. Supp. 3d 179, 184 (D.D.C. 2018).

[4] The D.C. Circuit discussed, without deciding, that the offense level for the two material support charges and one injury to property charge may have supported a guidelines range of life imprisonment. *Id.* at 643 ("[T]he district court imposed a sentence of just twelve years for all of the non-Section 924(c) charges combined—charges that independently supported a Guidelines sentence of life in prison."). However, the government conceded that even if acquitted conduct could not be considered for purposes of calculating the sentencing guidelines, the guidelines range would still have been at least 30-years to life. *Id.* at 647 (The government "conceded the point" such that the D.C. Circuit did not need to decide the issue.).

which the court varied downward from a 30 year sentence—the bottom of the Guidelines range […]—to just twelve years for the three support-of-terrorism and property counts." *Id.* at 649. In other words, not only did the D.C. Circuit approve a guidelines range *above* the statutory maxima for the enumerated statutes; the D.C. Circuit criticized the district court's large variance from a 30-year-to-life guidelines range to the imposition of a 12 year sentence. *Id.*

It must also be noted that the *Abu Khatallah* example highlights that Congress contemplated that the Section 3A1.4 enhancement could increase the guidelines range beyond the statutory maximum for certain enumerated crimes of terrorism. As Nordean acknowledges, the enumerated list includes many statutes that have a 20 year statutory maximum and several that include statutory maximums of 10 years (*e.g.*, 18 U.S.C. §§ 175b, 842(m), 1362, 2156, 2332(a)(2)). Indeed, material support for *terrorism* (18 U.S.C. § 2339A) has a fifteen year statutory maximum. But Congress authorized the application of the Section 3A1.4 adjustment to all of these crimes, and the adjustment serves to increase these crimes to a *minimum* guidelines range of 210 – 262 months (*i.e.*, more than 240 months/20 years) for every statute to which the Section 3A1.4 adjustment applies. And, as the example in *Abu Khatallah* illustrates, the Section 3A1.4 terrorism adjustment can serve to increase the guidelines range to more than twice the statutory maximum of the enumerated statute.

*Abu Khatallah* is not a solitary example. The Seventh Circuit affirmed a similar application of the Section 3A1.4 enhancement in *United States v. Hale*. 448 F.3d 971 (7th Cir. 2006). There, Circuit Judges Posner, Easterbrook, and Evans affirmed, *per curiam*, the imposition of a 480 month sentence on two counts of obstructing justice, 18 U.S.C. § 1503, and one count of soliciting a crime of violence, 18 U.S.C. § 373. The Circuit explained that the 480 month sentence "equal[ed] the maximum statutory penalties of 20 years for the solicitation count and 10 years for each

obstruction of justice count." *Id.* at 982. The guidelines in that case were driven by the conviction for soliciting a crime of violence, which resulted in an offense level of 45 and imposition of criminal history category VI after the application of the Section 3A1.4 terrorism adjustment. *Id.* at 981-82.[5] The combination of the offense level and criminal history category yielded an advisory guidelines sentence of life imprisonment. It must first be noted that the Circuit upheld the application of the Section 3A1.4 terrorism adjustment to the conviction of soliciting a crime of violence (which is not enumerated under 2332b(g)(5)(B)) because the crimes were intended to "promote" a federal crime of terrorism—the murder of a federal officer or employee in violation of 18 U.S.C. § 1114. *Id.* The Circuit then approved the imposition of a sentence of 480-months (40 years), which was applied by enforcing the statutory maximum on all three counts of conviction and running those sentences consecutively. The Seventh Circuit's approval of both the guidelines calculation and imposition of a consecutive sentence reflects a straightforward application of the Sentencing Guidelines despite the calculation of a guidelines range that exceeds the statutory maximum.

Similarly, in *United States v. Graham*, the Sixth Circuit affirmed the application of Section 3A1.4 to the defendant's conviction for 18 U.S.C. § 371 because the conspiracy was "intended to promote" a specifically enumerated crime of terrorism. 275 F.3d 490, 513-19 (6th Cir. 2001). The Circuit specifically endorsed the district court's finding as to the conspiracy's "inten[t] to promote" a violation of 18 U.S.C. § 844(i) (a ten-year statutory maximum). *Id.* at 518-19 ("Given our review of the trial record, the district court's determination that the defendant's § 371 conspiracy was 'intended to promote' a federal crime of terrorism, in particular the crime of maliciously damaging

---

[5] As set forth in the Circuit's opinion, the district court calculated a base offense level of 28, a 5-level increase for other Chapter 3 adjustments, and a 12-level increase for the terrorism adjustment—for a total offense level of 45.

or destroying, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce, was not error."). After the application of the Section 3A1.4 adjustment, the resulting guidelines range—driven by the application of Section 3A1.4 to the conviction for 18 U.S.C. § 371—was 360 months to life. *United States v. Graham*, 327 F.3d 460, 465 (6th Cir. 2003) ("Here, the total punishment was 360 months to life, a figure based on [the defendant's] combined offense level of 41 and his Criminal History Category of VI."). This guidelines range was upheld even though the four crimes of conviction to which it applied had statutory maxima of five or ten years. *See id.* at 463. In a pre-*Booker* decision, the Sixth Circuit held that "[w]ith a total punishment of 360 months to life, [U.S.S.G.] § 5G1.2(d) *required* the court to impose the sentences on [the four counts of conviction] to run consecutively to the extent necessary to produce a sentence equal to the total punishment. Those four sentences added up to twenty-five years, which did not reach the total punishment of 360 months."). *Id.* at 466; *see also United States v. Thavaraja*, 740 F.3d 253, 257 & n.3 (2d Cir. 2014) (finding Guidelines range to be 240 months in case where terrorism enhancement resulted in Guidelines range of 360-months-to-life, but "the material support count carried a statutory maximum of 180 months, and the statutory maximum sentence for the bribery conspiracy count was 60 months"; "Hence, the Guidelines range here was 240 months -- based on the stacking of the statutory maximums for the two counts of 180 and 60 months, respectively.").

### *Conclusion*

The Court's application of the terrorism adjustment in this case and resulting calculation of the guidelines range was sound. The Court did not improperly "apply" the terrorism adjustment to Counts 1 – 3 in this case. Rather, the Court properly followed the order of operations set forth in the Guidelines and calculated a guidelines range for multiple counts of conviction in accordance

8

with Guidelines Section 5G1.2. The Court's corrected imposition of Nordean's sentence fell within the statutory maximum for each count. No further corrections to Nordean's sentence are necessary or appropriate.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: */s/ Jason McCullough*
JASON B.A. MCCULLOUGH
NY Bar No. 4544953
ERIK M. KENERSON, OH Bar No. 82960
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7233 //
Jason.McCullough2@usdoj.gov

By: */s/ Conor Mulroe*
CONOR MULROE, NY Bar No. 5289640
Trial Attorney
U.S. Department of Justice, Criminal Division
1301 New York Ave. NW, Suite 700
Washington, D.C. 20530
(202) 330-1788
Conor.Mulroe@usdoj.gov